GARY E. WEISS (STATE BAR NO. 122962)
gweiss@orrick.com
I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     +1-650-614-7400
Facsimile:      +1-650-614-7401

WARRINGTON S. PARKER (STATE BAR NO. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1-415-773-5700
Facsimile:      +1-415-773-5759

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmBH, HOTLZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25,<br><br>　　　　　Defendant. | Case No.  5:08-cv-03468 JF<br><br>**FACEBOOK'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY RE: PERSONAL JURISDICTION**<br><br>Date:　　October 14, 2008<br>Time:　　10:00 A.M.<br>Room:　　Courtroom 2, 5th Floor<br>Judge:　　Honorable Magistrate Judge Howard R. Lloyd, for Discovery Purposes |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 14, 2008 at 10:00 A.M. or soon thereafter as counsel may be heard by Magistrate Judge Howard R. Lloyd of the above entitled Court, located at 280 South First Street, San Jose, California, Plaintiff Facebook, Inc. will and hereby does move this Court to authorize expedited discovery relating to the claim of Defendants StudiVZ Ltd., Verlagsgruppe George von Holtzbrinck GmBH, Holtzbrinck Networks GmBH and Holtzbrinck Ventures GmBH that this Court does not have personal jurisdiction over them. Alternatively, Facebook requests that the Court require plaintiff to file its motion to dismiss by September 20, 2008.

Facebook's request is based upon this Motion, the accompanying Memorandum and Points and Authorities in Support of Motion for Discovery Re: Personal Jurisdiction, the accompanying Declaration of Julio C. Avalos, the related, separately filed Motion To Shorten Time, all the pleadings in the case, and such other arguments and evidence as may properly come before the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

This is a scheduling motion seeking and accelerating discovery related to a jurisdictional challenge. Before and after Facebook filed the complaint, Defendants (herein collectively referred to as "StudiVZ" or "Defendants") have repeatedly notified Facebook of their intent to file a motion dismiss for lack of personal jurisdiction. Facebook seeks discovery relating to that challenge. Facebook requests that this Court authorize expedited jurisdictional discovery as soon as possible or, alternatively, set September 20, 2008 as the deadline to file a motion to dismiss related to jurisdiction.[1]

---

[1] Discovery requested from Defendants includes interrogatories, requests for documents, and Rule 30(b)(6) deposition notices, all narrowly tailored to the issue of personal jurisdiction. *See* Declaration of Julio Avalos In Support Of Facebook's Motion For Expedited Personal Jurisdiction Discovery ("Avalos Decl.") **Exhibit A**.

Defendants do not dispute the propriety of discovery related to jurisdiction. The dispute is about the timing of the discovery. Defendants wish to wait at least another month prior to filing a motion that they have threatened to bring since July, effectively pushing out any resolution of the personal jurisdiction issue until early next year. Given that all parties are sophisticated and know what is at issue, and the increasing harm caused to Facebook by StudiVZ's intellectual property theft, Facebook wishes to avoid further delay when it is both unnecessary and when Defendants cannot identify any prejudice by allowing discovery.[2]

Delay is a concern because Defendants have been, and are, unnecessarily delaying this case. At the same time, they have available to them and are using—both to maintain and expand their base of operations—Facebook's intellectual property.

To forestall the filing of the complaint, Defendants asked for additional time to speak with Facebook about its cease and desist letter. Facebook gave the additional time, but there were no conversations with or any contact from Defendants. Instead, they prepared a lawsuit in Germany. After Facebook filed its complaint, Defendants refused to accept service, requiring Facebook to engage in the lengthy process of serving by use of Hague Convention procedures. When service was imminent under the Hague Convention procedures, Defendants then waived service. This extended, according to Defendants, their response period from 20 to 90 days. They now claim that they do not need to respond to the complaint or agree to discovery until October 22, 2008. Facebook thus respectfully asks this Court to grant it expedited personal jurisdiction discovery that, but for Defendants' gamesmanship, Facebook would have obtained weeks ago.

## II. FACTS

### A. Facebook Has Sued Defendants Because They Improperly Accessed Facebook's Website And Copied Facebook's Look And Feel

Facebook, Inc., headquartered in Palo Alto, California, developed and operates the most popular online "social network" on the Internet, www.facebook.com. Facebook's servers

---

[2] As required by L.R. 37-1, counsel conferred for the purpose of attempting to resolve this dispute.

are located in Santa Clara, California. Defendant StudiVZ Ltd. is headquartered in Berlin, Germany. The company was founded by Ehassan Dariani and Dennis Bemmann. StudiVZ operates a number of social networking websites throughout Europe that, as noted in the complaint, are knock-offs of Facebook, both in terms of look and feel and features offered. These websites include the German-language sites www.studivz.net, www.schuelervz.net and www.meinvz.net, the French-language site www.studiqg.fr, the Italian-language site www.studiln.it, the Spanish-language site www.estudiln.net and the Polish-language site www.studentix.pl. All of these websites were built by accessing the Facebook website and copying its look and feel.

Defendant Verlagsgruppe Georg von Holtzbrinck GmbH ("VGH") now owns StudiVZ. VGH is a major multinational holding corporation that owns publishing and web-based companies around the world. It also publishes the books of well known authors, such as Salman Rushdie and Tom Wolfe. Its total annual sales are reported to exceed $2.1 billion Euros. It is headquartered in Stuttgart, Germany. VGH purchased StudiVZ Ltd. in January 2007. VGH runs, manages, and directs StudiVZ through a number of subsidiaries, including Defendants Holtzbrinck Networks GmbH ("HNG"), headquartered in Munich, Germany, Macmillan Publishers headquartered in New York, and Holtzbrinck Ventures GmbH ("HVG"), also headquartered in Munich.

Facebook has set forth the facts and claims underlying this case in its complaint. In short, the founders of StudiVZ launched the StudiVZ website (and its related websites) by improperly accessing the Facebook website and copying its look and feel without authorization. At least one founder of StudiVZ has openly admitted his actions in this regard. Facebook's belief is that (1) StudiVZ's interactive websites, that include California "venues," (2) Defendants' continued accessing of Facebook's servers based in California in order to copy information from the Facebook website, (3) Defendants' employees' agreement to submit to California through Facebook's terms of use, and (4) the harm caused to Facebook, a California based company, by Defendants' actions, all support a finding of jurisdiction. Defendants disagree.

### B. Defendants Delay Unnecessarily

Defendants have consistently tried to delay the progress of this case, despite being fully aware for months that they would challenge jurisdiction. Facebook initially sent a cease and desist letter to Defendants on July 9, 2008. *See* Avalos Decl., at ¶ 2. The day the deadline in the letter lapsed, Defendants' California-based counsel contacted Facebook and asked for some additional time to respond due to the counsel's new entry into the case. *See* Avalos Decl., at ¶ 3. Defendants also sought to delay the filing of the complaint by requesting additional time for discussion. *Id*. Facebook granted its request, but there were no discussions. *Id*. Instead, StudiVZ used the time to draft and file a German action against Facebook for declaratory relief. The day before the German action was filed, Defendants' California-based counsel had stalled for additional time by misrepresenting that his clients needed more time to decide whether they would enter into a Standstill Agreement with Facebook. *See* Avalos Decl., at ¶¶ 3-5.

Contemporaneous with the filing of its declaratory action, StudiVZ sent a letter asserting that this Court did not have personal jurisdiction over it and warning that it would file a motion to dismiss on those and other grounds. *See* Avalos Decl., at ¶ 7.

Facebook filed this lawsuit on July 18, 2008, on the same day and at about the same time as StudiVZ's German action. Facebook asked Defendants' California-based counsel to waive service of the complaint. *See* Avalos Decl., at ¶ 6. However, after having allowed their California counsel to negotiate with Facebook, Defendants strategically refused to allow him (or their German counsel) to accept service. *See* Avalos Decl., at ¶ 7. Defendants' German counsel further instructed Facebook not to communicate with their California-based counsel, implying that he no longer represented them. *See* Avalos Decl., at ¶ 8. As a result, Facebook corresponded with Defendants' German counsel over the following weeks and began service under the Hague Convention. *See* Avalos Decl., at ¶¶ 9 - 12. Only when Hague Convention service was imminent—over 30 days after the initial request to waive service—did Defendants agree to waive service, which they did through the same California counsel previously represented to be off the case. *See* Avalos Decl., at ¶ 13.

After Defendants accepted service of the complaint, they again confirmed—by letters and conversation—that they would be filing a motion to dismiss for lack of personal jurisdiction. *See* Avalos Decl., at ¶ 15. However, despite these representations and the nearly two months that have gone by since they obtained copies of Facebook's complaint, Defendants now insist that they will not file their motion to dismiss until October 22, 2008, the response date it claims to have obtained by waiving service of process. *See* Avalos Decl., at ¶ 17.

### C. The Parties Agree That Discovery Is Necessary; The Dispute Is About Timing

On August 27, Facebook requested confirmation from Defendants' California-based counsel that StudiVZ still intended to move for lack of personal jurisdiction and, if so, requested to meet and confer on the issue of expedited personal jurisdiction discovery. *See* Avalos Decl., at ¶ 14. On August 28, counsel had a telephone conference during which Defendants' counsel affirmed that Defendants would seek to dismiss for lack of personal jurisdiction. *See* Avalos Decl., at ¶ 15. Counsel further stated that the Defendants were amenable to expedited personal jurisdiction discovery, but required a meet and confer on the scope and timeline for such discovery. *Id*.

During this conversation there was a discussion about the timing of the discovery. Defendants' counsel asked whether discovery should take place with or without a prior motion filed by StudiVZ. *Id*. Defendants' counsel was open to either; he thought that both Facebook and his clients would benefit from having a motion stating the possibly distinct posture of at least one named defendant that existed as a mere "shell" holding company. *Id*.

On September 2, 2008, Facebook met and conferred with Defendants' counsel via telephone. *See* Avalos Decl., at ¶ 16. Defendants' counsel again reiterated his clients' amenability to engaging in expedited personal jurisdiction discovery. *Id*. He again observed that no discovery might be had from the shell company, but stated that discovery from the other defendants was unobjectionable and would be produced. *Id*. Defendants' counsel stated that waiting until a formal motion to dismiss was filed might help to clarify this issue, but did not insist on this point. *Id*.[3]

---

[3] Facebook and StudiVZ also conferred on a second issue relating to StudiVZ's deadline to

- 5 -

On September 4, Mr. Smith once again agreed that personal jurisdiction discovery seemed appropriate in this matter, but for the first time sought to delay such discovery until after StudiVZ files its motion to dismiss on or shortly before October 22. *See* Avalos Decl., at ¶ 17. And for the first time, Defendants' counsel claimed that his clients may change their mind and not file a motion to dismiss. *Id*.

## III. ARGUMENT

### A. The Discovery Requested Is Routine

The discovery sought is "available in federal court to establish the presence of personal jurisdiction in that court." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001); *see also Butcher's Union Local No. 498, United Food & Comm'l Workers v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (same). Although Facebook's complaint makes out a prima facie case of personal jurisdiction, it is not required to rely solely on those pleadings. *See, e.g., Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 673 (S.D. Ca. 2001) (permitting personal jurisdiction discovery and observing that no prima facie case for personal jurisdiction was necessary as "[i]t would . . . be counterintuitive to require a plaintiff, prior to conducting discovery, to meet the same burden that would be required in order to defeat a motion to dismiss."). This is all the more true when Defendants have indicated that they are going to challenge Facebook's allegations, or at least not admit that they are true. "[W]here pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *America West Airlines, Inc. v. GPA Group, Ltd.,* 877 F.2d 793, 801 (9th Cir. 1989).

### B. There Is No Reason For Delay And This Court Should Exercise Its Authority To Avoid Such Delay

Expediting discovery and advancing the deadline to answer or otherwise plead serves the objectives of the proper administration of justice. A central tenet of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding" Fed. R. Civ. Pro. 1. In addition, this Court has the inherent authority to manage

---

respond to Facebook's complaint. StudiVZ insisted that it was not required to respond prior to October 22, 2008 and would not respond prior to that date.
OHS West:260509994.5 - 6 - FACEBOOK'S MOTION FOR EXPEDITED DISCOVERY RE: PERSONAL JURISDICTION
CASE NO.: 5:08-CV-03468

its own docket and to adjust deadlines and proceedings in furtherance of that goal. *See Xiong v. Fresno County Econ. Opportunities Comm'n*, 36 Fed. Appx. 630, 2002 U.S. App. LEXIS 12087 (9th Cir. 2002).

Furthermore, Defendants have not claimed that they would be prejudiced by allowing discovery at this stage. Facebook, however, is significantly prejudiced by further delays. Defendants continue to unfairly compete by using Facebook's intellectual property to attract additional users and develop additional websites.

Defendants do say that they may not ultimately file a motion a motion to dismiss for lack of personal jurisdiction. However, Defendants have had ample opportunity to make this decision. In fact, they have made the decision. This is confirmed by the number of times that Defendants said that they would be filing such a motion. It is further confirmed by the meet and confer process during which Defendants acknowledged the need for discovery in light of their intent to bring a motion to dismiss for lack of personal jurisdiction.

Even were Defendants to be taken at their word, there is no prejudice in requiring Defendants to make this decision sooner than October 22. Defendants have had the complaint for almost two months. Clearly, the issue of personal jurisdiction has been considered during that two month period. Defendants have also had the same counsel for that time period. Those counsel come from reputable law firms located in the U.S. and Germany. Nor are Defendants unsophisticated. Holtzbrinck is a multibillion dollar multinational media and publishing company. StudiVZ is a substantial business, capable of hiring top-tier counsel, with an enormous market presence in Germany covering millions of users. And Defendants are able to draw on in-house counsel from its wholly-owned American subsidiary, the publishing powerhouse Macmillan Publishing Ltd.

Finally, the fact that Defendants ultimately waived service of process is not a basis for granting them the delay they seek. The waiver provisions of Federal Rule of Civil Procedure 4(d) are meant to minimize the delay and expense in serving process: "An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Rather than minimizing the delay and expense of service, the

Defendants have deliberately increased both. Rule 4(d) was not intended to be used by represented parties with full knowledge of the allegations made against them as a means to hold hostage an entire litigation. To allow what Defendants are asking for undermines, rather than serves the purposes of Rule 1.

In short, Federal Rule of Civil Procedure 26(d) permits a party to seek discovery prior to the Rule 26(f) case management conference when it is authorized to do so by court order. Facebook seeks that order. In its Local Rule 6-3 Motion to Shorten Time, filed together with this motion, Facebook also moves to expedite the discovery it seeks.

## IV. **CONCLUSION**

Facebook seeks to take discovery tailored to uncover the facts relevant to whether this Court may properly exercise jurisdiction in this case over the defendants challenging this Court's jurisdiction. *See* Avalos Decl., **Exhibit A** (personal jurisdiction discovery sought by Facebook, including interrogatories, requests for production and Rule 30(b)(6) deposition notices). Such discovery will further the best interests of all parties involved, including the interests and resources of this Court. There is simply no reason to delay.

Dated: September 9, 2008     ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Julio C. Avalos /s/
JULIO C. AVALOS
Attorneys for Plaintiff
FACEBOOK, INC.

# **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 9, 2008.

Dated: September 9, 2008.

Respectfully submitted,

/s/ Julio C. Avalos /s/
Julio C. Avalos