GARY E. WEISS (State Bar No. 122962)
   gweiss@orrick.com
I. NEEL CHATTERJEE (State Bar No. 173985)
   nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
   javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     650-614-7400
Facsimile:      650-614-7401

WARRINGTON S. PARKER  (State Bar No. 148003)
   wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105
Telephone:     415-773-5700
Facsimile:      415-773-5759

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>                Plaintiff,<br><br>      v.<br><br>STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH AND DOES 1-25,<br><br>            Defendants. | Case No.  5:08-cv-03468 JF<br><br>**DECLARATION OF JULIO C. AVALOS IN SUPPORT OF MOTION FOR EXPEDITED PERSONAL JURISDICTION DISCOVERY**<br><br>Date:    October 14, 2008<br>Time:   10:00 a.m.<br>Room:  Courtroom 2, 5th Floor<br>Judge:  Honorable Magistrate Judge Howard   R. Lloyd, for Discovery Purposes |

DECLARATION OF JULIO C. AVALOS IN SUPPORT OF
MOTION FOR EXPEDITED PERSONAL
JURISDICTION DISCOVERY

Julio C. Avalos, declare as follows:

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for Plaintiff Facebook, Inc. I make this Declaration in support of Facebook's Motion for Expedited Personal Jurisdiction Discovery. I am an active member in good standing of the California State Bar. Except as set forth herein, I have personal knowledge of the facts stated herein and if called as a witness, could and would competently testify thereto.

2. On July 9, 2008, Facebook's counsel sent a cease and desist letter to counsel for the StudiVZ defendants ("StudiVZ") demanding that they refrain from further violating Facebook's intellectual property rights.

3. When the deadline provided in that letter lapsed, Facebook contacted Defendants' California-based counsel, Stephen S. Smith. Mr. Smith requested additional time to respond, citing the fact that he had just recently been retained by StudiVZ. StudiVZ also represented that additional time should be granted in order to discuss an amicable resolution.

4. On July 17, 2008, Facebook again contacted Mr. Smith regarding a possible Standstill Agreement. Mr. Smith stated that he had not yet heard from his client regarding the agreement, but would have an answer the morning of July 18.

5. StudiVZ failed to contact Facebook on the morning of July 18, prompting Facebook to file its complaint.

6. Facebook then attempted to serve StudiVZ through its California counsel, inquiring from Mr. Smith confirmation that he would accept same. Mr. Smith stated that he was not authorized by his client to accept service.

7. Shortly after making this representation, Mr. Smith e-mailed to Facebook copies of an action for declaratory relief that had been filed by StudiVZ against Facebook in German civil court that same day. Mr. Smith also wrote that StudiVZ would move to dismiss Facebook's complaint against it for lack of personal jurisdiction, subject matter jurisdiction and forum non conveniens grounds as well as seek Rule 11 sanctions.

8. On July 28, 2008, StudiVZ's German counsel, Anton Maurer, wrote to Facebook asking that Facebook no longer communicate with Mr. Smith and to "correspond directly with us

1    in the future."

2          9.     Based on Mr. Smith's refusal to accept service on behalf of his client, Facebook

3    undertook to serve StudiVZ through the Hague Convention on Service Abroad.  Despite the fact

4    that StudiVZ and both its local and German counsel were fluent in English, the Hague

5    Convention procedures required that Facebook translate its complaint, its exhibits, as well as

6    several documents and Northern District standing orders into German.

7          10.    Expedited translation and delivery services alone cost Facebook over $20,000.

8          11.    On July 24, 2008, Facebook requested that StudiVZ waive service of process

9    under Federal Rule of Civil Procedure 4(d).  StudiVZ did not immediately respond to this request.

10         12.    The German authorities responsible for serving process upon the StudiVZ

11   defendants received Facebook's translated complaint during the first week of August 2008.

12   According to those authorities, service upon StudiVZ would typically be effected within four

13   weeks.

14         13.    On August 25, 2008, StudiVZ, through its local California counsel, returned an

15   executed Waiver of Service to Facebook.

16         14.    On August 27, Facebook requested confirmation from StudiVZ's local California

17   counsel that StudiVZ still intended to move for lack of personal jurisdiction.

18         15.    On August 28, I had a conversation with Mr. Smith in which he stated that

19   Defendants would challenge this Court's personal jurisdiction over StudiVZ.  Mr. Smith also

20   stated that he and his clients were amenable to engaging in discovery on the personal jurisdiction

21   issue.  He further stated that additional conferring was required in order to fix the scope and

22   timeline for such discovery.  Mr. Smith also inquired as to whether Facebook would prefer to

23   engage in discovery with or without StudiVZ's prior filing of a motion to dismiss on personal

24   jurisdiction grounds.  Mr. Smith noted that at least one of the defendants was nothing more than a

25   "shell" holding company from which discovery was not necessary and that a motion from

26   StudiVZ clarifying that point might avoid unnecessary discovery notices.

27         16.    On September 2, 2008, I, along with Neel Chatterjee, again conferred via

28   telephone with Mr. Smith.  Mr. Smith again reiterated StudiVZ's amenability to engage in

1    expedited personal jurisdiction discovery. The parties also conferred on what Mr. Smith

2    represented to be a second, unrelated issue relating to StudiVZ's deadline to respond to

3    Facebook's complaint.

4        17.    In a follow-up letter e-mailed on September 4, Mr. Smith once again stated that

5    personal jurisdiction discovery seemed appropriate in this matter. However, Mr. Smith now

6    stated for the first time that "Although we currently believe that we may be moving to dismiss on

7    personal jurisdiction grounds as to each defendant, that decision is not final." He refused to

8    discuss the possibility of engaging in personal jurisdiction discovery prior to its filing of a motion

9    to dismiss on or near October 22, 2008, writing that neither he nor his client would be "rushed"

10   on the matter.

11       18.    Facebook seeks personal jurisdiction discovery in the form of interrogatories,

12   requests for production and Rule 30(b)(6) notices in the form attached hereto as **Exhibit A**.

13       I declare the foregoing is true and correct to the best of my knowledge.

14       Executed this 9th day of September, at Menlo Park, California.

15

16                                          /s/ Julio C. Avalos /s/

17   _____
                                          Julio C. Avalos

18

19

20

21

22

23

24

25

26

27

28

OHS West:260509447.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 9, 2008.

Dated: September 9, 2008.          Respectfully submitted,

                          /s/ Julio C. Avalos /s/
                          Julio C. Avalos

OHS West:260509447.2

DECLARATION OF JULIO C. AVALOS IN SUPPORT OF
MOTION FOR EXPEDITED PERSONAL
JURISDICTION DISCOVERY