STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant
Verlagsgruppe Georg von Holtzbrinck
GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendant. | Case No. 5:08-CV-03468 JF <br><br> Assigned To: Hon. Jeremy Fogel <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: October 31, 2008 <br> Time: 9:00 a.m. <br> Dept./Place: Courtroom 3 <br><br> Complaint Filed: July 18, 2008 |

37106-00002/1653895.5

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Facebook, Inc. v. Studivz, Ltd et al — Doc. 15

Dockets.Justia.com

TO PLAINTIFF FACEBOOK, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 31, 2008 at 9:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 3 of the above entitled Court, located at 280 S. First Street, San Jose CA 95113, defendant Verlagsgruppe Georg von Holtzbrinck GmbH ("VGH") will move this Court to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

The motion will be made on the grounds that this forum cannot exercise personal jurisdiction over VGH, which is a German limited liability company and does not have the requisite minimum contacts with the State of California.

VGH's Motion to Dismiss is based upon this Notice, the attached Memorandum of Points and Authorities, the Complaint, the separately filed Declaration of Dr. Jochen Gutbrod, and all records and pleadings as may be presented at or before the hearing on this motion.

DATED: September 10, 2008

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: /s/ William M. Walker
WILLIAM M. WALKER
Attorneys for Defendant
Verlagsgruppe Georg von Holtzbrinck GmbH

37106-00002/1653895.5

1

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 2

II. SUMMARY OF RELEVANT FACTS .......................................................... 3

III. The Court Cannot Exercise Personal Jurisdiction Over VGH ....................... 4

    A. VGH Does Not Have The Necessary "Continuous and Systematic Contacts" With California To Confer General Jurisdiction Over It ................................................................................ 4

    B. Facebook Cannot Satisfy The Three Part Test For Limited Jurisdiction Over VGH ............................................................................. 5

        1. VGH Has Not Purposefully Availed Itself of the Privilege to do Business In California or Purposefully Directed its Activities Toward California ................................................... 6

        2. Facebook's Claims Do Not Arise Out of or Result from Any Forum-Related Activities by VGH ........................................... 8

        3. Exercising Jurisdiction Over VGH Would Be Unreasonable ........................................................................................ 9

IV. CONCLUSION ............................................................................................. 13

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Asahi Metal Industry Co., Ltd. v. Superior Court,*
    480 U.S. 102 (1987) ........................................................... 9, 10, 11

*Bancroft & Masters, Inc. v. Augusta National, Inc.,*
    223 F.3d 1082 (9th Cir. 2000) ........................................................... 8

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) ........................................................... 6

*Calder v. Jones,*
    465 U.S. 783, 104 S.Ct. 1482 (1984) ........................................................... 7

*Core-Vent Corp. v. Nobel Industries AB,*
    11 F.3d 1482 (9th Cir. 1993) ........................................................... 9, 10, 11, 12

*Dean v. Motel 6 Operating L.P.,*
    134 F.3d 1269 (6th Cir. 1998) ........................................................... 7

*Doe v. American Nat'l Red Cross,*
    112 F.3d 1048 (9th Cir. 1997) ........................................................... 9

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,*
    328 F.3d 1122 (9th Cir. 2003) ........................................................... 4

*Holland America Line Inc. v. Wartsila North America, Inc.,*
    485 F.3d 450 (9th Cir. 2007) ........................................................... 5

*International Shoe Co. v. Washington,*
    326 U.S. 310 (1945) ........................................................... 4

*Kramer Motors, Inc. v. British Leyland, Ltd.,*
    628 F.2d 1175 (9th Cir. 1980) ........................................................... 5

*Pebble Beach Co. v. Caddy,*
    453 F.3d 1151 (9th Cir. 2006) ........................................................... 7, 8

*Schwarzenegger v. Fred Martin Motor Co.,*
    374 F.3d 797 (9th Cir. 2004) ........................................................... 4, 6, 7

*Terracom v. Valley Nat'l Bank,*
    49 F.3d 555 (9th Cir. 1995) ........................................................... 10

**STATUTES**

Fed. Rule of Civ. Proc. §12(b)(2) ........................................................... 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Facebook, Inc. ("Facebook") operates the "social networking" website Facebook.com. Facebook filed this lawsuit against a German social networking site based in Germany, StudiVZ.net, which is operated by defendant StudiVZ Ltd. ("StudiVZ"), after StudiVZ had filed a lawsuit against Facebook in Germany at the Landgericht (District Court) Stuttgart seeking a declaratory judgment that StudiVZ does not infringe or violate any of Facebook's rights (case number: 17 O 423/08). Trial in the German action is scheduled to begin on December 16, 2008.

Facebook claims that StudiVZ has unlawfully copied the "look, feel, features and services" of Facebook.com. StudiVZ strenuously denies these allegations.

In addition to suing StudiVZ, Facebook has named three other entities as defendants, including the moving defendant Verlagsgruppe Georg von Holtzbrinck GmbH ("VGH"). Facebook alleges that VGH owns StudiVZ. Complaint, ¶ 4. This is not true. VGH has no ownership interest whatsoever in StudiVZ, and played absolutely no role in the events or conduct at issue in Facebook's complaint.

But more importantly for purposes of this motion, VGH has absolutely no ties to California that would constitutionally allow this Court to exercise personal jurisdiction over the company.

There is neither general nor limited jurisdiction over VGH, a German company that has none of the "minimum contacts" with California required by due process to confer jurisdiction. Facebook's attempt to achieve an unfair and constitutionally improper advantage by suing a foreign defendant thousands of miles away from its residence should be flatly rejected.

## II. SUMMARY OF RELEVANT FACTS

VGH is a limited liability company (Gesellschaft mit beschränkter Haftung (GmbH)) organized under German law. VGH does not transact any business of any type in California, nor is it qualified to do business in California. It does not have any officers, directors or employees based in California. It does not have a California agent for service of process. VGH directs no advertising toward California residents. Gutbrod Decl., ¶ 4.

VGH has no offices or facilities in California, and has no telephone or facsimile listings or mailing address in California. Gutbrod Decl., ¶ 5.

None of VGH's officers, directors or employees reside or are domiciled in California. No meetings of its management board or equity holders have been held in California. Gutbrod Decl., ¶ 6.

VGH does not maintain any books or records in California. It has no bank accounts or other tangible personal or real property in California. It has no sales in California, has had no California income and has not paid any California income taxes. Gutbrod Decl., ¶ 7.

VGH also has no connection to the dispute at issue in this case. It apparently has been named as a defendant because Facebook believes that it owns StudiVZ, the social networking website that Facebook alleges infringes its own social networking site, Facebook.com. However, this allegation is not true. VGH has no ownership interest whatsoever, whether direct or indirect, in StudiVZ. None of VGH's officers or directors serve as a company director of StudiVZ. Gutbrod Decl., ¶ 8.

Facebook also claims that VGH owns a New York based subsidiary, Holtzbrinck Publishing Holdings Limited Partnership. Complaint, ¶ 4. This is also not true. VGH merely has an ownership interest in another entity that itself has a miniscule (approximately .0046%) ownership interest in Holtzbrinck Publishing Holding, LP. Gutbrod Decl., ¶ 9.

37106-00002/1653895.5
3
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## III. The Court Cannot Exercise Personal Jurisdiction Over VGH.

As plaintiff, Facebook bears the burden of proving that minimum contacts exist between VGH and California so as to justify an exercise of personal jurisdiction over VGH. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003).

An inquiry into personal jurisdiction centers on the defendant's contacts with the forum state, and is dictated by due process concerns. As the United States Supreme Court has long held, the assertion of personal jurisdiction over a nonresident defendant will comport with constitutional due process only if the defendant has sufficient "minimum contacts" with the state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### A. VGH Does Not Have The Necessary "Continuous and Systematic Contacts" With California To Confer General Jurisdiction Over It.

If a foreign defendant engages in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state, general jurisdiction may be exercised. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.*

As shown in the Summary of Relevant Facts and the attached declaration of Dr. Jochen Gutbrod, VGH is a German limited liability company organized under German law. It does not even come close to engaging in the "continuous and systematic" activities necessary to confer general jurisdiction in California. Indeed, it has no California contacts whatsoever. Gutbrod Decl. ¶¶ 4-9.

Facebook claims in its complaint that VGH "maintains significant, continuous and systematic contact with the United States and the State of California" by virtue of "its operation of its subsidiary Holtzbrinck Publishing Holdings Limited Partnership, headquartered at 175 Fifth Avenue, New York, NY 10010." Complaint, ¶ 4. This too is false. VGH does not own Holtzbrinck Publishing Holdings LP. VGH is merely a shareholder of *another corporation* that has a miniscule (approximately .0046%) (one out of 21,646 shares) ownership interest in Holtzbrinck Publishing Holdings LP. Gutbrod Decl., ¶ 9. And, as Facebook concedes in its Complaint, even this company is not a California entity. Complaint ¶ 4.

Even if VGH had a California subsidiary, jurisdiction over VGH would be improper. "Where a parent and a subsidiary are separate and distinct corporate entities, the presence of one . . . in a forum state may not be attributed to the other." *Holland America Line Inc. v. Wartsila North America, Inc.*, 485 F.3d 450, 459 (9th Cir. 2007). In *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980), the Ninth Circuit held that there was no jurisdiction in this forum over a British company even though it owned a U.S. subsidiary, had general executive control over that subsidiary, placed several of its own directors on the subsidiary's board, and approved the U.S. marketing proposal from which the plaintiff's injuries allegedly arose. VGH's California contacts are much less than that of the defendant in *Kramer Motors*. Indeed, they are nonexistent. General jurisdiction is clearly improper.

### B. Facebook Cannot Satisfy The Three Part Test For Limited Jurisdiction Over VGH.

If, as is usually the case, a foreign defendant's activities within the state are not so pervasive as to justify the exercise of general jurisdiction, the Court may exercise "limited" or "specific" personal jurisdiction, but only if *each* part of the

following three prong test is satisfied:

(1) the non-resident defendant must *purposefully direct* his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he *purposefully avails* himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which *arises out of or relates to the defendant's forum-related activities*; and

(3) the exercise of jurisdiction must comport with *fair play and substantial justice*, i.e., it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

The plaintiff bears the burden of satisfying the first two prongs of the test. *Schwarzenegger*, 374 F.3d at 802. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).

Here, none of the three prongs of the limited jurisdiction test is satisfied.

1. <u>VGH Has Not Purposefully Availed Itself of the Privilege to do Business In California or Purposefully Directed its Activities Toward California.</u>

"Purposeful availment" and "purposeful direction" are two distinct concepts. Purposeful availment is "most often used in suits sounding in contract" and "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there" by which a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Schwarzenegger*, 374 F.3d at 802 (citations omitted).

Facebook cannot satisfy this test. As discussed above in the Summary of Relevant Facts, VGH conducted no "activities within the forum State," let alone any activities related to Facebook's claims of infringement by StudiVZ. VGH "received no benefit, privilege, or protection from California in connection with [the claims asserted in the lawsuit], and the traditional quid pro quo justification for finding purposeful availment thus does not apply." *Id.* at 803. Unquestionably, VGH did not and could not have reasonably expected to be haled into court here. As VGH could not have reasonably foreseen defending a lawsuit in California, it is not subject to personal jurisdiction in California.

Moreover, as discussed above, even if VGH had a subsidiary that did business in California, this would not be sufficient to constitute "purposeful availment" on the part of VGH. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998) ("a company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction").

In contrast to "purposeful availment," the "purposeful direction" standard is most often used in suits sounding in tort. *Schwarzenegger*, 374 F.3d at 802 (citations omitted). This showing usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id.* at 803.

The purposeful direction test is evaluated under the three-part "effects" test based on *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984). The test "requires that the defendant allegedly have: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803 (citations omitted).

The Ninth Circuit has noted that referring to the *Calder* test as an "effects" test can be misleading. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006). For this reason, it has warned courts not to focus too narrowly on the test's third prong – the effects prong – holding that "something more" is needed in

37106-00002/1653895.5         7

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

addition to a mere foreseeable effect. In other words, the defendant's conduct must be "*expressly aimed*" at the forum state. *Id.*

Facebook cannot show that VGH committed any alleged intentional act that was "expressly aimed" at California, because there was no "individualized targeting" of California residents by VGH. *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000). Indeed, VGH did not target any California residents nor any other person worldwide at all.

In *Bancroft & Masters*, the court held that a non-resident defendant's intentional act of drafting and mailing a demand letter individually targeted at a California corporation gave rise to personal jurisdiction over the defendant, because the correspondence sent by the defendant was a clear attempt to force the plaintiff to act. 223 F.3d at 1088. By contrast, in *Pebble Beach Co.*, the court held that the defendant engaged in no "individualized targeting" by registering the domain name "pebblebeach-uk.com" and operating a passive website at that domain. 453 F.3d at 1158. The court held that the operation of a website that is not expressly aimed at California does not give rise to jurisdiction. *Id.*

Here, VGH does not own or operate the StudiVZ website that is at the center of Facebook's complaint. It has not individually targeted anyone in California with respect to the claims at issue in this case nor any other person in the U.S. or worldwide. It is doubtful whether StudiVZ itself, which is a German social networking website (and not an interactive commercial site directed at California residents), has sufficient California contacts to give rise to jurisdiction here. But VGH, whose contacts with California are non-existent, certainly does not.

        2.     <u>Facebook's Claims Do Not Arise Out of or Result from Any Forum-Related Activities by VGH.</u>

Facebook also does not satisfy the second prong of the limited jurisdiction test, which requires it to show that, but for VGH's California contacts, Facebook's

37106-00002/1653895.5       8

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

claims would not have arisen. *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). As discussed above, VGH did not engage in any conduct in California, so it necessarily did not cause any harm that occurred in California.

### 3. Exercising Jurisdiction Over VGH Would Be Unreasonable.

Finally, plaintiff should not be permitted to hale defendants into court in California because it would be unreasonable for the Court to exercise jurisdiction under the circumstances presented. The unique burdens on foreign defendants, which arise from having to defend themselves within the forum state, are entitled to "significant weight" in assessing reasonableness. *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 115 (1987). This requirement defeats jurisdiction even if VGH had participated in California-related activities, which it did not. *Id.* at 114.

The Court should consider the following seven factors in determining the reasonableness of exercising personal jurisdiction over VGH:

> (i) the extent of the defendants' purposeful interjection into the forum state's affairs; (ii) the burden on the defendant of defending in the forum; (iii) the extent of conflict with the sovereignty of the defendant's state; (iv) the forum state's interest in adjudicating the dispute; (v) the most efficient judicial resolution of the controversy; (vi) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (vii) the existence of an alternative forum.

*Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). None of these factors is dispositive in itself; the Court must balance all seven. *Id.* at 1488.

An analysis of each of these factors demonstrates the unreasonableness of haling foreign entities such as VGH into this forum:

(i) <u>Purposeful Interjection</u>. "The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Core-Vent*, 11 F.3d at 1488 (citation omitted). As set forth above, VGH has not purposefully engaged in any activities in California and has established no
37106-00002/1653895.5

9

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

presence or contacts in the forum. Accordingly, this factor favors a finding that the exercise of jurisdiction would be unreasonable.

(ii) <u>Burden On Defendant</u>. "The law of personal jurisdiction is asymmetrical and is primarily concerned with the defendant's burden." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). In cases with overseas defendants, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114. Here, the burden on VGH is considerable, given that it has no offices, personnel or other ties to this forum. *See* Summary of Relevant Facts, *supra*. And, given that the lawsuit concerns whether a German website (*not owned by VGH*) violates Facebook's rights, the evidence and witnesses are in Germany, not California.

*Core-Vent* is instructive. There, a California corporation sued four Swedish doctors for defamation based on an article they wrote in an international dental journal that was distributed worldwide, including in California. 11 F.3d at 1483-84. The Ninth Circuit found that even if the doctors had "purposefully interjected" themselves into California, their forum-related activities were minimal. Forcing them to litigate in California would both impose substantial burdens on them and impose on Sweden's sovereignty. That, plus the fact that Sweden was available as an alternative forum, outweighed any California interest in the dispute. *Id.* at 1490.

Here, as discussed above, the forum-related activities of VGH are simply non-existent. All of the conduct at issue involved German entities and occurred in Germany, and VGH faces the same substantial burdens of litigating here that the Swedish doctors faced in *Core-Vent*. Requiring VGH to come here to litigate would conflict with German sovereignty just as forcing the Swedish doctors to litigate here would have conflicted with Swedish sovereignty. Germany is available as an alternative forum, just as Sweden was available to the California corporation in *Core-Vent*. Indeed, there is already a lawsuit pending between

Facebook and StudiVZ in Germany, in which these claims will be adjudicated.

(iii) <u>Conflict With Sovereignty</u>. "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi*, 480 U.S. at 115. U.S. foreign relations are "best served by a careful inquiry into the reasonableness of the assertion of jurisdiction [here], and an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State." *Id.* Litigation against a foreign defendant creates "a higher jurisdictional barrier than litigation against a citizen from a sister state" because of concerns regarding conflicts with sovereignties. *Core-Vent*, 11 F.3d at 1489. VGH is a limited liability company existing under German law. The German government clearly has an interest in assuring that disputes involving its citizens are fairly adjudicated in courts convenient to its citizens. The matters at issue in these motions should be litigated in Germany, not here, and for this court to assume jurisdiction would impinge German sovereignty.

(iv) <u>Forum State's Interest</u>. In contrast, California has no interest in adjudicating this dispute. While plaintiff has its principal place of business in California, the claim itself arises from the alleged conduct of a third party outside the state (i.e., in Germany). The StudiVZ website over which Facebook has sued is produced and emanates from Germany. But more importantly, *VGH does not own or operate StudiVZ*, and therefore, as to this defendant, California does not have even a colorable interest in adjudicating the dispute.

(v) <u>Efficient Resolution of the Controversy</u>. To evaluate this factor, the Court should primarily consider where witnesses and the evidence are likely to be located. *Core-Vent*, 11 F.3d at 1489. As noted above, VGH has no ties to this forum. The subject of the lawsuit (the StudiVZ website) is produced and is distributed from Germany, *but not by VGH*. All of the developers of the website are located in Germany, and they will be the witnesses in what is essentially a claim that StudiVZ copied the "look and feel" of Facebook. All of the documents

regarding the creation and development of StudiVZ are located in Germany and almost all of them are in German. All of the witnesses are Germans living in Germany who speak German as a native language; few, if any, will be sufficiently comfortable with testifying in English. Instead, all will need the assistance of interpreters. Requiring the litigation to go forward in California would be highly inefficient.

(vi) <u>Plaintiff's Interest in Effective Relief</u>. Plaintiff cannot demonstrate that it would be unable to obtain effective relief in another forum. Even if, however, litigating in a different forum might present some difficulties for plaintiff, those burdens weigh at least as heavily on VGH, which maintains no books, records, offices or employees in California. Instead, as discussed above, the books and records are all in German, the witnesses all speak German, and everything and everyone is in Germany.

(vii) <u>Existence of an Alternative Forum</u>. Plaintiff bears the burden of proving that an alternative forum is unavailable. *Core-Vent*, 11 F.3d at 1490. It is not sufficient that plaintiff would prefer not to sue VGH in another forum. *Id.* As set forth above, plaintiff cannot demonstrate that it would be precluded from pursuing its remedies elsewhere. Indeed, there is already a lawsuit between StudiVZ and Facebook regarding these same issues pending in Germany. As it will already be litigating this case in Germany, Facebook would not be unduly burdened by litigating there against VGH, assuming it has any viable claims at all against this entity.

Thus, each of the seven factors discussed above compels the conclusion that exercising jurisdiction over VGH in this forum would be unreasonable.

## IV. CONCLUSION

For the foregoing reasons, VGH's motion to dismiss should be granted in its entirety.

DATED: September 10, 2008

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
WILLIAM M. WALKER
Attorneys for Defendant
Verlagsgruppe Georg von Holtzbrinck
GmbH