STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant
Verlagsgruppe Georg von Holtzbrinck GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendant. | Case No. 5:08-CV-03468 JF <br> Assigned To: Hon. Jeremy Fogel <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO FACEBOOK, INC.'S MOTION TO CHANGE TIME UNDER CIVIL L.R. 6-3** <br><br> [Declarations of Stephen S. Smith and William M. Walker (and exhibits thereto) concurrently filed] <br><br> Complaint Filed: July 18, 2008 |

37106-00002/1655664.5

OPPOSITION TO FACEBOOK, INC.'S MOTION TO CHANGE TIME

## I. THERE IS NO EMERGENCY.

### A. Facebook Established the Timeline that It Now Complains About.

Facebook, Inc. ("Facebook") requested that defendants[1] (all of whom are located in Germany) waive service of process within 60 days in exchange for defendants having 90 days to respond to the Complaint (the "Waiver"). (Smith Decl., ¶¶ 3-4; Exs. A-B). 90 days is also the response period required by FRCP 4(d)(3).

Facebook now complains that <u>defendants complied with Facebook's request</u> and accuses defendants of engaging in "stall tactics." To the contrary, defendants are proceeding in accordance with the schedule specifically set forth in the Waiver that Facebook prepared and requested that defendants sign. Facebook's odd complaint of "malicious compliance" simply makes no sense.

### B. Facebook's Own Delays Belie Its Emergency Request.

Facebook filed this lawsuit two months ago. (Smith Decl., ¶ 2). A week later, Facebook sent defendants the Waiver requesting a response within 60 days. (Smith Decl., ¶ 3; Ex. B). Facebook completely fails to explain the sudden emergency for an order shortening time, and Facebook's own multi-month delay since it filed this lawsuit belies its assertion that "[e]ach passing day" harms Facebook. (Mot. at 3:8).

Also, Facebook's founder and CEO, Mark Zuckerberg, gave an interview <u>two years ago</u> in which he refused to call studiVZ Ltd.'s website a "copycat" of Facebook's website, and stated, "I think that they're <u>different designs</u> and slightly different products." http://en.sevenload.com/videos/9cMXu4Y-zuck (Smith Decl., ¶ 13) (CD available upon request). In addition to undermining Facebook's entire lawsuit, this admission from two years ago demonstrates that there is absolutely no urgency here.

On June 8, 2006 (<u>over two years ago</u>), Facebook's lawyers sent studiVZ Ltd. a cease and desist letter and asked studiVZ Ltd. to stipulate to an injunction in Germany. studiVZ Ltd. refused, and Facebook never filed a lawsuit or sought an injunction.

---

[1] Facebook's use of "studiVZ" to collectively refer to all 4 defendants (Mot. at 1:6) is confusing since of the 4 defendants, only studiVZ Ltd. is named "studiVZ" (the other 3 defendants have completely different names), and studiVZ Ltd. alone operates the studiVZ websites.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

(Walker Decl., ¶ 3; Ex. H). This further demonstrates that there is no urgency here.

If Facebook were really being harmed by "each passing day," why did it wait at least 771 days to file this lawsuit and 53 days after filing suit to bring a motion for expedited discovery? Facebook's own delay demonstrates that both its request to have its motion heard on shortened time and its request for expedited discovery are disingenuous. As discussed below, Facebook's true motivation is to seek an advantage in this litigation by obtaining early, wide-ranging discovery on a number of topics.

### C. Facebook has Failed to Meet Its Civil Local Rule 6-3 Obligations.

Northern District Civil Local Rule 6-3 governs motions to shorten time. The Rule sets forth specific requirements for a party to bring such motions, including a declaration that, *inter alia*, sets forth "with particularity" the reasons for the requested shortening of time, and "[i]dentifies the substantial harm or prejudice that would occur if the Court did not change the time." (emphasis added).

Prior to filing this motion, Facebook never explained how it would be prejudiced if the motion were heard a couple of weeks later pursuant to a regular notice. (Smith Decl., ¶ 14). In its moving papers, Facebook makes nebulous claims about being harmed with "[e]ach passing day" because Facebook might seek some type of injunctive relief. (Mot. at 1:26-28, 2:25-26, 3:8). Of course, Facebook fails to provide any details, let alone details "with particularity," regarding why the requested shortened time is needed or how Facebook would allegedly be harmed or prejudiced by having its motion for expedited discovery heard on October 14, 2008.

Moreover, Facebook's vague references to injunctive relief is a red herring. As discussed above, Facebook knew about studiVZ Ltd.'s website over two years ago, and Facebook never filed suit or sought injunctive relief.

### D. Three of the Four Defendants Have Not Even Responded Yet to Facebook's Complaint.

On September 10, 2008, defendant Verlagsgruppe Georg von Holtzbrinck GmbH ("VGH") responded to Facebook's Complaint by filing its Motion to Dismiss

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 for Lack of Personal Jurisdiction.[2] None of the other defendants have responded to
2 Facebook's Complaint. As discussed above, these defendants have until October 22,
3 2008 to respond to Facebook's Complaint. (Smith Decl., ¶ 13).

Given that (1) there are four defendants, (2) different facts surround each, (3) three are still evaluating (a) how they will respond to Facebook's Complaint, and (b) whether they will file a motion to dismiss for lack of personal jurisdiction, it simply makes no sense to force them to engage in expedited discovery. The whole purpose of Rule 12 motions to dismiss is to avoid the need for discovery if not necessary. Cf. Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

Even Facebook's counsel initially acknowledged that it made sense to discuss expedited discovery, if any, only after a defendant had responded since the response will inform the need and scope of such discovery, if any. (Smith Decl., ¶¶ 6-7).

## II. FACEBOOK'S TRUE MOTIVE IS TO TAKE EARLY DISCOVERY ON ISSUES THAT GO WELL BEYOND PERSONAL JURISDICTION.

A cursory review of Facebook's proposed discovery reveals Facebook's true motivations. Under the false pretense of engaging in "routine," "tailored" expedited discovery regarding "personal jurisdiction," Facebook has propounded <u>92 pages worth of discovery requests</u>, which include 120 requests for production of documents, 92 interrogatories, and 6 depositions (including 4 Rule 30(b)(6) depositions that cover a total of 72 topics). (Avalos Declaration in Support of Motion for Expedited Personal Jurisdiction Discovery (hereinafter, "Avalos Decl."), Ex. A).

These are <u>not</u> narrowly-tailored discovery requests relating to personal jurisdiction, either. Facebook's proposed requests seek everything under the sun from all four defendants, from all of their business records (e.g., meeting minutes, Articles

---

[2] The fact that VGH filed its motion 42 days before its deadline to respond to the Complaint flies in the face of Facebook's claim that the defendants are engaging in stall tactics.

37106-00002/1655664.5                 3

of Incorporation, operating agreements, stock agreements, etc.) to every type of financial report imaginable (e.g., profit/loss statements, budgets, accounts receivable, accounts payable, etc.) to all documents relating to services provided to users of studiVZ Ltd.'s seven different websites and how they are provided to "all versions of computer" code relating to those seven different websites. (Avalos Decl., Ex. A, pp. 33-36 (Request Nos. 7-8, 16, 23)). In fact, Facebook has even stated that its proposed discovery has been requested not for personal jurisdiction purposes, but to "uncover[] information that would give rise to injunctive remedies." (Mot. at 2:25-26).

These overly broad discovery requests (under the guise of personal jurisdiction discovery) demonstrates (1) that Facebook just wants early, broad discovery, and (2) why it makes sense to wait until <u>after</u> a defendant has responded to Facebook's Complaint before considering any discovery relating to personal jurisdiction.

## III. **FACEBOOK IS ESTOPPED FROM AVOIDING THE SCHEDULE ESTABLISHED BY ITS OWN WAIVER.**

It is well-established that when a party receives the benefits of one part of a stipulation with an opposing party, it is estopped from avoiding the accompanying burdens. <u>See, e.g.</u> <u>Hawes v. Clark</u>, 84 Cal. 272, 275 (1890); <u>Escondido Union School Dist. v. Casa Suenos De Oro, Inc.</u>, 129 Cal.App.4th 944, 967-69 (2005).

Through its obnoxious "rush tactics," Facebook seeks to reap the benefit of its Waiver (not having to go through the trouble and expense of serving defendants with process in Germany) while avoiding its burdens, and thereby strip defendants of their benefits of having complied with Facebook's Waiver (90 days to respond -- the time period required by law). FRCP 4(d)(3).

Facebook is estopped from having its cake and eating it too. It would be patently unfair to allow Facebook to proceed with expedited discovery on shortened notice when, *but for the Waiver signed by defendants*, Facebook would likely still be attempting to serve defendants with process in Germany pursuant to the Hague Convention. Accordingly, Facebook's motion to shorten time should be denied.

37106-00002/1655664.5 4

## IV. FACEBOOK FAILED TO MEET AND CONFER.

Civil Local Rule 6-3(a)(4)(i) requires that a party "meet and confer" with an opposing party pursuant to Civil Local Rule 37-1(a) before filing a discovery motion. In turn, Rule 37-1(a) provides that "[t]he Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." (emphasis added).

Facebook never met and conferred with defendants with respect to a motion to shorten time. (Smith Decl., ¶ 12). In fact, a careful reading of Facebook's motion itself shows that Facebook only claims to have met and conferred regarding its motion for expedited personal jurisdiction discovery (and says nothing about having met and conferred regarding a motion to shorten time). (Mot. at 1:5-7).[3]

Since Facebook failed to meet and confer, the motion should be denied.

## V. CONCLUSION

For each and all of the above reasons, Facebook's motion should be denied.

DATED: September 12, 2008
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By:  /s William M. Walker
WILLIAM M. WALKER
Attorneys for Defendant Verlagsgruppe
Georg von Holtzbrinck GmbH

---

[3] Facebook's claim that defendants have agreed that they will all move to dismiss for lack of personal jurisdiction and that Facebook is entitled to discovery on jurisdiction is false. First, other than VGH (which has filed a motion to dismiss on personal jurisdiction grounds), the other defendants have not yet decided whether they will (or will not) bring such a motion. Smith Decl., ¶¶ 6-7, 13. Second, Facebook will not be entitled to discovery on jurisdiction if it cannot make out a *prima facie* case for personal jurisdiction. See, e.g. Protrade Sports, Inc. v. Nextrade Holdings, Inc., 2006 U.S. Dist. LEXIS 6631, Case No. C05-04039 MJJ at *9 (N.D. Cal. Feb. 2, 2006) (plaintiff is not entitled to discovery without making a "colorable" showing of personal jurisdiction).

37106-00002/1655664.5         5
OPPOSITION TO FACEBOOK, INC.'S MOTION TO CHANGE TIME