STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants studiVZ Ltd., Verlagsgruppe Georg von Holtzbrinck GmbH, Holtzbrinck Networks GmbH, and Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br> Assigned To: Hon. Jeremy Fogel <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO FACEBOOK, INC.'S MOTION FOR EXPEDITED DISCOVERY RE: PERSONAL JURISDICTION** <br><br> Date: October 14, 2008 <br> Time: 10:00 a.m. <br> Place: Courtroom 2, 5th Floor <br> Hon. Howard R. Lloyd <br><br> [Declaration of Stephen S. Smith (and exhibits thereto), and (Proposed) Order concurrently filed] <br><br> Complaint Filed: July 18, 2008 |

37106-00002/1656630.10

OPPOSITION TO FACEBOOK, INC.'S MOTION FOR EXPEDITED DISCOVERY

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................1

II. FACEBOOK MUST MAKE A *PRIMA FACIE* CASE OF PERSONAL JURISDICTION BEFORE TAKING JURISDICTIONAL DISCOVERY. ........................................................................2

   A. Facebook Is Not Entitled to Jurisdictional Discovery From VGH Because Facebook Has Not Made a *Prima Facie* Case of Personal Jurisdiction. ................................................................................4

   B. Facebook Is Not Entitled to Jurisdictional Discovery From the Other Three Defendants Because Facebook Has Not Made a *Prima Facie* Case of Personal Jurisdiction. ............................................6

III. FACEBOOK'S REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED BECAUSE IT IS PREMATURE. ...........................6

   A. Facebook Explicitly Gave Defendants Until October 22, 2008 to Respond to the Complaint. ...........................................................6

   B. Jurisdictional Discovery Should Only be Considered After a Jurisdictional Challenge has Occurred. ..................................................7

   C. Facebook has Provided No Factual or Legal Basis for Engaging in Discovery Before Defendants Respond to the Complaint. ...............9

   D. Facebook's Own Delays Belie Its Stated Need for Expedited Discovery. ............................................................................................10

IV. FACEBOOK'S TRUE MOTIVE IS TO TAKE MASSIVE EARLY DISCOVERY ON ISSUES THAT GO WELL BEYOND PERSONAL JURISDICTION. ..................................................................................................11

V. CONCLUSION ..................................................................................................14

# TABLE OF AUTHORITIES

**Page**

**CASES**

eMag Solutions, LLC v. Toda Kogyo Corp.,
  2006 U.S. Dist. LEXIS 94462, Case No. C02-1611 PJH (N.D. Cal. Dec. 21 2006) ............................................................................................................. 4

Escondido Union School Dist. v. Casa Suenos De Oro, Inc.,
  129 Cal.App.4th 944 (2005) ............................................................................ 7

Flynt Distrib. Co., Inc. v. Harvey,
  734 F.2d 1389 (9th Cir. 1984) ........................................................................ 2

Hawes v. Clark,
  84 Cal. 272 (1890) .......................................................................................... 7

Huang v. Ferrero U.S.A., Inc.,
  1999 U.S. Dist. LEXIS 5712, Case No. C98-0795 FMS (N.D. Cal. Apr. 15, 1999) ...................................................................................................... 2, 3, 4

Levy v. Norwich Union Ins. Soc'y,
  1998 U.S. Dist. LEXIS 13524, Case No. C97-2533 MJJ (N.D. Cal. Aug. 5, 1998) ........................................................................................................... 3, 4

Orchid Biosciences, Inc. v. St. Louis University,
  198 F.R.D. 670 (S.D. Cal. 2001) ............................................................ 3, 4, 14

Protrade Sports, Inc. v. Nextrade Holdings, Inc.,
  2006 U.S. Dist. LEXIS 6631, Case No. C05-04039 MJJ (N.D. Cal. Feb. 2, 2006) ............................................................................................................. 2

Rutman Wine Co. v. E. & J. Gallo Winery,
  829 F.2d 729 (9th Cir. 1987) .......................................................................... 6

Wells Fargo & Co. v. Wells Fargo Express Co.,
  556 F.2d 406 (9th Cir. 1977) .......................................................................... 4

**STATUTES**

Federal Rules of Civil Procedure 4(d) .................................................................. 7

Federal Rules of Civil Procedure 4(d)(1)(F) ........................................................ 7

Federal Rules of Civil Procedure 4(d)(3) ................................................... 1, 7, 10

Federal Rules of Civil Procedure 12(b)(6) ........................................................... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Facebook, Inc. ("Facebook") sued studiVZ Ltd., Verlagsgruppe Georg von Holtzbrinck GmbH ("VGH"), Holtzbrinck Networks GmbH, and Holtzbrinck Ventures GmbH (all of whom are headquartered in Germany)[1] with no information as to whether any of them have sufficient contacts with California for this Court to exercise jurisdiction over them. In other words, Facebook's strategy was to shoot first and ask questions later.

Facebook also makes no attempt in its motion or in its proposed discovery requests to distinguish among *each* defendant, as is required under the law. Rather, Facebook groups the four distinct defendants together under the collective defined term "studiVZ" (Mot. at 1:19-20) and then argues for expedited discovery from "studiVZ," without attempting to establish a *prima facie* case or colorable claim of personal jurisdiction over *any* particular defendant.

Instead, Facebook seeks to force defendants into (1) responding to grossly overly-broad discovery requests, the bulk of which on their face have nothing to do with jurisdiction, even before they respond to Facebook's Complaint, and/or (2) responding to Facebook's Complaint over a month earlier than the October 22, 2008 deadline established by both the waiver drafted by Facebook (and signed by defendants at Facebook's request) and FRCP 4(d)(3).

In sum, the motion should be denied because it is substantively unsupported as to all defendants, premature, and grossly over-reaching in terms of the scope of the discovery requested.

---

[1] In its Complaint, Facebook mistakenly alleges that all four defendants are German entities that are headquartered in Germany. (Complaint, ¶¶ 3-6). Although all 4 defendants are headquartered in Germany, only three were incorporated in Germany and one (studiVZ Ltd.) is an English limited liability company with all of its operations in Germany.

## II. FACEBOOK MUST MAKE A *PRIMA FACIE* CASE OF PERSONAL JURISDICTION BEFORE TAKING JURISDICTIONAL DISCOVERY.

A plaintiff is not entitled to early discovery concerning personal jurisdiction unless it first makes a "colorable" showing of personal jurisdiction. Protrade Sports, Inc. v. Nextrade Holdings, Inc., 2006 U.S. Dist. LEXIS 6631, Case No. C05-04039 MJJ at *9 (N.D. Cal. Feb. 2, 2006).

In Huang v. Ferrero U.S.A., Inc., 1999 U.S. Dist. LEXIS 5712, Case No. C98-0795 FMS (N.D. Cal. Apr. 15, 1999), a lawsuit was filed in the Northern District of California against Ferrero S.p.A., an Italian chocolate confectioner. Ferrero moved to dismiss for lack of personal jurisdiction, and plaintiffs asked that the court allow additional discovery relating to "minimum contacts." Id. at *2-*3.

The court granted Ferrero's motion to dismiss and denied plaintiffs' request for jurisdictional discovery, noting that "as the party seeking to invoke the jurisdiction of the Court, plaintiff bears the burden to establish the necessary jurisdictional facts." Id. at *3 (citing Flynt Distrib. Co., Inc. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984)).

> "At this stage, plaintiff is charged with making at least a *prima facie* showing of evidence which, if *believed*, would be sufficient to establish the existence of personal jurisdiction. Plaintiffs have failed in this regard."

Id. (internal quotations omitted).

Ferrero had submitted evidence that weighed against a finding of personal jurisdiction in the form of declarations from its officers. Plaintiffs failed to offer any contrary evidence or reason for the court to disbelieve such evidence. Id. at *4-*5. The court held that the declarations of Ferrero's officers constituted "ample evidence refuting any 'minimum contacts' between Ferrero S.p.A. and this forum," and therefore the court could not "discern the need or utility for the further discovery requested by plaintiffs." Id. at *5.

Similarly, in <u>Levy v. Norwich Union Ins. Soc'y</u>, 1998 U.S. Dist. LEXIS 13524, Case No. C97-2533 MJJ (N.D. Cal. Aug. 5, 1998), a lawsuit was filed in the Northern District of California against Norwich Union, a UK insurance company. Norwich Union moved to dismiss for lack of personal jurisdiction, and plaintiffs sought to take discovery regarding personal jurisdiction. <u>Id.</u> at *1, *16, n.8.

In support of its motion to dismiss, Norwich Union submitted a declaration detailing Norwich Union's lack of contacts with the forum. <u>Id.</u> at *10-*11. The court granted Norwich Union's motion to dismiss and denied plaintiffs' request for discovery, noting that the plaintiffs had "failed to meet their burden of establishing a prima facie showing of personal jurisdiction." <u>Id.</u> at *16.

The primary case relied upon by Facebook in its motion is <u>Orchid Biosciences, Inc. v. St. Louis University</u>, 198 F.R.D. 670 (S.D. Cal. 2001), an opinion from the Southern District of California. That case does not help Facebook. The declaration submitted by the defendant in <u>Orchid</u> in support of its motion to dismiss for lack of personal jurisdiction was materially different from the declarations submitted by the defendants in <u>Ferrero</u> and <u>Norwich Union</u> in support of their motions to dismiss and materially different from the declaration submitted by VGH in support of its motion to dismiss the instant action.

In <u>Orchid</u>, the defendant did <u>not</u> deny that it had contacts with California. To the contrary, defendant submitted a declaration in which defendant conceded that it entered into two licensing agreements regarding the subject patent with entities having their principal place of business in California and disclosed "<u>at least 78 additional contacts</u> Defendant has had with [the] forum over the past two years." <u>Id.</u> at 673, n.5 (emphasis added). In fact, the court focused on this important difference to distinguish the <u>Ferrero</u> and <u>Norwich Union</u> opinions.

> "In these cases [<u>Ferrero</u> and <u>Norwich</u>] the declarations or affidavits offered by the defendants attested to a *virtual complete lack of contacts* with the forum state. Here, however, we have something quite

different. Dr. Webster's affidavit *does not* contend that Defendant has had no contacts with California, but, rather, admits numerous contacts with this forum but contends they are insufficient to establish personal jurisdiction over Defendant."

Id. at 674 (italics in original, underlining added).

In sum, the court in Orchid acknowledged that courts are justified in denying discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." Id. at 673 (quoting Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430, n.24 (9th Cir. 1977)). That is consistent with Ferrero and Norwich Union.

The case of eMag Solutions, LLC v. Toda Kogyo Corp., 2006 U.S. Dist. LEXIS 94462, Case No. C02-1611 PJH (N.D. Cal. Dec. 21 2006) is the lone Northern District of California opinion that followed Orchid. However, the eMag court granted the plaintiffs' request for jurisdictional discovery only after noting that the plantifs had "provided some evidence" of the defendant's California contacts. Id. at *10.

As is explained in more detail below, Facebook fails to make the required showing as to any defendant.

### A. Facebook Is Not Entitled to Jurisdictional Discovery From VGH Because Facebook Has Not Made a *Prima Facie* Case of Personal Jurisdiction.

Facebook filed its motion before any defendant responded to the Complaint. One defendant, VGH, thereafter moved to dismiss for lack of personal jurisdiction on September 10, 2008.[2] In support of its motion, VGH submitted a declaration from its Chief Financial Officer detailing that (1) Facebook's allegation that VGH owns studiVZ Ltd. is not true, (2) Facebook's allegation that VGH owns and operates a New

---

[2] The fact that VGH filed its motion 42 days before its deadline to respond to the Complaint flies in the face of Facebook's claim that the defendants are stalling. Facebook's "delay" arguments are without merit in any event. (Smith Decl., ¶¶ 2-3).

37106-00002/1656630.10        4

OPPOSITION TO FACEBOOK, INC.'S MOTION FOR EXPEDITED DISCOVERY

York-based subsidiary, Holtzbrinck Publishing Holdings Limited Partnership, is also not true, and (3) that VGH has no contacts with California.[3]

In its motion for expedited discovery, Facebook did not even attempt to make a *prima facie* case or colorable claim of personal jurisdiction over VGH. It also did not attempt to make any showing that additional discovery could lead to facts that would establish personal jurisdiction over VGH. Its moving papers contain no discussion of VGH as an entity separate and apart from the other defendants. Facebook has not submitted any declaration containing any facts whatsoever about VGH. Accordingly, Facebook is not entitled to discovery regarding personal jurisdiction.

Moreover, Facebook's proposed draft discovery requests directed to VGH are not narrowly tailored to seek discovery into any issue specifically related to VGH's motion to dismiss. Rather, as is explained in more detail in Section IV below, Facebook seeks discovery from VGH into any and every issue in the case and a mountain of materials that have nothing to do with the case.

Even after now seeing the basis for VGH's motion, Facebook has failed to tell VGH what issue raised in the motion might be in dispute. Counsel for VGH made an offer to Facebook's counsel that Facebook's motion for expedited discovery be taken off calendar *without prejudice* so that counsel could then meet and confer about the appropriate scope of discovery, if any, with respect to VGH and the other defendants. See Section III-B, infra. (last para.). Facebook rejected that request and insisted on going forward with its motion with respect to VGH even after seeing the basis for VGH's motion to dismiss. (Smith Decl., ¶¶ 13-14).

That is inappropriate under the law discussed above. Facebook has demanded wide-ranging discovery that goes far beyond anything related to the issue of whether this Court has personal jurisdiction over VGH, and has done so without

---

[3] As outlined in VGH's Motion to Dismiss for Lack of Personal Jurisdiction, even if the allegations in Facebook's Complaint were correct (which they are not), that VGH owned studiVZ Ltd. and owned and controlled New York-based Holtzbrinck Publishing Holdings Limited Partnership, such contacts would be insufficient for the Court to exercise personal jurisdiction in California over VGH. (Motion to Dismiss at 4:15-12:24).

first making any *prima facie* or colorable claim of personal jurisdiction. Thus, the motion should be denied. The whole purpose of Rule 12 motions to dismiss is to avoid the need for discovery if it is not necessary. Cf. Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

### B. Facebook Is Not Entitled to Jurisdictional Discovery From the Other Three Defendants Because Facebook Has Not Made a *Prima Facie* Case of Personal Jurisdiction.

The argument in Section II-A above applies with equal force to the three defendants who have not yet responded to the Complaint – Holtzbrinck Networks GmbH, Holtzbrinck Ventures GmbH, and studiVZ Ltd. Facebook has not made a *prima facie* case or colorable claim for personal jurisdiction over these three defendants either. There is no declaration or other evidence submitted with Facebook's motion that places at issue any factual dispute related to personal jurisdiction over any of these defendants. Just as with VGH, Facebook simply groups all defendants together as though they are one, and then argues without any evidentiary or other support that it is entitled to jurisdictional discovery. For this reason alone, the motion should be denied as to these defendants.

As discussed below, the motion should also be denied because it is premature, especially with respect to these defendants, which have not yet appeared in the case.

## III. FACEBOOK'S REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED BECAUSE IT IS PREMATURE.

### A. Facebook Explicitly Gave Defendants Until October 22, 2008 to Respond to the Complaint.

Throughout its moving papers, Facebook accuses defendants of engaging in "gamesmanship" and "stall tactics" by insisting on having until October 22, 2008 to

respond to the Complaint. Yet, this response date was chosen by Facebook pursuant to FRCP 4(d).

Facebook asked defendants to waive service of process pursuant to FRCP 4(d)(3). Facebook asked defendants to respond to that request within 60 days or sooner. Sixty days is also the time provided for a response to a requested waiver pursuant to FRCP 4(d)(1)(F). Defendants responded 28 days *early* by signing the Waiver just as Facebook had requested. (Smith Decl., ¶¶ 3(b)-(d); Exs. C-D). The Waiver and FRCP 4(d)(3) both give defendants 90 days to respond from the date the Waiver was sent to defendants. The Waiver was sent on July 24, 2008, which makes defendants' response due by October 22, 2008. Defendants are merely proceeding in accordance with the schedule requested by Facebook. Thus, Facebook's odd complaint of "malicious compliance" simply makes no sense.

### B. Jurisdictional Discovery Should Only be Considered After a Jurisdictional Challenge has Occurred.

Defendants studiVZ, Holtzbrink Ventures and Holtzbrinck Networks have not yet decided how to respond to Facebook's Complaint. (Smith Decl., ¶¶ 5-6). Rather than wait for defendants to respond to its Complaint,[4] Facebook cites the possibility that defendants might challenge personal jurisdiction as an excuse to demand a mountain of early discovery, the bulk of which, as described in Section IV below, has nothing to do with personal jurisdiction.

It only makes sense to consider possible expedited discovery regarding personal jurisdiction after the factual issues in dispute regarding personal jurisdiction have been identified. That way, the plaintiff (and the Court) can put the Complaint and the

---

[4] As discussed in VGH's Opposition to Facebook's Motion to Change Time, Facebook is estopped from avoiding the schedule established by its own waiver. (Opp. to Mot. to Change Time at 4:13-28); Hawes v. Clark, 84 Cal. 272, 275 (1890) (party that receives the benefits of one part of a stipulation with an opposing party is estopped from avoiding the accompanying burdens). Accord Escondido Union School Dist. v. Casa Suenos De Oro, Inc., 129 Cal.App.4th 944, 967-69 (2005). It would be patently unfair to force the defendants to respond to the Complaint earlier than the deadline established by Facebook's own Waiver (and the time period allowed by FRCP 4(d)(3)).

defendant's motion side-by-side to see what, if any, factual disputes exist regarding whether or not the defendant has sufficient contacts with the forum to allow the Court to exercise personal jurisdiction over the defendant.

Among other things, such a side-by-side comparison would inform the parties and the Court (1) whether the plaintiff has made a *prima facie* case for personal jurisdiction – a necessary prerequisite that the plaintiff must show before being allowed to engage in discovery regarding personal jurisdiction, (2) whether the only disputes are legal in nature (e.g., the legal effect of certain contacts the defendant has had with the forum state), (3) what, if any, factual disputes exist relating to personal jurisdiction, and (4) what, if any, legal disputes exist relating to personal jurisdiction.

Facebook's motion and the huge number and breadth of Facebook's proposed discovery requests (e.g., all business records, all financial records, all computer source code, etc.) show why it only makes sense to wait until defendants have filed any motions before requesting discovery. The grounds for any possible motions challenging jurisdiction necessarily determine the need and appropriate scope of jurisdictional discovery, if any.[5]

In its motion, Facebook does not and cannot point to any facts relating to personal jurisdiction that are in dispute as to any defendant because no defendant had moved to dismiss for lack of personal jurisdiction at the time the motion for expedited discovery was filed. For the same reason, Facebook does not make any distinction among the defendants in its proposed discovery requests. With respect to the three defendants who have until October 22, 2008 to respond to the Complaint, the appropriate scope of any personal jurisdiction discovery, if any, remains unknown unless and until those defendants actually file motions regarding personal jurisdiction, thereby revealing the basis for any such motions. As discussed in Section II-A above, no discovery is warranted with respect to VGH (the one defendant that has responded,

---

[5] As discussed in Section II above, if a defendant has no contacts with California whatsoever (as is the case with VGH), then there is no need for any discovery.

by moving to dismiss for lack of personal jurisdiction) because Facebook has made no *prima facie* case for jurisdiction as to VGH.

Given that (1) there are four defendants, (2) different facts surround each, and (3) three defendants are still evaluating how they will respond to Facebook's Complaint, it simply makes no sense to allow Facebook to harass them and to force them to spend the time and money necessary to engage in expedited discovery now. Even Facebook's counsel initially acknowledged that it made sense to discuss expedited discovery only after a defendant had responded since the response will determine the need and scope of such discovery, if any. (Smith Decl., ¶¶ 5-6).

Defendants offered to resolve this entire dispute by agreeing to meet with Facebook within 5 days after each defendant responds to the Complaint to work out the appropriate scope of jurisdictional discovery to be taken, if any, and that any disputes be resolved by the Court on a reasonable shortened notice. (Smith Decl., ¶ 13; Ex. J). Facebook rejected this offer. (Smith Decl., ¶ 14; Ex. K). Facebook's rejection of this reasonable offer reveals its true motive – to improperly get mountains of early discovery (much of which would not be relevant to any issue of personal jurisdiction even if it were requested at the proper time and in the proper way) especially when it is not at all clear which, if any of the defendants, will be subject to suit here and, if so, on which claims.

C. **Facebook has Provided No Factual or Legal Basis for Engaging in Discovery Before Defendants Respond to the Complaint.**

Facebook has not demonstrated any urgency that would justify jurisdictional discovery prior to defendants even responding to Facebook's Complaint. Plus, any alleged urgency is belied by Facebook's own delays. See Section III-D, infra. Instead, Facebook argues that defendants "have not claimed that they would be prejudiced by allowing discovery at this stage." (Mot. at 7:4-5).

However, defendants do not carry the burden to establish whether or not they would be prejudiced by early discovery. Rather, all burdens belong to Facebook

37106-00002/1656630.10 9

because Facebook is the party seeking to have the Court deviate from the Federal Rules of Civil Procedure, and the Court's local rules regarding the sequence of the litigation, by having defendants engage in discovery before even responding to the Complaint.

Moreover, defendants would be prejudiced by having to respond to Facebook's proposed discovery. Specifically, defendants would have to undertake the time and expense of addressing discovery requests that are not narrowly tailored to factual disputes relating to personal jurisdiction, and which may prove unnecessary.

Finally, Facebook has failed to cite a single case where a plaintiff was allowed to engage in personal jurisdiction discovery before a defendant even moved to contest jurisdiction or otherwise responded to the Complaint, and defendants are aware of none.

### D. **Facebook's Own Delays Belie Its Stated Need for Expedited Discovery.**

Facebook filed this lawsuit two months ago. (Smith Decl., ¶ 3(a)). A week later, Facebook sent defendants the Waiver requesting a response within 60 days, which defendants signed after 32 days. (Smith Decl., ¶ 3(b); Ex. C). Facebook has failed to identify any sudden emergency that requires defendants to respond to Facebook's Complaint by September 20, 2008 (over a month before the deadline specified in the Waiver and FRCP 4(d)(3)). Indeed, Facebook's own multi-month delay since it filed this lawsuit belies its assertion that "[e]ach passing day" harms Facebook. (Mot. to Shorten Time at 3:8; Accord Mot. at 2:5-6).

Also, Facebook's founder and CEO, Mark Zuckerberg, gave an interview <u>two years ago</u> in which he refused to call studiVZ Ltd.'s website a "copycat" of Facebook's website, and stated, "I think that they're <u>different designs</u> and slightly different products." http://en.sevenload.com/videos/9cMXu4Y-zuck (Smith Decl., ¶ 16) (CD available upon request). In addition to undermining Facebook's entire lawsuit, this admission from two years ago demonstrates that there is absolutely no urgency here.

In addition, on June 8, 2006 (<u>over two years ago</u>), Facebook's lawyers sent studiVZ Ltd. a cease and desist letter about "The Design of Your Websites" threatening to sue for an injunction, damages, and the destruction of studiVZ Ltd.'s websites. Facebook's German lawyers demanded that studiVZ Ltd. sign a document stating that studiVZ Ltd. would shut its websites down forever, effectively stipulating to a permanent injunction in Germany. studiVZ Ltd. refused, and Facebook never filed a lawsuit or sought an injunction. (Smith Decl., ¶ 15; Exs. L-M). This further demonstrates the lack of urgency here.

If Facebook were really harmed by "each passing day," why did it wait at least 771 days (well over two years) to file this lawsuit and 53 days after filing suit to move for expedited discovery? And why then did Facebook ask defendants to sign a Waiver giving them 90 days to respond to the Complaint? Facebook's own delay demonstrates that its request for expedited discovery is disingenuous and groundless. As discussed below, Facebook's true motivation is to seek an impermissible advantage in (1) this litigation by obtaining early, wide-ranging discovery exceeding any disputed facts regarding personal jurisdiction, and (2) a parallel German case filed by studiVZ Ltd. against Facebook, by demanding discovery to which Facebook is not entitled under German law.

## IV. <u>FACEBOOK'S TRUE MOTIVE IS TO TAKE MASSIVE EARLY DISCOVERY ON ISSUES THAT GO WELL BEYOND PERSONAL JURISDICTION.</u>

A cursory review of Facebook's proposed discovery reveals Facebook's true ill-disguised motives. Under the false pretense of engaging in "routine," "tailored" expedited discovery regarding "personal jurisdiction," Facebook has propounded <u>92 pages worth of discovery requests</u>, which include 120 requests for production of documents, 92 interrogatories, and 6 deposition notices (including four Rule 30(b)(6) depositions that cover 72 topics). (Avalos Declaration in Support of Motion for

Expedited Personal Jurisdiction Discovery (hereinafter, "Avalos Decl."), Ex. A).

These are <u>not</u> narrowly-tailored discovery requests relating to personal jurisdiction, either. Facebook's proposed requests seek everything under the sun from all four defendants on issues that go way beyond personal jurisdiction. By way of example only, and without limitation, Facebook has requested, *inter alia*, the following:

- "DOCUMENTS sufficient to describe in detail the organizational structure of VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmBH from its creation until the present, including DOCUMENTS sufficient to identify ALL shareholders, officers, employees, investors, AND directors." (Avalos Decl., Ex. A, page 33 of 93, Request No. 6).
- "DOCUMENTS that RELATE TO VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmBH 's [sic] business OR corporate records, including without limitation, meeting minutes, Articles of Incorporation, operating agreements, stock agreements, AND ANY DOCUMENTS that RELATE TO VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmBH's observance of corporate formalities, as well as Units, Capital Accounts, AND Management Reports" (Avalos Decl., Ex. A, page 33 of 93, Request No. 7).
- "DOCUMENTS that RELATE TO VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmBH 's [sic] financial history, including without limitation, financial reports, profit/loss statements, budgets, financial planning DOCUMENTS, accounts payable, accounts receivable, AND loan DOCUMENTS, as well as Financial Reports, Capital Accounts, AND Adjusted Capital Accounts." (Avalos Decl., Ex. A, page 34 of 93, Request No. 8).
- "ALL DOCUMENTS RELATED TO the services provided by www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl AND www.schuelervz.net to

USERS OF STUDIVZ, including how they are provided." (Avalos Decl., Ex. A, page 35 of 93, Request No. 16).

- "ALL versions of COMPUTER CODE YOU wrote, programmed OR helped that RELATES TO www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl AND www.schuelervz.net." (Avalos Decl., Ex. A, page 36 of 93, Request No. 23).

Of course, these are just the tip of the iceberg. Facebook's 92 pages of discovery requests contain countless examples of broad, far-reaching discovery that have nothing to do with any alleged factual disputes regarding personal jurisdiction. As noted earlier, Facebook drafted these before any of the defendants had even responded to its Complaint. Thus, by definition, Facebook's discovery requests are not narrowly-tailored to any factual disputes regarding personal jurisdiction.

Facebook has even stated that its proposed discovery has been requested not for personal jurisdiction purposes, but to "uncover[] information that would give rise to injunctive remedies." (Mot. to Change Time at 2:25-26). Of course, Facebook's vague reference to injunctive relief is a red herring. As discussed above, Facebook knew about studiVZ Ltd.'s website over two years ago, and Facebook never filed suit or sought injunctive relief. Even putting aside the fact that no one would ever be entitled to an injunction under these (and other) circumstances, Facebook's "injunction" explanation cannot be true -- Facebook served massively overbroad discovery requests on *all* of the defendants, when Facebook well knows that studiVZ is the only defendant that actually operates the website about which Facebook complains.

These overly broad discovery requests (under the thinly-veiled guise of personal jurisdiction discovery) demonstrate (1) that Facebook just wants improper early, broad discovery here, (2) wants to get, in this U.S. case, discovery to which it is not entitled in studiVZ Ltd.'s parallel German case against Facebook, and (3) why it makes sense

to wait until <u>after</u> defendants respond to Facebook's Complaint before considering any jurisdictional discovery. See, e.g. Orchid, 198 F.R.D. at 672 (when a court might dismiss for lack of personal jurisdiction, "any discovery which seeks to reach the merits of this case would be unnecessary, costly and burdensome at this time.").

## V. **CONCLUSION**

For the above reasons, Facebook's motion should be denied. Defendants also respectfully request that the Court stay all discovery at least until defendants all respond to the Complaint so as to prevent Facebook from further wasting the time and resources of the Court and defendants.

DATED: September 23, 2008

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: /s William M. Walker
WILLIAM M. WALKER
Attorneys for Defendants studiVZ Ltd., Verlagsgruppe Georg von Holtzbrinck GmbH, Holtzbrinck Networks GmbH, and Holtzbrinck Ventures GmbH

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590