1  GARY E. WEISS (STATE BAR NO. 122962)
   gweiss@orrick.com
2  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
3  JULIO C. AVALOS (STATE BAR NO. 255350)
   javalos@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025
   Telephone:    +1-650-614-7400
6  Facsimile:    +1-650-614-7401

7  WARRINGTON S. PARKER (STATE BAR NO. 148003)
   wparker@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
9  405 Howard Street
   San Francisco, CA  94105-2669
10 Telephone:    +1-415-773-5700
   Facsimile:    +1-415-773-5759
11
   Attorneys for Plaintiff
12 FACEBOOK, INC.

13
                            UNITED STATES DISTRICT COURT
14
                           NORTHERN DISTRICT OF CALIFORNIA
15
                                    SAN JOSE DIVISION
16

17 | FACEBOOK, INC.,                              | Case No.  5:08-cv-03468 JF
18 |                    Plaintiff,                |
19 |                                              | **MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO CIVIL L.R. 7-11 REQUESTING THAT THE COURT SET A STATUS CONFERENCE FOR OCTOBER 3, 2008 OR AS SOON THEREAFTER AS IS POSSIBLE**
   |        v.                                    |
20 | STUDIVZ LTD., VERLAGSGRUPPE
21 | GEORG VON HOLTZBRINCK GmBH,
   | HOTLZBRINCK NETWORKS GmBH,
22 | HOLTZBRINCK VENTURES GmBH, and
   | DOES 1-25,
23
24 |                    Defendant.                | Room:   Courtroom 3, 5th Floor
   |                                              | Judge   Hon. Judge Jeremy Fogel
25
26
27
28

OHS West:260520325.5                                                MOTION FOR ADMINISTRATIVE RELIEF
                                                                    CASE NO. 5:08-CV-03468-JF

## I. REQUESTED RELIEF

Pursuant to Civil L.R. 7-11, Plaintiff respectfully requests that the Court set a status conference on October 3, 2008 or as soon thereafter as is practicable. Plaintiff requests a status conference to discuss and resolve existing and potential calendar issues. While there is a case management conference scheduled for November 4, 2008, at least one calendaring issue relates to a hearing set in October 2008.

The existing calendar issue that requires resolution is as follows: Defendant Verlagsgruppe Georg von Holtzbrinck GmbH's ("VGH"), one of the defendants to this lawsuit, has filed a motion to dismiss for lack of personal jurisdiction. The hearing date on that motion is October 31, 2008. Plaintiff's opposition is due October 10, 2008. However, Plaintiff has requested discovery and has been required to file a motion to obtain it. That motion will not be heard until October 14, 2008. Plaintiff, therefore, must obtain a continuance of the October 31, 2008 hearing date in order to obtain the benefits of its discovery motion.

In addition, Plaintiff anticipates that the remaining Defendants will file motions to dismiss. Plaintiff anticipates that those motions will need to be scheduled and, if they are motions to dismiss for lack of personal jurisdiction, that the motions will need to be set so that discovery may be taken and used. The status conference would, therefore, also consider the issue of personal jurisdiction discovery and its anticipated length.

## II. FACTUAL BACKGROUND

### A. Facebook Has Sued Defendants Because They Improperly Accessed Facebook's Website And Copied Facebook's Look And Feel

Facebook, Inc., headquartered in Palo Alto, California, developed and operates the most popular online "social network" on the Internet, www.facebook.com. Facebook's servers are located in Santa Clara, California. Defendant StudiVZ Ltd. is headquartered in Berlin, Germany. StudiVZ operates a number of social networking websites throughout Europe that, as noted in the complaint filed July 18, 2008, are knock-offs of Facebook, both in terms of look and feel and features offered. These websites include the German-language sites www.studivz.net, www.schuelervz.net and www.meinvz.net, the French-language site www.studiqg.fr, the Italian-

OHS West:260520325.5     - 2 -     MOTION FOR ADMINISTRATIVE RELIEF
CASE NO. 5:08-CV-03468-JF

language site www.studiln.it, the Spanish-language site www.estudiln.net and the Polish-language site www.studentix.pl. All of these websites were built by accessing the Facebook website and copying its look and feel.

Defendant Verlagsgruppe Georg von Holtzbrinck GmbH ("VGH") is the parent company of Defendants Holtzbrinck Networks GmbH ("HNG"), headquartered in Munich, Germany, Macmillan Publishers headquartered in New York, Holtzbrinck Ventures GmbH ("HVG"), also headquartered in Munich and StudiVZ. VGH is a major multinational holding corporation that owns publishing and web-based companies around the world.

### B. Defendants Have, As They Twice Promised, Filed A Motion To Dismiss As To One Defendant

Facebook sent a cease and desist letter to Defendants on July 9, 2008. Declaration of Warrington S. Parker ("Parker Decl.") ¶ 2. In response, StudiVZ sent a letter asserting that this Court did not have personal jurisdiction over it and warning that it would file a motion to dismiss on those and other grounds. Parker Decl. Ex. A.

After service of the complaint, in a conversation with counsel for Facebook, Defendants confirmed their intent to file a motion to dismiss for lack of personal jurisdiction. Parker Decl. ¶ 13, Ex. K. In response, Plaintiff met and conferred with Defendants' counsel regarding discovery and its scope. At the time, Defendants did not dispute that discovery was an option available to Plaintiff. Parker Decl. Exs. B & C.

However, when Plaintiff actually began to engage in the concrete conversations necessary to obtain discovery, Defendants took the position that they "may not" file motions to dismiss for lack of personal jurisdiction. Parker Decl. Ex. C

### C. Plaintiff Seeks Discovery And Defendants File Their First Motion To Dismiss Which Creates A Scheduling Issue

In response to Defendants' representation that they would be seeking to dismiss the complaint for lack of personal jurisdiction, on September 9, 2008, Plaintiff filed a Motion for Personal Jurisdiction Discovery noticed for October 14, 2008 along with an accompanying Motion to Shorten Time seeking to expedite the October 14 hearing to September 23, 2008. *See*

Dkt. 11 and 13, respectively.  On September 15, 2008, Judge Lloyd denied Plaintiff's Motion to Shorten Time.  Dkt. 20.  Accordingly, a hearing on Plaintiff's Motion for Personal Jurisdiction Discovery will not be held until October 14, 2008, four days after Plaintiff's Opposition to VHG's Motion to Dismiss for Lack of Personal Jurisdiction.

On September 10, 2008, one of the Defendants, VGH, filed its motion to dismiss for lack of personal jurisdiction.  The hearing date on that motion is October 31, 2008.  *See* Dkt. 15.

VGH had to file its motion to dismiss when it did because it was served under the Hague Convention on August 21, 2008.  Parker Decl. Ex. D.  It therefore had 20 days to file a response pursuant to Federal Rule of Civil Procedure 4.

Only after VGH was served did the remaining three defendants then agree to waive service.  Parker Decl. Ex. E.  This could only have been a strategic move to increase delay.  In July 2008, Facebook had asked Defendants' California-based counsel to waive service of the complaint.  Parker Decl. Ex. F.  However, Plaintiff only received a response on August 25, 2008, after service on VGH.  Parker Decl. Ex. E.

As a result of the waiver of service of process, and citing to Fed. R. Civ. Pro. 4, the remaining Defendants claim that they have 90 days from the waiver of process – until October 22, 2008 – to respond to the complaint.  Parker Decl. Ex. G.

### D. The Scheduling Issues

The first scheduling issue is the hearing date on VGH's motion to dismiss.  Plaintiff will not know whether it is entitled to obtain discovery until after the hearing on Plaintiff's discovery motion set for October 14, 2008.  However, the opposition to VGH's Motion to Dismiss for Lack of Personal Jurisdiction is due October 10, 2008.  Plaintiff will neither have any discovery nor know if it is entitled to discovery at that point.[1]

The second issue pertains to the timing of discovery and the dates for hearings on the pending motion and any other motions to dismiss that are filed.  To avoid having further situations where hearing dates are not coordinated—as reflected in the hearing dates for the

---

[1] Plaintiff's counsel agreed to the October 31 hearing date in the good faith expectation that, based on an expedited schedule, personal jurisdiction discovery would be had from the Defendants prior to Plaintiff's filing of an opposition to any motions to dismiss based on lack of personal jurisdiction.

motions on calendar—Plaintiff proposes that there be a status conference to coordinate the filing of motions to dismiss and any discovery that might take place. Furthermore, if the taking of discovery is opposed, and Defendants' current position is that Plaintiff is not entitled to discovery, Dkt. 22, there will need to be a schedule for any hearing on motions to allow discovery.[2]

Plaintiff has refused to agree to a status conference. Parker Decl. Exs. H, I, J.

### III. DISCUSSION

Plaintiff requests a status conference to resolve the various scheduling issues in the most efficient manner possible. To date, the parties have not been able to work out the differences.

Case law allows discovery when a defendant challenges personal jurisdiction. *Harris Rutsky & Co. Ins. Services v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) (reversing dismissal when court did not allow discovery to be used by plaintiff to establish prima facie case for personal jurisdiction). Defendants have opposed discovery. Dkt. 22. This required the filing of a motion.

In addition, Defendants have twice promised to file a motion to dismiss and have now filed one. Still, Defendants are unwilling to meet and discuss a discovery schedule or the scope or nature of discovery. They insist that Plaintiff should await the filing of any motions on October 22, 2008. Dkt. 22.

Respectfully, this requires court intervention. At a status conference, the parties and the court can easily set a new hearing date on the pending motion to dismiss. The Court can set hearing dates for any motions to dismiss the remaining three defendants intend to file. That hearing date can take into account the time needed to seek discovery by motion, if required. It can take into account the time needed to take the discovery.

---

[2] The parties met and conferred and were unable to reach agreement. Parker Decl. Exs. H, I & J.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court schedule a status conference for October 3, 2008 or as soon thereafter as is practicable.

Dated: September 25, 2008                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                             /s/ Warrington S. Parker /s/
                                             Warrington S. Parker
                                             Attorneys for Plaintiffs
                                             FACEBOOK, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 25, 2008.

Dated: September 25, 2008.                Respectfully submitted,

                                          /s/ Warrington S. Parker /s/
                                          Warrington S. Parker