| | |
|---|---|
| 1 | GARY E. WEISS (STATE BAR NO. 122962) |
| | gweiss@orrick.com |
| 2 | I. NEEL CHATTERJEE (STATE BAR NO. 173985) |
| | nchatterjee@orrick.com |
| 3 | JULIO C. AVALOS (STATE BAR NO. 255350) |
| | javalos@orrick.com |
| 4 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 1000 Marsh Road |
| 5 | Menlo Park, CA 94025 |
| | Telephone: +1-650-614-7400 |
| 6 | Facsimile: +1-650-614-7401 |
| 7 | WARRINGTON S. PARKER (STATE BAR NO. 148003) |
| | wparker@orrick.com |
| 8 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | The Orrick Building |
| 9 | 405 Howard Street |
| | San Francisco, CA 94105-2669 |
| 10 | Telephone: +1-415-773-5700 |
| | Facsimile: +1-415-773-5759 |
| 12 | Attorneys for Plaintiff |
| | FACEBOOK, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-cv-03468 JF |
| Plaintiff, | Assigned To: Hon. Jeremy Fogel |
| v. | **FACEBOOK'S REPLY TO DEFENDANT'S MOTION IN OPPOSITION TO FACEBOOK'S MOTION FOR EXPEDITED PERSONAL JURISDICTION DISCOVERY** |
| STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmBH, HOTLZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25, | |
| Defendant. | Date: October 14, 2008<br>Time: 10:00 A.M.<br>Dept.: Courtroom 2, 5th Floor<br>Judge: Honorable Magistrate Judge Howard R. Lloyd, for Discovery Purposes |
| | Complaint Filed: July 18, 2008 |

Dockets.Justia.com

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION[1]

A plaintiff is not required to establish a prima facie case of personal jurisdiction to obtain discovery as Defendants argue. *See* Defendants' Opposition ("Opp.") at 2. The reverse is true. A plaintiff is entitled to discovery so that the plaintiff can establish a prima facie case. *See, e.g., Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003). As for Defendants' argument that a plaintiff is required to await the filing of a motion in order to obtain discovery, Defendants cite no case to support the argument, *see* Opp. at 7, and Facebook has found none. In this case, it makes no sense to wait. Defendants have had the complaint since July 2008. They have already said that they would file motions to dismiss for lack of personal jurisdiction. They do not point to any prejudice that would result were discovery allowed.

Also, waiting more time plays into the stall tactics that Defendants now deny. Although Defendants try to dance around the facts that reveal their stalling, Defendants cannot deny that they did not timely respond to Facebook's request for waiver. They cannot deny that they only responded once one of the Defendants, Verlagsgruppe Georg von Holtzbrink GmBH ("VGH"), had been served under the Hague Convention. While Defendants point to the now filed motion to dismiss of VGH as evidence that they are not stalling, in fact, VGH had no choice but to file its motion when it did. VGH did not waive service, and it was served on August 21. Its response had to be filed on September 10, 2008, Dkt. 15, which is within 20 days of service. *See* Fed. R. Civ. P. 12(a)(1). Therefore, Defendants cannot claim with any accuracy that "[t]he fact that VGH filed its motion 42 days before its deadline to respond to the Complaint flies in the face of Facebook's claim that the defendants are stalling." Opp. at 4 n.2.

Finally, Defendants make much of the breadth of Facebook's proposed personal jurisdiction discovery. Disputes as to the exact scope of discovery sought should not dictate whether Facebook is entitled to the discovery in the first place. Defendants' counsel has refused

---

[1] After filing the motion for discovery, Facebook dismissed without prejudice one of the defendants, Verlagsgruppe Georg von Holtzbrinck, and set a date for a Rule 26 conference. If the Rule 26 conference clears all remaining discovery issues, Facebook will withdraw this motion.

several requests from Facebook to meet and confer with respect to the scope of personal jurisdiction discovery. Facebook remains willing to do so and sees no reason why the Court should be called upon at this time to resolve scope-based disputes that the parties should rightfully be able to work through on their own.

In short, Facebook's motion should be granted.

## II. ARGUMENT

### A. Personal Jurisdiction Discovery Does Not Require a *Prima Facie* Showing of Personal Jurisdiction

#### 1. Defendants Confuse Requirements For Personal Jurisdiction Discovery With Those Necessary To Defeat a Motion to Dismiss

It is well-established that a plaintiff must make a *prima facie* showing of personal jurisdiction in order to survive a motion to dismiss. *See eMag Solutions LLC, et al. v. Toda Kogyo Corp.*, 2006 U.S. Dist. LEXIS 94462, Case No. C02-1611 PJH, at *7 -*8 (N.D. Cal., December 21, 2006). However, it is also well-established that prior to making this *prima facie* showing, a plaintiff is entitled to personal jurisdiction discovery. *See, e.g., Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d at 1135 (reversing district court's holding of lack of personal jurisdiction and remanding to allow plaintiff discovery in order that there be an "the opportunity to develop the record and make a prima facie showing of jurisdictional facts . . . ."); *see also Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 431 n. 24 (9th Cir. 1977) ("Discovery, however, should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary"). This disposes of five pages of Defendants' opposition, which neither mentions nor discusses any Ninth Circuit case law, which is binding. *See* Opp. at 2-6.

In addition, Defendants' argument is not sensible. "It [is] counterintuitive to require a plaintiff, prior to conducting discovery, to meet the same burden that would be required in order to defeat a motion to dismiss." *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 673 (S.D. Cal. 2001) ("This Court . . . declines to require that Plaintiff establish a prima facie case of personal jurisdiction prior to conducting discovery related to jurisdictional issues."). If, as Defendants argue, a *prima facie* showing were required to obtain personal

1 jurisdiction discovery, such discovery would always be unnecessary. The *prima facie* argument
2 required to obtain discovery for the motion to dismiss would itself be sufficient to defeat the
3 motion. This cannot be right.

*Huang v. Ferrero U.S.A., Inc.,* 1999 U.S. Dist. LEXIS 5712, Case No. C98-0795 FMS (N.D. Cal., April 15, 1999), a case upon which Defendants rely, supports this analysis. *See* Opp. at 2. In *Huang*, the court had already granted discovery. At issue was whether plaintiff should be allowed *additional discovery*. Defendants' acknowledge this when they write that the *Huang* defendant "moved to dismiss for lack of personal jurisdiction, and plaintiffs asked that the court allow *additional discovery* relating to 'minimum contacts.'" Opp. at 2, lines 7 – 11 (emphasis added) (*citing Huang,* at *2 - *3). They re-affirm this fact when they state that, "the court could not 'discern the need or utility for the *further discovery* requested by plaintiffs.'" *Id.* (*citing Huang* at *5 (emphasis added)). Facebook is not seeking additional discovery. It is seeking discovery, and *Huang* supports that request.

Defendants attempt to distinguish the *Orchid* opinion—which unambiguously states that a plaintiff is not required to make a *prima facie* showing in order to obtain personal jurisdiction discovery—fails for the same reason. Defendants themselves observe that the case is about *additional discovery*: "In sum, the court in *Orchid* acknowledged that courts are justified in denying discovery 'when it is clear that *further discovery* would not demonstrate facts sufficient to constitute a basis for jurisdiction." Opp. at 4, lines 6 – 10 (emphasis added). Again, Facebook's motion requests discovery in the first instance. *Orchid* supports that request.[2]

In short, the cases on which Defendants rely support the granting of Facebook's motion.

///
///

---

[2] Defendants' suggestion that Facebook is somehow seeking another round of discovery is misleading and incorrect. *See* Opp. at 5, lines 4 – 6 ("It [Facebook] also did not attempt to make any showing that *additional discovery* could lead to facts that would establish personal jurisdiction over VGH." (emphasis added)). Facebook seeks only to obtain the personal jurisdiction discovery to which it is entitled; no claims have been made to two or three rounds of it.

## 2. According to Defendants' Own Cases, At Most, Facebook is Required Simply To Point to Any Facts That, If Discovered, Would Permit The Exercise of Jurisdiction

There are narrow exceptions to the ability to take discovery, none of which apply here. For example, if a plaintiff alleges facts that show that there cannot be personal jurisdiction as a matter of law, a court is entitled to deny discovery. Or, if a plaintiff alleges facts that are contradicted by that plaintiff's own admissions, courts again will deny discovery.

*Protrade Sports, Inc. v. Nextrade Holdings, Inc.*, 2006 U.S. Dist. LEXIS 6631, Case No. C05-04039 MJJ at *9 (N.D. Cal. Feb. 2, 2006), cited by Defendants, is an example of a case where the facts alleged foreclosed personal jurisdiction. Plaintiff alleged that defendant had a website. The court denied discovery because "Plaintiff has established little more than the fact that [Defendant] has a website which is viewable from within California." This result is fairly unremarkable given the decision in *Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006), where the plaintiff similarly did nothing more than allege that defendant operated a passive website. In light of this, the Court denied discovery because "[a]s a matter of law, we have concluded that a passive website and domain name are an insufficient basis for asserting personal jurisdiction discovery." *Id*. at 1160; *see also id.* ("Caddy's website is passive, and, therefore, additional discovery on this issue would not be helpful.").

*Levy v. Norwich Union Ins. Society*, 1998 U.S. Dist. LEXIS 13524, Case No. C97-2533 MJJ, at *15 (N.D. Cal., Aug. 5, 1998), also cited by Defendants, is a case in which plaintiff's personal jurisdiction allegations were contradicted by plaintiff's admissions. Plaintiff's allegations of personal jurisdiction depended in large part on his claim that a person was the agent of the defendant. But plaintiff had also "expressly acknowledged that Jay was *his* agent—not the agent of Norwich-Union—in a letter dated October 10, 1991. Thus, plaintiffs' attempt to impute the contacts of Hay to Norwich Union under an agency relationship is belied by plaintiffs' own admission that Hay was plaintiffs' agent." *Id*. at *14 (emphasis in original).

Under the circumstances of *Protrade* or *Levy*, discovery is properly denied. But this case is not similar to either case. Facebook's allegations are sufficient. Facebook alleges that Defendant StudiVZ Ltd. ("StudiVZ")

| | | |
|---|---|---|
| 1 | (1) | by and through its founders and other agents and/or employees, committed and continues to commit theft of Facebook data and property located on Facebook's California data servers in violation of California state and federal law; (*See* Dkt. 1 at ¶¶ 45 – 59) |
| 5 | (2) | unlawfully used and continues to use trade dress and other intellectual property obtained through that theft in its development and maintenance of social networking sites purposefully directed at California users; ( *Id*. at ¶¶ 61 – 67; *see also* Supplemental Declaration of Julio C. Avalos In Support of Facebook's Reply to Defendants' Opposition to Facebook's Motion for Expedited Personal Jurisdiction Discovery ("Supp. Avalos Decl.") at ¶ 9 – 10, and **Exhibit B**, attached thereto) |
| 12 | (3) | by and through its agents committed breach of a California contract and submitted through contract to the laws and jurisdiction of this Court; (*Id*. at ¶¶ 68 – 71); and that |

Remaining Defendants Holtzbrinck Networks GmBH ("HNG") and Holtzbrinck Ventures GmBH ("HVG") have, at all times since at least the date of their acquisition of and/or assumption of management and direction of StudiVZ:

      (4)    acted as agents and/or alter egos of StudiVZ in its continued perpetuation of the above. ( *Id.* at ¶¶ 5 – 6)

These allegations alone are sufficient to establish Facebook's entitlement to personal jurisdiction discovery as to all Defendants.

Even were they not, HVG's and HNG's respective websites show their involvement in and control of StudiVZ. *See* Supp. Avalos Decl., **Exhibits G** and **H,** respectively. Moreover, the exhibit concurrently filed under seal with this motion demonstrates HVG's and HNG's day to day involvement in StudiVZ. *See* Supp. Avalos Decl. at ¶ 22, and **Exhibit I**, attached thereto.

This evidence establishes Facebook's right to jurisdictional discovery over all Defendants. *See Harris Rutsky & Co. Ins. Servs., Inc.*, 328 F.3d at 1135; *see also Wells Fargo*,

556 F.2d, at 431 n. 24.[3]

### B. Facebook's Discovery Requests Are Not Premature and the Defendants Have Misled This Court As To Their Own Delay Tactics

#### 1. Jurisdictional Discovery Should Be Granted Whenever Pertinent Facts Bearing on Personal Jurisdiction Are In Dispute

Defendants conclude without citation that "jurisdictional discovery should only be considered after a jurisdictional challenge has occurred." Opp. at 7, lines 13 – 14. However, there is no case found, and none cited by Defendants, holding that a defendant must formally challenge jurisdiction before submitting to jurisdictional discovery. Although the typical case sees the plaintiff requesting personal jurisdiction discovery after defendant's filing of a motion to dismiss, Defendants have said that they would file such motions. Furthermore, there is no reason, and every reason not, to tolerate Defendants' delay.

### C. Defendants True Motivation Is To Continue Delaying This Litigation and Have Misled The Court With Respect To Their Delay Tactics

On July 18, 2008, Facebook asked Defendants' counsel to accept service on behalf of its client. *See* Dkt. 12 at ¶ 6. Counsel refused. *Id.* Accordingly, Facebook began service proceedings through Hague Convention procedures. *Id.* at ¶ 9. On July 24, 2008, Facebook requested that Defendants waive service. *Id.* at ¶ 11. Defendants did not respond to Facebook's request until August 25, 2008. *Id.* at ¶ 13. This was *after* VGH was served with the complaint pursuant to Hague Convention procedures.[4]

These facts establish Defendants' intent to delay. Had that not been the intent, Defendants would have responded timely to Facebook's request for waiver. Alternatively, they would have insisted on Hague Convention procedures for all Defendants. Their tactic allowed

---

[3] In determining a plaintiff's personal jurisdiction allegations, a court may rely on evidence outside of the complaint. *See, e.g., Laub v. U.S. Dept. of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (reversing district court's denial of jurisdictional discovery relying in part on "public documents offered by Plaintiffs [that] suggest that there is at least an arguable claim that the federal government plays a significant role in the CALFED program.").

[4] On August 21, 2008, the German local authorities served defendant VGH under the Hague Convention. *Id.* at ¶ 7; *see also* attached thereto **Exhibit D** (proof of service on VGH). Pursuant to Fed. R. Civ. Pro. 12, VGH had no alternative but to file a motion to dismiss by September 10, 2008, which it did. Dkt. 15. Two of the three remaining defendants were served via the local German authorities within 8 days of the initial service on VGH. Id. at ¶ 18; *see also* **Exhibits E and F**, attached thereto.

1   Defendants to gain all the time it took to get them served under the Hague Convention—from
2   July 18 through August 24—and then gain additional time when they waived service—from 20
3   days to 40 days. Fed. R. Civ. P. 4(d)(3).
4         As for the filing of the motion to dismiss by VGH, (Opp. at 4, fn 2), VGH had to
5   file its motion to dismiss when it did. Similarly, when Defendants say that they responded "28
6   days *early* by signing the Waiver just as Facebook had requested . . . Thus, Facebook's odd
7   complaint of 'malicious compliance' simply makes no sense," (Opp. at 7, lines 3 – 12), they
8   misrepresent the facts. Defendants time their responses to maximize the time this case would not
9   be at issue. They did not sign 28 days early. They signed at the last possible moment given the
10  fact that VGH had been served.

      **D.    These Tactics Should Not Be Tolerated Particularly Given The Lack of Prejudice To Defendants.**

13        Not only are these tactics unseemly, they are unnecessary and violate one of the
14  central tenets of the Federal Rules of Civil Procedure. They are unnecessary because Defendants
15  do not claim that delay is necessary to avoid prejudice. Defendants have had the complaint since
16  July 18 2008, when Facebook provided the complaint to counsel for Defendants. Supp. Avalos
17  Decl., at 13. Defendants do not articulate any reason why they need yet more time. The most
18  Defendants say is that they should not have to respond to discovery that is not narrowly tailored
19  to the factual disputes. Opp. at 10.
20        However, the factual dispute is more than clear enough to allow discovery. For
21  example, if, as alleged, StudiVZ or one of the Defendants accessed Facebook's sites or if they
22  copied Facebook's look and feel, there is personal jurisdiction in California. *See Brainerd v.*
23  *Governs of the Univ. of Alberta.*, 873 F.2d 1257, 1260 (9th Cir. 1989) (observing that when a
24  defendant purposefully directs activities into the forum, personal jurisdiction is presumed
25  reasonable). At this stage, discovery should be allowed to substantiate the allegation. Of course,
26  Defendants can admit the allegation and avoid discovery, but until they do, the issue is ripe.
27        Finally, Defendants tactics should not be tolerated because they are in violation of
28  the central tenet of the Federal Rule of Civil Procedure Rule which seeks to "secure the just,

speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Pro. 1.

### F. Defendants' Argument That Facebook Has Itself Delayed This Litigation Is Without Merit

On the day that Facebook filed its complaint against Defendants, Facebook requested that Defendants accept service of the complaint. Defendants refused. Since that date, Facebook has attempted to meet and confer with Defendants, has exchanged various letters and other communications with Defendants' counsel, and has finally had to resort to motion practice to keep Defendants from unnecessarily delaying this litigation. Defendants' insinuation that Facebook has somehow "delay[ed] since it filed this lawsuit" is thus meritless. Opp. at 10.

Equally meritless is Defendants' argument that Facebook's motion should be denied because it has waited "at least 771 days (well over two years) to file this lawsuit and 53 days after filing suit to move for expedited discovery." Opp. at 11. First, the argument is a bit inconsistent. Defendants are essentially arguing that Facebook's requests for personal jurisdiction discovery are simultaneously both too early and too late. Second, if there has been any delay it is due to Facebook's attempts to resolve any issues prior to the filing of a lawsuit. Facebook does not take lightly the charges it has brought against Defendants and has previously attempted to resolve this matter without resort to costly litigation. All such efforts have been futile, as Defendants have insisted on maintaining their infringing websites and by continuing to copy and expand their copying of the Facebook website and service. *See* Supp. Avalos Decl., at ¶ 8.

Armed with Facebook's intellectual property and with none of the costs associated with developing that property, the StudiVZ websites and service have spread from being a local site catering almost entirely to German college students to its current posture as a multinational European service. *See* Supp. Avalos Decl., at ¶ 8. Currently, the StudiVZ websites are in the process of unrolling yet another feature copied from Facebook, an intra-site chatting program/interface. *See id*. The filing of Facebook's complaint is timely in light of StudiVZ's recalcitrant insistence on continuing to steal from Facebook, to profit from that theft and to further the exploitation of intellectual property stolen from Facebook by expanding throughout Europe.

### E. The Scope Of Discovery Should Be Resolved When The Parties Meet And Confer About Discover

There is no reason to further delay the ordering of personal jurisdiction discovery. Any concerns that Defendants have as to the scope of that discovery are secondary and may be resolved through the meet and confer process that Defendants have repeatedly refused to engage in.

### III. CONCLUSION

For the above reasons, Facebook's motion for expedited personal jurisdiction discovery should be granted and an order entered in the form attached to Facebook's Motion for Expedited Personal Jurisdiction Discovery.

Dated: September 30, 2008        ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Julio C. Avalos /s/
JULIO C. AVALOS
Attorneys for Plaintiff
FACEBOOK, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 30, 2008.

Dated: September 30, 2008.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Julio C. Avalos /s/
　　　　　　　　　　　　　　　　　　　　　　Julio C. Avalos