STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants studiVZ Ltd.,
Holtzbrinck Networks GmbH, and
Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STUDIVZ LTD.,<br>VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH,<br>HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25,<br><br>　　　　Defendant. | Case No. 5:08-CV-03468 JF<br>Assigned To: Hon. Jeremy Fogel<br><br>**OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE DECLARATION OF JULIO C. AVALOS AND EXHIBIT I THERETO**<br><br>Date:　October 14, 20008<br>Time:　10:00 a.m.<br>Room:　Courtroom 2, 5th Floor<br>Judge:　The Hon. Howard R. Lloyd,<br>　　　　U.S. Magistrate Judge<br><br>Complaint Filed: July 18, 2008 |

37106-00002/1658709.4

OPPOSITION TO FACEBOOK, INC.'S MOTION TO SEAL

## I. INTRODUCTION.

Plaintiff Facebook, Inc. ("Facebook") seeks to seal Paragraph 22 of the Supplemental Declaration of Julio C. Avalos in Support of Reply to Defendants' Opposition to Facebook's Motion for Expedited Personal Jurisdiction Discovery (the "Avalos Reply Declaration"), and Exhibit I to the Avalos Reply Declaration. Defendants oppose that motion.[1]

Ironically, by unilaterally and voluntarily using Exhibit I for its own purposes, Facebook has violated Paragraph 3 of Exhibit I, which expressly prohibited Facebook from using documents that were designated as "Confidential" for any purpose other than in connection with the Business Opportunity discussed in Exhibit I. Now that Facebook has done so, it has put defendants in a difficult position with respect to responding to Facebook's misuse and mischaracterization of Exhibit I. Facebook's reply in support of its motion for personal jurisdiction discovery, scheduled for hearing on October 14, 2008, wrongly states that Exhibit I shows that defendants Holtzbrinck Ventures GmbH ("Ventures") and Holtzbrinck Networks GmbH ("Networks") had day-to-day involvement in defendant studiVZ Ltd. ("studiVZ"). (Reply at 5:25-26). Yet, all that Exhibit I says is that Facebook wanted to buy Ventures' and Networks' interests in studiVZ, and that Ventures and Networks at one time discussed the matter with Facebook.

At this point, defendants respectfully submit that Facebook's motion should be denied. As discussed further below, Facebook seeks this order for an inappropriate purpose; namely, to try to conceal the fact that it filed this lawsuit because it unsuccessfully tried for a long time to buy studiVZ and is disappointed that its efforts failed, and to hinder defendants' ability to argue that point. As also addressed below,

---

[1] In doing so, defendants do not waive any arguments or defenses concerning personal jurisdiction or forum non conveniens, all of which are expressly reserved.

37106-00002/1658709.4  1

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Facebook has not shown good cause for sealing the materials, and seeks to impose an unnecessary and awkward burden on the Court and on the ability of the defendants to expose Facebook's true motives in open court.

Exhibit I, and the business discussions out of which it arises, are an important part of the defense in this case -- that Facebook has filed a meritless case because its efforts to buy studiVZ have failed.[2] Defendants should not be forced to file documents under seal, and the Court should not be required to seal the courtroom, every time this significant defensive issue arises.

## II. FACEBOOK SIMPLY WANTS TO CONCEAL FROM THE PUBLIC THE FACT THAT FACEBOOK IS NOTHING MORE THAN A "REJECTED SUITOR" AND THAT ITS LAWSUIT IS GROUNDLESS.

Facebook's motion to seal, and indeed this whole case, is really about Facebook's long-standing, unsuccessful efforts to buy defendant studiVZ and to conceal those efforts. Frustrated by its inability to buy studiVZ, Facebook has filed the instant meritless, retaliatory lawsuit in an attempt to either (1) scare studiVZ's owners into selling studiVZ to Facebook (thereby giving Facebook a dominant presence in the German social network market, something that Facebook has utterly failed to do through Facebook's own efforts for reasons having nothing to do with any alleged misconduct by studiVZ); (2) to scare away other companies that might want to invest in studiVZ or acquire an interest in it; or, (3) failing that, to try to convince a United States court to try to shut down studiVZ, a U.K.-incorporated company operating in Germany.

Facebook is nothing more than a "rejected suitor" that is mad because it did not get its way. An interview given by Facebook's own founder and CEO, Mark

---

[2] This defense will, of course, only apply if the Court finds that any of the remaining defendants are subject to jurisdiction here.

37106-00002/1658709.4     2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  Zuckerberg, two years ago shows just how trumped-up and meritless this case is. In
2  that interview, Mr. Zuckerberg refused to call studiVZ Ltd.'s website a "copycat" of
3  Facebook's website, and instead stated, "I think that they're different designs and
4  slightly different products." http://en.sevenload.com/videos/9cMXu4Y-zuck (CD
5  available upon request).

7  Facebook's failed efforts to buy studiVZ are the real reasons for this motion and,
8  indeed, for this whole case. As will next be shown, that is not the good cause required
9  to seal the materials at issue here.

## III.   FACEBOOK HAS NOT SHOWN GOOD CAUSE FOR SEALING THE MATERIALS AT ISSUE.

Courts do not automatically grant motions to seal documents or declarations. Instead, they require affidavits that show that there is "good cause" for protecting those documents from disclosure to others, such as a potential "clearly defined and serious injury." Pansy v. Borough of Stroudsberg, 23 F.3d 772, 776 (3rd Cir. 1994). Accord Humboldt Baykeeper v. Union Pac. R.R., 244 F.R.D. 560, 563 (N.D. Cal. 2007).

Facebook's motion makes no such showing. Facebook's motion simply states, without more, that "[g]ood cause exists for sealing certain narrowly tailored portions of the Avalos declaration" because of "the high profile nature of this case and extensive media coverage that it has received, together with prior confidentiality agreements entered into between the parties that remain in force." (Motion at 2:6-9; see also Declaration of Julio C. Avalos Pursuant to Civil L.R. 7-11 and 79-5(B) in Support of Plaintiff's Administrative Motion to Seal Portions of: (1) Declaration of Julio C. Avalos in Support of Plaintiff's Reply Re: Plaintiff's Motion for Expedited Personal Jurisdiction Discovery and Exhibits Attached Thereto at 1:7-9, 1:15-17, paras. 2, 4). Facebook further requests that the materials be sealed because "the

37106-00002/1658709.4                                3

parties have not yet entered into a Protective Order in this matter." (Motion at 1:4).

This simply does not carry the burden of identifying a "clearly defined and serious injury." Although the parties likely will enter into some type of protective order as to certain documents and materials, there is no need to keep this particular document and declaration paragraph sealed and secret.

## IV. SEALING THIS DOCUMENT AND DECLARATION PARAGRAPH WOULD IMPOSE AN UNNECESSARY AND AWKWARD BURDEN ON THE COURT AND ON THE DEFENDANTS.

Sealing this document and declaration paragraph would unnecessarily burden the Court and the defendants. At this point, having already breached the terms of Exhibit I by voluntarily using the document for its own self-serving purposes, Facebook would now put the defendants and the Court into the awkward position of having to keep this document secret in all court proceedings and in all documents filed with the Court.

Next week, on October 14, 2008, this Court will hear oral arguments on Facebook's motion for expedited personal jurisdiction discovery. As noted above, in its reply brief in support of that motion, Facebook has mischaracterized Exhibit I by wrongly claiming that a recital contained in Exhibit I is evidence that defendants Ventures and Networks had day-to-day involvement in defendant studiVZ. (Reply at 5:25-26). However, Exhibit I merely shows that Facebook wanted to buy studiVZ, and that it discussed the matter with Ventures and Networks because Ventures and Networks own interests in studiVZ. Facebook thus mischaracterized Exhibit I for a purpose that has *nothing* to do with either enforcing the terms of Exhibit I or furthering the "Business Opportunity" that is its subject.

Given Facebook's gross mischaracterization of this document in its reply,

defendants will obviously need to address it during the October 14, 2008 oral argument. Will the Court, as a result, have to clear the courtroom when it hears arguments on Facebook's motion? As discussed above, Facebook's reply shows that Facebook plans to use this document each time there is a jurisdictional argument concerning Networks and Ventures. Will those briefs and related declarations and exhibits all have to be sealed, too? Will the Court have to clear its courtroom each time they are discussed at a hearing?

In the absence of a showing by Facebook of good cause in the form of a clearly defined and serious injury, and given that Facebook has already voluntarily used Exhibit I in violation of its terms for Facebook's own purposes, there is no need to seal this particular document and declaration excerpt.

## V. CONCLUSION

For the above reasons, Facebook's motion should be denied.

DATED: October 6, 2008

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By: /s William M. Walker
WILLIAM M. WALKER
Attorneys for Defendants studiVZ Ltd.,
Holtzbrinck Networks GmbH, and
Holtzbrinck Ventures GmbH