STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant
StudiVZ Ltd.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-CV-03468 JF |
| Plaintiff, | Assigned To: Hon. Jeremy Fogel |
| v. | **NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR *FORUM NON CONVENIENS* ON BEHALF OF STUDIVZ LTD.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, | |
| Defendant. | [Declarations of Michael Brehm, Martin Weber, Klaus Ikas and Stephen S. Smith, Supporting Exhibits, and (Proposed) Order Filed Concurrently Herewith] |
| | Date: February 13, 2009<br>Time: 9:00 a.m.<br>Dept./Place: Courtroom 3 |
| | Complaint Filed: July 18, 2008 |

*Greenberg Glusker Fields Claman & Machtinger LLP*
*1900 Avenue of the Stars, 21st Floor*
*Los Angeles, California 90067-4590*

37106-00002/1659050.5

Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens*

Dockets.Justia.com

1    TO PLAINTIFF FACEBOOK, INC. AND ITS ATTORNEYS OF

2  RECORD:

3    PLEASE TAKE NOTICE that on February 13, 2009 at 9:00 a.m. or as soon

4  thereafter as counsel may be heard in Courtroom 3 of the above entitled Court,

5  located at 280 S. First Street, San Jose CA 95113, defendant StudiVZ Ltd.

6  ("StudiVZ") will move this Court to dismiss plaintiff's Complaint pursuant to

7  Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and, in

8  the alternative, to dismiss plaintiff's complaint based on the common law doctrine

9  of *forum non conveniens.*

10    The motion will be made on the grounds that this forum cannot exercise

11  personal jurisdiction over StudiVZ, which is a U.K. limited liability company with

12  its principal place of business in Germany, and which does not have the requisite

13  minimum contacts with the State of California.  The motion will also be made on

14  the grounds that Germany is an adequate alternate forum for litigation of this

15  matter, and that private and public interests weigh in favor of dismissal.

16    StudiVZ's Motion to Dismiss is based upon this Notice, the attached

17  Memorandum of Points and Authorities, the Complaint, the separately filed

18  Declarations of Michael Brehm, Martin Weber, Klaus Ikas and Stephen S. Smith,

19  and all records and pleadings as may be presented at or before the hearing on this

20  motion.

21

22  DATED:  October 22, 2008          GREENBERG GLUSKER FIELDS
                                     CLAMAN & MACHTINGER LLP
23

24

25                                   By:____/s Stephen S. Smith_____
                                        STEPHEN S. SMITH
26                                      Attorneys for Defendant STUDIVZ LTD.

27

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................... 1

II. SUMMARY OF RELEVANT FACTS ...................................................... 2

    A. Facts Relevant to Personal Jurisdiction ........................................ 2

    B. Additional Facts Relevant to *Forum Non Conveniens* ................. 5

III. THE COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER STUDIVZ ..................................................................................... 7

    A. StudiVZ Does Not Have The Necessary "Continuous and Systematic Contacts" With California To Confer General Jurisdiction Over It ..................................................................... 7

    B. Facebook Cannot Satisfy The Three Part Test For Limited Jurisdiction Over StudiVZ ......................................................... 10

        1. StudiVZ Has Not Purposefully Availed Itself of the Privilege to do Business In California or Purposefully Directed its Activities Toward California ............................ 11

        2. Facebook's Claims Do Not Arise Out of, or Result from, Any Forum-Related Activities by StudiVZ ....................... 14

        3. Exercising Jurisdiction Over StudiVZ Would Be Unreasonable ............................................................... 16

IV. PLAINTIFF'S COMPLAINT SHOULD ALSO BE DISMISSED BASED ON *FORUM NON CONVENIENS* ....................................... 19

    A. An Adequate Alternative Forum Exists ..................................... 20

    B. Private and Public Interest Factors Favor Germany .................. 21

        1. The Private Interest Factors Favor Germany ................... 21

        2. The Public Interest Factors Favor Germany .................... 23

    C. The Balance of Conveniences Outweighs Facebook's Choice of Forum ...................................................................................... 24

V. CONCLUSION ..................................................................................... 25

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## STATE CASES

*Boaz v. Boyle & Co.,*
40 Cal.App.4th 700 (1995) ............................................................ 9

## FEDERAL CASES

*American Dredging Co. v. Miller,*
510 U.S. 443 (1994) .................................................................... 20

*Asahi Metal Industry Co., Ltd. v. Superior Court,*
480 U.S. 102 (1987) ........................................................... 16, 17, 18

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,*
223 F.3d 1082 (9th Cir. 2000) ................................................. 8, 12

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 (1985) .................................................................... 10

*Calder v. Jones,*
465 U.S. 783 (1984) .................................................................... 11

*Ceramic Corp. of Amer. v. Inka Maritime Corp.,*
1 F.3d 947 (9th Cir. 1993) .......................................................... 20

*Contact Lumber Co. v. P.T. Moges Shipping Co.,*
918 F.2d 1446 (9th Cir. 1990) ............................................... 24, 25

*Core-Vent Corp. v. Nobel Industries AB,*
11 F.3d 1482 (9th Cir. 1993) ............................................ 16, 17, 18, 19

*Coremetrics, Inc. v. AtomicPark.com, LLC,*
370 F.Supp.2d 1013 (N.D. Cal. 2005) ........................................ 8, 9

*Creative Technology, Ltd. v. Aztech Syst. PTE Ltd.,*
61 F.3d 696 (9th Cir. 1995) ............................................... 20, 21, 23

*Cybersell, Inc. v. Cybersell, Inc.,*
130 F.3d 414 (9th Cir. 1997) ...................................................... 12

*Doe v. American Nat'l Red Cross,*
112 F.3d 1048 (9th Cir. 1997) .................................................... 15

*Frank Sinatra v. National Enquirer, Inc.,*
854 F.2d 1191 (9th Cir. 1988) .................................................... 15

*GTE New Media Servs. Inc. v. Bellsouth Corp.,*
199 F.3d 1343 (D.C. Cir. 2000) .................................................. 13

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

*Gulf Oil Corp. v. Gilbert,*
330 U.S. 501 (1947) ................................................................................ 23

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,*
328 F.3d 1122 (9th Cir. 2003) ................................................................ 7

*International Shoe Co. v. Washington,*
326 U.S. 310 (1945) ................................................................................ 7

*Lockman Foundation v. Evangelical Alliance Mission,*
930 F.2d 764 (9th Cir. 1991) .............................................. 20, 21, 24, 25

*Love v. The Mail on Sunday,*
2006 U.S. Dist. LEXIS 95469, Case No. CV 05-7798 ABC (PJWx)
(C.D. Cal. July 18, 2006) .................................................................. 9, 13, 14

*McDonough v. Fallon McElligott, Inc.,*
1996 U.S. Dist. LEXIS 15139, Civil No. 95-4037
(S.D. Cal. August 5, 1996) ................................................................ 15, 16

*Pacific Atl. Trading Co. v. M/V Main Express,*
758 F.2d 1325 (9th Cir. 1985) ................................................................ 15

*Pebble Beach Co. v. Caddy,*
453 F.3d 1151 (9th Cir. 2006) ...................................................... 11, 12, 14

*Piper Aircraft v. Reyno,*
454 U.S. 235 (1981) .......................................................................... 20, 25

*Rano v. Sipa Press, Inc.,*
987 F.2d 580 (9th Cir. 1992) ................................................................ 15

*Salu, Inc. v. Original Skin Store,*
2008 U.S. Dist. LEXIS 73225, CIV. S-08-1035 FCD/KJM
(E.D. Cal. August 13, 2008) ........................................................ 9, 10, 11

*Schwarzenegger v. Fred Martin Motor Co.,*
374 F.3d 797 (9th Cir. 2004) .................................................. 7, 8, 10, 11, 14

*Terracom v. Valley Nat'l Bank,*
49 F.3d 555 (9th Cir. 1995) ................................................................ 17

*Tuazon v. R. J. Reynolds Tobacco Co.,*
433 F.3d 1163 (9th Cir. 2006) ................................................................ 8

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.,*
952 F. Supp. 1119 (W.D. Pa. 1997) ...................................................... 12

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES
## (continued)

Page

**STATUTES**

Fed. Rule of Civ. Proc. §12(b)(2) ..............................................................i

Fed. Rule of Civ. Proc. §41 ..................................................................1

**OTHER AUTHORITIES**

1 William W. Schwartz, A. Wallace Tashima & James W. Wagstaffe,
*Federal Civil Procedure Before Trial*, Venue §§ 4:835-4:845............................20

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendant StudiVZ Ltd. ("StudiVZ") hereby moves to dismiss this action for lack of personal jurisdiction and for *forum non conveniens*.  This motion is brought separately from the concurrently-filed motion to dismiss of Defendants Holtzbrinck Networks GmbH ("Networks") and Holtzbrinck Ventures GmbH ("Ventures") because the facts related to StudiVZ are distinct from those of the other two defendants.  Plaintiff Facebook, Inc. ("Facebook") has not alleged any wrongful conduct on the part of Ventures and Networks.  But it has alleged wrongful conduct by StudiVZ.  Therefore, the analysis regarding StudiVZ is different and requires separate consideration.[1]

Facebook operates the "social networking" website Facebook.com.  StudiVZ operates competing social networking sites in Germany and other countries in Europe.  Facebook filed this action on the same day that StudiVZ filed its own lawsuit against Facebook in Germany at the Landgericht (District Court) Stuttgart, seeking a declaratory judgment that StudiVZ does not infringe or violate any of Facebook's rights (Case number: 17 O 423/08). Trial in the German action is scheduled to begin on December 16, 2008.

Facebook claims that StudiVZ has unlawfully copied the "look, feel, features and services" of Facebook.com.  While StudiVZ strenuously denies these allegations, this Court does not have jurisdiction to hear this dispute.

As discussed in more detail below, StudiVZ has no offices or business locations in California, has hired no employees or independent contractors to conduct business in California, has not made any sales or solicited any sales in California, does not have a California agent for service of process and does not

---

[1] A fourth defendant, Verlagsgruppe Georg Von Holtzbrink GmbH ("VGH") previously filed a motion to dismiss, on the grounds that it had no ownership interest in StudiVZ or any connection to the state of California.  After receiving the motion, but before its opposition was due, Facebook voluntarily dismissed VGH pursuant to Federal Rule of Civil Procedure 41.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

have any California license or incorporation. The only basis for Facebook's attempt to link StudiVZ to California is via StudiVZ's operation of social networking websites targeted at Europeans, predominantly Germans, which may (like all web sites) be accessed by persons throughout the world, including California. These websites neither target California residents nor charge users any fees to use the sites. StudiVZ's operation of these websites is not sufficient to confer either general or specific jurisdiction over StudiVZ.

In addition, Facebook's Complaint against StudiVZ should be dismissed based on the doctrine of *forum non conveniens*. Germany is the proper venue for litigation of this action, and all private and public interests militate in favor of dismissal. As noted above, trial between the same parties over the same issues is scheduled to begin shortly in Germany, and all of the disputes between them are appropriately addressed in that forum.

## II.     SUMMARY OF RELEVANT FACTS

### A.     Facts Relevant to Personal Jurisdiction

StudiVZ is a U.K. limited liability company with its principal place of business in Germany. (Declaration of Michael Brehm ("Brehm Decl."), ¶ 4). StudiVZ operates three groups of "social networking" websites over the Internet, called "StudiVZ," "MeinVZ" and "SchuelerVZ." The most popular are the StudiVZ sites. These three groups of websites are sometimes collectively referred to herein as the "StudiVZ Websites." (Brehm Decl., ¶ 5).

The StudiVZ Websites allow subscribers to create unique personal profiles containing information about themselves, photographs of themselves, their families and friends, and other data. Users then typically share this data with friends and family who are also subscribers to the site, and with others on the site who have similar interests and backgrounds. (Brehm Decl. ¶ 6).

All of StudiVZ's operations are located in Germany, and its single office and headquarters are in Berlin, Germany. (Brehm Decl., ¶ 7).

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens*

The first of the StudiVZ Websites, studivz.net, was formed in Berlin, Germany in 2005 by two young German citizens. Its target group was, and remains, university students in Germany, Austria and Switzerland. StudiVZ.net engaged in direct, person-to-person marketing on German university campuses to advertise itself and seek subscribers. It has also engaged in marketing activities in Austria, Switzerland, France, Poland, Italy, Spain and Latin America. It has never at any time engaged in such marketing, or indeed any other type of marketing or advertising, in, or that is directed to, the United States or other English speaking countries in general or to California in particular. StudiVZ also has small French, Italian, Polish and Spanish social networking sites that target university students in French, Italian, Polish and Spanish-speaking countries. StudiVZ's French, Italian, Polish and Spanish social networking sites target neither the United States in general nor California in particular, and none of these sites markets or advertises in either the United States in general or California in particular. None of the StudiVZ-branded sites is available in English. (Brehm Decl., ¶ 8).

Later, StudiVZ formed, in Germany, the social networking site "SchuelerVZ." This site, at schuelervz.net, targets pupils and teenagers before they begin attending a university, and focuses solely on Germany. Schueler VZ has also never engaged in any marketing or advertising in, or that is directed to, either the United States in general or California in particular. SchuelerVZ is also not available in English. (Brehm Decl., ¶ 9).

In 2008, StudiVZ launched its third social networking site, MeinVZ, at meinvz.net. MeinVZ is a social networking site for adults, including those who have graduated from a university. MeinVZ has also never engaged in any marketing or advertising in, or that is directed to, either the United States in general or California in particular. All but one of MeinVZ's sites are in non-English languages. The one English language site was launched in February 2008 and represents less than 1% of MeinVZ's total user traffic. That site was created in

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

order to provide a platform for two users who speak _different, non-English_ languages to network with each other using a secondary language that is commonly understood between them.  Because English is the most commonly understood, non-native language in continental Europe, it serves as a "lingua franca" for people of diverse speech.  The English-language site was not created to attract native English speakers, let alone Americans or Californians.[2]  (Brehm Decl., ¶ 10).

As to all of the StudiVZ Websites, the users initiate the contact with the site and the users sign up on the sites.  As noted above, the only targeted solicitation undertaken by StudiVZ was on university campuses in Germany, Austria and Switzerland for studivz.net., and the only marketing activities occurred in Germany, Austria, Switzerland, France, Poland, Italy, Spain and Latin America. All of the StudiVZ Websites are provided free of charge to the users.  All of the sites are utilized by the subscribers, in the manner described above, solely for the subscribers to interact and network with each other.  (Brehm Decl., ¶¶ 11-12).

Of course, like most other internet sites on the "World Wide Web," the StudiVZ Websites may be accessed by California residents, just as they may be accessed by residents of Iceland, New Zealand or Japan.  But the sites are not directed at or marketed to North America, let alone California.

There are a total of 11,768,965 current users of all of the StudiVZ Websites. Only 11,013 of those users, or _less than a tenth of one percent_ (0.094%) have identified themselves as being affiliated with California or a California-located university.  Specifically, out of the 5,534,300 registered users of the StudiVZ-branded sites, only 9,144 – 0.1652% – have identified themselves as affiliated with universities located in California.  Out of the 4,443,708 registered users of the SchuelerVZ-branded sites, only 122 – 0.0027% – identify themselves as being located in California.  Out of the 1,790,957 registered users of the MeinVZ-branded

---

[2]  The English used is British English, not American English, and the consultant who was hired to translate MeinVZ's German site into English is a British citizen living in Berlin.  (Brehm Decl., ¶ 10).

sites, only 1,747 – 0.098% – identify themselves as being located in California. (Brehm Decl., ¶ 17).

StudiVZ does not direct its activities to California residents. It is not registered or qualified to do business in California. It does not have any officers, directors, employees or independent contractors based in California. It does not have a California agent for service of process. (Brehm Decl., ¶ 13).

StudiVZ has a single office in Berlin, Germany. It has no offices or facilities in California, nor does it have any telephone or facsimile listings or mailing addresses in California. (Brehm Decl., ¶ 14).

None of StudiVZ's officers, directors or employees reside or are domiciled in California. No meetings of its management board or equity holders have been held in California. (Brehm Decl., ¶ 15).

StudiVZ does not maintain any books or records in California. It has no bank accounts or other tangible personal or real property in California. It has no sales in California, has had no California income and has not paid any California income taxes. (Brehm Decl., ¶ 16).

### B. Additional Facts Relevant to *Forum Non Conveniens*

Germany is an adequate alternative forum, and there is currently pending in Germany a lawsuit filed by StudiVZ that addresses the same issues as are raised by Facebook in the instant action. In addition, the "private" and "public" factors that are analyzed for *forum non conveniens* purposes all weigh in favor of Germany as the more appropriate forum.

Facebook has known since June 2006 that German law recognizes and provides remedies for its claims. Facebook's German counsel researched the law applicable to Facebook's claims and then, on June 8, 2006, sent a demand letter in German asserting claims exclusively under German law to StudiVZ in Germany. Then, again, on January 3, 2007, Facebook's German lawyers sent another demand letter in German to StudiVZ in Germany, again raising claims exclusively under

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

German law.  (Declaration of Klaus Ikas ("Ikas Decl."), ¶¶ 3-4, Exhs. A and B.

The claims raised by Facebook's German lawyers in the June 2006 and January 2007 demand letters were raised pursuant to *German* law, but were based on the same facts that Facebook now alleges give rise to the claims raised in the instant lawsuit – that StudiVZ committed wrongs by copying the look and feel of Facebook's website. *Id.*

After Ventures and Networks became equity holders in StudiVZ in August 2006 and October 2007, Facebook sought to negotiate to purchase Ventures' and Networks' ownership interests in StudiVZ.  Those negotiations took place in the Spring of 2008.  (Declaration of Martin Weber ("Weber Decl."), ¶ 13).

Just after those negotiations broke down, on July 9, 2008, Facebook wrote a demand letter to Networks and Ventures, threatening to sue based on the exact same types of claims that Facebook had raised in *Germany* in June 2006 and January 2007.  (Weber Decl., ¶ 14; Declaration of Stephen S. Smith ("Smith Decl."), ¶ 2, Exh. D).

Because Germany is clearly the more appropriate forum for the resolutions of such disputes, on July 18, 2008, StudiVZ filed a declaratory relief action against Facebook in Germany (the "German Action").  In the German Action, StudiVZ seeks a declaratory judgment that it has not engaged in the wrongful conduct alleged by Facebook in its three prior demand letters.  (Ikas Decl., ¶ 5). On that same day, Facebook filed the present action, alleging the same claims that it asserted in June 2006, January 2007 and July 2008.

Germany is the principal location of the acts alleged by Facebook in its complaint.  The conduct allegedly engaged in by StudizVZ is alleged to have taken place in Germany and Europe.  Facebook affirmatively alleges that the harm it supposedly suffered has been suffered in Germany and other parts of Europe.  All of the people who could have possibly engaged in the conduct alleged by Facebook are located in Germany.  Those witnesses speak German as their native language.

1  Most would require translators to testify in a United States legal proceeding.

2  Nearly all of the documents related to the claims alleged by Facebook are located in

3  Germany.  The vast majority of those documents are written in the German

4  language, thus requiring huge translation costs to be used in a United States legal

5  proceeding.  (Brehm Decl. ¶ 18).

6       Facebook has appeared in the German Action.  Trial is scheduled to begin in

7  the German Action on December 16, 2008.  (Ikas Decl. ¶ 6).

8  **III.    THE COURT CANNOT EXERCISE PERSONAL JURISDICTION**

9  **OVER STUDIVZ.**

10      As plaintiff, Facebook bears the burden of proving that minimum contacts

11  exist between StudiVZ and California so as to justify an exercise of personal

12  jurisdiction over StudiVZ.  *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements*

13  *Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003).

14      An inquiry into personal jurisdiction centers on the defendant's contacts with

15  the forum state, and is dictated by due process concerns.  As the United States

16  Supreme Court has long held, the assertion of personal jurisdiction over a

17  nonresident defendant will comport with constitutional due process only if the

18  defendant has sufficient "minimum contacts" with the state such that the

19  maintenance of the suit does not offend "traditional notions of fair play and

20  substantial justice."  *International Shoe Co. v. Washington*, 326 U.S. 310, 316

21  (1945).

22  **A.    StudiVZ Does Not Have The Necessary "Continuous and**

23  **Systematic Contacts" With California To Confer General**

24  **Jurisdiction Over It.**

25      If a foreign defendant engages in "continuous and systematic general

26  business contacts" that "approximate physical presence" in the forum state, general

27  jurisdiction may be exercised.  *Schwarzenegger v. Fred Martin Motor Co.*, 374

28  F.3d 797, 801 (9th Cir. 2004).  "This is an exacting standard, as it should be,

1  because a finding of general jurisdiction permits a defendant to be haled into court

2  in the forum state to answer for any of its activities anywhere in the world." *Id.*

3  *See also Tuazon v. R. J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir.

4  2006) (the standard for establishing general jurisdiction is high, and requires that

5  the defendant's contacts with the forum state "approximate physical presence").

6      As shown in the Summary of Relevant Facts and the accompanying

7  declaration of Michael Brehm, StudiVZ is a U.K. limited liability company with its

8  principal place of business in Germany.  It does not even come close to engaging in

9  the "continuous and systematic" activities necessary to confer general jurisdiction

10  in California.

11      The Ninth Circuit has held that when determining whether a court's exercise

12  of general jurisdiction over a defendant is appropriate, "[f]actors to be taken into

13  consideration are whether the defendant makes sales, solicits or engages in business

14  in the state, serves the state's markets, designates an agent for service of process,

15  holds a license, or is incorporated there." *Bancroft & Masters, Inc. v. Augusta*

16  *Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  As discussed above, StudiVZ has

17  hired no employees or independent contractors to conduct business in California,

18  has not made any sales in California, and does not have a California agent for

19  service of process or any California license or incorporation.  (Brehm Decl. ¶¶ 13-

20  16).  Facebook seeks to link StudiVZ to California via StudiVZ's operation of

21  social networking websites that may be accessed by residents across the world,

22  including California.  However, the operation of these websites does not

23  approximate the physical presence necessary for general jurisdiction.

24      Federal courts in California have consistently held that the maintenance of

25  even a highly interactive website, by itself, is not enough to establish general

26  jurisdiction.  *Coremetrics, Inc. v. AtomicPark.com, LLC*, 370 F.Supp.2d 1013,

27  1019-1020 (N.D. Cal. 2005).  "[I]t is now common for businesses of all types to

28  have an internet website, typically with interactive capability through which

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

customers can communicate with the business and order products. If general jurisdiction were to be predicated on these types of contacts alone, most businesses would be subject to personal jurisdiction in every forum." *Id.* at 1020 (citations omitted). *See also Love v. The Mail on Sunday*, 2006 U.S. Dist. LEXIS 95469, Case No. CV 05-7798 ABC (PJWx) at *11-*12 (C. D. Cal. July 18, 2006) ("[P]ersonal jurisdiction should not be based solely on the ability of forum state residents to access an Internet site within the forum state because that does not by itself show any persistent course of conduct by the defendants.") (citations omitted).

StudiVZ.net's website, unlike the websites in *Coremetrics* and *Love*, is <u>not</u> available in English, making its connection to California (or any of the United States) even more attenuated. Only approximately 0.094% – 94 per 100,000 – of StudiVZ.net's web site members identify a connection or affiliation with a California school or location. (Brehm Decl., ¶ 17). This number would be insignificant even if all of these StudiVZ members were U.S. citizens instead of, as is likely the case, foreign exchange students who just happened to spend some limited period of time at a California school or location.

Courts have declined to exercise general jurisdiction even where the defendant's contact with the forum was much more extensive than StudiVZ's. For example, in *Boaz v. Boyle & Co.*, 40 Cal.App.4th 700, 715-17(1995), the nonresident defendant had limited contacts with the forum state that consisted of targeting mailers to physicians, advertising principally in national medical publications, and deriving 9% of its sales from the forum's physicians. Based on those contacts, the court found that the defendant's level of activity in the forum did not justify the assertion of general jurisdiction. *Id.* at 717-18. Likewise, in *Salu, Inc. v. Original Skin Store*, 2008 U.S. Dist. LEXIS 73225, Case No. CIV. S-08-1035 FCD/KJM *8 (E.D. Cal. August 13, 2008), the court refused to exercise general jurisdiction over a website that sold products through an eBay "virtual store" accessible to consumers across the country. "Plaintiff's contention that 14%

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

of a $50,000 business operation is comprised of sales to California and that business cards are sent in conjunction with delivery of product shipments falls far short of establishing the equivalence of physical presence under the 'exacting standard' required to demonstrate general jurisdiction." *Id.*

Accordingly, California may not exercise general personal jurisdiction over StudiVZ.

**B.** **Facebook Cannot Satisfy The Three Part Test For Limited Jurisdiction Over StudiVZ.**

If, as is usually the case, a foreign defendant's activities within the state are not so pervasive as to justify the exercise of general jurisdiction, the Court may exercise "limited" or "specific" personal jurisdiction, but only if *each* part of the following three prong test is satisfied:

(1) the non-resident defendant must *purposefully direct* his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he *purposefully avails* himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which *arises out of or relates to the defendant's forum-related activities*; and

(3) the exercise of jurisdiction must comport with *fair play and substantial justice*, i.e., it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

The plaintiff bears the burden of satisfying the first two prongs of the test. *Schwarzenegger*, 374 F.3d at 802. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).

Here, none of the three prongs of the limited jurisdiction test is satisfied.

1    **1.    StudiVZ Has Not Purposefully Availed Itself of the Privilege**
2    **to do Business In California or Purposefully Directed its**
3    **Activities Toward California.**

4    "Purposeful availment" and "purposeful direction" are two distinct concepts.

5    Purposeful availment is most often used in suits sounding in contract, while

6    purposeful direction is most often used in suits sounding in tort. *Schwarzenegger*,

7    374 F.3d at 802 (citations omitted).

8    "Evidence of availment is typically action taking place *in* the forum that

9    invokes the benefits and protections of the laws in the forum," whereas "[e]vidence

10   of direction generally consists of action taking place *outside* the forum that is

11   directed at the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir.

12   2006) (emphasis added).

13   As discussed above, Facebook does not allege that StudiVZ took any action

14   from inside California.  Rather, Facebook alleges that StudiVZ has taken actions

15   outside California (by operating its social networking websites or improperly

16   accessing Facebook's site), that were purposefully directed at California.

17   Therefore, the purposeful availment test is inapplicable.  *Salu*, 2008 U.S. Dist.

18   LEXIS 73225, at *11-*12.

19   StudiVZ also has not purposefully directed its activities toward California.

20   The purposeful direction test is evaluated under the three-part "effects" test based

21   on *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984).  The test "requires that

22   the defendant allegedly have: (1) committed an intentional act, (2) expressly aimed

23   at the forum state, (3) causing harm that the defendant knows is likely to be

24   suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803 (citations omitted).[3]

25   _____

26   [3] The Ninth Circuit has noted that referring to the *Calder* test as an "effects"
     test can be misleading. *Pebble Beach Co.*, 453 F.3d at 1156.  For this reason, it has
27   warned courts not to focus too narrowly on the test's third prong – the effects prong
     – holding that "something more" is needed in addition to a mere foreseeable effect.
28   In other words, the defendant's conduct must be "expressly aimed" at the forum
     state. *Id.*

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    In order to show that an alleged intentional act was "expressly aimed" at

2   California, the plaintiff must show that there was an "individualized targeting" of

3   California residents by the defendant. *Bancroft & Masters, Inc. v. Augusta*

4   *National, Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000). For example, in *Pebble Beach*

5   *Co.*, the court held that the defendant engaged in no "individualized targeting" by

6   registering the domain name "pebblebeach-uk.com" and operating a passive

7   website at that domain, even though he knew that plaintiff resided in the forum.

8   453 F.3d at 1157. The court held that the operation of a website that is not

9   expressly aimed at California does not give rise to jurisdiction. *Id.*

10    In analyzing Internet contacts that may give rise to personal jurisdiction, the

11   Ninth Circuit has adopted a "sliding scale" approach under which jurisdiction is

12   "directly proportionate to the nature and quality of commercial activity that an

13   entity conducts over the Internet." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414,

14   419 (9th Cir. 1997). A mere web presence is insufficient to establish jurisdiction.

15   Thus, "passive" websites, which the Ninth Circuit has described as those that

16   merely post information, or on which consumers cannot make purchases, do not

17   give rise to jurisdiction. *Bancroft & Masters*, 223 F.3d at 1086; *Cybersell*, 130

18   F.3d at 418.

19    On the other end of the spectrum are sites that sell products and consummate

20   other commercial transactions with residents of forum states. *Cybersell*, 130 F.3d

21   at 418. In between the opposite ends of this spectrum are "interactive" websites

22   that allow the exchange of information between users and the host computer. In the

23   case of the websites in this middle area, courts must analyze the "level of

24   interactivity and commercial nature of the exchange of information that occurs on

25   the Web site" in order to determine whether jurisdiction is appropriate. *Cybersell*,

26   130 F.3d at 418 (*quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp.

27   1119, 1124 (W.D. Pa. 1997)).

28    Facebook cannot show that StudiVZ committed any alleged intentional act

that was "expressly aimed" at California, because there was no "individualized targeting" of California residents by StudiVZ. While not solely "passive" sites that do nothing but post information, StudiVZ's social networking sites fall much closer to the passive end of the spectrum than they do to commercial websites that sell goods or services to California residents. There is no charge to use StudiVZ's websites. Moreover, to the extent the sites are "interactive," the vast majority of the interaction occurs among the sites' registered users, not between users and the site. StudiVZ simply provides the conduit for the users' interaction among themselves, and only a tiny percentage of those users are located in California.

Nor has StudiVZ made any effort to specifically target California residents, and StudiVZ has not advertised to, or otherwise initiated contact with, any California residents. To the extent that some California-located users have signed up as members for the sites, they represent an extraordinarily low percentage of the total users – only .094%.

Courts have held that specific jurisdiction was not conferred where the defendant operated an "interactive" website, when, like here, the level of interaction was noncommercial and/or not extensive. For example, in *GTE New Media Servs. Inc. v. Bellsouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000), the court dismissed the argument that defendants were somehow "transacting business' in the forum by providing a web site with interactive yellow pages that users could access in the forum. "Access to an Internet Yellow Page site is akin to searching a telephone book – the consumer pays nothing to use the search tool, and any resulting business transaction is between the consumer and a business found in the Yellow Pages, not between the consumer and the provider of the Yellow Pages." *Id.* at 1350. Likewise, in *Mail on Sunday*, 2006 U.S. Dist. LEXIS 95469 at *11-*12, the court declined to exercise specific jurisdiction over a defendant that operated an interactive travel website. Noting that "Defendant is not selling goods or conducting business via thisistravel.com," the court held that the "effects" test was

Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens*

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

not satisfied because defendant did not specifically direct its websites at California residents. "Indeed, these websites can be accessed by anyone, anywhere. Moreover, the default departure location for flights on thisistravel.com is London, which suggests that the website is in fact aimed at residents of the United Kingdom." *Id.* at *11-*12, *20.

Facebook may claim that StudiVZ's conduct was "expressly aimed" at California because California is the apparent location of the Facebook servers that StudiVZ is alleged to have accessed in excess of Facebook's authorization. *See* Complaint, ¶ 2 ("Facebook is informed and believes that Defendants were and are aware that www.facebook.com operated from California during all relevant times herein."). However, even if StudiVZ knew that Facebook was located in California at the time StudiVZ created its websites, such knowledge would not show that StudiVZ's conduct was "expressly aimed" at California. Facebook's websites, like StudiVZ's, are available everywhere. *See e.g., Pebble Beach Co.*, 453 F.3d at 1158 (fact that the defendant once lived in the forum and therefore had knowledge of the plaintiff's golf resort was not an independent act that could be interpreted as being expressly aimed at the forum); *Schwarzenegger*, 374 F.3d at 807 (fact that defendant may have known that plaintiff lived in the forum was insufficient to show express aiming at the forum).

In sum, StudiVZ has neither purposefully availed itself of the privilege of doing business in California, nor has it purposefully directed its activities toward California. Accordingly, California may not exercise limited personal jurisdiction over StudiVZ.

### 2. Facebook's Claims Do Not Arise Out of, or Result from, Any Forum-Related Activities by StudiVZ.

Even if StudiVZ could be found to have purposefully availed itself of, or purposefully directed its activities at, California, limited personal jurisdiction does not exist because Facebook does not satisfy the second prong of the limited

jurisdiction test, which requires it to show that, but for StudiVZ's California

contacts, Facebook's claims would not have arisen. *Doe v. American Nat'l Red

Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). The fact that StudiVZ's websites

display information available to computer users worldwide cannot satisfy this test,

because the infringement alleged by Facebook would have occurred even if

StudiVZ's websites were not accessible in California.

In *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1992), the Ninth

Circuit held that the foreign owner of an infringing work who profited from the

publication of the work in magazines that he knew would be published in California

was not amenable to California personal jurisdiction. As the Court held, "Rano's

argument, if accepted, would render [the defendant], and other foreign owners of art

who sell their products to publications, amenable to personal jurisdiction in every

state in which their art eventually is displayed." *Id.* In other words, the mere fact

that an allegedly infringing work may be displayed for profit in the forum state does

not mean that Facebook's claims "arise out of" or "result" from forum related

activities.[4]

Likewise, in *McDonough v. Fallon McElligott, Inc.*, 1996 U.S. Dist. LEXIS

15139, Civil No. 95-4037 (S.D. Cal. August 5, 1996), a well-known sports

photographer brought a lawsuit for copyright infringement against a defendant that

he claimed reproduced one of his photos in a print advertisement that was

distributed nationwide, including California. The court held that there was no

specific jurisdiction over the defendant: "California distribution of magazines

containing [an allegedly infringing] advertisement cannot fulfill the 'but for'

---

[4]     In another comment directly relevant to the case against StudiVZ, the *Rano* court further noted that "litigation against an alien defendant requires a higher jurisdictional barrier than litigation against a citizen from a sister state." Thus, "foreign-acts-with-forum-effects jurisdictional principle must be applied with caution, particularly in an international context." *Rano, supra,* 987 F.2d at 588 (*citing Frank Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988) and *Pacific Atl. Trading Co. v. M/V Main Express,* 758 F.2d 1325, 1330 (9th Cir. 1985)).

Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens*

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

requirement here, because the alleged infringement would have occurred even if no magazines had ever been circulated in California." *Id.* at *17. Here too, the international display of allegedly infringing works here does not fulfill the "but for" requirement, because the alleged infringement would have occurred even if StudiVZ's websites were not accessible in California.

### 3. Exercising Jurisdiction Over StudiVZ Would Be Unreasonable.

Finally, plaintiff should not be permitted to hale StudiVZ into court in California because it would be unreasonable for the Court to exercise jurisdiction under the circumstances presented. The unique burdens on foreign defendants, which arise from having to defend themselves within the forum state, are entitled to "significant weight" in assessing reasonableness. *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 114 (1987). This requirement defeats jurisdiction even if StudiVZ had participated in California-related activities, which it did not. *Id.*

The Court should consider the following seven factors in determining the reasonableness of exercising personal jurisdiction over StudiVZ:

> (i) the extent of the defendants' purposeful interjection into the forum state's affairs; (ii) the burden on the defendant of defending in the forum; (iii) the extent of conflict with the sovereignty of the defendant's state; (iv) the forum state's interest in adjudicating the dispute; (v) the most efficient judicial resolution of the controversy; (vi) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (vii) the existence of an alternative forum.

*Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). None of these factors is dispositive in itself; the Court must balance all seven. *Id.* at 1488.

An analysis of each of these factors demonstrates the unreasonableness of haling foreign entities such as StudiVZ into this forum:

(i) <u>Purposeful Interjection</u>. "[T]he smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Core-Vent*, 11 F.3d at 1488 (citation omitted). As set forth above,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   StudiVZ has not purposefully engaged in any activities in California and has

2   established no presence or contacts in the forum. Accordingly, this factor favors a

3   finding that the exercise of jurisdiction would be unreasonable.

4       (ii) <u>Burden On Defendant</u>. "The law of personal jurisdiction is asymmetrical

5   and is primarily concerned with the defendant's burden." *Terracom v. Valley Nat'l*

6   *Bank*, 49 F.3d 555, 561 (9th Cir. 1995). In cases with overseas defendants, "[t]he

7   unique burdens placed upon one who must defend oneself in a foreign legal system

8   should have significant weight in assessing the reasonableness of stretching the

9   long arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114.

10  Here, the burden on StudiVZ is considerable, given that it has no offices, personnel

11  or other ties to this forum. *See* Summary of Relevant Facts, *supra*. And, given that

12  the lawsuit concerns whether German websites violate Facebook's rights, the

13  evidence and witnesses are in Germany, not California.

14      *Core-Vent* is instructive. There, a California corporation sued four Swedish

15  doctors for defamation based on an article they wrote in an international dental

16  journal that was distributed worldwide, including in California. 11 F.3d at 1483-84.

17  The Ninth Circuit found that even if the doctors had "purposefully interjected"

18  themselves into California, their forum-related activities were minimal. Forcing

19  them to litigate in California would both impose substantial burdens on them and

20  impose on Sweden's sovereignty. That, plus the fact that Sweden was available as

21  an alternative forum, outweighed any California interest in the dispute. *Id.* at 1490.

22      Here, StudiVZ faces the same substantial burdens of litigating here that the

23  Swedish doctors faced in *Core-Vent*. Requiring StudiVZ to come here to litigate

24  would conflict with German sovereignty just as forcing the Swedish doctors to

25  litigate here would have conflicted with Swedish sovereignty. Germany is

26  available as an alternative forum, just as Sweden was available to the California

27  corporation in *Core-Vent*. Indeed, there is already a lawsuit pending between

28  Facebook and StudiVZ in Germany, in which these claims will be adjudicated.

(iii) <u>Conflict With Sovereignty</u>.  "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi*, 480 U.S. at 115.  U.S. foreign relations are "best served by a careful inquiry into the reasonableness of the assertion of jurisdiction [here], and an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State."  *Id.*  Litigation against a foreign defendant creates "a higher jurisdictional barrier than litigation against a citizen from a sister state" because of concerns regarding conflicts with sovereignties.  *Core-Vent*, 11 F.3d at 1489.  StudiVZ is a limited liability company which, while organized under U.K. law for tax purposes, has its principal place of business in Germany.  The German government clearly has an interest in assuring that disputes involving its citizens are fairly adjudicated in courts convenient to its citizens.  The matters at issue in these motions should be litigated in Germany, not here, and for this court to assume jurisdiction would impinge German sovereignty.

(iv) <u>Forum State's Interest</u>.  In contrast, California has no interest in adjudicating this dispute.  While plaintiff has its principal place of business in California, the claim itself arises from the alleged conduct that took place in Germany.  The StudiVZ, MeinVZ, and Schueler websites over which Facebook has sued are all produced and emanate from Germany.  Facebook alleges that the harm it has suffered was suffered in Germany and Europe.  (Complaint, ¶ 41).

(v) <u>Efficient Resolution of the Controversy</u>.  To evaluate this factor, the Court should primarily consider where witnesses and the evidence are likely to be located.  *Core-Vent*, 11 F.3d at 1489.  As noted above, StudiVZ has no ties to this forum.  The subject of the lawsuit (StudiVZ's websites) are produced in, and are distributed from, Germany.  All of the developers of the website are located in Germany, and they will be the witnesses in what is essentially a claim that StudiVZ copied the "look and feel" of Facebook.  All of the documents regarding the creation and development of StudiVZ are located in Germany and almost all of

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

them are in German.  Almost all of the witnesses are Germans living in Germany who speak German as a native language; few, if any, will be sufficiently comfortable with testifying in English.  Instead, most will need the assistance of interpreters.  Requiring the litigation to go forward in California would be highly inefficient.

(vi) <u>Plaintiff's Interest in Effective Relief</u>.  Plaintiff cannot demonstrate that it would be unable to obtain effective relief in another forum.  Even if, however, litigating in a different forum might present some difficulties for plaintiff, those burdens weigh at least as heavily on StudiVZ, which maintains no books, records, offices or employees in California.  Instead, as discussed above, the books and records are almost all in German, almost all of the witnesses speak German, and everything and everyone is in Germany.

(vii) <u>Existence of an Alternative Forum</u>.  Plaintiff bears the burden of proving that an alternative forum is unavailable.  *Core-Vent*, 11 F.3d at 1490.  It is not sufficient that plaintiff would prefer not to sue StudiVZ in another forum.  *Id.*  As set forth above, plaintiff cannot demonstrate that it would be precluded from pursuing its remedies elsewhere.  Indeed, there is already a lawsuit between StudiVZ and Facebook regarding these same issues pending in Germany.  As it will already be litigating this case in Germany, Facebook would not be unduly burdened by litigating there against StudiVZ, assuming it has any viable claims at all against this entity.

Thus, each of the seven factors discussed above compels the conclusion that exercising jurisdiction over StudiVZ in this forum would be unreasonable.

## IV.  PLAINTIFF'S COMPLAINT SHOULD ALSO BE DISMISSED BASED ON *FORUM NON CONVENIENS*.

For many of the same reasons articulated in Section III.B.3 above, in the event this Court finds personal jurisdiction over StudiVZ, it should still dismiss this action against based on the common law doctrine of *forum non conveniens*.  This doctrine

applies when the defendant is, like StudiVZ, a foreign entity. Under this doctrine, courts have broad discretion to decline jurisdiction in favor of a more convenient forum outside the United States. *See generally,* 1 William W. Schwartz, A. Wallace Tashima & James W. Wagstaffe, *Federal Civil Procedure Before Trial,* Venue §§ 4:835-4:845; *American Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994).

A party moving to dismiss on grounds of *forum non conveniens* must show: (1) the existence of an adequate alternative forum; and (2) that the balance of private and public interest factors weighs in favor of dismissal. *Piper Aircraft v. Reyno,* 454 U.S. 235, 238 (1981); *Creative Technology, Ltd. v. Aztech Syst. PTE Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995). Each of these elements is readily established in this case.

## A.      An Adequate Alternative Forum Exists.

The threshold inquiry is whether there is an adequate alternative forum available for adjudication. *Ceramic Corp. of Amer. v. Inka Maritime Corp.,* 1 F.3d 947, 949 (9th Cir. 1993). The requirement of an adequate alternative forum is usually satisfied if the defendant is amenable to service of process in the other jurisdiction. *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 767-68 (9th Cir. 1991). A proposed forum is deemed unavailable only if its law effectively denies the plaintiff any remedy whatsoever. The fact that substantive law in the alternate forum is less favorable is irrelevant unless the remedy provided is "so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft v. Reyno,* 454 U.S. 235, 254 (1981); *See also Lockman,* 930 F.2d at 769 (possible unavailability of statutory claims in Japanese court did not make Japan an inadequate forum because plaintiff could bring other causes of action). Less favorable procedural law also does not make a forum inadequate. *Id.* at 768 (Japan was adequate forum despite different discovery procedures).

StudiVZ is a U.K. limited liability with its principal place of business in Germany. It is undisputed that German law recognizes and provides remedies for

Plaintiff's purported claims. As discussed above, Facebook's German counsel researched the German law applicable to Facebook's claims in 2006 and 2007 and asserted claims exclusively under German law in demand letters written in German to StudiVZ in Germany on June 8, 2006 and on January 3, 2007. (Ikas Decl., ¶¶ 3-4; Exhs. A and B). In addition, as noted above, the German Action is pending and is set for trial on December 16, 2008.

**B.    Private and Public Interest Factors Favor Germany.**

      **1.    The Private Interest Factors Favor Germany.**

Most important in determining whether to grant a forum non conveniens motion are private interest factors, which fall into three categories: (1) relative ease of access to sources of proof; (2) availability of witnesses; and (3) all other practical factors favoring an expeditious and inexpensive trial. *Lockman,* 930 F.2d at 769-770; *Creative Tech.,* 61 F.3d at 703. Where, as here, the majority of witnesses and documents are located in an alternate forum, the action should be dismissed. *Creative Tech.,* 61 F.3d. at 703 (dismissal upheld in copyright action where design and manufacture of both parties' computer software took place in Singapore, so that most of the witnesses and documents were located there).

Here, there can be no dispute that Germany provides better access to sources of proof and the relevant witnesses, and is a much more expeditious and inexpensive forum for the resolution of the instant disputes.

Facebook admits in its Complaint that the allegedly wrongful conduct engaged in by StudiVZ took place in and from Germany and that the primary harm Facebook suffered was suffered in Germany. (Complaint, ¶¶ 1, 3, 12, 28, 40-41). Facebook admits and alleges that StudiVZ is located in Germany. (*Id.*, ¶ 3). Facebook admits that StudiVZ launched its website from "Berlin, Germany." (*Id.*, ¶ 28). Facebook admits that the harm suffered consists of consumer confusion and damage to Facebook's reputation in the "European Market." (*Id.*, ¶ 41). This is all the more true because, as noted above, StudiVZ does business only in Europe from

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Germany. The StudiVZ website was built entirely by German residents from computers in Germany, and is operated from Germany into Germany and, secondarily, other nations in Europe. (*See* Complaint, ¶ 1: "Capitalizing on the success of Facebook, StudiVZ has quickly expanded from its native Germany to many other nations throughout Europe.").

Because the events at issue in the Complaint took place in Germany, the vast majority of discovery in this action will come from, and take place in, Germany. As discussed above in connection with the "reasonableness" prong of personal jurisdiction, that is where almost all of the StudiVZ's documents are located. That is where all of the StudiVZ's witnesses are located. The case does *not* center on conduct allegedly engaged in by Facebook from California. Therefore, very little discovery will come from witnesses or documents located in California.

The lawyers for the parties would have to travel to Germany to take depositions, and will have to incur the expense of flying those same witnesses to California for trial. Also, most of the witnesses will require German interpreters, which will further compound the time and expense of the trial.

Moreover, virtually all of StudiVZ's documents are written in the German language. To use those documents in this California proceeding, they would need to be translated, and the translations certified as accurate. This will cause monumental expense. For example, Facebook stated in connection with its motion for expedited discovery (which it later voluntarily withdrew) that the cost to translate the Complaint into German for purposes of service of process was $20,000. (Declaration of Julio C. Avalos in Support of Motion for Expedited Personal Jurisdiction Discovery, ¶ 10) (Docket No. 12). Given the wide-ranging discovery that Facebook has already stated that it intends to seek in this action (*See* Smith Decl., ¶ 3, Exh. E), the parties could incur millions of dollars in translation costs alone if the action stays in California.

These translation issues will also cause a tremendous amount of delay. It

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

will take much longer to review the documents, much longer to conduct a deposition and much longer to try the case. The aforementioned costs and delay would be avoided completely if the case were litigated in Germany.

Finally, Facebook has a presence in Germany. It operates its business in Germany, and operates a separate German-language Facebook website. Indeed, that is why it claims to have been harmed in Germany and Europe. Facebook will be litigating in the German Action regardless of where this action proceeds, and it has German counsel. Accordingly, the inconvenience to Facebook of litigating its claims in Germany pales in comparison to the inconvenience to defendants of litigating in California.

## 2. The Public Interest Factors Favor Germany.

Public interest factors include the burden on local courts and juries, the local interest in having the matter decided locally, interest in having a case tried in a forum familiar with the applicable law; avoidance of unnecessary problems in conflicts of law; and pending litigation in an alternate forum. *Creative Tech.,* 61 F.3d at 703-04. All of these factors also weigh in favor of dismissal on *forum non conveniens* grounds.

The burden on this Court and the jury would be extreme in this case because the witnesses are located in Germany and speak German, and the documents are located in Germany and written in German. Interpretation of the testimony of every key witness and translation of every document, to make the evidence comprehensible to the jury, will greatly prolong the trial. This is especially problematic when the federal court system is already congested. The Supreme Court noted that "[a]dministrative difficulties follow for courts when litigation is piled up in congested centers…" *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947).

Because the events that gave rise to this litigation took place in Germany, not California, and Facebook alleges the harm to its reputation took place in Germany

and other parts of Europe, not California, there is likewise no local interest in having this matter resolved in California.

Moreover, there will be highly-complex disputes over choice of law given that all of the alleged acts were committed in and from Germany. The best evidence of this is Facebook's own demand letters to StudiVZ in 2006 and 2007, which asserted these very same claims *under German law*.

Given the lack of nexus between StudiVZ and California or between Facebook's claims and California; the crowded federal dockets; the problems presented by German-speaking witnesses and German documents; the complex choice of law issues; and the risk of inconsistent judgments, it would be an inefficient use of judicial resources for this case to proceed in California. Instead, it should be combined with Facebook's claims in the German Action. When there is a related action pending in an alternative forum, dismissal is favored to avoid duplicative litigation and inconsistent outcomes. *Contact Lumber Co.*, 918 F.2d 1446, 1452 (9th Cir. 1990) ("There are significant advantages in having all the parties . . . assert their claims in one forum, not only to avoid inconsistent factual findings, but also to spare the litigants the additional costs of duplicate lawsuits."). There is no need to litigate this matter separately in both forums, burdening a California court and jury with an action based on events that took place outside of the United States.

## C. The Balance of Conveniences Outweighs Facebook's Choice of Forum.

Facebook may argue that dismissal would deprive a California company of access to its home forum. While a plaintiff's choice of forum may often be respected, "[t]he deference due to plaintiff[]…is far from absolute." *Lockman,* 930 F.2d at 767. As the Supreme Court noted, "[a] citizen's forum choice should not be given dispositive weight . . . [I]f the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  court, dismissal is proper." *Piper Aircraft*, 454 U.S. at 256 n.23,  This is why "[i]n

2  practice, 'the cases demonstrate that defendants *frequently* rise to the challenge' of

3  showing an alternative forum is the more convenient one." *Lockman,* 930 F.2d at

4  767 (*quoting Contact Lumber Co. v. P.T. Moges Shipping Co.,* 918 F.2d 1446, 1449

5  (9th Cir. 1990)) (emphasis added).

6  　　As set forth above, the substantial burden on StudiVZ of litigating in

7  California far outweighs the relatively minimal inconvenience to Facebook of

8  litigating in Germany.  Indeed, any complaint of inconvenience on the part of

9  Facebook is belied by the fact that it has offices in Germany; it has counsel in

10  Germany; the harm it alleges to have suffered has been suffered in Germany; and it

11  will be litigating in Germany *regardless* of whether it is permitted to proceed with

12  this action.

13  **V.**　　**CONCLUSION**

14  　　For the foregoing reasons, StudiVZ respectfully requests that its motion to

15  dismiss be granted in its entirety.

16

17  DATED:  October 22, 2008　　　　GREENBERG GLUSKER FIELDS
　　　　　　　　　　　　　　　　　　CLAMAN & MACHTINGER LLP
18

19

20  　　　　　　　　　　　　　By:　　 /s Stephen S. Smith
　　　　　　　　　　　　　　　STEPHEN S. SMITH
21  　　　　　　　　　　　　　　　Attorneys for Defendant STUDIVZ LTD.

22

23

24

25

26

27

28