| | |
|---|---|
| GARY E. WEISS (SBN 122962) | STEPHEN S. SMITH (SBN 166539) |
| gweiss@orrick.com | ssmith@greenbergglusker.com |
| I. NEEL CHATTERJEE (SBN 173985) | WILLIAM M. WALKER (SBN 145559) |
| nchatterjee@orrick.com | wwalker@greenbergglusker.com |
| JULIO C. AVALOS (SBN 255350) | GREENBERG GLUSKER FIELDS |
| javalos@orrick.com | CLAMAN & MACHTINGER LLP |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | 1900 Avenue of the Stars, 21st Floor |
| 1000 Marsh Road | Los Angeles, California 90067-4590 |
| Menlo Park, CA 94025 | Telephone: +1-310-553-3610 |
| Telephone: +1-650-614-7400 | Fax: +1-310-553-0687 |
| Facsimile: +1-650-614-7401 | |

Attorneys For Defendants STUDIVZ, LTD., HOLTZBRINCK NETWORKS GMBH, HOLTZBRINCK VENTURES GMBH

ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
WARRINGTON S. PARKER (SBN 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25, <br><br> Defendant. | Case No. 5:08-cv-03468 JF <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

This Court has set the Initial Case Management Conference for November 7, 2008. Pursuant to an Order dated July 18, 2008, Federal Rule of Civil Procedure 26(f), and Local Rule 16-9, the parties hereby submit the following joint case management statement:

I. **JURISDICTION AND SERVICE:**

    A. **Subject Matter Jurisdiction:**

The parties agree that this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331, 1367. Plaintiff Facebook, Inc. ("Plaintiff or "Facebook") contends that venue is proper under 28 U.S.C. §§ 1391(b), 1391(c). Defendants StudiVZ, Ltd. ("StudiVZ"), Holtbrinck Networks GmBH, and Holtzbrinck Ventures GmBH (collectively "Defendants") contend that venue is improper and have filed motions to dismiss under the doctrine of *forum non conveniens*. Defendants contend that Germany is the proper venue. Defendants have waived service of the Summons. *See* Dkt. No. 8.

    B. **Personal Jurisdiction Issues:**

Plaintiff contends that this Court has personal jurisdiction over Defendants. Plaintiffs believe that Defendants have engaged in activity directed at California and have purposefully availed themselves of the jurisdiction of this State. Plaintiff also believes it can aggregate the nationwide contacts of each Defendant to establish personal jurisdiction of that Defendant. Defendants disagree and contend that the Court lacks personal jurisdiction over them. Defendants have filed motions to dismiss for lack of personal jurisdiction. Plaintiff dismissed Verlagsgruppe Georg von Holtzbrinck GmbH ("VGH") after VGH filed a motion to dismiss for lack of personal jurisdiction.

II. **FACTS**

Facebook claims that Facebook operates one of the most trafficked and successful social networking website in the world. Facebook further alleges that, originally founded by Mark Zuckerberg in 2004 while he was a student at Harvard University, Facebook has since become the social networking site of choice among virtually every demographic of internet user over the age of 13. Facebook further contends that Facebook has expended significant resources and gone to great effort to create a service that excels in creativity, functionality, originality, and that provides users

with an optimal experience.

Plaintiff contends that Defendants are running a knockoff of Facebook's website. StudiVZ.net launched a year and a half after the debut of Facebook's website. Plaintiff believes StudiVZ capitalized on the success of Facebook, by trespassing on Facebook's systems and copying its look, feel, features and services. StudiVZ has expanded from its native Germany to many other nations throughout Europe. Plaintiff contends that a great deal of StudiVZ's success is due to its copying and misuse of Facebook's intellectual property. Plaintiff further contends that StudiVZ does not and cannot provide the same level of quality of user experience. Facebook does not want its goodwill to suffer as a result of any confusion. Facebook, therefore, seeks to end StudiVZ's activity.

Defendants contend that they are not subject to personal jurisdiction in this Court. In addition, they contend that this case should be dismissed for *forum non conveniens*. Defendants further contend that they should not be forced into litigating the facts of this dispute unless and until the motions to dismiss are resolved against it. Accordingly, Defendants will not at this time address the facts of the dispute, other than to say that Defendants deny Facebook's claims.

### III. LEGAL ISSUES

1. Did Defendants violate the Computer Fraud & Abuse Act, § 18 U.S.C. § 1030?
2. Did Defendants violate California Penal Code § 502(c)?
3. Are Defendants liable for trade dress infringement for copying the look and feel of Facebook under 15 U.S.C. § 1125?
4. Did Defendants breach Facebook's Terms of Use?
5. Did Defendants breach the implied covenant of good faith and fair dealing implied in all contracts?
6. What damages, if any, are available to Plaintiff in the event a claim is successful?
7. What remedies, if any, are available to Plaintiff in the event a claim is successful?
8. Is venue proper in the Northern District of California?

      **9.**      Should this case be transferred to Germany under the doctrine of forum non-conveniens?

      **10.**    Does this Court have personal jurisdiction over Defendants?

## IV. MOTIONS

### A. Pending Motions

On October 22, 2008, Defendants filed motions to dismiss for lack of personal jurisdiction or, in the alternative, to dismiss on the grounds of *forum non conveniens*. The motions are scheduled for hearing on Friday, February 13, 2009.

### B. Anticipated Motions

Defendants intend to file a motion for protective order seeking (1) to stay all merit-based discovery until the motions to dismiss are resolved and (2) to prevent Facebook from using in the German lawsuit pending between StudiVZ and Facebook (the "German Action") discovery obtained in this action. Plaintiff has indicated an intention to file a motion to compel merit-based discovery. It is likely that the parties will have disputes concerning the scope of any personal jurisdiction discovery. Both parties reserve the right to file additional dispositive motions, such as motions for summary judgment and motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## V. AMENDED PLEADINGS

Both parties reserve the right to amend the pleadings. Plaintiff proposes March 31, 2009 as the last date for the parties to amend its pleadings. Defendants dispute Plaintiff's proposed dates as being premature given the pendency of the motions to dismiss.

## VI. EVIDENCE PRESERVATION

Both parties have taken steps to preserve all evidence relevant to the issues reasonably evident in this action, and to interdict any automatic document destruction program, such as the automatic erasures of e-mails, voice mails, and other electronically-recorded material, including preservation of all iterations of website source code, dynamic web pages, screen shots, html code, other web documents, inaccessible storage media, disaster recovery media and other storage methods not used in the ordinary course of business. Specifically, Plaintiff has sent out a

litigation hold to its employees on July 18, 2008. Plaintiff has also taken steps to preserve and back up its servers. Plaintiff has also preserved copies of pertinent source code, html code and dynamic web pages relevant to this dispute.

Defendants have also sent out a litigation hold to its employees on or about July 23, 2008. Defendants have also taken steps to preserve and back up its servers. Defendants have also preserved copies of pertinent source code, html code and dynamic web pages relevant to this dispute. In addition, both parties agree to the preservation and production of electronically stored information as outlined in the Joint Discovery Plan submitted herewith. Defendants reserve their rights to seek reasonable limits on electronic discovery.

## VII. INITIAL DISCLOSURES

This Court has set the deadline for the parties to exchange initial disclosures by October 31, 2008. Plaintiff intends to file timely initial disclosures by the deadline set by this Court. Defendants believe that the initial disclosure deadline should be extended until a reasonable period of time after the resolution of their pending motions to dismiss. Defendants intend to file a motion for protective order staying all discovery that is un-related to the material issues raised in the motions to dismiss, and believe that producing initial disclosures before the motions to dismiss are resolved would defeat the purpose of those motions.

## VIII. DISCOVERY

Plaintiff hereby files a Discovery Plan submitted herewith. Defendants believe any discovery plan is premature until the issues of personal jurisdiction and forum are resolved. Defendants have agreed to meet and confer with Plaintiff concerning appropriate discovery directed to any material issues in the motions to dismiss that are in dispute. An initial meet and confer reveals that there is likely a dispute between the parties concerning the scope of discovery relating to the issue of personal jurisdiction. This may require resolution by the Court. Plaintiff contends that merit-based discovery is warranted at this time. Defendants oppose merit-based discovery at least until the issues of personal jurisdiction and *forum non conveniens* are resolved.

In addition, Defendants believe that there are potential conflicts between U.S. discovery procedures and mandatory applicable laws of, *inter alia,* Germany and the European

Union that may impact the scope of discovery. Defendants reserve their rights with respect to those laws.

## IX. CLASS ACTIONS

This case is not a class action.

## X. RELATED CASES

StudiVZ filed the German Action against Facebook on the same day that this action was filed.

The German Action is pending in the Stuttgart Regional Court in Stuttgart, Germany and scheduled for trial in December of this year. In the German Action, StudiVZ seeks a declaratory judgment that StudiVZ does not infringe any of Facebook's rights, including, without limitation, that StudiVZ does not violate any of Facebook's intellectual property rights, that StudiVZ's websites do not constitute unfair imitation of Facebooks website, and that StudiVZ has not infringed the terms and conditions for use of Facebook's website.

Plaintiff contends that the German Action does not seek to address StudiVZ's alleged liabilities in the U.S. or any of the substantive claims asserted by Facebook in this Court. Defendants disagree and contend that the German Action will resolve all disputes between the parties.

## XI. RELIEF

Plaintiff prays for injunctive relief and monetary damages to be proven at trial. The bases for Plaintiff's monetary damages include statutory damages, liquidated damages and compensatory damages under the Computer Fraud & Abuse Act, 18 U.S.C. § 1030(g), California Penal Code § 502(e)(1), breach of contract, and breach of the covenant of good faith and fair dealing. Plaintiff further requests disgorgement of any profits earned by Defendants as a result of its unlawful conduct and obtaining a head start in the social networking website market. Plaintiff also requests punitive and aggravated damages for Defendants' willful acts of trademark infringement under § 15 U.S.C. § 7706(g)(3)(C) and willful violations under the Computer Fraud & Abuse Act, 18 U.S.C. § 1030(g), and punitive or exemplary damages under California Penal Code §502(e)(4).

StudiVZ seeks declaratory relief in the German Action to declare that StudiVZ has not violated any of Facebook's rights.

## XII. SETTLEMENT AND ADR

The parties have timely filed the ADR Certification and a Stipulated Proposed Order selecting the ADR process pursuant to Civil L.R. 16-8 and ADR L.R. 3-5. The parties have stipulated to a private mediation to be tentatively taken by October 31, 2009.[1] The parties believe that this case will be appropriate for settlement discussions once fact and expert discovery has taken place.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to a magistrate judge for all purposes, including trial or entry of judgment. The parties consent to a magistrate judge for purposes limited to discovery only.

## XIV. OTHER REFERENCES

The parties do not believe this case is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties believe that they lack sufficient information at this early stage to identify issues that can be narrowed by agreement or by motion, other than the pending and anticipated motions described above, but expect that there may be occasion to do so following fact and expert discovery.

## XVI. EXPEDITED SCHEDULES

The parties believe they lack sufficient information at this early stage to identify whether this case may be resolved on an expedited basis. Plaintiff proposes that this case be set for trial by November 30, 2009.

## XVII. SCHEDULING

Plaintiff proposes the following schedule, subject to appropriate modifications or

---

[1] As noted earlier, Defendants dispute Plaintiff's proposed dates in the Joint Discovery Plan. As such, October 31, 2009 is a tentative deadline.

revisions, by stipulation or as warranted under Federal or local rules, or by court order:

| Event | Proposed Deadline |
|---|---|
| Close of Fact Discovery | May 29, 2009 |
| Last Day to Amend Pleadings | March 31, 2009 |
| Last Day to File Non-Dispositive Motions | July 31, 2009 |
| Expert Disclosures by Both Parties | August 7, 2009 |
| Disclosure of Rebuttal Experts | September 7, 2009 |
| Close of Expert Discovery | October 7, 2009 |
| Last Day to File Dispositive Motions | November 6, 2009 |
| Pretrial Disclosures by Both Parties | October 30, 2009 |
| Pretrial Conference | November 23, 2009 |
| Trial | November 30, 2009 |

Defendants believe that the schedule proposed by Plaintiff is premature given the pendency of case dispositive motions on the grounds of lack of personal jurisdiction and *forum non conveniens*. Even if the Court were to find that all of the Defendants are subject to the Court's jurisdiction, and that the Court should not dismiss the action based upon *forum non conveniens* given the pending and first-served German Action, there are other, Rule 12(b)(6) motions that Defendants would bring to narrow the scope of the causes of action at issue in this litigation.

Accordingly, Defendants believe that the dates should be set only after the Court decides Defendants' case dispositive motions, which will either eliminate or narrow the parties and causes of action at issue.

**XVIII. TRIAL**

Plaintiff requests a jury trial. Plaintiff believes that the anticipated length of trial will be 7-10 days. Defendants believe that, given the complexity of the case, the need to translate live testimony and having to use multiple versions of the same exhibits based upon the need for translations, the trial would take at least 21 days.

///

///

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES AND PERSONS

Pursuant to Civil L.R. 3-16, the parties certify that as of this date, other than the named parties, there are no further interested entities or persons in this action that would affect the outcome of this litigation.

## XX. OTHER MATTERS

The parties believe that they lack sufficient information at this early stage to identify other matters that may facilitate the just, speedy and inexpensive disposition of this matter, other than the pending and anticipated motions described above, but expect that there may be occasion to do so following fact and expert discovery.

Dated: October 31, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Warrington S. Parker III /s/
Warrington S. Parker III
Attorneys for Plaintiff
FACEBOOK, INC.

Dated: October 31, 2008

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER, LLP

/s/ Stephen S. Smith /s/
Stephen S. Smith
Attorneys for Defendants
STUDIVZ, LTD., HOLTZBRINCK NETWORKS GMBH AND HOLTZBRINCK VENTURES GMBH

I, Warrington S. Parker III, am the ECF User whose identification and password are being used to file this **JOINT CASE MANAGEMENT STATEMENT**. Pursuant to General Order 45.X.B., I hereby attest that Stephen S. Smith, counsel for **Defendants**, has concurred in this filing.

# **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 31, 2008.

Dated: October 31, 2008 .   Respectfully submitted,

                /s/ Warrington S. Parker III/s/
                WARRINGTON S. PARKER III