| | |
|---|---|
| GARY E. WEISS (SBN 122962)<br>gweiss@orrick.com<br>I. NEEL CHATTERJEE (SBN 173985)<br>nchatterjee@orrick.com<br>JULIO C. AVALOS (SBN 255350)<br>javalos@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>Telephone: +1-650-614-7400<br>Facsimile: +1-650-614-7401 | STEPHEN S. SMITH (SBN 166539)<br>ssmith@greenbergglusker.com<br>WILLIAM M. WALKER (SBN 145559)<br>wwalker@greenbergglusker.com<br>GREENBERG GLUSKER FIELDS<br>CLAMAN & MACHTINGER LLP<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, California 90067-4590<br>Telephone: +1-310-553-3610<br>Fax: +1-310-553-0687<br><br>Attorneys for Defendants STUDIVZ, LTD.,<br>HOLTZBRINCK NETWORKS GMBH,<br>AND HOLTZBRINCK VENTURES<br>GMBH |

WARRINGTON S. PARKER (SBN 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>STUDIVZ LTD., HOTLZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25,<br><br>    Defendants. | Case No. 5:08-cv-03468 JF<br><br>**JOINT 26(F) REPORT AND DISCOVERY PLAN** |

Plaintiff, Facebook, Inc. ("Plaintiff" or "Facebook") and Defendants StudiVZ Ltd., Holtzbrinck Networks, GmBH, Holtzbrinck Ventures, GmBH (collectively "Defendants") submit this Joint 26(f) Report and Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f).

**1.** On October 9, 2008, pursuant to Local Rule 16-9, counsel for Plaintiff and counsel for Defendants, respectively, met and conferred for the purposes specified in Federal Rule of Civil Procedure 26(f) and the Local Rules.

**2.** On October 31, 2008, pursuant to Federal Rule of Civil Procedure 26(a)(1), Local Rule 16-9, and this Court's Initial Case Management Scheduling Order, Plaintiff intends to make its required initial disclosures. Defendants believe that the initial disclosure deadline should be extended until a reasonable period of time after the resolution of their pending motions to dismiss. Defendants intend to file a motion for protective order staying all discovery that is un-related to the material issues raised in the motions to dismiss, and believe that producing initial disclosures before the motions to dismiss are resolved would defeat the purpose of those motions.

**3.** Plaintiff's claims are set forth in its Complaint, including violations under the Computer Fraud & Abuse Act, 18 U.S.C. § 1030(g), the California Penal Code § 502(c), trade dress infringement, 15 U.S.C. § 1125, breach of contract and breach of the covenant of good faith and fair dealing.

**4.** Defendants contend that they are not subject to personal jurisdiction in this Court. In addition, this case should be dismissed for *forum non conveniens*. Defendants should not be forced into litigating the facts of this dispute unless and until the motions to dismiss are resolved against it. Accordingly, Defendants will not at this time address the facts of the dispute, other than to say that Defendants deny Facebook's claims.

**5.** Plaintiff believes that discovery will be needed with respect to the claims in the complaint, and any counterclaims, and the defenses eventually asserted. Based on the present state of the pleadings, Plaintiff believes that discovery will be needed in the following areas: (a) access to and use of Facebook's computers and servers by Defendants; (b) the taking, copying and use of Facebook information and data; (c) the design and implementation of the websites referenced in the Complaint and their user interface; (d) the structure, function and

operation of Defendants' websites mentioned in the complaint and their interface, (e) Defendants' conduct violating Facebook's terms and services; (f) use and dissemination of information about Defendants' websites referenced in the Complaint to Facebook users; (g) consumer (user) confusion; (h) profits earned; (i) corporate structure and organization; (j) Defendants' marketing efforts abroad; (k) investment in StudiVZ; (l) Defendants' contacts in California.

**6.** Defendants believe that it is premature to discuss what discovery will be needed with respect to the claims in the complaint and counterclaims, and any defenses eventually asserted, given the pendency of Defendants' motions to dismiss for lack of personal jurisdiction or, in the alternative, on the grounds of *forum non conveniens*, which, if granted, would make any such discovery unnecessary and moot. Also, on the same day that this action was filed, StudiVZ filed suit against Facebook in Germany (the "German Action"). The German Action is pending in the Stuttgart Regional Court in Stuttgart, Germany and is scheduled for trial on December 16, 2008. Defendants contend that the German Action addresses the same issues and all of the same alleged conduct as this action. Plaintiff does not agree.

**7.** The parties have timely filed the ADR Certification and a Stipulated Proposed Order selecting the ADR process pursuant to Civil L.R. 16-8 and ADR L.R. 3-5. The parties have stipulated to a private mediation to be tentatively taken by October 31, 2009.[1] The parties believe that this case will be appropriate for further settlement discussions once fact and expert discovery has taken place.

**8.** The parties agree that, if merit-based discovery ever becomes appropriate, such discovery should be conducted in two phases: (1) Phase 1: non-expert discovery; (2) Phase 2: expert discovery. Plaintiff believes that the parties should continue with all discovery as provided under the Federal Rules of Civil Procedure, by Order of this Court, or by stipulation. Defendants believe that merit-based discovery is premature given the pendency of Defendants' motions to dismiss for lack of personal jurisdiction or, in the alternative, on the grounds of *forum non conveniens*. Accordingly, Defendants wish to limit discovery to only material issues in

---

[1] Defendants dispute Plaintiff's proposed dates in the Joint Discovery Plan. As such, October 31, 2009 is a tentative deadline proposed by Plaintiff.

dispute pertaining to the motions to dismiss.

   **9.**  If discovery is appropriate, the parties intend to engage in written discovery and depositions. As tentative deadlines, Plaintiff proposes that Phase 1 non-expert discovery be completed by May 29, 2009 and that Phase 2 expert discovery be completed by August 7, 2009. Defendants believe that these dates proposed by Plaintiff are premature given the pendency of case dispositive motions on the grounds of lack of personal jurisdiction and *forum non conveniens* and possible Rule 12(b)(6) motions that Defendants might bring to narrow the scope of the causes of action at issue in this litigation assuming that the case even progresses to that stage.

   **10.**  The parties are currently meeting and conferring about an appropriate protective order to govern disclosure or use of any confidential information disclosed through this case.

   **11.**  Pursuant to the Federal Rules of Civil Procedure, Plaintiff proposes the following discovery plan, subject to appropriate modifications, as warranted under Federal or local rules, or by court order:

| Event | Proposed Deadline |
|---|---|
| Close of Fact Discovery | May 29, 2009 |
| Last Day to Amend Pleadings | March 31, 2009 |
| Last Day to File Non-Dispositive Motions | July 31, 2009 |
| Expert Disclosures by Both Parties | August 7, 2009 |
| Disclosure of Rebuttal Experts | September 7, 2009 |
| Close of Expert Discovery | October 7, 2009 |
| Last Day to File Dispositive Motions | November 6, 2009 |
| Pretrial Disclosures by Both Parties | October 30, 2009 |
| Pretrial Conference | November 23, 2009 |
| Trial | November 30, 2009 |

   Defendants believe that the schedule proposed by Plaintiff is premature given the pendency of case dispositive motions on the grounds of lack of personal jurisdiction and *forum non conveniens*. Even if the Court were to find that all of the Defendants are subject to the Court's jurisdiction, and that the Court should not dismiss the action based upon *forum non*

*conveniens* given the pending and first-served German Action, there are other, Rule 12(b)(6) motions that Defendants would bring to narrow the scope of the causes of action at issue in this litigation.

Accordingly, Defendants believe that the dates should be set only after the Court decides Defendants' case dispositive motions, which will either eliminate or narrow the parties and causes of action at issue.

If and when discovery either is or becomes appropriate, the parties agree that fact discovery will be taken and produced on a rolling basis. In addition, the parties propose the following tentative guidelines for fact discovery:

    **a.** Plaintiff proposes 10 depositions for each named Defendant, with additional depositions allowed only by agreement of the parties or by leave of court upon good cause. Additionally, Plaintiff proposes that each 30(b)(6) deposition be treated as one, irrespective of the number of designated topics. Defendants propose that the number of topics for the 30(b)(6) depositions be limited to five topics. Additionally, Defendants propose 10 depositions, with additional depositions allowed only by agreement of the parties or by leave of court upon good cause.

    **b.** Plaintiff proposes 35 interrogatories for each named Defendant, with additional requests allowed only by agreement of the parties or by leave of court upon good cause. Defendants propose 35 interrogatories, with additional requests allowed only by agreement of the parties or by leave of court upon good cause.

    **c.** 'The parties agree that the Federal Rules of Civil Procedure shall govern the number of requests for production of documents and requests for admissions and no other limitations or objections should be imposed other than those imposed by the Federal Rules of Civil Procedure, subject to the following: Defendants state that local rules and mandatory applicable laws of, *inter alia*, Germany and the European Union also apply. Plaintiff cannot agree with this statement unless or until defendants identify the specific rules referenced and the discovery to which those rules apply.

**d.** The parties agree that all documents produced in this case pursuant to the parties' Stipulated Protective Order are self-authenticated, subject to the following sentence. If a dispute arises as to the authentication of specific documents, the parties agree to meet and confer regarding the authentication of specific documents and if necessary, brief this issue for the court.

**e.** Facebook proposes that depositions occur within the seven hours specified by Federal Rule of Civil Procedure 30(d)(1) except in those instances in which a translator is used by a witness in which case the duration of a deposition would be 14 hours. Defendants disagree that any such blanket rules are appropriate, but rather believe that additional time, if any, should be given as needed on a witness-by-witness basis. Counsel for the parties are discussing this issue and are hopeful that they can reach an agreement.

**f.** The parties agree that they need not include on any privilege logs privileged documents created after the initiation of the presently pending lawsuits between the parties.

**12.** The parties believe that expert depositions should be excluded from the limits imposed by Federal Rule of Civil Procedure 30. Other than this change, the parties do not currently contemplate a need to modify any other applicable discovery limitations or to impose other limitations on discovery, but reserves its right to seek discovery beyond the limits imposed by the Federal Rules should the necessity for such discovery arise.

**13.** Although Defendant has taken the position that discovery is not yet appropriate, Defendants' position is that the discovery plan should be subject to mandatory applicable laws of, *inter alia*, Germany and the European Union, and subject to modifications as stipulated by any Protective Order entered into by the parties. Plaintiff does not agree to this stated limitation:

**a.** **Source**: Defendants agree that, subject to mandatory applicable laws of, *inter alia*, Germany and the European Union, the parties shall produce relevant, non-privileged ESI responsive to discovery requests located after a reasonable search. ESI as contemplated by Rule 34 of the Federal Rules of Civil Procedure refers to all computer or

electronically stored or generated data and information and shall include relevant attachments to and relevant enclosures with any requested item, to which they are attached or with which they are enclosed. ESI includes information stored in any format on reasonably accessible storage media identified by custodians as likely to contain relevant information. Plaintiff does not agree to discovery restrictions based on "mandatory applicable laws of, *inter alia*, Germany and the European Union."

        **b.** **Scope**: Defendants agree that, subject to mandatory applicable laws of, *inter alia*, Germany and the European Union, the scope of discoverable ESI shall include active data and information purposely identified after a reasonable search using the search methodology outlined in section (d) below, on reasonably accessible electronic media. ESI includes for example, but is not limited to: website content, dynamic web pages, screen shots, html code and other web documents, source code, object code, correspondence, telegrams, memoranda, communications, minutes or records of meetings and conferences, summaries, records of conversations, notes, logs, translations, drawings, graphs, charts, photographs, sound recordings, images, data compilations, computer records or printouts, specifications, reports, summaries, agreements, forecasts, plan drawings, mask works, engineering drawings, expressions or statements of policy, consultations, brochures, pamphlets, advertisements, publications, circulars, trade letters, and press releases. Inaccessible storage media, such as disaster recovery media or other storage methods not used in the ordinary course of business, shall be preserved. However, ESI stored on inaccessible storage media will only be restored or accessed for the purposes of this litigation by agreement of the parties or as directed by the Federal Rules and/or Order of the Court. Plaintiff does not agree to discovery restrictions based on "mandatory applicable laws of, *inter alia*, Germany and the European Union."

        **c.** **Preservation of Electronically Stored Information**: The parties have taken steps to preserve all evidence relevant to the issues reasonably evident in this action, and to interdict any document destruction program and any on going erasures of e-mails, voice mails, and other electronically-recorded material, including preservation of all iterations of website source code, dynamic web pages, screen shots, html code, other web documents,

OHS West:260542617.1     - 6 -     JOINT 26(F) REPORT & DISCOVERY PLAN
CASE NO.: 5:08-CV-03468

inaccessible storage media, disaster recovery media and other storage methods not used in the ordinary course of business.

        **d.** **Search Methodology**: The parties agree that they will conduct their searches in a reasonable fashion sufficient to meet their discovery obligations under the Federal Rules of Civil Procedure and the local rules. The parties additionally will meet and confer about the scope and proposed search terms with respect to the protocol of searching through ESI. Electronic search tools and methods may be used to identify relevant electronic documents. The parties agree to include responsive, non-privileged documents generated by the search as part of their production of documents in response to the parties' discovery requests. Nothing herein shall be construed to preclude or waive any objection(s) by any party in response to any discovery request.

        **e.** **Privilege**: The parties will endeavor to enter into a Protective Order to protect the confidentiality of certain documents that may be produced in this litigation. Privileged information that is inadvertently produced shall not be deemed a waiver of the attorney-client privilege, attorney work product protection, or any other recognized privilege or protection with respect to that information, and documents containing such information shall be returned immediately to the producing party in accordance with the Protective Order in this case.

        **f.** **Production Format**: The parties agree to produce paper documents in single page TIFF format with optical character recognition ("OCR") capabilities. All text searchable ESI that is produced must be produced as text searchable images, which is in a reasonably useable form. Non-text searchable ESI, such as screen shots may be produced as non-text searchable images. The parties further agree that the underlying ESI that was the source for the production image files must be retained throughout the course of this litigation, in the format in which it is maintained in the ordinary course of business. When the conversion of ESI to a production format renders the image no longer reasonably useable, the parties agree that the ESI will be produced in an alternate format that is reasonably useable (e.g., a large Excel spreadsheet may be produced as an Excel spreadsheet file, with locked cells and without metadata). The parties agree to use reasonable efforts to provide a corresponding load file to accompany the

images to facilitate the use of the produced images by a document management or litigation support system. The parties also agree that if a document is more than one page, to the extent possible, the load file shall contain unitization of the document and any attachments (including email attachments) or affixed notes shall be maintained as they existed in the original file or computer of the producing party. ESI that is produced shall include bates numbers whenever possible. Standardized metadata fields with respect to e-mail correspondence shall be produced, including the following information: author, subject/title, file extension, file size, to, from, cc, bbc, date sent, date received, date last modified, attachments, Message ID, MD5, and page count. Metadata associated with retained ESI must be maintained by the producing party throughout the litigation. While the parties will not produce metadata as to other documents, with the exception of those documents produced in its native format or e-mail correspondence, metadata should be retained upon a showing of need and relevance of such data with regard to specific documents. Plaintiffs intend to seek an order requiring defendants to produce source code, dynamic web pages, and web content in native format.

    **g.** **Production Media**: All discoverable ESI produced subject to these specifications shall initially be produced in electronic format in the manner and to the extent provided above, on a hard drive, CD, DVD, or other mutually agreeable format on the most reasonable capacity media for each production set in capacity to ensure efficient handling by all parties.

    **h.** **Revision of Document Production Protocol**: The parties understand that discovery in this matter is ongoing and that as documents are collected and produced in this matter circumstances may arise requiring the parties to revisit and modify this protocol, including, *inter alia*, if these protocols prove to be unduly expensive or burdensome.

    **i.** **Cost-Shifting**: If requested preservation or production of ESI is unduly burdensome, or if the parties' engage in discovery abuse, the parties agree to meet and confer regarding cost shifting, and if necessary, brief this issue for the court.

   **14.** The parties are negotiating a proposed Stipulated Protective Order for the Court to review governing the process and method of document production, including the parties'

privilege concerns of disclosure of inadvertently produced documents and an appropriate claw-back provision for such documents.

Dated: October 31, 2008  ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Warrington S. Parker III /s/
Warrington S. Parker III
Attorneys for Plaintiff
Facebook, Inc.

Dated: October 31, 2008  GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER, LLP

/s/ Stephen S. Smith /s/
Stephen S. Smith
Attorneys for Defendants StudiVZ, Ltd.,
Holtzbrinck Networks GmbH, and Holtzbrinck Ventures GmbH

I, Warrington S. Parker III, am the ECF User whose identification and password are being used to file this **JOINT 26(F) REPORT AND DISCOVERY PLAN**. Pursuant to General Order 45.X.B., I hereby attest that Stephen S. Smith, counsel for **Defendants**, has concurred in this filing.

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 31, 2008.

Dated:  October 31, 2008.          Respectfully submitted,

                                   /s/ Warrington Parker III /s/
                                   WARRINGTON S. PARKER