1　STEPHEN S. SMITH (SBN 166539)
　　SSmith@GreenbergGlusker.com
2　WILLIAM M. WALKER (SBN 145559)
　　WWalker@GreenbergGlusker.com
3　AARON J. MOSS (SBN 190625)
　　AMoss@GreenbergGlusker.com
4　GREENBERG GLUSKER FIELDS
　　CLAMAN & MACHTINGER LLP
5　1900 Avenue of the Stars, 21st Floor
　　Los Angeles, California 90067-4590
6　Telephone: 310.553.3610
　　Fax: 310.553.0687
7
8　Attorneys for Defendants studiVZ Ltd.,
　　Holtzbrinck Networks GmbH, and
9　Holtzbrinck Ventures GmbH

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-CV-03468 JF |
| Plaintiff, | Assigned To: Hon. Jeremy Fogel |
| v. | **NOTICE OF MOTION AND MOTION OF DEFENDANTS FOR PROTECTIVE ORDER (1) STAYING DISCOVERY NOT RELATED TO DISPUTED MATERIAL ISSUES RAISED IN DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND *FORUM NON CONVENIENS* AND (2) PREVENTING DISCOVERY PRODUCED IN THIS ACTION FROM BEING USED IN FOREIGN COURTS** |
| STUDIVZ LTD., , HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, | |
| Defendants. | |
| | [Declaration of Stephen S. Smith and (Proposed) Order Filed Concurrently] |
| | Date:　　　　December 9, 2008<br>Time:　　　　10:00 a.m.<br>Dept./Place:　Courtroom 2, 5th Floor<br>　　　　　　　Hon. Howard R. Lloyd |
| | Complaint Filed: July 18, 2008 |

37106-00002/1659720.10

MOTION FOR PROTECTIVE ORDER

TO PLAINTIFF FACEBOOK, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 9, 2008 at 10:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 2 of the above entitled Court, located at 280 S. First Street, San Jose CA 95113, defendants StudiVZ Ltd., Holtzbrinck Networks GmbH, and Holtzbrinck Ventures GmbH ("Defendants") will move this Court for an order (1) staying all discovery that does not relate to disputed material issues raised in Defendants' pending motions to dismiss for lack of personal jurisdiction and *forum non conveniens* (the "Motions to Dismiss"), until the Motions to Dismiss are ruled upon by this Court, and (2) that any and all discovery produced in this case shall only be used in this case and in no other.

This Motion is made pursuant to Federal Rule of Civil Procedure 26(c)(1) on the grounds that it would be unduly burdensome, oppressive, and expensive to require Defendants to respond to, and the Court to be involved in as needed, discovery that is not related to disputed material issues in the Motions to Dismiss, including but not limited to merits discovery, while the Motions to Dismiss are pending, and that it is not proper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Complaint, the Declaration of Stephen S. Smith, and all records

///

///

///

1   and pleadings on file in this matter and as may be presented at or before the hearing

2   on this motion.

3

4   DATED:  October 31, 2008                    GREENBERG GLUSKER FIELDS
                                                 CLAMAN & MACHTINGER LLP
5

6
                                                 By:_____/s William M. Walker_____
7                                                    WILLIAM M. WALKER
                                                 Attorneys for Defendants studiVZ Ltd.,
8                                                 Holtzbrinck Networks GmbH, and
                                                 Holtzbrinck Ventures GmbH
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND BACKGROUND ................................................... 1

II.    ARGUMENT ....................................................................................... 3

    A.    The Court Has "Broad Discretion" to Stay Discovery Pending the Outcome of the Motions to Dismiss and to Prohibit Facebook from Using This Action as a Vehicle to Obtain Discovery For Use in the German Action ........................................... 4

        1.    It is a Common and Routine Practice to Stay Discovery When a Dispositive Motion is Pending ..................................... 4

        2.    It is Inappropriate to Use a U.S. District Court Action to Obtain Discovery for Use in a Foreign Action When The Discovery Requested is Located Outside the U.S ..................... 5

    B.    Facebook's Grossly Overbroad, Merit-Based Discovery Demands are Totally Inappropriate, Especially While the Motions to Dismiss are Pending ........................................................... 8

    C.    Facebook Seeks Merit-Based Discovery Now Because It Wishes to Use It in the German Action, Which is Scheduled for Trial in December ........................................................................................ 12

III.    CONCLUSION ......................................................................................... 14

# <u>TABLE OF AUTHORITIES</u>

**Page**

<u>C</u>ASES

*Application of Sarrio, S.A.,*
119 F.3d 143 (2nd Cir. 1997) .................................................................. 3, 6

*Four Pillars Enterprises Co., Ltd. v. Avery Dennison Corp.,*
308 F.3d 1075 (9th Cir. 2002) ................................................................. 3, 6

*Horsley v. Feldt,*
304 F.3d 1125 (11th Cir. 2002) ................................................................... 4

*In re Godfrey,*
526 F.Supp.2d 417 (S.D.N.Y. 2007) .................................................... 3, 6, 7

*Moore v. Webster,*
932 F.2d 1229 (8th Cir. 1991) ..................................................................... 4

*Morin v. Nationwide Fed. Credit Union,*
229 F.R.D. 362 (D.Conn. 2005) ................................................................. 11

*Orchid Biosciences, Inc. v. St. Louis Univ.,*
198 F.R.D. 670 (S.D. Cal. 2001) ......................................................... 2, 4, 5

*Rutman Wine Co. v. E. & J. Gallo Winery,*
829 F.2d 729 (9th Cir. 1987) ..................................................................... 14

*Schmitz v. Bernstein Liebhard & Lifshitz LLP,*
376 F.3d 79 (2nd Cir. 2004) .................................................................... 3, 8

*U.S. v. CBS, Inc.,*
666 F.2d 364 (9th Cir. 1980) ....................................................................... 4

*Zuckert v. Berkliff Corp.,*
178 F.R.D. 390 (E.D.N.Y.1998) ................................................................ 11

<u>S</u>TATUTES

28 U.S.C. § 1782 ........................................................................... 6, 7, 13

MOTION FOR PROTECTIVE ORDER

<u>F<small>EDERAL</small> R<small>ULES OF</small> C<small>IVIL</small> P<small>ROCEDURE</small></u>

Rule 12 ................................................................................................... 14

Rule 12(b)(6) ......................................................................................... 14

Rule 23(c) ................................................................................................. 4

Rule 26(c)(1) ............................................................................................. 3

Rule 26(f) ................................................................................................ 11

Rule 30(b)(6) ......................................................................................... 10


<u>M<small>ISCELLANEOUS</small></u>

William W. Schwartz, A. Wallace Tashima & James W. Wagstaffe, *Federal Civil Procedure Before Trial,* § 11:1101 (The Rutter Group 2008) ................... 4

MOTION FOR PROTECTIVE ORDER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND BACKGROUND

The three remaining defendants, Holtzbrinck Networks GmbH, Holtzbrinck Ventures GmbH and StudiVZ Ltd. ("Defendants"), move for a protective order staying all discovery that does not relate to disputed material issues raised in Defendants' pending motions to dismiss for lack of personal jurisdiction and *forum non conveniens* (the "Motions to Dismiss") until those motions are ruled upon by this Court.[1]  Defendants also seek a protective order preventing the use of discovery obtained in this action from being used in any action pending in a foreign court.

Defendants all have their principal places of business in Germany and do not do business in California.  All of Defendants' witnesses and documents are located in Germany.  Defendants' witnesses are Germans who speak German.  Defendants' documents are almost all written in German.  There is no general or limited personal jurisdiction over the Defendants.  This Court is not the proper forum.  For those reasons, Defendants filed the Motions to Dismiss.  Those motions are set for hearing on February 13, 2009.  That hearing date was suggested *by Facebook* because Facebook wishes to take discovery about personal jurisdiction and forum issues before having to file its oppositions to the motions.

In light of the pending Motions to Dismiss, Defendants have repeatedly asked Facebook to agree to a stay of all discovery that does *not* relate to personal jurisdiction or forum non conveniens.  Facebook has flatly refused those requests.

---

[1]    Facebook has already dismissed a fourth defendant, Verlagsgruppe Georg von Holtzbrinck GmbH, after receiving a motion to dismiss for lack of personal jurisdiction that was based on arguments similar to the Motions to Dismiss.

1    Instead, Facebook has recently served a series of wide-ranging discovery

2    demands and deposition notices on the Defendants.  This discovery seeks

3    information, documents and testimony about issues that have nothing to do with the

4    Motions to Dismiss, and everything to do with the merits of the action.  Defendants

5    have always been, and remain, fully prepared to participate in good faith discovery

6    directed toward any disputed issue that is relevant to deciding the Motions to

7    Dismiss.  However, it would be extremely and unnecessarily burdensome and costly

8    for Defendants to be required to respond to, and for the Court to oversee, manage and

9    potentially referee disputes relating to, wide-ranging discovery into issues not related to

10   the Motions to Dismiss.  If the Motions to Dismiss are granted in whole or in part, then

11   much, if not all, of that discovery would be unnecessary and wasteful.  Not surprisingly,

12   courts in similar procedural postures have consistently ruled that discovery should be

13   limited to disputed material personal jurisdiction issues.  *Orchid Biosciences, Inc. v.*

14   *St. Louis Univ.,* 198 F.R.D. 670, 672-673 (S.D. Cal. 2001)

15

16   The prejudice that Defendants will suffer by being forced to engage in this

17   potentially unnecessary discovery is particularly acute given that all of Defendants'

18   witnesses and documents are in Germany, the witnesses reside in Germany and speak

19   German, and the documents are almost all written in German.  Indeed, simply

20   translating the mountain of documents demanded by Facebook will cost ***millions*** of

21   dollars.  On the other hand, Facebook will suffer no prejudice from being required to

22   conduct discovery in stages.  There are no pending deadlines in this case.  There is no

23   trial date.

24

25   Facebook's motive has nothing to do with this case.  Facebook expressly admits

26   that it seeks to use discovery from this action in a related action that is currently

27   pending in Germany (the "German Action").   The instant action and the German

28   Action were filed on the same day.   In the German Action, StudiVZ has sued

Facebook, seeking a declaratory judgment that StudiVZ has *not* committed the very same wrongs as are alleged in the instant action. The German Action is scheduled to go to trial on December 16, 2008. That deadline, and not any deadline in the instant U.S. case, is the reason that Facebook seeks to engage in merit-based discovery in the instant action *now*. Facebook hopes to circumvent Germany's rules regarding discovery, which are much more limited than in the U.S., by using this U.S. District Court case as a vehicle to obtain documents and deposition testimony for use at trial in the German Action.

However, as discussed further below, using a U.S. District Court for the purpose of obtaining discovery located outside the U.S. for use in foreign litigation is improper and not permitted by the federal courts. *See, e.g. Application of Sarrio*, S.A., 119 F.3d 143, 147 (2nd Cir. 1997); *In re Godfrey*, 526 F.Supp.2d 417, 423 (S.D.N.Y. 2007); *Four Pillars Enterprises Co., Ltd. v. Avery Dennison Corp.,* 308 F.3d 1075,1080 (9th Cir. 2002); *Schmitz v. Bernstein Liebhard & Lifshitz LLP,* 376 F.3d 79, 84 (2nd Cir. 2004).

Accordingly, until the Court decides the Motions to Dismiss, discovery should be limited to the disputed material issues raised by the Motions to Dismiss, and Facebook should be precluded from using the discovery it obtains in this action in the German Action or in any other foreign legal proceeding.

## II. <u>ARGUMENT</u>

Under Federal Rule of Civil Procedure 26(c)(1), the Court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in responding to a discovery request. The rationale for such protective orders is to "provide a safeguard for parties and other persons in light of

the otherwise broad reach of discovery." FED. R.CIV. PROC. 23(c), Advisory Comm. Notes (1970); *U.S. v. CBS, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1980). Here, the applicable law is simple, straightforward and practical. The relevant facts are without dispute. The Court should enter both of the requested protective orders.

### A. The Court Has "Broad Discretion" to Stay Discovery Pending the Outcome of the Motions to Dismiss *and* to Prohibit Facebook from Using This Action as a Vehicle to Obtain Discovery For Use in the German Action.

#### 1. It is a Common and Routine Practice to Stay Discovery When a Dispositive Motion is Pending.

When a dispositive motion such as a jurisdictional motion is pending, the court has "broad discretion" to issue a protective order staying discovery. *Orchid Biosciences, Inc. v. St. Louis Univ.,* 198 F.R.D. 670, 673 (S.D. Cal. 2001) ("When a defendant raises jurisdictional objections, the court may stay discovery proceedings generally and limit discovery to matters relevant to the court's jurisdiction"); William W. Schwartz, A. Wallace Tashima & James W. Wagstaffe, *Federal Civil Procedure Before Trial,* § 11:1101 (The Rutter Group 2008) ("Limiting discovery to particular issues is appropriate where discovery on one issue (e.g., personal jurisdiction) may obviate the need for discovery on other issues, or if a pending motion may resolve the case"); *see also Horsley v. Feldt,* 304 F.3d 1125, 1131 n.3 (11th Cir. 2002) (discovery stay proper pending ruling on motion for judgment on the pleadings); *Moore v. Webster,* 932 F.2d 1229 (8th Cir. 1991) (discovery stay proper pending resolution of motion to dismiss on grounds of qualified immunity).

Where a motion to dismiss for lack of personal jurisdiction is pending, discovery seeking to reach the merits of the case is "unnecessary, costly and burdensome." *Orchid,* 198 F.R.D. at 672.

> "Inasmuch as a dispositive motion is pending, the Court concludes that allowing discovery which extends beyond jurisdictional issues at this juncture would place a burden upon Defendant which far exceeds any benefit Plaintiff would derive. Should Defendant prevail on its motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources. Should Defendants' motion be denied, however, Plaintiff will still have ample time and opportunity to conduct discovery on the merits."

*Id.*

2. <u>It is Inappropriate to Use a U.S. District Court Action to Obtain Discovery for Use in a Foreign Action When The Discovery Requested is Located Outside the U.S.</u>

Facebook ***admits*** that it wants to use this U.S. District Court action to obtain discovery for use in the German Action, where such discovery is not available. Facebook's counsel expressed this intent orally on October 27, 2008. The same counsel expressed this intention in writing, in a letter dated October 28, 2008. (Declaration of Stephen S. Smith ["Smith Decl."] ¶¶ 3-4).

This constitutes a wholly improper use of the U.S. District Court system. U.S. courts and legal proceedings should not be used to try to dredge up evidence for use in overseas cases when the evidence itself is located overseas. Indeed, even

where a foreign court has expressly asked a U.S. court for discovery assistance pursuant to 28 U.S.C. section 1782, and comity principles apply, or where a litigant has expressly invoked that statute, such discovery assistance should extend _only_ to evidence _located within the United States_, and not abroad.[2] *Application of Sarrio, S.A.*, 119 F.3d 143, 147 (2nd Cir. 1997); *In re Godfrey*, 526 F.Supp.2d 417, 423 (S.D.N.Y. 2007); *see also Four Pillars Enterprises Co., Ltd. v. Avery Dennison Corp.*, 308 F.3d 1075,1080 (9th Cir. 2002) ("In this case the responsive materials in issue were in China, where [Plaintiff] was pursuing civil litigation against [Defendant]. The Chinese courts are well situated to determine whether such material is subject to discovery, and in what manner").

In *Sarrio, supra,* a Spanish company brought a proceeding to require a United States bank to produce documents in a Spanish litigation relating to transactions in England and Spain. While the *Sarrio* court did not decide the issue because it was mooted, it noted the declaration of Professor Smit, who prepared the final version of section 1782. His declaration pointed out that "construing the statute to reach evidence abroad would make United States courts 'clearing houses' for discovery in litigation around the world.'" 119 F.3d at 147. Therefore, the statute should be interpreted to reach only evidence located in the United States. *Id.*

---

[2]    Section 1782(a) states, "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."

MOTION FOR PROTECTIVE ORDER

Likewise, in *Godfrey,* the Court held that a witness cannot be compelled by section 1782 to produce documents located outside of the United States. The Court explained Professor Smit's intent that by limiting U.S. discovery assistance to U.S. evidence, "'a harmonious scheme is established: Evidence in Spain is obtained through proceedings in Spain, evidence in Great Britain is obtained through proceedings in Great Britain, and evidence in the United States is obtained through proceedings in the United States.'" 526 F.Supp.2d at 423. It would interfere with international courts if litigants could use the U.S. to obtain documents located in a foreign country that could not be obtained through the foreign proceedings. *Id.*

On its terms, section 1782 does not apply here. It cannot apply, because Defendants do not reside in this district (or within the United States at all**).** 28 U.S.C. § 1782(a); *In re Godfrey,* 526 F.Supp.2d 417 (petitioner could not obtain discovery for use in a foreign proceeding because respondents did not reside and were not found in the Southern District of New York, as required).

But since Defendants are not U.S. residents and, therefore, the statute is inapplicable, there is even _less_ reason to allow Facebook to obtain evidence located in Germany through this Court, for use in the German Action or other foreign actions. Here, the German court has not asked this Court for discovery assistance, so there are no issues of comity at play. Facebook does not seek evidence located in the United States. Rather, it seeks to do exactly what the federal courts deem improper -- to use the U.S. District Court as a clearing house to obtain evidence located in Germany for use in Germany.

The burden that would fall upon this Court, if Facebook were allowed to do so, is enormous. As elaborated below, Facebook has requested, among countless other things, literally *every document* related to each Defendants' entire business operations.

If the Court were to allow this discovery to stand, there will unquestionably be multiple discovery disputes and issues of privilege, and this Court will be required to expend its valuable time and resources parsing through a potentially staggering quantity of documents. Moreover, every document to be reviewed by this Court in connection with such issues will need to be translated. There is simply no reason that this Court should be burdened to that extent by German evidence that Facebook intends to use in Germany.

This is particularly so where the same litigants are parties to the foreign action. When "the person from whom discovery is sought is a participant in the foreign proceeding," the "foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Schmitz v. Bernstein Liebhard & Lifshitz LLP,* 376 F.3d 79, 84 (2d Cir. 2004) (denial of application of shareholders who brought suit in Germany for U.S. discovery assistance in German action).

## B. Facebook's Grossly Overbroad, Merit-Based Discovery Demands are Totally Inappropriate, Especially While the Motions to Dismiss are Pending.

Defendants are and have always been open to engaging in discovery limited to the disputed material issues in the Motions to Dismiss, and defense counsel has sought to meet and confer with Facebook's counsel about that issue. (Smith Decl. ¶ 7). However, allowing discovery into the merits of the case while the Motions to Dismiss are pending would waste vast Court and party resources because of the mountains of discovery demanded by Facebook. These party and Court resources will be especially taxed because, as noted above, all of Defendants' documents are in Germany and written in German, and the Defendants' witnesses are Germans who speak German.

Facebook has itself identified at least one enormous expense that would be saved by staying merit-based discovery. According to Facebook, the cost to translate its Complaint from English into German for purposes of service of process was *$20,000*. (Declaration of Julio C. Avalos in Support of Motion for Expedited Personal Jurisdiction Discovery, ¶ 10) (Docket No. 12). The discovery Facebook has served on Defendants would call for the production of tens of thousands (if not hundreds of thousands) of documents, virtually all of which will be in German. The translation costs alone are potentially millions of dollars. That and other expenses would be unnecessary and wasted if the Motions to Dismiss are granted.

Facebook's grossly overbroad and unnecessary discovery requests manifestly show just how big the potential savings will be if merits discovery is stayed and ultimately proves unnecessary. By way of example only, and without limitation, Facebook has demanded:

- DOCUMENTS that relate to HOLTZBRINCK NETWORKS GMBH's financial history, including without limitation, financial reports, profit/loss statements, budgets, financial planning DOCUMENTS, accounts payable, accounts receivable, AND loan DOCUMENTS, as well as Financial Reports, Capital Accounts, AND Adjusted Capital Accounts. (Smith Decl., Ex. A, page 26 of 78 (Request No. 8)).
- "ALL DOCUMENTS RELATED TO the services provided by www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl AND www.schuelervz.net to USERS OF STUDIVZ, including how they are provided." (Smith Decl., Ex. A, page 27 of 78 (Request No. 16)).
- ALL versions of COMPUTER CODE YOU wrote, programmed OR helped develop that RELATES TO www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl,

AND www.scheulervz.net.  (Smith Decl., Ex. A, page 28 of 78
(Request No. 23)).

Beyond the issue of documents, Facebook has also noticed three depositions
pursuant to Federal Rule of Civil Procedure 30(b)(6).  The topics listed in the
deposition notices include, without limitation, such things as:

- "Holtzbrinck Networks GmbH's past and present directors, officers,
  agents, principles (sic), managers, employees, and/or similar
  individuals and their respective duties, authorities, job descriptions and
  responsibilities."  (Smith Decl. Ex. A, page 68 of 78 (Topic 10)).
- "The Design, programming and maintenance of the www.stuidvz.net
  website, the www.meinvz.net website, the www.studiqg.fr website, the
  www.studiln.it website, the www.estudiln.net website, the
  www.studentix.pl website, and the www.schuelervz.net website.
  (Smith Decl. Ex. A, page 68 of 78 (Topic 12)).
- "All promotions, advertising or marketing StudiVZ has done in print
  media or over the Internet."  (Smith Decl. Ex. A, page 63 of 78 (Topic
  3)).

These requests are stunningly overbroad.  Facebook has literally requested
not only every single document relating to the entirety of Defendants' business
operations, but even information on all assets owned by Defendants' counsel in
California.  The computer code alone consists of many terabytes of material.  Rule
30(b)(6) depositions on the topics of the design, programming and maintenance of
the websites and all promotions, advertising and marketing done in connection
therewith, *for all times*, would take forever.  The sheer volume of these materials,
especially considering the amount of electronically-stored information and
computer code, is breathtaking.  Of course, these requests are just the tip of the

iceberg.  Facebook has served many broad, far-reaching discovery demands that have nothing to do with any disputed material personal jurisdiction or *forum non conveniens* issue.

These discovery requests were not, and could not possibly have been, directed at the disputed material issues of personal jurisdiction and *forum non conveniens* that were raised in the Motions to Dismiss, because Facebook propounded the requests on October 14 and 15, 2008 -- ***more than a week before the Motions to Dismiss were even filed***.  (Smith Decl. ¶ 2).  Even if Facebook were genuinely interested in obtaining information relevant to this early stage of the proceedings, it would have first reviewed the Motions to Dismiss and then appropriately tailored its requests to the issues raised therein.  Facebook did not do that and has explicitly *refused* to narrow its overbroad requests in any way.[3]

As to the depositions, there is a presumption that the German witnesses must be deposed in Germany, since the general rule is that a deposition of a corporation through its officers or agents must be taken at the corporation's principal place of business.  *Zuckert v. Berkliff Corp.*, 178 F.R.D. 390, 392 (E.D.N.Y.1998); *see Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D.Conn. 2005).  The lawyers for the parties would have to travel to Germany to take depositions, and most, if not all, of the witnesses will require German interpreters for all or some portion of their testimony.  Because the Motions to Dismiss could resolve much or all of this matter, allowing depositions that go into issues other than disputed material issues related to the Motions to Dismiss would cause enormous and

---

[3]     The intent not to limit the discovery to personal jurisdiction issues is no longer in dispute. In the Rule 26(f) conference and Joint Rule 26(f) Report, Facebook admitted that it seeks merit-based discovery.  Moreover, the previously served discovery requests on their face are directed at issues that could not possibly have anything to do with personal jurisdiction, no matter what Defendants wrote in the Motions to Dismiss.  If Facebook had been interested in seeking discovery about personal jurisdiction only, even before the Motions to Dismiss were filed, it could have made *some* effort to draft its requests to seek only such information.

MOTION FOR PROTECTIVE ORDER

unnecessary expense and burden to the parties, their counsel and the Court in the event of disputes. This case is thus perfectly suited for the protective order requested by the Defendants.

### C. Facebook Seeks Merit-Based Discovery *Now* Because It Wishes to Use It in the German Action, Which is Scheduled for Trial in December.

The question is begged -- why is Facebook in such a hurry? This case is not at issue. There are no pending deadlines. There is no trial date. When Defendants met and conferred about the hearing date of the Motions to Dismiss, Facebook's counsel affirmatively requested that the hearing date be in February 2009 (ironically, so that Facebook would have time to conduct discovery into the issues in dispute in the Motions to Dismiss for use, potentially, in its oppositions thereto). Further, in the Discovery Schedule proposed by Facebook, Facebook does not suggest a trial date until November 30, 2009. It would seem therefore that there is no pressing need to start merit-based discovery before the Motions to Dismiss are resolved.

But there is an upcoming deadline in the German Action. Trial in that case is scheduled for December 16, 2008. Further, the rules regarding discovery in German courts are much more limited than in U.S. courts.

On October 14, 2008, the same day that Facebook served the currently-pending set of overbroad discovery requests discussed above, Facebook also sent Defendants a proposed "Stipulated Protective Order." (Smith Decl. ¶ 5; Ex. C). In that document, Facebook defined "This Litigation" as the instant case only. But it then wrote as follows: "The Parties wish to ensure that such Confidential Information shall not be used for any purpose other than litigation between the parties . . . ." In other words,

MOTION FOR PROTECTIVE ORDER

1    Facebook stated an intent to use discovery material obtained in "This Litigation" in any

2    "litigation between the parties." (Smith Decl., Ex. C, page 1). Then, on October 27,

3    2008, counsel for Facebook affirmatively stated that Facebook intended to use

4    discovery obtained in the instant action in the German Action. This was the same

5    discussion in which Facebook's counsel also refused to narrow the scope of the

6    currently-pending discovery requests to the jurisdiction and forum issues in the Motions

7    to Dismiss. (Smith Decl. ¶ 3). Finally, on October 28, 2008, Facebook's counsel wrote

8    a letter in which was written: "Facebook will seek to have the right to use the

9    discovery in _any_ litigation, here or around the world, subject to the protective order

10   proposed by Facebook." (Smith Decl., ¶ 4; Ex. B) (emphasis added).

11

12        As noted above, this is a patent abuse of the U.S. court system. The U.S. court

13   system should not be used to circumvent the discovery rules applicable to a case

14   pending in a foreign jurisdiction when the material at issue is in the foreign jurisdiction

15   and _not_ within the U.S. Indeed, if this were permitted, it would simply encourage

16   parties who are litigants in foreign courts to open U.S. District Court proceedings solely

17   for the purpose of conducting discovery under U.S. procedural rules rather than under

18   the rules of the foreign court, even where (as here) the party from whom such discovery

19   is sought is not even subject to personal jurisdiction in the U.S. court.

20

21        In sum, the facts presented here are much worse than the facts at issue in the

22   section 1782 cases discussed above. Unlike the section 1782 situation, the party from

23   whom the discovery is being sought is _not_ a resident of the United States. Rather, the

24   discovery material _and_ the party from whom it is being sought are _both_ located in

25   Germany. The right to discover material for use in the German Action should be

26   controlled by the court in Germany.

27

28

Without the requested protective order, Defendants will suffer severe prejudice. If Facebook is allowed to take discovery on the merits now, and if this case is later dismissed, then the discovery will have been unnecessary and extremely costly and will have served an improper purpose. Facebook will have been able to use a case *that it never should have filed in the first place* to obtain discovery on the merits for use in the German Action where such discovery is not allowed.

On the other hand, Facebook will suffer no prejudice by waiting for a ruling on the Motions to Dismiss before beginning merit-based discovery. Again, the whole purpose of Federal Rule of Civil Procedure 12 motions is to avoid the need for discovery if it is not necessary. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."). If the Motions to Dismiss are denied, then Facebook can take merit-based discovery. And, in any event, Facebook may always seek in the German Action whatever discovery is permitted under the German court's rules.

## III.  <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this motion be granted. Facebook should be precluded from propounding any discovery not related to disputed material issues presented by Defendants' Motions to Dismiss until the Court

///

///

///

has ruled on the Motions to Dismiss, and Facebook should be precluded from using any discovery it obtains in this action in any other legal proceeding.


DATED:  October 31, 2008                    GREENBERG GLUSKER FIELDS
                                            CLAMAN & MACHTINGER LLP


                                            By:_____/s William M. Walker_____
                                                 WILLIAM M. WALKER
                                            Attorneys for Defendants studiVZ Ltd.,
                                            Holtzbrinck Networks GmbH, and
                                            Holtzbrinck Ventures GmbH

MOTION FOR PROTECTIVE ORDER