STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants studiVZ Ltd.,
Holtzbrinck Networks GmbH, and
Holtzbrinck Ventures GmbH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>STUDIVZ LTD., , HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25,<br><br>Defendants. | Case No. 5:08-CV-03468 JF<br><br>Assigned To: Hon. Jeremy Fogel<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>[Supplemental Declaration of Stephen S. Smith (with Exhibits D-N); Declaration of Dr. Anton G. Maurer (with Exhibit O); and Evidentiary Objections Filed Concurrently]<br><br>Date: December 16, 2008<br>Time: 10:00 a.m.<br>Dept./Place: Courtroom 2, 5th Floor<br>Hon. Howard R. Lloyd<br><br>Complaint Filed: July 18, 2008 |

37106-00002/1665523.4

# TABLE OF CONTENTS
Page

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .........................................................................................................1

    A. Facebook Mischaracterizes the Relief Defendants Seek ......................1

    B. Discovery That is Unrelated to Pertinent, Disputed Facts Bearing on the Question of Personal Jurisdiction Should be Stayed ..................................................................................................2

    C. Defense Counsel Met and Conferred At Length About this Motion ...................................................................................................4

        1. Facebook Again Mischaracterizes the Instant Motion ...............5

        2. Defense Counsel Met and Conferred Numerous Times From September 18 to October 31, 2008. ..................................5

    D. Facebook Must Show that The Discovery It Seeks Relates to Pertinent Jurisdictional Issues that Are in Dispute ..............................7

    E. Facebook Should Not Be Permitted to Use This Action to Take Discovery for Use in the German Action ............................................8

        1. The District Court Form Protective Order Contains the Same Limitation ........................................................................8

        2. Under the Facts Presented Here, the Law Requires Such a Limitation ..................................................................................9

    F. Facebook's Intent to Take Discovery Related Solely to the Merits for Use in the German Action While the Motions to Dismiss Are Pending Is Bad Faith ...............................................................................12

    G. Defendants Did Not Engage in Subterfuge by Initiating the German Action ...................................................................................14

    H. Facebook's CEO Has Admitted that StudiVZ is Not a "Facebook Counterfeit." ..........................................................................................15

III. CONCLUSION ..................................................................................................15

# TABLE OF AUTHORITIES

Page

**CASES**

*America West Airlines, Inc. v. GPA Group, Ltd.*,
877 F.2d 793 (9th Cir. 1989) ................................................................................. 3

*Application of Sarrio, S.A.*,
119 F.3d 143 (2d Cir. 1997) .................................................................................. 11

*Bankers Life Ins. Co. v. Wedco, Inc.*,
102 F.R.D. 41 (D. Nev. 1984) ............................................................................... 10

*eMag Solutions, LLC v. Toda Kogyo Corp.*,
2006 U.S. Dist. LEXIS 94462, Case No. C02-1611 PJH (N.D. Cal.
Dec. 21 2006) .................................................................................................. 3, 4

*Four Pillars Enterprises Co., Ltd. v. Avery Dennison Corp.*,
308 F.3d 1075 (9th Cir. 2002) ............................................................................... 11

*Huang v. Ferrero U.S.A., Inc.*,
1999 U.S. Dist. LEXIS 5712, Case No. C98-0795 FMS (N.D. Cal.
Apr. 15, 1999) ...................................................................................................... 7

*In re Godfrey*,
526 F.Supp.2d 417 (S.D.N.Y. 2007) .................................................................... 11

*In re Townshend Patent Litigation*,
2007 U.S. Dist. LEXIS 76509, Case No. C02-4833 JF (PVT) (N.D. Cal.
Sept. 27, 2007) .................................................................................................... 10

*Johnson Foils, Inc. v. Huyck Corp.*,
61 F.R.D. 405 (S.D.N.Y. 1973) ...................................................................... 10, 12

*Kamp Implement Co. v. J.I. Case Co.*,
630 F.Supp. 218 (D. Mt. 1986) ............................................................................. 10

*Kraszewski v. State Farm Gen. Ins. Co.*,
139 F.R.D. 156 (N.D. Cal. 1991) .......................................................................... 10

# TABLE OF AUTHORITIES
(continued)

**Page**

*Levy v. Norwich Union Ins. Soc'y*,
 1998 U.S. Dist. LEXIS 13524, Case No. C97-2533 MJJ (N.D. Cal.
 Aug. 5, 1998) ............................................................................................................. 7

*Lofton v. Bank of America Corp.*,
 2008 U.S. Dist. LEXIS 41005, Case No. C07-05892 SI (N.D. Cal.
 May 12, 2008) ........................................................................................................... 2

*Olympic Refining Co. v. Carter*,
 332 F.2d 260 (9th Cir. 1964) .................................................................................. 10

*Orchid Biosciences, Inc. v. St. Louis University*,
 198 F.R.D. 670 (S.D. Cal. 2001) ......................................................................... 3, 4

*Patterson v. Ford Motor Co.*,
 85 F.R.D. 152 (W.D. Tex. 1980) ............................................................................ 10

*ProTrade Sports, Inc. v. Nextrade Holdings, Inc.*,
 2006 U.S. Dist. LEXIS 6631, Case No. C05-04039 MJJ (N.D. Cal. Feb. 2,
 2006) ......................................................................................................................... 7

*Schmitz v. Bernstein Liebhard & Lifshitz LLP*,
 376 F.3d 79 (2d Cir. 2004) ..................................................................................... 11

**STATUTES**

28 U.S.C. Section 1782 ................................................................................................. 11

**OTHER AUTHORITIES**

Fed.R. Civ. Proc. 12(b) .................................................................................................... 7

Fed.R. Civ. Proc. 26(f) ......................................................................................... 2, 5, 6, 9

District Court Form Protective Order, § 7.1 .................................................................... 9

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 900674590

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Facebook's opposition is disingenuous and false in multiple respects. Facebook makes arguments that contradict arguments *Facebook* has previously made. Facebook mischaracterizes the relief Defendants seek. Facebook falsely claims that Defendants did not meet and confer. The question remains, "why"?

Defendants seeks a simple, ordinary order staying discovery that is not related to the issues presented by Defendants' Motions to Dismiss until those motions are decided. That is a common type of protective order that is designed to accomplish the logical purpose of ensuring that a defendant who should be dismissed is not subjected to unnecessary discovery. The Defendants also seek an order, similar to the ***District Court's*** form Protective Order, limiting the use of discovery obtained in this case to "this case only." There is nothing "remarkable" about such an order. It is required under the circumstances presented here.

There is only one reason why Facebook insists on (1) taking discovery that does not relate to the Motions to Dismiss ***now*** and (2) using such discovery in the German Action. Facebook is not prepared to defend the German Action under German rules. It wishes to use the rules of this Court to circumvent the rules in Germany. The Court should not permit this misuse of the discovery process and should issue a protective order to prevent it.

## II. ARGUMENT

### A. Facebook Mischaracterizes the Relief Defendants Seek.

Facebook claims that Defendants seek to prohibit discovery related to personal jurisdiction whenever such discovery might also bear on the merits. That is simply not true.

Defendants' motion and the proposed Order thereon repeatedly refer to the relief being sought as a stay of discovery that does not relate to "material disputed

issues" concerning personal jurisdiction and the issues raised in the Motions to Dismiss. Defendants chose this phrasing because they recognized that there may be *some* discovery related to personal jurisdiction that also bears on the merits.

Although Defendants also, less commonly, use the term "merits" in the motion, the context makes clear that Defendants seek to bar discovery that relates to the merits only if it does not relate to any material personal jurisdiction issue that is in dispute. For example, although the proposed Order mentions in the preamble that it would be unduly burdensome for Defendants to engage in discovery unrelated to the disputed issues of personal jurisdiction, including merits discovery, the actual order reads as follows: "Accordingly, all discovery that does not relate to disputed material issues raised in the Motions to Dismiss is hereby stayed until this Court rules on the Motions to Dismiss . . . ." ([Proposed] Order Granting Defendants Motion for Protective Order at 1:18-20) (Docket No. 51-2).

For this reason, the case of *Lofton v. Bank of America Corp.*, 2008 U.S. Dist. LEXIS 41005, Case No. C07-05892 SI (N.D. Cal. May 12, 2008) is not on point. In that case, the defendant sought to prohibit "***any*** merits discovery," including merits discovery that also related to personal jurisdiction. *Id.* at *4. The court rejected such an order. Defendants here do not seek such an order.

On the other hand, Facebook is not asking to conduct discovery into the merits only where such discovery also relates to personal jurisdiction. Facebook expressly seeks to conduct discovery related solely to the merits.[1]

**B.  Discovery That is Unrelated to Pertinent, Disputed Facts Bearing on the Question of Personal Jurisdiction Should be Stayed.**

Facebook mocks Defendants' phrase "disputed material issues." Facebook describes such a standard as "incomprehensible" and "found nowhere in the case

---

[1] Facebook does not dispute that much of the discovery it served in October has nothing to do with personal jurisdiction. Facebook also has unambiguously stated in the Joint Rule 26(f) Report its position that it may engage in any and all discovery, unlimited in any way.

law." (Opp. at 1:5-7 and 10:22-23). Yet, this is *exactly* the standard employed by the Ninth Circuit in case law that **Facebook** cited to this Court three months ago.

On September 9, 2008, Facebook filed a Motion for Expedited Discovery, seeking permission to take discovery concerning personal jurisdiction. In support of that motion, Facebook argued that such discovery should be allowed "where ***pertinent*** facts bearing on the question of jurisdiction ***are in dispute***." (Facebook's Motion for Expedited Discovery at 6:18-20) (Docket No. 11) (emphasis added). Facebook was quoting the Ninth Circuit case of *America West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). In that case, the court affirmed the District Court's decision to not permit the plaintiff's discovery because it was "largely unrelated to the facts central to the jurisdictional issues." *Id.*

The standard is "pertinent" "disputed" facts bearing on the question of jurisdiction, and discovery that is "largely unrelated to the facts central to the jurisdictional issues" should not be permitted. Other than changing "pertinent" to "material," the standard cited by Defendants in the instant motion is ***exactly*** the same as the Ninth Circuit standard quoted by Facebook in its earlier motion. What was clear to Facebook on September 9th has become "incomprehensible" today.

Then, Facebook does it again. It criticizes Defendants for citing and relying upon the case of *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 673 (S.D. Cal. 2001), which Facebook now describes as "inapposite" to the instant dispute. (Opp. at 9:21) (Docket No. 59). Yet, Facebook relied on this very case as its primary authority in support of its own motion on September 9th. (Facebook's Motion for Expedited Discovery at 6:11-17) (Docket No. 11). Relying on *America West Airlines*, the court in *Orchid* held that, during the pendency of a motion to dismiss for lack of personal jurisdiction, a plaintiff would be ***limited to*** taking discovery related to "pertinent facts bearing on the question of jurisdiction [that] are in dispute." *Orchid*, *supra*, 198 F.R.D. at 762-673 (*citing America West Airlines, supra*, 877 F.2d at 801); *see also eMag Solutions, LLC v. Toda Kogyo Corp.*, 2006

U.S. Dist. LEXIS 94462, Case No. C02-1611 PJH at *8 (N.D. Cal. Dec. 21 2006).[2] The reasoning in *Orchid* is perfectly logical.

> "Inasmuch as a dispositive motion is pending, the Court concludes that allowing discovery which extends beyond jurisdictional issues at this juncture would place a burden upon Defendant which far exceeds any benefit Plaintiff would derive. Should Defendant prevail on its motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources. Should Defendants' motion be denied, however, Plaintiff will still have ample time and opportunity to conduct discovery on the merits."

*Id.* Facebook liked the case three months ago because it permitted *some* discovery on pertinent questions of jurisdiction that are in dispute. But Facebook does not like the case today because it also limited such discovery to pertinent questions of jurisdiction that are in dispute.

In sum, the law in the Ninth Circuit -- the same law that Facebook cited three months ago -- holds that discovery during the pendency of a motion to dismiss for lack of personal jurisdiction should be limited to discovery bearing on pertinent issues related to the motion that are in dispute.

### C. Defense Counsel Met and Conferred *At Length* About this Motion.

Facebook claims that defense counsel "failed to engage in any meaningful meet and confer about their proposed limitation on discovery." (Opp. at 1:12-13) (Docket No. 59). That claim is false.

---

[2] In *eMag Solutions*, the defendant moved to dismiss for lack of personal jurisdiction. Although the court allowed the plaintiff to engage in some discovery relating to personal jurisdiction pending the defendant's motion, it expressly stated that "[j]urisdictional discovery in this case shall be *limited*." *eMag Solutions*, *supra*, 2006 U.S. Dist. LEXIS 94462 at *11 (emphasis in original). The court also noted that its ruling was "***not*** an authorization for discovery into the merits of the case." *Id.* (emphasis added).

### 1. Facebook *Again* Mischaracterizes the Instant Motion.

In order to argue that Defendants failed to meet and confer, Facebook pretends as if Defendants seek an order barring any and/or all of the discovery requests that Facebook served in October. That is not true. Defendants do not seek such relief. The proposed order does not contain such relief.[3]

This motion seeks a stay of discovery that is unrelated to pertinent, disputed questions of personal jurisdiction. Although the motion was, in part, prompted by Facebook's October discovery requests, the primary reason for the motion is that Facebook has unequivocally and repeatedly stated its intent to engage in wide-ranging discovery that is not limited to the issues raised by the Motions to Dismiss. Defendants cited portions of the October discovery only as "examples" of Facebook's intent. (Motion at 9:5-10:13) (Docket No. 51). They were not the only such examples. Defendants also noted that Facebook stated, both during the Rule 26(f) conference and in the Joint Rule 26(f) Report, that it intended to conduct discovery into areas that were not related to jurisdiction. (*Id.* at 10:25-28, fn. 3. *See also* October 31, 2008 Declaration of Stephen S. Smith ["Smith Decl."], ¶ 6). Facebook does not dispute this point. It unabashedly admits that it seeks discovery into all aspects of the case, regardless of whether they have anything to do with the Motions to Dismiss.

### 2. Defense Counsel Met and Conferred Numerous Times From September 18 to October 31, 2008.

The issue of conducting early, "personal jurisdiction only" discovery first arose on August 27, 2008, when Facebook expressed its desire to engage in "discovery related to the challenge of personal jurisdiction." (Exh. D). At that time, no Defendant had responded to the Complaint. For that reason, in telephone

---

[3] Indeed, although many of the requests are horribly overbroad and seek information that has nothing to do with personal jurisdiction, *some* of the requests are related to issues of personal jurisdiction, and Defendants have conditionally *agreed* to produce much of what was requested. (November 25, 2008 Declaration of Stephen S. Smith ["Supp. Smith Decl."], ¶ 15).

conversations on August 28 and September 2 and 3, 2008, Defendants took the position that, while the issue was potentially valid, it was at that time premature. The parties continued to meet and confer about that issue in letters dated September 3, 4 and 5, 2008. (Supp. Smith Decl. ¶¶ 3-6; Exhs. E-F).

On September 9, 2008, Facebook filed its Motion for Expedited Discovery. On September 18, 2008, Defendants proposed a meet and confer process regarding the proper scope of personal jurisdiction discovery, and then added: "In the interim the remainder of the case, including other discovery, would be stayed." (Supp. Smith Decl. ¶¶ 7-8; Exh. G). Facebook rejected that proposal. On September 23, 2008, Defendants filed their Opposition to the Motion for Expedited Discovery. (Docket No. 22). Defendants argued, among other things, that many of Facebook's discovery requests were inappropriate because they had nothing to do with personal jurisdiction issues. Facebook later withdrew its motion without hearing. (Supp. Smith Decl., ¶¶ 9-10, 13).

On October 9, 2008, the parties held the Rule 26(f) conference. During that conference, defendants asked Facebook to stay discovery that was unrelated to personal jurisdiction until any Motions to Dismiss were decided. Facebook rejected that proposal. Defendants said they would move for a protective order. (Supp. Smith Decl., ¶ 11). On October 13, 2008, Defendants wrote a letter to Facebook, stating as follows: "You told us that Facebook will not agree to stay discovery. We responded by saying that defendants will file a motion for protective order seeking a stay of all non-jurisdiction/venue discovery until the case is at issue." (Supp. Smith Decl. ¶ 14; Exh. I).

From October 13 through October 31, the parties continued to meet and confer about this issue. (Supp. Smith Decl., ¶¶ 14-21). On October 27, 2008, Defendants again asked Facebook to stay discovery that was unrelated to the Motions to Dismiss. Facebook refused. (Smith Decl., ¶ 19). The parties' respective positions were set forth in the Case Management Conference Statement and Joint Rule 26(f) Statement,

which were filed on October 31, 2008. (Docket Nos. 49-50). That same day, Defendants filed this Motion for Protective Order. (Docket No. 51).

In sum, Facebook's claim that Defendants did not meet and confer is frivolous.

### D. **Facebook Must Show that The Discovery It Seeks Relates to Pertinent Jurisdictional Issues that Are in Dispute.**

As noted above, Defendants do not seek to bar Facebook from taking discovery that relates to disputed issues raised by the Motions to Dismiss even if such discovery may also touch on the merits. In this regard, Defendants are actually being accommodating -- since Facebook is *not* entitled to discovery about personal jurisdiction as a matter of right *even when a motion to dismiss for lack of jurisdiction is pending*. Rather, it is Facebook's burden to show that it is entitled to such discovery. *ProTrade Sports, Inc. v. Nextrade Holdings, Inc.*, 2006 U.S. Dist. LEXIS 6631, Case No. C05-04039 MJJ at *9, n.2 (N.D. Cal. Feb. 2, 2006) ("Given that Plaintiff has failed to establish any indication that Defendant might be subject to the personal jurisdiction of this Court, the Court finds that discovery would create undue burden and cost for Defendants and would result in a waste of judicial resources. A plaintiff is not entitled to discovery without making a 'colorable' showing of personal jurisdiction"); *see also Huang v. Ferrero U.S.A., Inc.*, 1999 U.S. Dist. LEXIS 5712, Case No. C98-0795 FMS (N.D. Cal. Apr. 15, 1999) (denying discovery because plaintiff failed to make a *prima facie* showing of jurisdiction); *Levy v. Norwich Union Ins. Soc'y*, 1998 U.S. Dist. LEXIS 13524, Case No. C97-2533 MJJ (N.D. Cal. Aug. 5, 1998) (same).

The reason for this requirement is simple and logical. A defendant who has filed a Rule 12(b) motion may be right. If it is right, then it never should have been haled into court in the first place, and the discovery to which it was subject will have been an unfair burden. Therefore, while the issue remains undecided, courts either prohibit discovery completely or limit it to those issues that are necessary in order for the plaintiff to have a fair opportunity to oppose the motion to dismiss.

Here, Defendants have filed Motions to Dismiss, which are supported with extensive evidence of their lack of contacts with the forum. Although Defendants are open to Facebook conducting discovery limited to material disputed issues bearing on personal jurisdiction, Defendants should not be forced to *guess* at Facebook's supposed basis for personal jurisdiction or the facts related to personal jurisdiction that Facebook disputes.

But the *much* bigger problem is that most of Facebook's discovery has nothing to do with any conceivable issue raised by the Motions to Dismiss. The discussion concerning the scope of appropriate jurisdictional discovery is being drowned out by the cacophony of discovery requests that are related solely to the merits. The requested protective order is needed in order to remove this distraction from the discussion. Then, the parties can focus their efforts on reaching agreement about the appropriate scope of jurisdictional discovery. Otherwise, if Facebook continues to insist on the right to take discovery that is related solely to the merits, it is going to result in further unnecessary motion practice.

### E. Facebook Should Not Be Permitted to Use This Action to Take Discovery for Use in the German Action.

#### 1. The District Court Form Protective Order Contains the Same Limitation.

In the motion, Defendants argued that Facebook seeks to use this Court as a clearinghouse to conduct discovery for use in the German Action, which is a misuse of the discovery process that should be prohibited by a protective order requiring discovery obtained in this action to be used in this action only. Facebook calls Defendants' argument "contrary to common sense" and "remarkable." (Opp. at 11:9-16) (Docket No. 59). However, the District Court's own form of protective order supports Defendants' position. Indeed, Facebook's attempt to *revise* the District Court's form protective order is how this issue first arose between the parties during meet and confer.

The District Court form protective order provides as follows: "A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party *in connection with this case only* for prosecuting, defending, or attempting to settle this litigation." (District Court Form Protective Order, § 7.1 "Basic Principles") (emphasis added). This issue initially arose when Facebook proposed its own form of protective order, which did not include the limitation contained in the District Court form. Then, during the Rule 26(f) conference, Facebook asked Defendants to *allow* Protected Material disclosed in this case to be used in the German Action. Facebook believed that, since it was seeking to alter the District Court form, then *Facebook* -- not Defendants -- needed to file a motion for protective order to do so. (Supp. Smith Decl., ¶ 11).

Defendants recognize that their current motion is broader than the District Court form, in that it would apply to non-Protected Material as well as Protected Material. But it can hardly be "remarkable" or defy "common sense" if the form approved by the District Court also contains such a limitation. And, even if Defendants' motion were denied as to non-Protected Material, there is no reason to deviate from the District Court form as to Protected Material.

### 2. Under the Facts Presented Here, the Law Requires Such a Limitation.

The reason for the requested limitation, particularly in the circumstances presented here, makes perfect sense. All discovery that may be obtained from Defendants is located in Germany. The witnesses all reside in Germany and speak German. The documents are located in Germany and are written in German. The related action is pending in Germany. Accordingly, if Facebook wishes to conduct discovery for use *in the German action*, it should do so under the laws and rules applicable to *that* action.

The cases cited by Facebook are distinguishable. First, the Ninth Circuit and California District Court cases cited by Facebook involve situations where the two

37106-00002/1665523.4                                   9
REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

actions at issue had both been pending within the United States. In each case, a party in one pending District Court action was seeking to obtain documents that were subject to a protective order in another District Court case. *Olympic Refining Co. v. Carter*, 332 F.2d 260, 261-262 (9th Cir. 1964); *In re Townshend Patent Litigation*, 2007 U.S. Dist. LEXIS 76509, Case No. C02-4833 JF (PVT) at *9-*10 (N.D. Cal. Sept. 27, 2007), *Kraszewski v. State Farm Gen. Ins. Co.*, 139 F.R.D. 156, 157 (N.D. Cal. 1991). Second, in each case, the party in the then-pending case was seeking discovery *from* the other, earlier case. As a result, the District Court deciding the issue was applying the same discovery rules that applied to **both** cases (i.e., the Federal Rules of Civil Procedure), was familiar with the scope of those rules, and was perfectly positioned to determine whether the discovery being sought was appropriate for use in the pending action.

None of that is true here. Facebook is not seeking discovery from another action. It is not asking this Court to determine whether discovery is appropriate for use in this action. Rather, it wants this Court to determine that discovery from this action is appropriate for use in the German Action, even though the Court in this case is not in a position to know whether such discovery is appropriate under German law for use in a German lawsuit. This Court should defer to the German court to decide what discovery is appropriate for that action.[4]

The one New York District Court case cited by Facebook that does address the propriety of potentially using discovery obtained in one American case in cases pending abroad, *Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405 (S.D.N.Y. 1973), is also distinguishable. In that case, unlike here, there was no claim that the

---

[4] In three of the District Court cases from outside of California cited by Facebook, there was no discussion about the intention to use the discovery material in an action pending in a foreign country. Rather, the issue was about using the information in other actual or potential litigation in the United States. *Kamp Implement Co. v. J.I. Case Co.*, 630 F.Supp. 218, 219-220 (D. Mt. 1986); *Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 154 (W.D. Tex. 1980); *Bankers Life Ins. Co. v. Wedco, Inc.*, 102 F.R.D. 41, 44 (D. Nev. 1984). Not surprisingly, then, the Courts were focused on the standards applicable to discovery under the United States discovery rules only, and were not confronted with the issue of having to decide whether the use of such material would be appropriate in litigation pending outside the United States.

| | |
|---|---|
| 1 | discovery at issue was located entirely in the foreign jurisdiction.  As noted in the |
| 2 | motion, this fact creates an important difference that requires a different outcome. |
| 3 | The law is clear that U.S. court proceedings should not be used for the purpose of |
| 4 | obtaining evidence to use in court proceedings pending abroad when such evidence |
| 5 | is also located abroad.  *Four Pillars Enterprises Co., Ltd. v. Avery Dennison Corp.*, |
| 6 | 308 F.3d 1075, 1080 (9th Cir. 2002) ("In this case the responsive materials in issue |
| 7 | were in China, where [Plaintiff] was pursuing civil litigation against [Defendant]. |
| 8 | The Chinese courts are well situated to determine whether such material is subject |
| 9 | to discovery, and in what manner"); *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, |
| 10 | 376 F.3d 79, 84 (2d Cir. 2004); *Application of Sarrio, S.A.*, 119 F.3d 143, 147 (2d |
| 11 | Cir. 1997); *In re Godfrey*, 526 F.Supp.2d 417, 423 (S.D.N.Y. 2007). |
| 12 | Facebook does not even attempt to address these cases other than to argue |
| 13 | that they arise out of the parties' attempt to invoke 28 U.S.C. Section 1782, which |
| 14 | does not apply in this case.  But Facebook is intentionally missing the point. |
| 15 | Section 1782 *allows* discovery under certain conditions.  The courts in the above |
| 16 | cases hold that, notwithstanding the fact that Section 1782 would apply on its face |
| 17 | to allow the discovery, such discovery is not allowed when the material is located |
| 18 | abroad and the party is seeking to obtain it for use in a legal proceeding pending |
| 19 | abroad.  Rather, those cases leave the decision about what is appropriate discovery |
| 20 | of foreign-located material for use in a foreign-pending action to the courts located |
| 21 | in that foreign jurisdiction. |
| 22 | Those holdings are on point.  Facebook's basis for seeking discovery -- the |
| 23 | Federal Rules of Civil Procedure -- is entitled to no greater weight than 28 U.S.C. |
| 24 | Section 1782.  The holdings in *Four Pillars*, *Schmitz*, *Sarrio*, and *Godfrey* apply to |
| 25 | prohibit such use and require the issue of discoverability of foreign-located material |
| 26 | for use in the foreign action to be decided by the foreign tribunal. |
| 27 | /// |
| 28 | /// |

### F. Facebook's Intent to Take Discovery Related Solely to the Merits for Use in the German Action *While the Motions to Dismiss Are Pending* Is Bad Faith.

Facebook argues that the Court should not prohibit Facebook from using in the German Action discovery taken in this action unless Defendants can establish that Facebook is acting in bad faith. Although that is not the applicable standard, Facebook is acting in bad faith.

There is no reason why Facebook needs to conduct discovery into issues that relate solely to the merits for use in this case, now. If the Motions to Dismiss are denied, then Facebook may then obtain discovery related to the merits. So, in the Motion for Protective Order, Defendants asked the question "why is Facebook in such a hurry" to conduct discovery into issues that do not relate to jurisdiction? (Motion at 12:9). Facebook never answered that question.

There is nothing scheduled to occur in this case before February 13, 2009. The only thing that is scheduled to occur before then is the December 16 trial in the German Action. Yet, even though this Court may determine that Facebook never should have sued Defendants in this Court, and even though the Court may determine that Germany is the only appropriate forum for the resolution of this dispute, Facebook demands the right to take discovery solely related to the merits under the discovery rules of this potentially-improper jurisdiction, *now*, so that it can use it in defense of the German Action.

That is bad faith. Defendants can understand why Facebook may wish to test Defendants' contentions in the Motions to Dismiss. But if this is an improper jurisdiction or forum, then Facebook should not be allowed to conduct wide-ranging discovery that would only be permitted under the liberal rules of this improper jurisdiction.[5]

---

[5] This fact further distinguishes *Johnson Foils*, *supra*, 61 F.R.D. at 409-10 (S.D.N.Y. 1973). The discovery at issue in that case was not being sought during the pendency of a motion to dismiss.

Facebook responds to this argument by claiming that the "trial" in the German Action is not the same as a "trial" in the United States, but rather is more like a "case management conference." (Opp. at 14:13) (Docket No. 59). That is false. The trial in Germany is nothing like a case management conference, and the declaration of Dr. Scheja does not say that it is. A careful reading of Dr. Scheja's declaration reveals Facebook's duplicity. First, she does not describe the German proceeding as a status conference. To the contrary, she concedes that the German phrase "Frueher erster Termin" may be "translated as trial." Second, she says that the German court will "usually," *i.e., not always*, schedule further hearings and deadlines. In other words, sometimes the case is completed as a result of this "first oral hearing." In United States courts, no case is ever decided at a case management conference. Third, Facebook has sought to postpone the "early first date for oral trial" in the German Action on the ground that it is not yet prepared to present its defense, something that is totally unnecessary at a case management conference. (Declaration of Dr. Anton G. Maurer ["Maurer Decl."], ¶¶ 4(b) 4(e))**.** Fourth, Germany's Code of Civil Procedure specifically contemplates that the case may be determined at the first hearing without the need for any further hearings. (Maurer Decl., ¶ 4(d)-(f)). Only if the proceedings are not completed at that early first date for oral trial will the court set further hearings. (Maurer Decl., ¶ 4(f)). Fifth, on November 19, 2008, Facebook filed its response in the German Action presenting all of its defenses *and evidence*. (Maurer Decl., ¶ 4(d); Exh. O). That response is nothing like a Case Management Statement. The reason for that is simple -- Facebook must put forth all of its defenses and factual arguments now, because a trial date of December 16, 2008 was set in the German Action months ago and the court in Stuttgart has denied two requests by Facebook to postpone it. If Facebook had not made all of its written arguments and submitted its offers of proof and alleged supporting evidence in the Response, then Facebook could not have submitted them later without court approval, and Facebook would have increased its risk of an adverse judgment at the December 16, 2008 trial. (Maurer Decl., ¶ 4(d)).

37106-00002/1665523.4                    13
REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

The German Action may or may not be completed on December 16, 2008. But Facebook is expected to present a defense with evidence at that hearing, and the German court may decide the case right then and there. That is why Facebook has sought to continue that proceeding and so desperately wants to take merits-based discovery in this proceeding now. And, if not, then the question remains -- why does Facebook insist on seeking to take solely merits-based discovery while the Motions to Dismiss remain pending?

### G. Defendants Did Not Engage in Subterfuge by Initiating the German Action.

Facebook finally accuses Defendants of "subterfuge" and "bad faith in instituting litigation to manipulate the forum." (Opp. at 1:28 and 13:18-19). To the contrary, it is Facebook who has engaged in bad faith by suing German residents in the United States knowing full well that Germany was the only proper forum.

On June 8, 2006, Facebook sent Defendant StudiVZ a demand letter. It was written by a German law firm. It was written in German. It invoked German law, and threatened to sue. (Supp. Smith Decl., ¶ 22; Exhs. K-L).

On January 3, 2007, Facebook sent Defendant StudiVZ another demand letter. It was also drafted by a German law firm, was written in German, invoked German law and threatened to sue. (Supp. Smith Decl., ¶ 23; Exhs. M-N).

In the Spring of 2008, Facebook attempted to buy StudiVZ from Defendants Holtzbrinck Ventures and Holtzbrinck Networks. When those negotiations broke down in June 2008, Facebook immediately threatened *for the first time* to sue in the United States. When defense counsel called, one day after being retained, to ask for more time to respond to Facebook's new, American demand letter, Facebook refused to grant any more time unless Defendants first agreed to submit to personal jurisdiction and venue exclusively in the United States District Court for the Northern District of California. (Supp. Smith Decl., ¶ 24; Declaration of Martin Weber in Support of Defendants' Motions to Dismiss, ¶ 13 -- Docket No. 46).

The fact that Defendant StudiVZ instead chose to file a declaratory relief action to have its conduct, all of which took place in Germany, adjudged by a German court can hardly be called "bad faith," especially when Facebook had itself acknowledged that German law applied and that Germany was the proper forum back when it had first threatened to file suit in June 2006 and January 2007. After having initially conceded that Germany was the proper forum, it was *Facebook*, not StudiVZ, that changed *its* position.

### H. Facebook's CEO Has Admitted that StudiVZ is *Not* a "Facebook Counterfeit."

Although entirely irrelevant to any issue raised by this motion, Facebook accuses Defendants of operating a website that is "universally regarded as a Facebook counterfeit." (Opp. at 2:15-16). Yet, Facebook's own CEO, Mark Zuckerberg, gave an interview in which he refused to call StudiVZ's website a "copycat" of Facebook's website, and instead said, "I think that they're ***different designs*** and slightly different products." http://en.sevenload.com/videos/9cMXu4Y-zuck (Smith Decl., ¶ 25) (emphasis added) (CD available upon request). Either Facebook is once again being disingenuous or Mr. Zuckerberg is not part of Facebook's "universe."

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Motion for Protective Order be granted.

DATED: December 2, 2008

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: /s Stephen S. Smith
STEPHEN S. SMITH
Attorneys for Defendants studiVZ Ltd.,
Holtzbrinck Networks GmbH, and
Holtzbrinck Ventures GmbH