**\*E-FILED 12/17/2008\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH; HOLTZBRINCK NETWORKS GmbH; HOLTZBRINCK VENTURES GmbH; and DOES 1-25, <br><br> Defendants. | No. C08-03468 JF (HRL) <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER** <br><br> **[Re: Docket No. 51]** |

Defendants move for a protective order. Plaintiff Facebook, Inc. ("Facebook") opposes the motion. At oral argument, defendants withdrew their motion as to personal jurisdiction discovery issues. Upon consideration of the moving and responding papers,[1] as well as the arguments presented at the December 16, 2008 hearing, this court denies the motion as to the remaining dispute whether Facebook's use of discovery obtained here should be confined to this action.[2]

---

[1] Defendants object to Paragraphs 2 and 3 of the declaration of Facebook's counsel, Warrington Parker, on the grounds that the contents and statements are not properly authenticated and are inadmissible hearsay. This court's ruling on the motion at hand does not depend on whether the challenged portions of Parker's declaration were properly authenticated and admissible testimony. The court considered the declaration for what it was worth.

[2] Because this order is now being issued, the parties agree that the court need not address their interim stipulated protective order (Docket #61).

Facebook, the operator of a social networking website, sues for alleged computer trespass, trade dress infringement and breach of contract. In essence, it claims that defendants own and operate social networking websites in Europe that are copies of Facebook's website. It further alleges that defendants accessed Facebook's computers without authorization for the purpose of copying Facebook's intellectual property. Defendant Verlagsgruppe Georg Von Holtzbrinck GmbH was voluntarily dismissed. The remaining three defendants – StudiVZ Ltd. ("StudiVZ"), Holtzbrinck Networks, and Holtzbrinck Ventures – have moved to dismiss for lack of personal jurisdiction (or, alternatively, for dismissal based on *forum non conveniens*). They contend that they are German entities with no ties to California. Additionally, the Holtzbrinck defendants claim that StudiVZ is not their alter ego. Those motions to dismiss reportedly will be heard by Judge Fogel on February 13, 2009.

On the same day the instant lawsuit was filed, StudiVZ filed an action for declaratory relief against Facebook in Germany ("German Action").[3] StudiVZ says that it seeks a judgment that it has not committed the wrongs alleged by Facebook here.[4]

As briefed, the relief sought by the instant motion was two-fold. Defendants requested a protective order (a) staying discovery that is unrelated to personal jurisdiction issues raised in their motions to dismiss until those motions are resolved; and (b) precluding Facebook from using in the German Action the fruits of the discovery obtained in the instant lawsuit.

With respect to the jurisdictional discovery issues, the only apparent point of contention was whether at least some of the discovery now sought by Facebook (including document requests, interrogatories and depositions) pertains solely to the merits (as defendants assert) or whether any merits-based discovery sought necessarily is intertwined with personal jurisdiction

---

[3] At oral argument, defendants stated that Facebook has also since filed a lawsuit in Germany.

[4] The parties advise that the German court held a hearing on December 15, 2008. Defendants say that the hearing is a trial on the merits; Facebook asserts that it can be comparable to an initial case management conference in U.S. litigation. On this issue, the parties submitted competing declarations from German lawyers. Defendants object to the Declaration of Dr. Katharina Scheja on the ground that it was not signed under penalty of perjury. This court sees no need to belabor the point. For present purposes, it simply notes that the parties dispute how the December 15, 2008 proceeding properly may be characterized.

2

issues (as Facebook contends). At the motion hearing, the parties advised that they have, through meet-and-confer negotiations, resolved many issues with respect to Facebook's requested discovery; and, defendants withdrew their motion as to the jurisdictional discovery issues. Accordingly, the only remaining dispute is whether Facebook should be precluded from seeking to use in Germany any discovery it obtains here.

Upon a showing of "good cause," Fed. R. Civ. P. 26(c) authorizes courts to issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery. FED. R. CIV. P. 26(c)(1). The party seeking a protective order has the burden of showing that the protection is warranted.

Defendants say that they reside in Germany and that all of their documents and other evidence are located there. As such, they contend that Facebook cannot use in the German Action the fruits of discovery obtained in the instant lawsuit because all such discovery is beyond the geographic reach of 28 U.S.C. § 1782.[5] They argue that Facebook is seeking merits-based discovery here for use in Germany, where such discovery reportedly is not available. For the reasons stated below, defendants have not managed to persuade that they are entitled to such a broad protective order.

---

[5] That statute provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).

3

To begin, this court is unpersuaded that 28 U.S.C. § 1782 is the correct legal framework for the instant discovery dispute. The instant motion does not concern a section 1782 request for this court to order discovery to aid a foreign court in a foreign proceeding. Rather, the issue is whether Facebook's use of discovery obtained here, under American discovery rules, should be limited to the instant action and, specifically, whether Facebook should be prevented from using such discovery in litigation in Germany.

In the Ninth Circuit, courts permit discovery from one case to be used in other litigation where that discovery is relevant to the issues in the other litigation. See Olympic Refining Co. v. Carter, 332 F.2d 260 (9th Cir. 1964) (concluding that a protective order issued in a government antitrust lawsuit should be modified to allow use of discovery from that action in a private antitrust action where the private antitrust action was based on the same alleged violations and the private plaintiff was entitled to discover relevant information, whether or not the evidence was admissible in the private suit); see also Kraszewski v. State Farm Gen. Ins. Co., 139 F.R.D. 156 (N.D. Cal. 1991) (concluding that modification was warranted as to a protective order entered in a gender discrimination case against an employer so as to permit use of discovery from that case in an age discrimination suit against the same employer).

At least one court, citing Olympic (among other cases), declined to issue a protective order preventing the plaintiff from using in foreign litigation the fruits of discovery obtained in the U.S. lawsuit. See Johnson Foils, Inc. v. Huyck Corp., 61 F.R.D. 405 (N.D.N.Y. 1973). The court held that "unless it can be shown that the discovering party is exploiting the instant litigation solely to assist in other litigation before a foreign forum, federal courts do allow full use of the information in other forums." Id. at 410. "Indeed, there must be some evidence of bad faith in the institution of the suit on the part of the discovering party before a court will act to limit the discovery process." Id.; see also Kamp Implement Co., Inc. v. J.I. Case Co., 630 F. Supp. 218, 220 (D. Montana 1986) (same). Although Johnson Foils is not binding precedent, under the circumstances presented here, this court finds it persuasive.

There is no apparent dispute that the issues in the German Action are substantially similar (if not identical) to those raised here. The instant lawsuit is Facebook's action for

4

alleged infringement and unauthorized computer access; the German Action reportedly is StudiVZ's action for declaratory relief as to those same allegations. On the record presented, this court finds no basis to conclude that Facebook is exploiting these proceedings or that it instituted the instant lawsuit in bad faith. Nor is this court persuaded that the determination of this issue turns on the success (or not) of defendants' pending motions to dismiss.

Accordingly, defendants' motion for protective order is denied. This court emphasizes that it is not authorizing Facebook's use of the discovery in Germany. It simply declines to prevent Facebook from seeking to do so, subject to German law, rules and orders of the German court.

SO ORDERED.

Dated: December 17, 2008

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| 1 | **5:08-cv-3468 Notice has been electronically mailed to:** |
| 2 | Annette L. Hurst ahurst@orrick.com |
| 3 | Gary Evan Weiss gweiss@orrick.com, sdonlon@orrick.com |
| 4 | I. Neel Chatterjee nchatterjee@orrick.com, adalton@orrick.com, kmudurian@orrick.com |
| 5 | Julio Cesar Avalos javalos@orrick.com, aako-nai@orrick.com, adalton@orrick.com |
| 6 | Stephen Shannon Smith , Esq ssmith@greenbergglusker.com |
| 7 | Warrington S. Parker , III wparker@orrick.com |
| 8 | William Mielke Walker wwalker@greenbergglusker.com |
| 9 | **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**. |