| | |
|---|---|
| 1 | I. NEEL CHATTERJEE (STATE BAR NO. 173985)<br>nchatterjee@orrick.com |
| 2 | JULIO C. AVALOS (STATE BAR NO. 255350)<br>javalos@orrick.com |
| 3 | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road |
| 4 | Menlo Park, CA  94025<br>Telephone:     +1-650-614-7400 |
| 5 | Facsimile:      +1-650-614-7401 |
| 6 | THOMAS J. GRAY (STATE BAR NO. 191411)<br>tgray@orrick.com |
| 7 | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>4 Park Plaza |
| 8 | Suite 1600<br>Irvine, CA  92614-2558 |
| 9 | Telephone:     +1-949-567-6700<br>Facsimile:      949-567 6710 |
| 10 | |
| 11 | Attorneys for Plaintiff<br>FACEBOOK, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| FACEBOOK, INC.,| | Case No.  5:08-cv-03468 JF |
| | Plaintiff, | **FACEBOOK, INC.'S MOTION TO ENLARGE TIME UNDER CIVIL L.R. 6-3** |
| | v. | |
| STUDIVZ LTD., HOLTZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25, | | Room.:  Courtroom 3, 5th Floor<br>Judge:    Honorable Judge Jeremy Fogel |
| | Defendant. | |

OHS West:260583207.2

FACEBOOK'S MOTION TO CHANGE TIME
UNDER CIVIL LOCAL RULE 6-3
CASE NO.: 5:08-CV-03468

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

For many weeks, Facebook, Inc. ("Facebook") has been conferring with Defendants in an attempt to get them to properly respond to Facebook's discovery requests.  Defendants, however, have improperly refused to produce any discovery as to issues that they believe go to the "merits" – even if such information also relates to jurisdictional issues.  They even filed an ill-conceived Motion for Protective Order, that they were forced to withdraw during the hearing with Judge Lloyd on December 16, 2008.  Defendants' tactics and unjustified positions will be the subject of a motion to compel Facebook will file shortly.

Importantly, during this same time frame, since November 2008, Defendants have repeatedly assured Facebook that they would allow Facebook additional time to file its opposition papers to Defendants' motions to dismiss and would agree to continue the hearing date for such motions because of the pending discovery disputes.  Then, on January 14, 2009, just two days before Facebook's opposition papers were due, Defendants abruptly changed their position.  Annoyed that Facebook would not agree to their newly-raised proposal to bifurcate the personal jurisdiction and *forum non conveniens* issues, Defendants' counsel, Steven Smith, became irate, started shouting and cursing at Facebook's counsel, Thomas Gray, and declared that he would not give Facebook the previously discussed additional time.  He required Facebook to file its opposition papers two days later.  Facebook did just that.  Despite Defendants' actions Facebook believes that its opposition papers establish that Defendants' motions should be denied on both the personal jurisdiction and *forum non conveniens* grounds.

Needless to say, however, Facebook has been severely prejudiced and put to a great disadvantage by Defendants' unprofessional and improper tactics.  Facebook's counsel was forced to oppose Defendants' 24-page motion in just two days.  Even more, Facebook still did not (and still does not) have the discovery it has been seeking for months.  Discovery that could further establish jurisdiction over these Defendants and show that this is a proper venue.  Therefore, if the Court believes that Defendants appear to have carried their burdens and is inclined to grant Defendants' motions, Facebook respectfully requests that it be given a 90-day

1  continuance of the hearing date to provide Facebook additional time to conduct the discovery it

2  needs and allow Facebook to file supplemental opposition papers so that it can thoroughly and

3  adequately defend against Defendants' motions.

**II.   DEFENDANTS RENEGE AT THE LAST MINUTE ON THEIR OFFER TO CONTINUE THE BRIEFING SCHEDULE AND HEARING ON DEFENDANTS' MOTION TO DISMISS.**

Facebook is a Delaware corporation headquartered in Palo Alto, California. Defendant StudiVZ, Ltd. ("StudiVZ") is a British corporation headquartered in Berlin, Germany. Defendants Holtzbrinck Networks and Holtzbrinck Ventures (the "Holtzbrinck Defendants") are German entities headquartered in Munich, Germany. Facebook alleges that Defendants intentionally trespassed on Facebook's California-based website and computer servers in order to steal valuable intellectual property, including Facebook's trade dress, and subsequently used that stolen property in the creation, development and implementation of a number of knockoff websites in violation of the Lanham Act, the Computer Fraud and Abuse Act, California Penal Code 502(c), in breach of contract, and in breach of the covenant of good faith and fair dealing.

In the weeks following the filing of this Complaint, the parties had a series of conversations regarding Facebook's allegations and Defendants' likely defenses. *See* Declaration of Julio C. Avalos In Support of Facebook's Motion to Enlarge Time ("Avalos Decl."), ¶¶ 2-6. Defendants' counsel was adamant that the Court did not possess personal jurisdiction over his German clients and that he would soon move to dismiss for lack of personal jurisdiction and *forum non conveniens*. *Id*. The parties were in agreement that Facebook was entitled to at least some discovery on the personal jurisdiction issue. *Id*. ¶ 3. The scope of personal jurisdiction discovery continues to be a point of contention between the parties, and Facebook soon will be filing a motion to compel the needed discovery. Supplemental Declaration of Thomas J. Gray in Support of Facebook's Motion to Enlarge Time Pursuant to L.R. 6-3 ("Supp. Gray Decl."), ¶ 3

On October 22, 2008, Defendants StudiVZ and the Holtzbrinck filed separate motions to dismiss for Lack of Personal Jurisdiction and *Forum non conveniens*. Avalos Decl., ¶ 6. In order to allow time to take discovery and resolve discovery disputes, Facebook and Defendants negotiated a proposed stipulation regarding the scheduling of Defendants' motions to dismiss and

[margin note: Deleted: JULIO C. AVALOS]

1 the filing of Facebook's opposition thereto. *Id*. The Court entered the Proposed Stipulated
2 Scheduling Order on November 4, 2008, which provides that Facebook's deadline was to be
3 January 16, 2009 to file and serve its oppositions to Defendants' motions to dismiss. *Id*.; *see*
4 Docket No. 54. Defendants were given two weeks from that date to file their Reply papers. *Id*.
5 The hearing on Defendants' motions to dismiss was set for February 13, 2009. *Id*.

Additionally, Defendants filed a premature and confusing motion for protective order in an effort to block Facebook's discovery. Avalos Decl., ¶ 13. During the hearing, Defendants, conceded to Judge Lloyd that Facebook is entitled to discovery that goes to the merits if it also is intertwined with jurisdictional issues. *Id.* ¶ 13, Ex. A. Ultimately, however, Defendants were required to withdraw their motion. *Id.* Yet, they still refused to produce the needed discovery. And the parties' disputes over the proper scope of jurisdictional discovery have become increasingly contentious. Avalos Decl., ¶¶ 10-24.

On January 6, 2009, Facebook's counsel again raised the issue of a continuance of the briefing schedule and hearing date on the motions to compel. Avalos Decl., ¶¶ 19-22; *See also* Declaration of Thomas J. Gray In Support of Facebook's Opposition and Facebook's Motion to Enlarge Time ("Gray Decl."), ¶¶ 2-4, filed on January 16, 2009 as Docket No. 74. Indeed, Defendants' counsel initially agreed to take the motion off calendar, but then clarified that although he would agree to take StudiVZ's motion off calendar, he would prefer not to do so with respect to the Holtzbrinck Defendants. *Id*. Rather, he would only agree to a two or three week continuance of the Holtzbrinck Defendants' motion. *Id*. In reliance on these representations, Facebook did not move to change time. *Id*.

On January 13, 2009, three days before Facebook's deadline to oppose Defendants' motions to dismiss, counsel for the parties had a telephone conversation in which Defendants' counsel stated for the first time that Defendants would agree to a continuance of the hearing on the Holtzbrinck Defendants' motion to dismiss only if Facebook agreed to "bifurcate" Defendants' *forum non conveniens* arguments from Defendants' personal jurisdiction arguments. Gray Decl. (Docket No. 74), ¶ 5. On January 14, just two days before Facebook's opposition was due, the parties had a follow up conversation, but were unable to reach an agreement with respect

to Defendants' new proposal to bifurcate the issues. *Id.* Losing his temper, Defendants' counsel, Mr. Smith, shouted and cursed at Mr. Gray, stated that he no longer agreed to continue any of Facebook's oppositions or the February 13 hearing, and said that Facebook would have to file its oppositions on the deadline of January 16, 2009. *Id.*

Through emails exchanged the week of January 19, 2009, Defendants have conceded that Facebook likely will win this request at least as to the personal jurisdiction issue as it relates to Defendant StudiVZ. Supp. Gray Decl., ¶ 2, Ex. A. They continue, however, to stubbornly refuse to produce discovery or continue the hearing on the motions to dismiss as a whole. *Id.* In addition, the parties have agreed to file discovery motions, including Facebook's motion to compel on January 27, 2009 with an anticipated hearing date of March 3, 2009. *Id.*

Without most of the critical discovery that Facebook was seeking to oppose the motions to dismiss, Facebook drafted and filed its opposition in two days. Gray Decl. (Docket No. 74), ¶ 6. Facebook feels confident that its opposition to Defendants' motions to dismiss stands on its own and establishes (1) the Court's personal jurisdiction over Defendants, and (2) that Defendants have not met their heavy burden to overcome Facebook's choice of forum. However, to the extent that the Court believes Defendants may have met their considerable burdens, Facebook respectfully requests that the Court continue the February 13 hearing on Defendants' motions to dismiss for at least 90 days in order to allow the parties to resolve their jurisdictional discovery disputes and allow Facebook the opportunity to file supplemental opposition papers in order to overcome the prejudice it has suffered as a result of Defendants' gamesmanship and improper tactics throughout this litigation.

### III. FACEBOOK WILL SUFFER SUBSTANTIAL PREJUDICE IF THE COURT DOES NOT GRANT ITS CONTINUANCE.

Before dismissing Facebook's complaint, the Court should exercise its discretion to allow Facebook more time to conduct the discovery that Defendants have obstinately and improperly blocked. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) (finding that it was an abuse of discretion to refuse discovery regarding personal jurisdiction where jurisdiction has been the subject of an initial challenge by way of motion to

dismiss); *K-Swiss Inc. v. GTFM, Inc.*, 2008 U.S. App. LEXIS 10810, at *2 (9th Cir., May 15, 2008) (reversing district court's holding of lack of personal jurisdiction where plaintiff "had no opportunity to conduct jurisdictional discovery.").

Here, discovery related to the creation, design and development of the Defendants' websites will help establish jurisdiction under the *Calder* effects test and will also help to show additional connections to California and the United States. Such discovery relates directly to the personal jurisdiction and forum issues raised in Defendants' motions to dismiss and will help to more thoroughly flesh out Facebook's arguments in opposition to the motions. Facebook would suffer substantial prejudice if Defendants' motions to dismiss are granted as a result of Defendants' counsel's bad faith tactics. Of course, the current Motion to Enlarge Time would be moot if the Court denies Defendants' motions to dismiss based on Facebook's opposition as filed, which Facebook believes is the proper outcome. Defendants should not be rewarded for their unprofessional and improper conduct.

**IV.  REQUESTED RELIEF**

For the above reasons, if the Court is inclined to reject Facebook's opposition, filed January 16, 2009, and grant Defendants' motions to dismiss, Facebook respectfully requests an order (1) continuing the February 13, 2009 hearing on Defendants' motions to dismiss for 90 days in order to allow the parties to complete personal jurisdiction and forum discovery, and (2) granting Facebook the right to file a supplemental opposition once it receives the necessary discovery from Defendants. Alternatively, even if the Court does not believe additional discovery is warranted, Facebook respectfully requests additional time to file supplemental opposition papers in order to mitigate the significant prejudice that Facebook suffered as a result of Defendants' last-minute reneging on their agreement to allow Facebook additional time to oppose the motions to dismiss.

| | |
|---|---|
| Dated: January 23, 2009 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | /s/ Thomas J. Gray |
| | THOMAS J. GRAY |
| | Attorneys for Plaintiff |
| | FACEBOOK, INC. |

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 23, 2009.

Dated: January 23, 2009          Respectfully submitted,

                                                     /s/ Thomas J. Gray
                                                       Thomas J. Gray