I. NEEL CHATTERJEE (State Bar No. 173985)
 nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
 javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     650-614-7400
Facsimile:      650-614-7401

THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza
Suite 1600
Irvine, CA  92614-2558
Telephone:     +1-949-567-6700
Facsimile:      949-567 6710

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH AND DOES 1-25,<br><br>Defendants. | Case No.  5:08-cv-03468 JF<br><br>**DECLARATION OF JULIO C. AVALOS IN SUPPORT OF FACEBOOK'S MOTION TO ENLARGE TIME PURSUANT TO L.R. 6-3**<br><br>Room:  Courtroom 3, 5th Floor<br>Judge:   Honorable Jeremy Fogel |

- 1 -   DECLARATION OF JULIO C. AVALOS IN SUPPORT OF FACEBOOK'S MOTION TO ENLARGE TIME

I, Julio C. Avalos, declare as follows:

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for Plaintiff Facebook, Inc. I make this Declaration in support of Facebook's Motion to Enlarge Time Pursuant to Civil L.R. 6-3. I am an active member in good standing of the California State Bar. Except as set forth herein, I have personal knowledge of the facts stated herein and if called as a witness, could and would competently testify thereto.

2. On August 28, 2008, I had a telephonic conversation with Defendants' counsel, Stephen Smith. Mr. Smith confirmed that Defendants would challenge this Court's personal jurisdiction over Defendants. On September 2, 2008, I, along with my colleague Neel Chatterjee, again spoke to Mr. Smith and he again confirmed that Defendants would move to dismiss for lack of personal jurisdiction.

3. On October 9, 2008, the parties held the obligatory Rule 26(f) conference via telephone. At the conference, Mr. Smith represented that Defendants agreed that Facebook was entitled to some discovery on the issue of personal jurisdiction. However, he stated that Defendants would not respond to any discovery requests that they felt reflected on the merits of this case.

4. On October 13, 2008, in response to an October 9 letter from my colleague Tina Naicker, Mr. Smith wrote that Facebook's list of discovery topics "includes issues that have nothing to do with personal jurisdiction" and that it was Defendants' position that "discovery into the merits of the case should be stayed pending the resolution of any motions to dismiss for lack of personal jurisdiction and/or *forum non conveniens*."

5. On October 14, 2008, Facebook propounded its First Set of Discovery Requests.

6. On October 22, 2008, Defendant StudiVZ and the Holtzbrinck Defendants filed separate motions to dismiss for lack of personal jurisdiction and *forum non conveniens*. In order to allow time to take personal jurisdiction discovery and resolve discovery disputes, Facebook and Defendants negotiated a proposed stipulation regarding the scheduling of Defendants' motions to dismiss and the filing of Facebook's opposition thereto. The parties agreed to the proposed stipulation on October 23, 2008 and filed it on October 28. The Court entered the

Proposed Scheduling Order on November 4, 2008. The Scheduling Order provided that Facebook "has up to and including Friday, January 16, 2009" to file and serve its oppositions to Defendants' motions to dismiss for lack of personal jurisdiction. Defendants were given two weeks from that date to file their reply papers. The hearing on Defendants' motions to dismiss was set for February 13, 2009.

7. On October 27, 2008, counsel for the parties attempted to have a meet and confer to discuss outstanding discovery issues. With respect to the outstanding discovery requests, Mr. Smith refused to identify any specific discovery requests to which his clients objected as going to the merits of the case. Mr. Smith simply stated that his clients would not produce any discovery not related to personal jurisdiction. He refused to identify which discovery requests he felt were not related to personal jurisdiction. Mr. Smith confirmed to my colleague Warrington S. Parker that there were areas of discovery to which Defendants did not object, but refused to identify them.

8. On October 31, 2008, Defendants filed a Motion for Protective Order seeking to stay merits-based discovery and to prevent discovery produced in this matter from being used in any other litigation between the parties.

9. On November 17, 2008, while the Motion for Protective Order was still pending, Defendants responded to Facebook's First Set of Discovery Requests with uniform, blanket objections. With respect to some of the discovery requests, Defendants stated that they would agree to respond following resolution of the pending Motion for Protective Order.

10. Since November, the parties have engaged in five meet and confers.

11. The first substantive meet and confer with respect to Facebook's discovery requests took place on November 26, 2008. I, along with my colleague Annette Hurst, met and conferred with Defendants' counsel, Mr. Smith and his partner William Walker. The parties spent approximately one and a half hours discussing Facebook's discovery request-by-request. With respect to Facebook's Request For Production No. 14, which requests "ALL DOCUMENTS RELATED TO instances when YOU accessed [the] FACEBOOK website, www.facebook.com OR www.thefacebook.com," Mr. Smith stated, "My major problem is that I think this is where

| | |
|---|---|
| 1 | you cross from jurisdiction into merits. I think given the causes of action, you're entitled to know |
| 2 | whether there are contacts with California related to the claims you have pled." Ms. Hurst then |
| 3 | said, "There's no way to sort out the merits from the jurisdiction." Mr. Smith responded, "I think |
| 4 | it's going to be undisputed that those people that had user accounts and used them in connection |
| 5 | with their employment did at least what you claim they did. Now, we'll have a huge fight as to |
| 6 | whether that violates the anti-hacking statute, but it's going to be undisputed that there were some |
| 7 | users who accessed Facebook." Mr. Smith agreed to produce the names of the StudiVZ |
| 8 | employees to which he was referring and their Facebook user accounts. He then stated that he |
| 9 | would not produce them unless Facebook first agreed that it would limit its discovery requests |
| 10 | and that it would not seek further discovery in the future. |
| 11 |     12. On December 2, 2008, the parties engaged in a follow-up meet and confer. |
| 12 |     13. On December 16, 2008, Magistrate Judge Lloyd held a hearing on Defendants' |
| 13 | Motion for Protective Order. I attended the hearing along with my colleague Annette Hurst. At |
| 14 | the hearing, Mr. Smith represented that he felt that Facebook had misunderstood the nature of |
| 15 | Defendants' motion. Mr. Smith stated that Defendants did not disagree that Facebook was |
| 16 | entitled to discovery that involved intertwined issues of personal jurisdiction and the merits of |
| 17 | this case. When this Court asked Mr. Smith whether he wished to withdraw his request to stay |
| 18 | discovery, Mr. Smith answered in the affirmative. Attached as **Exhibit A** is a true and correct |
| 19 | copy of the transcript of the December 16, 2008 hearing before Judge Lloyd at which Defendants |
| 20 | withdrew their motion for a protective order to prevent discovery. |
| 21 |     14. On December 18, 2008, Defendants produced a first round of documents but did |
| 22 | not serve supplemental responses to Facebook's interrogatories. Defendant StudiVZ Ltd. |
| 23 | produced 198 pages consisting mostly of one contract. Defendant Holtzbrinck Networks |
| 24 | produced a total of nine heavily-redacted pages. The production contained no emails, letters, or |
| 25 | communications of any kind. The production also contained no programming or source code. |
| 26 | Despite Mr. Smith's November 26 representations regarding forthcoming evidence of StudiVZ's |
| 27 | access to and copying of Facebook's intellectual property, no such discovery was produced. |
| 28 |     15. Following this production, the parties again met and conferred on December 23, |

- 4 - DECLARATION OF JULIO C. AVALOS IN SUPPORT OF FACEBOOK'S MOTION TO ENLARGE TIME

2008. Mr. Smith was unable to attend the conference and Defendants were represented by his colleague, Mr. Walker. Mr. Walker was only generally aware of the Defendants' positions on various outstanding discovery issues and stated that he would try to contact Mr. Smith (who was out on vacation) prior to a follow-up meet and confer scheduled for December 30, 2008.

16. On December 24, 2008, Defendants served Supplemental Interrogatory Responses. The first General Objection in these Supplemental Interrogatory Responses stated that Defendants objected to Facebook's discovery requests on the grounds that discovery obtained through those requests would be used in the pending German action between the parties.

17. On December 30, 2008, the parties once again met and conferred. Defendants were once again represented by Mr. Walker, who represented that in the time since the last meet and confer he had not been able to speak to Mr. Smith or Defendants and that he had no additional information with respect to various outstanding discovery disputes.

18. During this meet and confer, my colleague Tom Gray asked Mr. Walker whether it was Defendants' position that Facebook was not entitled to any discovery that touched simultaneously on jurisdictional and merits-related issues. Mr. Walker stated that this was not Defendants' position, but that neither he nor Defendants was persuaded that discovery relating to the development and implementation of the StudiVZ website was relevant to personal jurisdiction analysis. When Mr. Gray stated that central to Facebook's jurisdictional argument was the notion that StudiVZ had reached out to California, submitted to California law, venue and jurisdiction and then stole intellectual property located in the state, Mr. Walker stated that he was still not persuaded and that in any event we should wait to speak to Mr. Smith. Mr. Walker stated that although he could not speak with absolute certainty regarding many of Defendants' discovery positions, he was fairly certain that Defendants would under no circumstances produce source code.

19. On January 6, 2008, the parties held a final meet and confer. Mr. Smith was in attendance. The conference first touched on the upcoming depositions of two "personal jurisdiction" witnesses that StudiVZ and the Holtzbrinck defendants had agreed to produce. Given the disagreement as to the scope of what "personal jurisdiction" discovery meant, Mr. Gray

DECLARATION OF JULIO C. AVALOS IN SUPPORT OF FACEBOOK'S MOTION TO ENLARGE TIME

| | |
|---|---|
| 1 | sought to clarify the topics that these witnesses would be prepared to testify to. Mr. Smith |
| 2 | indicated that the Holtzbrinck witness, Martin Weber, would be able to testify to his knowledge |
| 3 | of StudiVZ's accessing of Facebook, which Mr. Smith stated he probably knew nothing about. |
| 4 | Mr. Gray stated, "I don't want to fly to Germany and find out that I'm not going to get answers. |
| 5 | It sounded from my conversations with Bill [Mr. Walker], that these guys were only going to |
| 6 | testify about stuff in their declarations [in support of Defendants' Motions to Dismiss for Lack of |
| 7 | Personal Jurisdiction]. We want to ask him about his knowledge about Bemmann, Dariani, if |
| 8 | they had access to Facebook source code to develop the site, etc." Mr. Smith answered, "Well – |
| 9 | I'm willing to allow – No, you know what, I'm willing to allow him to testify about that fully. |
| 10 | Period. I think I'm willing to allow him to testify about that. I could fight you on this, but I don't |
| 11 | have any particular reason to." With respect to Mr. Brehm, the StudiVZ "personal jurisdiction" |
| 12 | witness, Mr. Smith stated that he might try to limit any testimony regarding the accessing of |
| 13 | Facebook to "copying," but that "I'm using a broad definition of copying. I'm not going to slice |
| 14 | it that thinly." |
| 15 | 20. With respect to the outstanding discovery requests, the parties were unable to |
| 16 | reach an agreement regarding the proper scope of personal jurisdiction discovery. Mr. Smith |
| 17 | stated that most discovery going to access or the development of StudiVZ did not have to do with |
| 18 | personal jurisdiction or, the corollary, dealt only with the merits of the case. He stated that he |
| 19 | would fight this "all the way to the Supreme Court if I have to." Mr. Smith argued that Facebook |
| 20 | was not entitled to any and all discovery that related to StudiVZ's accessing of Facebook in the |
| 21 | course and conduct of StudiVZ's business. Mr. Smith stated that no "access" or "development" |
| 22 | documents would be produced unless those documents also evidenced some additional predicate |
| 23 | act related to Facebook's causes of action, such as "copying." He also stated that no documents |
| 24 | would be produced unless Facebook first agreed that it would waive its right to move to compel |
| 25 | future production. My colleague Mr. Gray suggested that Defendants produce whatever access |
| 26 | and development documents they felt did go to personal jurisdiction and that a resolution could |
| 27 | then be more productively made. Mr. Smith refused. Mr. Gray argued that access and |
| 28 | development documents were relevant to Facebook's *Calder* effects argument. Mr. Smith agreed |

DECLARATION OF JULIO C. AVALOS IN SUPPORT OF FACEBOOK'S MOTION TO ENLARGE TIME

in principle, but stated that the discovery would be withheld barring an agreement as to future discovery and the understanding that no documents that did not evidence the additional predicate act such as "copying" would be produced.

21. Nearing the end of the January 6 meet and confer, my colleague Mr. Gray raised the issue of Facebook's upcoming January 16 deadline to oppose Defendants' motions to dismiss. Mr. Gray stated that it appeared unlikely that Facebook would receive the personal jurisdiction discovery that it sought prior to January 16 and that the parties should agree to take the hearing for Defendants' motions off calendar. Mr. Smith responded that he agreed to take the hearing off calendar for Defendant StudiVZ, but would prefer not to do so with respect to the Holtzbrinck Defendants. He would agree to a continuance of a few weeks, but would not take the hearing off calendar because, he said, "I'm still hopeful that you guys will agree to voluntarily dismiss them. I'd agree to doing it without prejudice like we did for the other Holtzbrinck defendant. If you guys find out something later on, you'd be free to add them again, but for now my goal is to get them voluntarily dismissed without producing any discovery. I don't think they should be part of this case." Mr. Gray responded that he would prefer to take the Holtzbrinck Defendants' motions to dismiss hearing off calendar as well, but that the parties would talk about it again. The final word on the subject came from Mr. Gray, who sought confirmation that Mr. Smith would agree to take StudiVZ off calendar and grant a few week continuance with respect to the Holtzbrinck Defendants. Mr. Smith stated, "That's right, but just a few weeks, two or three weeks."

22. In reliance on these representations, Facebook did not move to continue its deadline to oppose Defendants' motions to dismiss.

23. The following day, January 7, 2009, my colleague Mr. Gray sent an email to Mr. Smith regarding the upcoming personal jurisdiction depositions. The email stated, in relevant part, "I might add that I was concerned that we might not go forward with the depositions based on the meet and confer that I had with Bill Walker last week. Based on Bill's statements, it seemed like you were only going to allow Messrs. Brehm and Weber to testify about the issues raised in their declarations filed in support of the defendants' motion. It makes sense to go forward with the depositions, however, based on your comments yesterday that you would allow

DECLARATION OF JULIO C. AVALOS IN SUPPORT OF FACEBOOK'S MOTION TO ENLARGE TIME

the witnesses to testify about whether StudiVZ's [sic] accessed the Facebook site or IP in order to copy (to be loosely defined) the Facebook site or in furtherance of the other claims alleged by Facebook in the complaint. I appreciate your clarification regarding that issue."

24. Mr. Smith then responded, "You are again mischaracterizing what I offered to do as an 'agreement.' I do not know how many more times I could have possibly repeated the point – I was willing to agree to a limitation on scope along the lines of what you describe below <u>if and only if</u> you also agreed. I am not and have never been willing to agree, only to have you not agree and move to compel anyway . . . So at the moment, there is no agreement on questions related to access." Accordingly, as there was no agreement on questions related to access, Mr. Gray cancelled the depositions in Frankfurt, Germany.

25. On January 13, 2009, three days before Facebook's deadline to oppose Defendants' motions to dismiss, counsel for the parties had a telephone conversation in which Defendants' counsel stated for the first time that Defendants would agree to a continuance of the hearing on the Holtzbrinck Defendants' motion to dismiss only if Facebook agreed to "bifurcate" Defendants' *forum non conveniens* arguments from Defendants' personal jurisdiction arguments. Mr. Gray stated that he would think over the proposal.

26. The following day, two days before Facebook's deadline to oppose Defendants' motions to dismiss, the parties discussed Defendants' counsel "bifurcation" proposal. Mr. Gray advised Mr. Smith that Facebook would not agree to bifurcate the motions by party-defendant. Losing his temper, Defendants' counsel stated that he no longer agreed to continue any of Facebook's oppositions or the February 13 hearing and said that Facebook would have to file its oppositions on the deadline of January 16, 2009.

27. Facebook drafted its Opposition to Defendants' Motions to Dismiss without any discovery relating to Facebook's jurisdictional theories.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this 23rd day of January, at Paris, France.

                                            /s/ Julio C. Avalos /s/
                                                   Julio C. Avalos

# **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 23, 2009.

Dated: January 23, 2009                    Respectfully submitted,

                                           /s/ Julio C. Avalos /s/
                                           Julio C. Avalos