STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
Holtzbrinck Ventures GmbH and
Holtzbrinck Networks GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendant. | Case No. 5:08-CV-03468 JF <br> Assigned To: Hon. Jeremy Fogel <br><br> **OPPOSITION OF HOLTZBRINCK NETWORKS AND HOLTZBRINCK VENTURES TO FACEBOOK'S MOTION TO ENLARGE TIME** <br><br> [Declaration of Stephen S. Smith (and exhibits thereto) concurrently filed] <br><br> Complaint Filed: July 18, 2008 |

## I. INTRODUCTION

Facebook has filed a single motion to enlarge time on <u>both</u> motions to dismiss – the motion to dismiss of the Holtzbrinck defendants and the motion to dismiss of StudiVZ. Facebook ignores the dispositive differences between the two motions to dismiss and, instead, groups all "Defendants" together as one.[1]

Facebook fails to tell the Court that the parties' ongoing discovery dispute has <u>nothing</u> to do with the Holtzbrinck defendants, but instead relates solely to StudiVZ and solely to the personal jurisdiction part of StudiVZ's motion. The Holtzbrinck defendants have given Facebook all of the discovery it has demanded. Facebook has <u>not</u> even threatened to move to compel anything from <u>these</u> defendants.

Facebook also fails to tell the Court (except via a passing reference at paragraph 24 of Mr. Avalos' declaration) that Facebook <u>canceled</u> the deposition of Martin Weber, the only Holtzbrinck witness that Facebook has ever asked to depose. Facebook cancelled that deposition one business day before it was scheduled to commence, knowing that defense counsel had already flown to Germany to attend it. Facebook admits that the reason given for cancelling had nothing to do with the Holtzbrinck defendants or with Mr. Weber but instead related solely to StudiVZ's witness, Michael Brehm, who was scheduled to be deposed the day before Mr. Weber. Thus, Facebook may not now claim that it needs more discovery.

Facebook also fails to give an accurate account of counsels' discussions about potentially giving Facebook more time to oppose the motions to dismiss. The reason Facebook asked for such an extension in the first place, and the reason defense counsel was initially amenable to it, was <u>so that Facebook could incorporate into its opposition what it learned at Mr. Weber's deposition</u>. Given Facebook's 11th hour decision to cancel of that deposition, it should not be heard to complain that it needs more time to oppose the Holtzbrinck defendants' motion to dismiss.

---

[1] Because of the differences between the Holtzbrinck defendants, on the one hand, and StudiVZ, on the other, StudiVZ is concurrently filing a separate opposition to the instant motion.

37106-00002/1673402.4          1

THE HOLTZBRINCK DEFENDANTS' OPPOSITION TO FACEBOOK, INC.'S MOTION TO ENLARGE TIME

Facebook now seems to say that it did no work on the opposition from October 22, 2008 through January 13, 2009 (a period of almost three months). Instead, it waited to start writing until only "two days" before its opposition was due supposedly because it thought that defendants would agree to move the hearing date even though Facebook had just cancelled the deposition that had been the whole reason for its request. That is not good cause for an enlargement of time.

Facebook also fails to tell the Court that, even after the cancellation of the deposition, defendants offered Facebook more time as long as Facebook would agree in return to a short extension of only two to three weeks and to having the *forum non conveniens* portion of the StudiVZ motion (for which there are also no pending discovery issues) heard at the same time. Facebook rejected that proposal.

The reason Facebook rejected that proposal is now clear. Facebook seeks "two bites at the apple." It wants an enlargement of time only if the Court "is inclined to grant Defendants' motions." (Mot. at 1:27-28). Of course, that will require defendants to file two separate sets of replies for absolutely no reason. And it will require the Court to consider each issue (personal jurisdiction and *forum non conveniens*) in both motions to dismiss twice. This type of procedure makes no sense and results in an unnecessary waste of judicial time and resources.

Accordingly, the hearing of the Holtzbrinck defendants' motion to dismiss should remain on February 13, 2009.

## II. THERE IS NO OPEN DISCOVERY DISPUTE REGARDING FACEBOOK'S WRITTEN DISCOVERY REQUESTS.

The Holtzbrinck defendants filed their motion to dismiss on October 22, 2008. (Docket Nos. 41, 42). Facebook had previously served the Holtzbrinck defendants written discovery requests on October 14, 2008, and they timely responded on November 17, 2008. (Declaration of Stephen S. Smith ["Smith Decl."], ¶ 2).

Facebook initially believed that those responses were inadequate. The parties engaged in meet and confer, which culminated on November 26, 2008 with a

1 resolution of the discovery disputes related to the Holtzbrinck defendants. The
2 Holtzbrinck defendants agreed to supplement their interrogatory responses, which
3 they did on December 24, 2008. They also agreed to produce (a) any portions of the
4 agreement by which they purchased StudiVZ, and any due diligence documents
5 associated with that acquisition, that made any explicit or implicit mention of
6 Facebook, and (b) any StudiVZ board meeting minutes that contain any implicit or
7 explicit reference to Facebook. In return, Facebook withdrew its other document
8 requests. Facebook has never claimed that the supplemental interrogatory response
9 or document production was inadequate or incomplete. Facebook has not moved to
10 compel or threatened to move to compel with respect to the Holtzbrinck defendants.[2]
11 (Smith Decl., ¶¶ 2-4).

## III. FACEBOOK WAS GIVEN THE OPPORTUNITY TO DEPOSE THE SINGLE HOLTZBRINCK WITNESS IT ASKED TO DEPOSE.

The only Holtzbrinck witness Facebook asked to depose was Martin Weber, the managing director of the Holtzbrinck defendants and the declarant in support of the Holtzbrinck defendants' motions to dismiss. The parties agreed that Mr. Weber's deposition would take place in Frankfurt, Germany on January 13, 2009. Facebook noticed the deposition for that date and place. (Smith Decl., ¶ 10; Ex. G).

Then, at 10:57 p.m. PST on Thursday, January 8, 2009 (8:57 a.m. on Friday, January 9, 2009 in Germany), Facebook canceled the deposition. The reason given for cancelling Mr. Weber's deposition had nothing to do with Mr. Weber or the Holtzbrinck defendants. Rather, it related to a single topic that was relevant only to StudiVZ and StudiVZ's witness, Michael Brehm, whose deposition was scheduled for January 12, 2009. Prior to defense counsel flying to Germany, Facebook had never indicated that it would cancel the deposition of either witness if disagreement

---

[2] As stated by Facebook's counsel on the record on December 16, 2008: "We have largely been able to work out every issue. . . ." (Exhibit A to Avalos Decl. at Page 5 of 28 [Reporter's Transcript at 4:23-24]) (Docket No. 78-2). The "very few issues" that remained unresolved related to StudiVZ, not the Holtzbrinck defendants.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

over this single topic was not resolved in advance.[3] (Smith Decl., ¶¶ 11-13).

## IV. FACEBOOK MISCHARACTERIZES THE PARTIES' DISCUSSIONS ABOUT CONTINUING THE HEARING DATE.

Defendants noticed the motions to dismiss four months before the hearing so that Facebook would have time to obtain discovery related thereto. As noted above, the written discovery issues were resolved well before the January 16, 2009 due date of Facebook's opposition. However, because Mr. Weber's deposition was not scheduled to commence until January 13, 2009, Facebook asked for more time to incorporate into its opposition to the Holtzbrinck motion to dismiss what it learned at Mr. Weber's deposition. Defense counsel was agreeable to moving the hearing date of that motion for two or three weeks <u>for that purpose</u>. Facebook's cancellation of the deposition obviated the whole reason for the request. (Smith Decl., ¶¶ 16-17).

Nonetheless, Facebook wanted more time to oppose. It now admits that it did no work on the opposition during the <u>three months</u> it was pending, hoping that defendants would agree to move the hearing date despite the fact that Facebook intentionally cancelled the deposition, which was the only impetus for the request.

Defendants could have simply said "no," but they did not. They offered to move the hearing date if (1) the continuance was short (i.e., two or three weeks), and (2) Facebook would agree that the *forum non conveniens* portion of StudiVZ's motion to dismiss could be heard at the same time. As explained in more detail in the concurrently-filed *partial* opposition of StudiVZ, Defendants were unwilling to move the *forum non conveniens* portion of the StudiVZ motion to dismiss because there has <u>never</u> been any open discovery issue with respect to *forum non conveniens*. Facebook rejected that proposal. (Smith Decl., ¶¶ 19-20).

Defendants then went another step further, and offered to stipulate to a later

---

[3] Facebook was told in writing that defense counsel was flying to Germany on "Wednesday evening," January 7, 2009. Facebook also knew that defense counsel was in fact in Germany when it canceled. This last minute cancellation will be the subject of a separate motion for sanctions, which defendants will file on January 27, 2009. (Smith Decl., ¶¶ 11-12, 23 fn.1; Ex. I).

hearing date on the personal jurisdiction portion of the StudiVZ motion to dismiss, while allowing Facebook to still seek all of the other relief it seeks via the instant motion. In other words, Facebook would get at least "1/4 of what you want (and it is the biggest quarter) without asking for anything in return." (Ex. A to Gray Decl. at page 2 of 7) (Docket No. 79-2). Defendants made this offer simply so that they would not have to file a totally unnecessary reply in support of the personal jurisdiction portion of StudiVZ's motion to dismiss now, which it would then "throw in the trash when the court grants that part of your motion, which I am not opposing." (Id. At page 4 of 7). Facebook rejected that offer as well.

Facebook simply wants to file two oppositions and to force Defendants to file two sets of replies. Facebook admits this explicitly. It seeks more time only if the Court "is inclined to grant Defendants' motions." (Mot. At 1:27-28). By definition, Defendants will have to file reply papers now because the Court cannot determine whether it "is inclined to grant Defendants' motions" without first seeing those replies. If the Court is so inclined, and if the Court grants Facebook the relied it seeks, then Defendants will have to file a second set of reply papers later. This double-briefing would result in a waste of judicial resources, and all for no reason, given that there is no open discovery issue with respect to the Holtzbrinck motion to dismiss and the *forum non conveniens* portion of the StudiVZ motion to dismiss.

## V. <u>CONCLUSION</u>

For these reasons, the Holtzbrinck defendants respectfully request that the Court keep the Holtzbrinck motion to dismiss on hearing for February 13, 2009.

DATED: January 26, 2009

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: /s/ Stephen S. Smith
STEPHEN S. SMITH
Attorneys for Defendants Holtzbrinck
Networks GmbH and Holtzbrinck
Ventures GmbH