STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants studiVZ Ltd.,
Holtzbrinck Networks GmbH, and
Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-CV-03468 JF |
| Plaintiff, | Assigned To: Hon. Jeremy Fogel |
| v. | **NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST PLAINTIFF AND ITS COUNSEL DUE TO FACEBOOK'S CANCELLATION OF DEPOSITIONS *AFTER* DEFENSE COUNSEL HAD ALREADY FLOWN TO GERMANY** |
| STUDIVZ LTD., , HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, | |
| Defendants. | [Declarations of Stephen S. Smith (with exhibits) and William M. Walker, and (Proposed) Order filed concurrently] |
| | Date:           March 3, 2009 |
| | Time:           10:00 a.m. |
| | Dept./Place:    Courtroom 2, 5th Floor |
| |                 Hon. Howard R. Lloyd |
| | Complaint Filed: July 18, 2008 |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

TO PLAINTIFF FACEBOOK, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 3, 2009 at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 2 of the above entitled Court, located at 280 S. First Street, San Jose CA 95113, defendants studiVZ Ltd., Holtzbrinck Networks GmbH, and Holtzbrinck Ventures GmbH (collectively, "Defendants") will move this Court for an order for sanctions against plaintiff Facebook, Inc. ("Facebook") and its counsel Orrick, Herrington & Sutcliffe LLP ("Orrick") reimbursing Defendants for the fees and costs associated with defense counsel's travel to Germany to attend the depositions of Martin Weber and Michael Brehm, which were noticed by Facebook to take place on January 12 and 13, 2009, which Facebook's counsel then canceled *after* defense counsel had already traveled to Germany.

This Motion is made pursuant to Rule 30(g)(1) of the Federal Rules of Civil Procedure and the Court's inherent authority to fashion appropriate relief for discovery abuses on the grounds that: (a) Facebook asked for the depositions and noticed them to take place on January 12 and 13, 2009 in Frankfurt, Germany as had been agreed to by the parties; (b) on Monday, January 5, 2009, defense counsel informed Facebook's counsel in writing that he would be leaving for Germany on "Wednesday evening," January 7, 2009; (c) defense counsel did in fact leave for Germany on a flight that departed at 9:00 p.m. on Wednesday evening, January 7, 2009, and arrived in Germany at approximately 6:30 p.m. German time on Thursday evening, January 8, 2009; (d) Facebook's counsel then canceled the depositions at 7:57 a.m. German time on Friday morning, January 9, 2009, just one hour before defense counsel's deposition preparation meeting in Germany was scheduled to begin with the witnesses.

///

///

1    This Motion is based upon this Notice, the attached Memorandum of Points

2  and Authorities, the concurrently-filed Declaration of Stephen S. Smith, and all

3  records and pleadings on file in this matter and as may be presented at or before the

4  hearing on this motion.

5

6  DATED:  January 27, 2009              GREENBERG GLUSKER FIELDS
                                         CLAMAN & MACHTINGER LLP
7

8
                                         By:   /s/ Stephen S. Smith
9                                              STEPHEN S. SMITH
                                         Attorneys for Defendants studiVZ Ltd.,
10                                        Holtzbrinck Networks GmbH, and
                                         Holtzbrinck Ventures GmbH
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants seek reimbursement of the fees and costs incurred in connection with flying its counsel to Germany to attend depositions noticed by Facebook, which Facebook then canceled *knowing that defense counsel had already traveled to Germany*.

## II.    FACTS

### A.    Facebook Asked to Depose Messrs. Weber and Brehm.

On October 22, 2008, Defendants filed motions to dismiss for lack of personal jurisdiction and *forum non conveniens*. (Docket Nos. 41, 42). In support of the motions, Defendants submitted, *inter alia*, the declarations of Martin Weber and Michael Brehm. (Docket Nos. 46, 47). Facebook asked to depose Messrs. Weber and Brehm, and Defendants agreed to produce them for deposition at Orrick's offices in Frankfurt, Germany on January 12 and 13, 2009. (Declaration of Stephen S. Smith ["Smith Decl."], ¶ 2). On January 7, 2009, Facebook also served Defendants with notices of depositions of Messrs. Weber and Brehm. (Smith Decl., ¶ 3; Exs. A and B).

### B.    The Parties Met and Conferred Over the Scope of Personal Jurisdiction Discovery.

Long before the motions to dismiss were filed, counsel for the parties had been engaged in ongoing "meet and confer" discussions about the appropriate scope of discovery related to personal jurisdiction. On October 14, 2008, Facebook had served document demands and interrogatories seeking discovery into various topics. Defendants objected to much of that discovery on the ground that it did not relate to any material issue of personal jurisdiction or venue. During meet and confer, the parties were able to reach tentative agreements as to the interrogatories

served on the two Holtzbrinck defendants and most of the interrogatories served on defendant StudiVZ, Ltd. ("StudiVZ"), and Defendants served supplemental interrogatory responses on December 24, 2008. In return for an agreement by the Holtzbrinck defendants to produce certain documents, Facebook also tentatively agreed to withdraw its document demands to those two defendants. The parties were also able to agree on compromises to many of the document demands served on StudiVZ, which were reflected in a supplemental response served on January 9, 2009. (Smith Decl., ¶ 4).

There remained, however, a few areas of disagreement concerning four interrogatories and eight document requests that were served on defendant StudiVZ. Those areas of disagreement had first arisen in October 2008 and were never resolved. In a nutshell, the dispute is whether those requests relate to personal jurisdiction issues or relate solely to the merits of the case. (Smith Decl. ¶ 5).

**C.**     **Defense Counsel Told Facebook's Counsel That He Was Leaving for Germany on "Wednesday Evening."**

As the depositions approached, Facebook's discussion about the outstanding written discovery topics began to overlap into a discussion of deposition "topics."

On December 30, 2008, Facebook orally asked whether Messrs. Weber and Brehm were being produced pursuant to Rule 30(b)(6). Facebook had previously served Rule 30(b)(6) notices, but had voluntarily withdrawn them in November 2008. For that reason, defendants said that the witnesses were not formally being produced under Rule 30(b)(6), but added that the witnesses were, in fact, the persons most knowledgeable about personal jurisdiction and forum and would be prepared to testify about those topics. (Smith Decl., ¶ 6; Walker Decl. ¶ 2).

On December 31, 2008 and January 5, 2009, the parties' counsel exchanged emails about the previous day's oral meet and confer. Facebook asked whether Messrs. Weber and Brehm were going to testify regarding the topics in Facebook's Rule 30(b)(6) deposition notices. Defense counsel again noted that the Rule 30(b)(6)

1   notices had been withdrawn, but that because many of the issues in those notices

2   related to personal jurisdiction and the witnesses were the most knowledgeable

3   about those issues, they necessarily would testify about those issues. However,

4   defense counsel also noted that the proper scope of questions relating to these issues

5   remained unresolved between the parties.

6       Defense counsel also opened the door to the possibility, at Facebook's

7   election, of making only one trip to Germany, later in the year, when all personal

8   jurisdiction witnesses could be deposed on one trip. However, he also noted that

9   Facebook had "understandably" not wanted to wait and had insisted on deposing

10  these two witnesses now, in part, because one of them, Mr. Brehm, would not be

11  available again until April. (Smith Decl., ¶ 7; Ex. C).

12      Defense counsel also told Facebook's counsel in writing that he would be

13  leaving for Germany to attend the depositions on "Wednesday evening," January 7,

14  2009. (Id.).

15      A further telephonic meet and confer took place at noon on Tuesday, January

16  6, 2009. This conference was almost two hours long. Many issues were discussed,

17  and the parties agreed on certain things and disagreed on others. One of the main

18  points of disagreement related to categories of document demands, interrogatories

19  and deposition questions that related to whether or not StudiVZ employees had ever

20  "accessed" Facebook (the "Access Issue"). The Access Issue related solely to the

21  deposition of Michael Brehm, the former Chief Operating Officer of StudiVZ. It did

22  not relate to Mr. Weber, as both counsel explicitly assumed that Mr. Weber did not

23  have knowledge about whether StudiVZ employees had ever accessed Facebook.

24  Facebook's counsel confirmed this understanding in an email dated January 7, 2009

25  at 9:33 p.m. PST. (Smith Decl. ¶ 8; Ex. D) ("As to Weber, you seemed comfortable

26  with all questions related to access (presumably bc he doesn't know anything about

27  what StudiVZ did)."). At no time during this call did Facebook indicate any

28  intention to even consider cancelling either deposition because of the disagreement

1  about the Access Issue.  To the contrary, Facebook's counsel stated that it would be

2  serving defendants with deposition notices later that same day.  (Smith Decl., ¶ 9).

3      At 4:03 p.m. on Wednesday, January 7, 2009, just as defense counsel was

4  about to leave for the airport, Facebook's counsel served deposition notices.  The

5  cover email also purported to confirm an agreement regarding the scope of the

6  deposition, specifically related to the Access Issue.  (Smith Decl., ¶ 10; Ex. D).

7  Defense counsel responded within 41 minutes, noting that, although there had been

8  discussion into that issue, no agreement had in fact been reached.  He then left for

9  the airport.  (Smith Decl., ¶ 11; Ex. D).

10      Defense counsel's flight took off at 9:00 p.m. on Wednesday evening,

11  January 7, 2009.  (Smith Decl., ¶ 12).

12      At the time he left, defense counsel had no idea that Facebook would cancel

13  the depositions.  To the contrary, on January 5, 2009, defense counsel had

14  implicitly invited Facebook to postpone the depositions so that all depositions could

15  take place on a single trip later in the year.  Facebook had not expressed any interest

16  and had, instead, noticed the depositions.  Although the 4:03 p.m. email on January

17  7, 2009 indicated (for the first time) that Facebook had <u>considered</u> postponing the

18  depositions, that statement was based on the stated worry that defendants were

19  going to allow the witnesses to testify <u>only</u> about what was in their declarations.  In

20  his 4:44 p.m. response, defense counsel reassured Facebook's counsel that the

21  depositions would <u>not</u> be so limited.  Rather, the deponents would be testifying

22  about anything related to jurisdiction or venue.  (Smith Decl., ¶ 13).

23      The only disagreement Facebook's counsel cited as a basis for cancelling the

24  depositions was the Access Issue, which was one of many issues they had discussed

25  over the previous three months.  However, the Access Issue was not the only issue

26  about which the parties were in disagreement.  Indeed, defense counsel had noted

27  explicitly in his January 5, 2009 email that the parties had not reached agreement

28  about a number of issues.  Yet, at no time prior to defense counsel leaving for

Germany had Facebook ever said that the depositions would be canceled if the Access Issue (or any other issue) was not resolved in advance. (Smith Decl., ¶ 14).

### D. Facebook Cancelled the Depositions Knowing that Defense Counsel Was Already in Germany.

At 9:33 p.m., Wednesday, January 7, 2009, <u>after defense counsel was already in the air on his way to Germany</u>, Facebook's counsel sent an email stating, *inter alia*, that "it [did] not look good for the depositions going forward" due to the parties' disagreement over the Access Issue. (Smith Decl., ¶ 15; Ex. D). Defense counsel did not see this email until he arrived in Germany.

After arriving at his hotel in Munich, at 12:17 p.m. PST, 9:17 p.m. German time, on Thursday, January 8, 2009, defense counsel responded to Facebook's email. Among other things, defense counsel noted that Facebook knew of his travel plans and knew that the dispute over the Access Issue did not have "anything to do with Martin Weber."[1] (Smith Decl., ¶ 16; Ex. D).

Defense counsel also sought to reassure Facebook that it would be entitled to ask any questions within reason that possibly related to personal jurisdiction or forum.

"[The witnesses] will testify about any and all issues that are reasonably related to jurisdiction and/or venue. I will do everything possible to take an expansive view of those issues within reason . . . . If you approach an area that goes into a solely merits based area, then I will object. And if there is some ambiguity, I will do my best to work with you so that you get what you need for jurisdiction and venue without the deposition turning into a free for all about the case as a whole. But since we do not have any pre-established agreement, and

---

[1] As noted above, Facebook's own counsel had noted in his email of January 7, 2009 at 9:33 p.m. PST, that there was no disagreement as to the scope of Mr. Weber's deposition because Mr. Weber did not have any knowledge of how, when or why any StudiVZ employee might have accessed Facebook. (Smith Decl., ¶ 8; Ex. D).

|     |                                                                             |
| --- | --------------------------------------------------------------------------- |
| 1   | because I have not yet heard the questions and have not seen you lay         |
| 2   | any foundation yet, I am not going to simply agree to allow you to ask       |
| 3   | anything you want about the case in advance."                                |

(Smith Decl., ¶ 16; Ex. D) (emphasis added).  Defense counsel then went to bed. (Smith Decl., ¶ 17).

The next morning, at 7:57 a.m. German time (10:57 p.m. PST), on Friday, January 9, 2009, Facebook responded to defense counsel's email by cancelling the depositions.  (Smith Decl., ¶ 18; Ex. D).

### E.     The Meet and Confer About The Instant Motion.

Upon returning to the United States, defense counsel met and conferred with Facebook's counsel on January 13 and 14, 2009 about the cancellation of the depositions and defendants intent to file the instant motion.  On January 20 and 21, 2009, the parties' counsel agreed that this motion would be set for hearing on March 3, 2009.  Defense counsel also explicitly asked Facebook's counsel to pay for the expenses and fees incurred in connection with the depositions.  Facebook's counsel rejected that request.  (Smith Decl. ¶ 23).

## III.   ARGUMENT

### A.     Facebook Cancelled the Depositions Without Justification.

The depositions were scheduled to commence on Monday morning at 9:30.  It takes 11 hours to fly to Germany from Los Angeles, and Germany is nine hours ahead of California.  If defense counsel was going to meet with the witnesses on a business day before the depositions, then he had no choice but to leave by no later than Wednesday evening.

In any event, Facebook had actual knowledge of defense counsel's travel plans.  Defense counsel expressly informed Facebook of those plans in writing on January 5, 2009.  (Smith Decl., ¶ 7; Ex. C).  And Facebook knew that defense counsel was in Germany when it canceled.  (Ex. D).

Defense counsel would not have flown to Germany if he had <u>any</u> reason to suspect that Facebook would cancel the depositions. First, January 7, 2009 was defense counsel's 16th wedding anniversary. The last thing he wanted to do was fly half way around the world on his anniversary. Second, his clients' general counsel, Dr. Anka Reich, and one of the witnesses, Mr. Brehm, had to travel to Munich (the location of Mr. Weber) for the deposition preparation meeting on Friday, January 9, 2009. Defense counsel would not have had his own clients go to that inconvenience for nothing. Indeed, given his email on Thursday evening, where he agreed to allow Facebook to ask questions concerning "any and all issues that are reasonably related to jurisdiction and/or venue" and that he would "do everything possible to take an expansive view of those issues within reason," defense counsel fully believed at the time he went to bed Thursday night that Facebook's counsel would go forward with the depositions. (Smith Decl., ¶ 19).

Although there was an ongoing disagreement between the parties as to certain areas of scope, that disagreement had existed for *months* and had involved multiple issues, not just the Access Issue. It was also already known to Facebook that it would need to make another trip to Germany later in the year in order to depose other witnesses that it hoped to depose. For that reason, defense counsel had implicitly invited Facebook to postpone the depositions "until April" so that the parties would only have to make one trip to Germany to take depositions about personal jurisdiction and venue issues. Facebook did not accept that invitation and continued to insist (as was its right) on taking the depositions on January 12 and 13, 2009 as Defendants had agreed. Facebook even served Defendants with deposition notices on Wednesday, January 7, 2009. (Smith Decl., ¶ 20; Ex. C).

The <u>only</u> thing that happened between the time that Facebook served the deposition notices and the time Facebook canceled the depositions was that Facebook attempted to confirm an agreement that had never been reached. Defense counsel did not delay in disputing Facebook's account, responding within 41

minutes of Facebook's inaccurate email. (Ex. D). The lack of complete pre-agreement on the Access Issue was not a valid basis to cancel, especially because defense counsel had already flown to Germany.

Finally, as even Facebook's own counsel has acknowledged, the Access Issue only affected one of the two scheduled depositions. Facebook had <u>no</u> basis to cancel the unaffected deposition of Martin Weber. (Smith Decl., ¶ 8; Ex. D). Facebook cannot argue that it was simply trying to avoid making two trips to Germany because it has always been Facebook's stated intention to make two trips given the other people it wants to depose. So even if Facebook wished to cancel Mr. Brehm's deposition, there was no reason to cancel Mr. Weber's deposition.

### B. <u>Facebook Should be Sanctioned.</u>

Rule 30(g)(1) of the Federal Rules of Civil Procedure allows a party to recover expenses, including attorney's fees, for it and/or its attorney attending a deposition if the noticing party fails to attend and proceed with the deposition.

"Courts have consistently interpreted Rule 30(g) to allow an award of expenses and attorney's fees where the party noticing the deposition fails to attend and *does not deliver sufficient notice of cancellation to the other party*." <u>Pine Lakes Int'l County Club v. Polo Ralph Lauren Corp.</u>, 127 F.R.D. 471, 472 (D. S.C. 1989) (emphasis added) (sanctioning party who cancelled a noticed deposition on the eve of the deposition for the costs and fees associated with the other party's attorney traveling to Boston for the deposition).

Courts also routinely include attorney's fees for the preparation of, and travel to, depositions as a sanction against parties who notice depositions that then do not go forward. <u>See, e.g.</u> <u>Delozier v. First Nat'l Bank of Gatlinburg</u>, 109 F.R.D. 161, 165-66 (E.D. Tenn. 1986). The same is true with respect to the party's travel expenses. <u>See, e.g.</u> <u>Tinsley v. Mavala, Inc.</u>, 226 F.Supp. 477, 479 (S.D.N.Y. 1964). Courts also routinely include the time that the non-cancelling attorney would have spent at depositions held in remote locations. <u>See, e.g.</u> <u>West v. West</u>, 126 F.R.D. 82,

83 (N.D. Ga. 1989) (awarding attorney's fees for both travel time to the Bahamas and the time that would have been spent at the depositions).

Here, defendants' outside counsel, Stephen Smith, defendants' in-house counsel, Anka Reich, and one of the deponents, Michael Brehm, travelled to Munich, Germany to prepare for the depositions that Facebook noticed. Defendants are only seeking the travel costs of Mr. Smith, which total $7,729.72. (Smith Decl., ¶ 21; Ex. E). In addition, Mr. Smith spent 5 hours preparing for the depositions, 28.50 hours traveling to and from Europe, and anticipated spending approximately 16 hours at the depositions. (Smith Decl., ¶ 22; Ex. F). Accordingly, defendants incurred $24,750 in attorneys' fees in connection with the depositions that Facebook cancelled.

Defendants respectfully request that the Court impose a monetary sanction against Facebook in the amount of $32,479.72, which is the total amount, in expenses and fees, incurred by Defendants in connection with Facebook's wrongful cancellation of the depositions.

## IV. **CONCLUSION**

For the above reasons, Defendants respectfully request that the Court grant the motion and sanction Facebook and its counsel for causing Defendants to incur a huge amount of money (and inconvenience) to fly their counsel to Germany for depositions that Facebook noticed and then wrongfully cancelled after defense counsel had flown to Germany.

DATED: January 27, 2009
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By: /s/ Stephen S. Smith
STEPHEN S. SMITH
Attorneys for Defendants studiVZ Ltd.,
Holtzbrinck Networks GmbH, and
Holtzbrinck Ventures GmbH

37106-00002/1672647.4

9