I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614-2558
Telephone: +1-949-567-6700
Facsimile: 949-567 6710

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25, <br><br> Defendant. | Case No. 5:08-cv-03468 JF <br><br> **NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST STUDIVZ LTD., HOLTZBRINCK VENTURES GMBH AND HOLTZBRINCK NETWORKS GMBH PURSUANT TO CIVIL L.R. 7-1 AND 37-2** <br><br> Date: March 3, 2009 <br> Time: 10:00 a.m. <br> Room: Courtroom 2, 5th Floor <br><br> Judge: Honorable Magistrate Judge Howard R. Lloyd, for Discovery Purposes |

# NOTICE OF MOTION

**TO DEFENDANTS STUDIVZ LTD., HOLTZBRINCK NETWORKS GMBH AND HOLTZBRINCK VENTURES GMBH**

PLEASE TAKE NOTICE that on March 3, 2009 at 10:00 a.m. or as soon thereafter as it may be heard, in Courtroom 2 of this Court, before the Honorable Howard R. Lloyd, Plaintiff Facebook, Inc., pursuant to N.D. Cal. Civil Local Rule 7-8, will and hereby does move for an order for sanctions against Defendants StudiVZ Ltd., Holtzbrinck Ventures GmbH and Holtzbrinck Networks GmbH. This motion is based on the accompanying Memorandum, the Declaration of Julio C. Avalos, and all pleadings and papers which are of record and are on file in this case.

Facebook requests that the Court sanction Defendants for legal fees incurred as a result of Defendants' bad faith tactics resulting in various unnecessary discovery conferences and the filing of Facebook's Motion to Compel Defendants' discovery responses. Facebook also requests that the Court issue a sanction inferring that all of Defendants' improperly withheld discovery would be favorable to Facebook.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Facebook, Inc. requests sanctions for certain actions taken by Defendants and their counsel. Facebook understands that requests for sanctions are not something sought in the general course of litigation and should not be taken lightly. However, the matters set forth in this memorandum demonstrate highly questionable and unprofessional activity that does not occur in typical litigation. From the outset, Defendants' strategy of unnecessarily stalling and delaying this litigation has been clear. Defendants' bad faith conduct has cost Facebook thousands of dollars in unnecessary legal fees incurred as it was strung along in a series of fruitless meet and confers during which Defendants' counsel made no effort to negotiate in good faith and which required the drafting of a motion to compel Defendants to comply with their discovery obligations.

The central dispute between the parties continues to be the scope of personal jurisdiction discovery. As explicitly admitted by Defendants' counsel during one of a half dozen meet and confers, Defendants' goal is to be dismissed from this litigation without producing any meaningful discovery. As a means to achieve this end, Defendants first raised a number of untenable and legally unsupported objections to Facebook's discovery requests, typically offering nothing but boilerplate objections and repeating the mantra that Facebook's requests were not relevant to personal jurisdiction. But, Defendants' counsel refused to identify which requests he felt did not relate to personal jurisdiction or his grounds for this objection.

Rather than negotiating in good faith, Defendants opted instead to file a premature Motion for Protective Order, effectively delaying any discovery for at least another month. But, Defendants' motion was incomprehensibly vague, both in its argumentation and the scope of requested relief and they ultimately withdrew the motion. During the hearing on their ill-conceived motion, Defendants conceded that Facebook is entitled to discovery in which personal jurisdiction is "intertwined" with the merits. Yet, Defendants have refused to respond to any such discovery, requiring Facebook to file the current motion.

It has since become clear that Defendants withdrew their motion for protective order

simply as a ruse by which to keep the issue of the proper scope of personal jurisdiction discovery unadjudicated for as long as possible.  Immediately following the December 16 hearing, Defendants returned to their old objections, even continuing to object to discovery requests on the grounds that such information would be used in the German action pending between the parties, an objection explicitly denied by the Court's Order of December 17, 2008.

Defendants have produced virtually no discovery relevant to Facebook's jurisdictional arguments, choosing instead to string Facebook along in a series of fruitless meet and confers. Defendants admit they are withholding responsive discovery, itself an improper, sanctionable offense.  As a result of Defendants' bad faith tactics, Facebook has been forced to file a concurrent Motion to Compel in order to resolve disputes that were properly before this Court nearly six weeks ago.

Facebook seeks sanctions against Defendants for the cost incurred in participating in discovery conferences in which Defendants refused to behave in good faith and for the costs incurred in filing the Motion to Compel Discovery Responses.  Further, as Defendants are admittedly withholding material, unprivileged discovery without reason and in direct contravention to their discovery obligations, Facebook requests that the Court enter an adverse inference regarding the contents of that discovery.  Finally, as a result of Defendants' consistent discovery abuses and bad faith negotiation tactics, Facebook requests that the Court assign a Special Master to be present at all future discovery events with the cost to be borne by Defendants.

**II.     STATEMENT OF FACTS**

**A.     Nature of the Case**

Facebook is suing defendants StudiVZ Ltd., Holtzbrinck Ventures GmbH and Holtzbrinck Networks GmbH (herein collectively referred to as the "StudiVZ Defendants") for trademark infringement, violation of California Penal Code 502(c), violation of the Computer Fraud and Abuse Act, breach of contract and breach of the covenant of good faith and fair dealing. Facebook's causes of action arise out of StudiVZ's willful accessing of Facebook's website and servers, its theft of Facebook's intellectual property, including trade dress and possibly source

code, and the subsequent use of that intellectual property in the design, creation and development of a number of knockoff websites run by StudiVZ.

### B. Defendants Forestall The Obligatory Rule 26(f) Conference, Agreeing To It Only After Facebook Files (And Then Agrees to Withdraw) A Motion for Discovery

On July 18, 2008, Defendants' lead counsel, Stephen S. Smith, sent a letter to Facebook stating that if Facebook sued Defendants in California federal court, Defendants would move to dismiss for, among other reasons, lack of personal jurisdiction and *forum non conveniens*. *See* Declaration of Julio C. Avalos In Support of Facebook's Motion for Sanctions ("Avalos Decl.") at ¶ 2. On August 28, 2008, Mr. Smith confirmed that Defendants would move to dismiss for lack of personal jurisdiction. *Id.* ¶ 3. Defendants initially refused to hold the obligatory Rule 26(f) conference. *Id.* ¶ 3. Facebook was thus forced to file a Motion for Expedited Personal Jurisdiction Discovery. *Id.* ¶ 4. Defendants then agreed to hold the conference in return for the withdrawal of the motion and the voluntary dismissal without prejudice of defendant Verlagsgruppe Georg von Holtzbrinck. *Id*.

The Rule 26(f) conference was held on October 9, 2008, officially opening the discovery period. *Id.* ¶ 5. On October 13, 2008, in response to an October 9 letter memorializing the Rule 26(f) conference, Mr. Smith wrote a letter stating that Facebook's list of discovery topics "includes issues that have nothing to do with personal jurisdiction" and that it was Defendants' position that "discovery into the merits of the case should be stayed pending the resolution of any motions to dismiss for lack of personal jurisdiction and/or *forum non conveniens*." *Id.* ¶ 6.

On October 14, 2008, Facebook propounded its First Set of Discovery Requests Relating to Personal Jurisdiction. *Id.* ¶ 7. On October 27, Facebook attempted to meet and confer with Defendants regarding the outstanding discovery. *Id.* ¶ 8. Mr. Smith repeated his objection that the requests touched on issues that had nothing to do with personal jurisdiction but refused to identify which requests or portions thereof that he found objectionable. *Id.* Four days later, on October 31, 2008, Defendants filed a Motion for Protective Order seeking to stay merits-based discovery and to prevent discovery produced in this matter from being used in any other litigation between the parties. *Id.* ¶ 9.

On November 17, 2008, Defendants responded to Facebook's First Set of Discovery Requests with uniform, blanket objections. *Id.* ¶ 10. With respect to some of the discovery requests, Defendants stated that they would agree to respond following the resolution of the pending Motion for Protective Order. *Id.* ¶ 10. In an attempt to resolve the discovery disputes, Facebook once again requested a meet and confer with Defendants.

### C. Defendants Use Meet and Confer Process As a Bad Faith Means To Stall Discovery

On November 26, 2008, the parties conducted the first substantive meet and confer with respect to Facebook's discovery requests. *Id.* ¶ 11. The central dispute between the parties centered around the proper scope of personal jurisdiction discovery. Defendants continued to object that Facebook's requests went beyond the bounds of jurisdictional issues and touched on the merits of this case. Specifically, Defendants' counsel objected that Facebook's discovery requests dealing with the "access" of Facebook by StudiVZ and the subsequent "development" of the StudiVZ websites did not go to the jurisdictional issues of this case. *Id.* However, Mr. Smith stated that StudiVZ might stipulate to the fact that it had indeed accessed Facebook and "done what Facebook claims they did." *Id.* ¶ 11. Mr. Smith stated that he doubted that this behavior was actionable, and that the parties would have to fight on this latter point. *Id.* Counsel for Facebook stated that even were StudiVZ to stipulate to accessing and copying Facebook intellectual property, Facebook would still be entitled to discovery within Mr. Smith's possession. Mr. Smith stated that he would have to "think about it." *Id.*

Mr. Smith made clear that he was in possession of evidence that would establish that StudiVZ employees had accessed Facebook in the course and conduct of their employment. *Id.* ¶ 11. He confirmed this point at a later meet and confer. *Id.* ¶ 12. Mr. Smith went back and forth between stating, on the one hand, that Defendants would produce these documents and, on the other, stating that these documents would only be produced if Facebook agreed to waive any future right to compel the production of more discovery. *Id.* Facebook refused to waive this right and reminded Mr. Smith that he had an obligation to produce discovery relevant to personal jurisdiction. *Id.* Mr. Smith stated that Facebook would receive at least some discovery relating to

StudiVZ's accessing of Facebook. *Id.* Based on this representation, Facebook felt that progress had been made towards resolving the outstanding discovery disputes.

On December 16, 2008, a hearing was held before this Court on Defendants' Motion for Protective Order. At the hearing, Mr. Smith began by stating that he thought that Facebook had misunderstood Defendants' Motion. *Id.* ¶ 13. He also stated that he agreed that Facebook was entitled to jurisdictional discovery that also touched on the merits of the case. *Id.* In light of the confusion over Defendants' motion, this Court then asked Mr. Smith whether he wished to withdraw his request for a stay of discovery. *Id.* Mr. Smith stated that he did. *Id.* Counsel for Facebook agreed that based on these representations and those made by Defendants' counsel at previous meet and confers, it appeared that the parties had resolved nearly all of the outstanding discovery disputes. With the understanding that Facebook and Defendants now agreed that Facebook was entitled to discovery that touched on the merits of the case if that discovery also informed Defendants' jurisdictional arguments, the Court accepted Mr. Smith's withdrawal of the motion . *Id. See* December 17, 2008 Order of Magistrate Judge Lloyd (Dkt. # 68).

The next day, on December 18, 2008, Defendants produced a first round of documents. Avalos Decl. ¶ 15. Defendants did not produce any emails, letters, or communications of any kind. Nor did the production contain any documents relating to StudiVZ's accessing of Facebook or the development and creation of StudiVZ. *Id.* Facebook accordingly called for another meet and confer which took place on December 23, 2008. *Id.* ¶ 16. Mr. Smith was unable to join the conference and Defendants were represented by Mr. Smith's partner, William Walker. *Id.* Mr. Walker appeared to be only generally aware of Defendants' positions on various outstanding discovery issues, but refused to take an affirmative position on them. *Id.* Mr. Walker stated that he would attempt to contact Mr. Smith regarding the outstanding discovery, and that a follow-up meet and confer should be scheduled for the following week. *Id.* Acting in good faith, Facebook agreed to postpone any motion to compel for another week. *Id.*

On December 24, 2008, Defendants served Supplemental Interrogatory Responses. The first General Objection in these responses stated that Defendants objected to Facebook's discovery requests on the grounds that discovery obtained through those requests would be used

in the pending German action between the parties. *Id.* ¶ 17. The Responses offered no new evidence as to StudiVZ's accessing of Facebook or the development of StudiVZ. *Id.*

On December 30, 2008, Mr. Smith was once again unavailable. *Id.* ¶ 18. Mr. Walker stated that he been unable to speak to either Mr. Smith or Defendants regarding the outstanding discovery. *Id.* He now suggested that another meet and confer be scheduled for the following week, at which Mr. Smith would most likely be present. *Id.* Facebook, once again acting in good faith and seeking an amicable resolution of the discovery dispute, agreed. *Id.*

The parties were unable to reach an agreement at the January 6, 2009 meet and confer. Despite his earlier representations to Facebook counsel and this Court, Mr. Smith stated that most discovery going to access or the development of StudiVZ did not have to do with personal jurisdiction or, the corollary, dealt only with the merits of the case. *Id.* He stated that he would fight this "all the way to the Supreme Court if I have to." *Id.* Mr. Smith argued that Facebook was not entitled to any and all discovery that related to StudiVZ's accessing of Facebook in the course and conduct of StudiVZ's business. *Id.* Mr. Smith stated that no "access" or "development" documents would be produced unless those documents also evidenced some additional predicate act related to Facebook's causes of action, such as "copying." *Id.* He also stated that no documents would be produced unless Facebook first agreed that it would waive its right to move to compel future production. *Id.* Facebook suggested that Defendants produce whatever access and development documents they felt did go to personal jurisdiction and that a resolution could then be more productively made. *Id.* Mr. Smith refused. *Id.* Facebook counsel argued that access and development documents were relevant to Facebook's *Calder* effects argument and that these issues had already been covered in the hearing on Defendants' Motion for Protective Order. *Id.* Mr. Smith, although stating that he agreed in principle, continued to state that discovery would be withheld barring an agreement as to future discovery and the understanding that no documents that did not evidence the additional predicate act such as "copying" would be produced.

During the January 6, 2009 meet and confer, counsel also discussed the upcoming depositions of Messrs. Brehm and Weber. Avalos Decl., ¶ 20. Counsel for Facebook thought an

1 agreement had been reached that would allow the witnesses to testify about Defendants'
2 accessing Facebooks' site, servers and intellectual property. *Id*. The next day, Mr. Smith claimed
3 no agreement had been reached. *Id*. In light of Defendants' position, Facebook was forced to
4 cancel the depositions. *Id*. It simply made no sense for Facebook to spend tens of thousands of
5 dollars and fly half way around the world only to have Mr. Smith object and instruct his witnesses
6 not to answer such questions.

On January 27, 2009, Facebook, having exceeded its meet and confer obligations, filed a Motion to Compel Full Discovery Responses from Defendants concurrently with this Motion for Sanctions.

### III. ANALYSIS

The Court has broad inherent power to police litigants and to manage its docket through, for example, monetary sanctions, including costs and attorneys' fees. *See*, *e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-47 (1991). The Court may also sanction attorneys and parties who have "multiplie[d] the proceedings in any case unreasonably and vexatiously" under 28 U.S.C. § 1927. *See*, *e.g.*, *Assoc'd Bus. Tel. Sys. Corp. v. Cohn*, No. C-93-1570-DJJ, 1994 WL 589487 at *3-4 (N.D. Cal. Oct. 4 1994) (awarding costs payable by plaintiff). Under the Federal Rules of Civil Procedure, the Court may award further sanctions to deter abusive conduct in discovery and motion practice. *See* Fed. R. Civ. Pro. 26. Under Federal Rule of Civil Procedure 37(b), a court may also order that matters at issue be deemed "established for purposes of the action." *See* Fed. R. Civ. P. 37(b)(2)(C). Finally, it is well-established that when a party withholds relevant evidence, the appropriate sanction is to "put the demanding party in the position in which it would have been had that discovery been entirely favorable." *Sauer v. Superior Court*, 195 Cal. App. 3d 213, 228-29 (1987). Financial sanctions are warranted where a party has withheld responsive, unprivileged discovery. *See Keithley v. Homestore.com, Inc.*, 2009 U.S. Dist. LEXIS 2720, Case No. C-03-04447 SI (N.D. Cal. January 7, 2009) (awarding monetary sanctions consisting of fees and costs incurred as a result of party's late production of documents).

It is clear that Defendants have executed a strategy meant only to increase Facebook's litigation costs, to "multiply the proceedings" in an unreasonable and vexatious manner, and to

1  withhold relevant discovery so as to prevent Facebook from adequately responding to
2  Defendants' jurisdictional challenges.  Defendants' counsel has repeatedly made clear that he is
3  in possession of evidence that would establish that StudiVZ accessed Facebook in the regular
4  course and conduct of its business.  Despite the unquestioned relevance and materiality of this
5  evidence, Defendants have refused to produce it, vacillating between objecting that these
6  documents somehow do not go to personal jurisdiction or, in the alternate, requiring of Facebook
7  some kind of "pay to play," stating that the documents will not be produced unless Facebook
8  agrees, sight unseen, that it will waive any future right to seek additional discovery.  This scheme
9  has no place in American jurisprudence.  Defendants have discovery obligations under the
10 Federal Rules of Civil Procedure that do not allow for bad faith *quid pro quo*.  Defendants are
11 obligated to produce relevant, unprivileged discovery irrespective of whether they can get
12 something of value in return.  Despite the fact that the parties disagree as to the proper scope of
13 personal jurisdiction discovery, it is clear that Defendants' possess, at the very least, some central
14 subset of documents that even he agrees go to personal jurisdiction.  These documents include, by
15 Defendants' counsel own admission, discovery related to StudiVZ's accessing of Facebook's
16 servers, the use of Facebook intellectual property by StudiVZ in the development,
17 implementation, and continued maintenance of the StudiVZ websites, as well as documents
18 relating to the thousands of commercial contracts into which StudiVZ has admittedly entered into
19 with California residents.

20       Defendants have improperly withheld documents, and have improperly refused to allow
21 their witnesses to testify about accessing Facebook's sites and intellectual property.  Accordingly,
22 Defendants should be required to pay monetary sanctions for the time Facebook has unnecessarily
23 spent in fruitless meet and confer session and filing this motion.

24       This case is similar to *Sauer v. Superior Court*, 195 Cal. App. 3d 213, 228-29 (1987).  In
25 *Sauer,* a party violated a court order requiring the production of financial records essential to the
26 plaintiff's claim.  Noting that the withheld evidence "could very reasonably have [had] a material
27 bearing on issues" essential to the determination of the case, *id.* at 222-23, the court imposed
28 upon the withholding party an issue sanction that "put the demanding party in the position in

which it would have been had that discovery been entirely favorable, i.e., the documents would have shown Sauer suffered no economic loss." *Id.* at 228-29. Here, as in *Sauer*, Defendants are explicitly withholding documents relevant to Facebook's jurisdictional arguments. As in *Sauer*, the documents being withheld by Defendants are highly material to Facebook's jurisdictional arguments. Accordingly, Facebook should be placed in the position in which it would have been had this discovery been entirely favorable, i.e., the documents show that StudiVZ accessed Facebook in violation of Facebook's Terms of Use and that the Facebook servers were accessed for the purpose of stealing Facebook's intellectual property contained thereon.

## IV. **CONCLUSION**

Accordingly, Facebook asks the Court to enter an issue sanction requiring that a negative inference be drawn from Defendants' withheld discovery. The inference shall place Facebook in the position it would have been in had the withheld discovery been entirely favorable to Facebook. Facebook further requests that the Court sanction Defendants for discovery abuses and that they accordingly be required to pay the costs and attorneys' fees incurred in the fruitless meet and confers of December 23, 2008, December 30, 2008 and January 6, 2009 as well as the costs incurred in bringing the concurrently-filed Motion to Compel. Facebook also requests that a Special Master be assigned to be present at all future discovery events, including meet and confer session, and any depositions of Defendants' witnesses, costs for same to be borne by Defendants.

Dated: January 27, 2009                                      ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                                     /s/ Thomas J. Gray
                                                                  THOMAS J. GRAY
                                                                  Attorneys for Plaintiff
                                                                  FACEBOOK, INC.

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 27, 2009. |
| 5 | Dated: January 27, 2009          Respectfully submitted, |
| 6 | |
| 7 |                                                           /s/ Thomas J. Gray<br>                                                           Thomas J. Gray |