| | |
|---|---|
| I. NEEL CHATTERJEE (State Bar No. 173985)<br>nchatterjee@orrick.com<br>JULIO C. AVALOS (STATE BAR NO. 255350)<br>javalos@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025<br>Telephone:     650-614-7400<br>Facsimile:     650-614-7401<br><br>THOMAS J. GRAY (STATE BAR NO. 191411)<br>tgray@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>4 Park Plaza<br>Suite 1600<br>Irvine, CA  92614-2558<br>Telephone:     +1-949-567-6700<br>Facsimile:     949-567 6710<br><br>Attorneys for Plaintiff<br>FACEBOOK, INC. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>                     Plaintiff,<br><br>         v.<br><br>STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH AND DOES 1-25,<br><br>                     Defendants. | Case No.  5:08-cv-03468 JF<br><br>**DECLARATION OF JULIO C. AVALOS IN SUPPORT OF FACEBOOK'S MOTION FOR SANCTIONS**<br>Date:     March 3, 2009<br>Time:    10:00 a.m.<br>Room:   Courtroom 2, 5th Floor<br>Judge:   Honorable Magistrate Judge<br>             Howard R. Lloyd,<br>             for Discovery Purposes |

- 1 - DECLARATION OF JULIO C. AVALOS IN SUPPORT OF MOTION FOR SANCTIONS

Dockets.Justia.com

I, Julio C. Avalos, declare as follows:

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for Plaintiff Facebook, Inc. I make this Declaration in support of Facebook's Motion For Sanctions Against Defendants StudiVZ Ltd., Holtzbrinck Ventures GmbH and Holtzbrinck Networks GmbH. I am an active member in good standing of the California State Bar. Except as set forth herein, I have personal knowledge of the facts stated herein and if called as a witness, could and would competently testify thereto.

2. On July 18, 2008, Facebook brought the instant action against Defendants StudiVZ, Ltd. ("StudiVZ") and Holtzbrinck Ventures GmbH and Holtzbrinck Networks GmbH (herein referred to as "the Holtzbrinck Defendants"). Earlier that day, StudiVZ had brought its own preemptive action for declaratory relief in German civil court. Mr. Smith sent a letter to Facebook stating that if Facebook sued Defendants in California federal court, Defendants would move to dismiss for, among other reasons, lack of personal jurisdiction and *forum non conveniens*.

3. On August 28, 2008, I had a telephonic conversation with Defendants' counsel, Stephen Smith. Mr. Smith confirmed that Defendants would challenge this Court's personal jurisdiction over StudiVZ. On September 2, 2008, I, along with Neel Chatterjee, again spoke to Mr. Smith and he again confirmed that Defendants would move to dismiss for lack of personal jurisdiction. Mr. Smith refused to hold the obligatory Rule 26(f) conference.

4. On September 9, 2008, Facebook filed a Motion for Expedited Personal Jurisdiction Discovery, as it was unable to notice the discovery given Defendants' refusal to hold the Rule 26(f) conference.

5. On October 9, 2008, the parties held the obligatory Rule 26(f) conference via telephone. Defendants agreed to the conference in exchange for Facebook's withdrawal of its motion for expedited discovery and the voluntary dismissal without prejudice of defendant Verlagsgruppe Georg von Holtzbrinck. At the conference, Mr. Smith represented that Defendants agreed that Facebook was entitled to some discovery on the issue of personal jurisdiction. However, he stated that Defendants would not respond to any discovery requests

that they felt reflected on the merits of this case.

6. On October 13, 2008, in response to an October 9 letter from my colleague Tina Naicker, Mr. Smith wrote that Facebook's list of discovery topics "includes issues that have nothing to do with personal jurisdiction" and that it was Defendants' position that "discovery into the merits of the case should be stayed pending the resolution of any motions to dismiss for lack of personal jurisdiction and/or *forum non conveniens*."

7. On October 14, 2008, Facebook propounded its First Set of Discovery Requests.

8. On October 27, 2008, counsel for the parties attempted to have a meet and confer to discuss outstanding discovery issues. With respect to the outstanding discovery requests, Mr. Smith refused to identify any specific discovery requests to which his clients objected as going to the merits of the case. Mr. Smith simply stated that his clients would not produce any discovery not related to personal jurisdiction. He refused to identify which discovery requests he felt were not related to personal jurisdiction. Mr. Smith confirmed to my colleague Warrington S. Parker that there were areas of discovery to which Defendants did not object, but refused to identify them.

9. On October 31, 2008, Defendants filed a Motion for Protective Order seeking to stay merits-based discovery and to prevent discovery produced in this matter from being used in any other litigation between the parties.

10. On November 17, 2008, while the Motion for Protective Order was still pending, Defendants responded to Facebook's First Set of Discovery Requests with uniform, blanket objections. With respect to some of the discovery requests, Defendants stated that they would agree to respond following resolution of the pending Motion for Protective Order.

11. On November 26, 2008, parties' counsel conducted the first substantive meet and confer with respect to Facebook's discovery requests. The meet and confer lasted nearly two hours and the parties went through the discovery requests one-by-one. With respect to discovery requests aimed at evidence relating to StudiVZ's accessing and copying of the Facebook website, Mr. Smith stated that he was considering stipulating to the fact that StudiVZ had intentionally accessed the Facebook website and "done what you claim they did." He stated that he would

DECLARATION OF JULIO C. AVALOS IN SUPPORT OF MOTION FOR SANCTIONS

agree to produce the names, Facebook user accounts and other information related to StudiVZ's accessing of Facebook. Specifically, with respect to Facebook's Request For Production No. 14, which requests "ALL DOCUMENTS RELATED TO instances when YOU accessed [the] FACEBOOK website, www.facebook.com OR www.thefacebook.com," Mr. Smith stated, "My major problem is that I think this is where you cross from jurisdiction into merits. I think given the causes of action, you're entitled to know whether there are contacts with California related to the claims you have pled." Ms. Hurst then said, "There's no way to sort out the merits from the jurisdiction." Mr. Smith responded, "I think it's going to be undisputed that those people that had user accounts and used them in connection with their employment did at least what you claim they did. Now, we'll have a huge fight as to whether that violates the anti-hacking statute, but it's going to be undisputed that there were some users who accessed Facebook." Mr. Smith agreed to produce the names of the StudiVZ employees to which he was referring and their Facebook user accounts. He then stated that he would not produce them unless Facebook first agreed that it would limit its discovery requests and that it would not seek further discovery in the future. When Ms. Hurst told him that Facebook was entitled to discovery regarding StudiVZ's accessing of Facebook regardless of whether StudiVZ stipulated to having accessed the site for a commercial purpose, Mr. Smith stated that he would have to "think about it."

12. On December 2, 2008, the parties engaged in a follow-up meet and confer.

13. On December 16, 2008, this Court held a hearing on Defendants' Motion for Protective Order. I attended the hearing along with my colleague Annette Hurst. At the hearing, Mr. Smith represented that he felt that Facebook had misunderstood the nature of StudiVZ's motion. Mr. Smith stated that Defendants did not disagree that Facebook was entitled to discovery that involved intertwined issues of personal jurisdiction and the merits of this case. When this Court asked Mr. Smith whether he wished to withdraw his request to stay discovery, Mr. Smith answered in the affirmative.

14. Attached hereto as **Exhibit A** is a true and correct copy of the transcript of the December 16, 2008 hearing before Magistrate Judge Lloyd.

15. On December 18, 2008, Defendants produced a first round of documents but did

DECLARATION OF JULIO C. AVALOS IN SUPPORT OF MOTION FOR SANCTIONS

not serve supplemental responses to Facebook's interrogatories. Defendant StudiVZ Ltd. produced 198 pages consisting mostly of one contract. Defendant Holtzbrinck Networks produced a total of 9, heavily-redacted pages. The production contained no emails, letters, or communications of any kind. The production also contained no programming or source code. Despite Mr. Smith's November 26 representations regarding forthcoming evidence of StudiVZ's accessing and copying of Facebook's intellectual property, no such discovery was produced.

16. Following this production, the parties again met and conferred on December 23, 2008. Mr. Smith was unable to attend the conference and Defendants were represented by Mr. Smith's colleague, Bill Walker. Mr. Walker was only generally aware of the Defendants' positions on various outstanding discovery issues and stated that he would try to contact Mr. Smith (who was out on holiday vacation) prior to a follow-up meet and confer scheduled for December 30, 2008.

17. On December 24, 2008, Defendants served Supplemental Interrogatory Responses. The first General Objection in these Supplemental Interrogatory Responses stated that Defendants objected to Facebook's discovery requests on the grounds that discovery obtained through those requests would be used in the pending German action between the parties.

18. On December 30, 2008, the parties once again met and conferred. Defendants were once again represented by Bill Walker, who represented that in the time since the last meet and confer he had not been able to speak to Mr. Smith or Defendants and that he had no additional information with respect to various outstanding discovery disputes.

19. During this meet and confer, my colleague Tom Gray asked Mr. Walker whether it was Defendants' position that Facebook was not entitled to any discovery that touched simultaneously on jurisdictional and merits-related issues. Mr. Walker stated that this was not Defendants' position, but that neither he nor Defendants was persuaded that discovery relating to the development and implementation of the StudiVZ website was relevant to personal jurisdiction analysis. When Mr. Gray stated that central to Facebook's jurisdictional argument was the notion that StudiVZ had reached out to California, submitted to California law, venue and jurisdiction and then stole intellectual property located in the state, Mr. Walker stated that he was still not

DECLARATION OF JULIO C. AVALOS IN SUPPORT OF MOTION FOR SANCTIONS

persuaded and that in any event we should wait to speak to Mr. Smith. Mr. Walker stated that although he could not speak with absolute certainty regarding many of Defendants' discovery positions, he was fairly certain that Defendants would under no circumstances produce source code.

20. On January 6, 2008, the parties held a final meet and confer. Mr. Smith was in attendance. The conference first touched on the upcoming depositions of two "personal jurisdiction" witnesses that StudiVZ and the Holtzbrinck defendants had agreed to produce. Given the disagreement as to the scope of what "personal jurisdiction" discovery meant, Mr. Gray sought to clarify the topics that these witnesses would be prepared to testify to. Mr. Smith indicated that the Holtzbrinck witness, Martin Weber, would be able to testify to his knowledge of StudiVZ's accessing of Facebook, which Mr. Smith stated he probably knew nothing about. Mr. Gray stated, "I don't want to fly to Germany and find out that I'm not going to get answers. It sounded from my conversations with Bill [Mr. Walker], that these guys were only going to testify about stuff in their declarations [in support of Defendants' Motions to Dismiss for Lack of Personal Jurisdiction. We want to ask him about his knowledge about Bemmann, Dariani, if they had access to Facebook source code to develop the site, etc." Mr. Smith answered, "Well – I'm willing to allow – No, you know what, I'm willing to allow him to testify about that fully. Period. I think I'm willing to allow him to testify about that. I could fight you on this, but I don't have any particular reason to." With respect to Mr. Brehm, the StudiVZ "personal jurisdiction" witness, Mr. Smith stated that he might try to limit any testimony regarding the accessing of Facebook to "copying," but that "I'm using a broad definition of copying. I'm not going to slice it that thinly."

21. With respect to the outstanding discovery requests, the parties were unable to reach an agreement regarding the proper scope of personal jurisdiction discovery. Mr. Smith stated that most discovery going to access or the development of StudiVZ did not have to do with personal jurisdiction or, the corollary, dealt only with the merits of the case. He stated that he would fight this "all the way to the Supreme Court if I have to." Mr. Smith argued that Facebook was not entitled to any and all discovery that related to StudiVZ's accessing of Facebook in the

DECLARATION OF JULIO C. AVALOS IN SUPPORT OF MOTION FOR SANCTIONS

course and conduct of StudiVZ's business. Mr. Smith stated that no "access" or "development" documents would be produced unless those documents also evidenced some additional predicate act related to Facebook's causes of action, such as "copying." He also stated that no documents would be produced unless Facebook first agreed that it would waive its right to move to compel future production. My colleague Tom Gray suggested that Defendants produce whatever access and development documents they felt did go to personal jurisdiction and that a resolution could then be more productively made. Mr. Smith refused. Mr. Gray argued that access and development documents were relevant to Facebook's *Calder* effects argument. Mr. Smith agreed in principle, but stated that the discovery would be withheld barring an agreement as to future discovery and the understanding that no documents that did not evidence the additional predicate act such as "copying" would be produced.

22. At the end of the meet and confer, the parties discussed continuing the upcoming hearing on Defendants' Motions to Dismiss. Mr. Smith stated that he probably had no problem in taking the hearing off-calendar with respect to StudiVZ, but that he would like simply if Facebook voluntarily dismissed the Holtzbrinck Defendants instead. Mr. Smith then said, "Listen, my goal here is to get my client dismissed without having to give up any discovery."

23. The following day, January 7, 2009, my colleague Mr. Gray sent an email to Mr. Smith regarding the upcoming personal jurisdiction depositions. The email stated, in relevant part, "I might add that I was concerned that we might not go forward with the depositions based on the meet and confer that I had with Bill Walker last week. Based on Bill's statements, it seemed like you were only going to allow Messrs. Brehm and Weber to testify about the issues raised in their declarations filed in support of the defendants' motion. It makes sense to go forward with the depositions, however, based on your comments yesterday that you would allow the witnesses to testify about whether StudiVZ's [sic] accessed the Facebook site or IP in order to copy (to be loosely defined) the Facebook site or in furtherance of the other claims alleged by Facebook in the complaint. I appreciate your clarification regarding that issue."

24. Mr. Smith then responded, "You are again mischaracterizing what I offered to do as an 'agreement.' I do not know how many more times I could have possibly repeated the point

DECLARATION OF JULIO C. AVALOS IN SUPPORT OF
MOTION FOR SANCTIONS

– I was willing to agree to a limitation on scope along the lines of what you describe below <u>if and only if</u> you also agreed. I am not and have never been willing to agree, only to have you not agree and move to compel anyway . . . So at the moment, there is no agreement on questions related to access." Accordingly, as there was no agreement on questions related to access, Mr. Gray cancelled the depositions in Frankfurt, Germany.

25. A true and correct copy of Defendants' Supplemental Interrogatory Responses, which cite in full Facebook's Interrogatory Requests, is attached hereto as **Exhibit B**.

26. A true and correct copy of Defendants' Responses to Facebook's Request for Production, which cite in full Facebook's Requests for Production, is attached hereto as **Exhibit C.**

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this 27th day of January, at Menlo Park, California.

                                                          /s/ Julio C. Avalos /s/
                                                            Julio C. Avalos

# **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 27, 2009.

Dated: January 27, 2009.                    Respectfully submitted,

                                            /s/ Thomas J. Gray
                                            Thomas J. Gray

OHS West:260582484.1
16069-2005 J6A/A3D

- 1 -    DECLARATION OF JULIO C. AVALOS IN SUPPORT OF MOTION FOR SANCTIONS