STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
Holtzbrinck Networks GmbH and
Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25,<br><br>    Defendants. | Case No. 5:08-CV-03468 JF<br>Assigned To: Hon. Jeremy Fogel<br><br>**HOLTZBRINCK NETWORKS' AND HOLTZBRINCK VENTURES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO FACEBOOK, INC.'S MOTION TO COMPEL**<br><br>Date: March 3, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom 2, 5th Floor<br>      Hon. Howard R. Lloyd<br><br>[Declarations of Stephen S. Smith and William M. Walker (and exhibits thereto) concurrently filed]<br><br>Complaint Filed: July 18, 2008 |

HOLTZBRINCK DEFENDANTS' OPPOSITION TO FACEBOOK'S MOTIONS TO COMPEL

37106-00002/1674782.6

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................. 1

    A. The Holtzbrinck Defendants Filed a Motion to Dismiss and Facebook Agreed to a Hearing Date of February 13, 2009 ............... 1

    B. The Parties Reached Complete Agreement on the Discovery Propounded on the Holtzbrinck Defendants ........................................ 2

    C. Facebook Was Given the Opportunity to Depose the Single Holtzbrinck Witness It Asked to Depose ............................................. 2

    D. The Parties' Discussions About Continuing the Hearing Date for the Motions to Dismiss ...................................................................... 3

    E. Facebook Sought to Continue the Hearing on the Motions. ................. 4

    F. The Court Denied Facebook's Request to File a Supplemental Opposition Brief Regarding the Holtzbrinck Defendants .................... 5

III. ARGUMENT ....................................................................................................... 5

    A. This Motion is Moot with Respect to the Holtzbrinck Defendants ........................................................................................... 5

    B. There Is No Dispute That The Parties Came to Complete Agreement as to the Holtzbrinck Defendants and That Facebook Did Not Meet and Confer Prior to Moving to Compel ........................ 6

IV. CONCLUSION .................................................................................................... 9

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# TABLE OF AUTHORITIES

**Page**

**CASES**

Brooke Credit Corp. v. Lobell Ins. Servs., L.L.C.,
  2007 U.S. Dist. LEXIS 84814 (D. Kan. Nov. 15, 2007) ................................... 6

**COURT RULES**

FRCP 37(a)(2)(B) ............................................................................................... 7

N.D. Cal. L.R. 37-1(a) ........................................................................................ 7

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Holtzbrinck Networks, GmbH ("Networks") and Holtzbrinck Ventures, GmbH ("Ventures") (collectively the "Holtzbrinck Defendants") submit this separate opposition to Facebook's motion to compel. In this opposition, the Holtzbrinck Defendants raise arguments that apply only to them. In an effort to save the Court's time, the Holtzbrinck Defendants do not repeat herein the arguments that are contained in StudiVZ's separate opposition, but instead join in that opposition where the arguments as to all defendants overlap. As to the Holtzbrinck Defendants, Facebook's motion should be denied for these independent reasons:

First, the District Court Order dated January 27, 2009 renders moot Facebook's motion to compel as to the Holtzbrinck Defendants.

Second, Facebook may not move to compel against the Holtzbrinck Defendants because Facebook withdrew its requests for production of documents served on the Holtzbrinck Defendants and because the parties reached complete agreement on the interrogatories, which agreement was set forth in supplemental interrogatory responses served on December 24, 2008. Facebook has never claimed to the contrary and never met and conferred before filing the motion to compel.

For these reasons, (and for the reasons set forth in the StudiVZ opposition), the motion to compel should be denied.

## II. BACKGROUND

### A. The Holtzbrinck Defendants Filed a Motion to Dismiss and Facebook Agreed to a Hearing Date of February 13, 2009.

On October 22, 2008, defendants filed two motions to dismiss: one by the Holtzbrinck Defendants, and one by StudiVZ Ltd. (Docket Nos. 41, 42). Both motions were based on lack of personal jurisdiction and *forum non conveniens*. The

1  hearing on the motions was initially scheduled for February 13, 2009. Defendants
2  scheduled that date in consultation with Facebook so that Facebook could take
3  discovery relating to personal jurisdiction. (Smith Decl., ¶ 16).

### B. The Parties Reached Complete Agreement on the Discovery Propounded on the Holtzbrinck Defendants.

Facebook served the Holtzbrinck Defendants written discovery requests on October 14, 2008. The Holtzbrinck Defendants timely responded on November 17, 2008. (Smith Decl., ¶ 23).

Facebook initially believed the responses were inadequate. The parties then met and conferred, culminating on November 26, 2008 with a resolution of the discovery disputes related to the Holtzbrinck Defendants. The Holtzbrinck Defendants agreed to supplement their interrogatory responses, which they did on December 24, 2008. They also agreed to produce (a) any portions of the agreement by which they purchased StudiVZ, and any due diligence documents associated with that acquisition, that made any explicit or implicit mention of Facebook, and (b) any StudiVZ board meeting minutes that contain any implicit or explicit reference to Facebook. In return, Facebook withdrew its document requests. (Smith Decl., ¶ 28).

Prior to filing its motion to compel, Facebook never claimed that the supplemental interrogatory responses or document production were inadequate or incomplete. Facebook never even threatened to move to compel with respect to the Holtzbrinck Defendants.[1] (Smith Decl., ¶¶ 27-28).

### C. Facebook Was Given the Opportunity to Depose the Single Holtzbrinck Witness It Asked to Depose.

The only Holtzbrinck witness Facebook ever asked to depose was Martin Weber, the managing director of the Holtzbrinck Defendants and the declarant in

---

[1] As stated by Facebook's counsel on the record on December 16, 2008: "We have largely been able to work out every issue. . . ." (Exhibit A to Avalos Decl. at Page 5 of 28 [Reporter's Transcript at 4:23-24]) (Docket No. 78-2) (emphasis added). The "very few issues" that remained unresolved related to StudiVZ, not the Holtzbrinck defendants.

2
HOLTZBRINCK DEFENDANTS' OPPOSITION TO FACEBOOK'S MOTIONS TO COMPEL

37106-00002/1674782.6

support of the Holtzbrinck Defendants' motions to dismiss. The parties agreed that Mr. Weber's deposition would take place in Frankfurt, Germany on January 13, 2009, and Facebook noticed the deposition accordingly. (Smith Decl., ¶ 31; Docket No. 84-2).

Then, at 10:57 p.m. PST on Thursday, January 8, 2009 (8:57 a.m. on Friday, January 9, 2009 in Germany), Facebook canceled the deposition. The reason given for cancelling Mr. Weber's deposition had nothing to do with Mr. Weber or the Holtzbrinck Defendants. Rather, it related to a single topic that was relevant only to StudiVZ and StudiVZ's witness, Michael Brehm, whose deposition was scheduled for January 12, 2009. Prior to defense counsel flying to Germany, Facebook had <u>never</u> indicated that it would cancel the deposition of <u>either</u> witness if disagreement over this single topic was not resolved in advance. (Smith Decl. in Support of Defendants' Motion for Sanctions, ¶¶ 7-20) (Docket No. 84).

D. **The Parties' Discussions About Continuing the Hearing Date for the Motions to Dismiss.**

As noted above, the written discovery issues with respect to the Holtzbrinck Defendants were resolved well before the January 16, 2009 due date for Facebook's opposition to the Motion to Dismiss. However, because Mr. Weber's deposition was not scheduled to commence until January 13, 2009, Facebook asked for more time to incorporate into its opposition to the Holtzbrinck Motion to Dismiss what it learned at Mr. Weber's deposition. Defense counsel was agreeable to moving the hearing date of that motion for two or three weeks <u>for that purpose</u>. Facebook's cancellation of the deposition obviated the whole reason for the request. (Smith Decl. in Opposition to Motion to Enlarge Time, ¶¶ 17, 19) (Docket No. 82).

Nonetheless, even after canceling Mr. Weber's deposition, Facebook wanted more time to oppose the Holtzbrinck Motion to Dismiss. Facebook did *not* claim that it needed more time because there was a discovery dispute with respect to the Holtzbrinck Defendants. Rather, it wanted the additional time only because it had

3

not yet prepared its opposition brief. (Facebook's Motion to Enlarge Time at 1:23-24) (Docket No. 77).

Defendants could have simply said "no," but did not. They offered to move the hearing date of the Holtzbrinck Motion to Dismiss if (1) the continuance was short (i.e., two or three weeks), and (2) Facebook would agree that the *forum non conveniens* portion of the StudiVZ Motion to Dismiss could be heard at the same time. Defendants were unwilling to delay the Holtzbrinck Motion to Dismiss longer than two or three weeks because there was no open dispute about the Holtzbrinck Defendants' discovery responses. Similarly, defendants were unwilling to move the *forum non conveniens* portion of the StudiVZ Motion to Dismiss because there has <u>never</u> been any discovery dispute with respect to *forum non conveniens*. Facebook rejected that proposal without explanation. (Smith Decl. in Opposition to Motion to Enlarge Time, ¶¶ 16-21) (Docket No. 82).

E.     **Facebook Sought to Continue the Hearing on the Motions.**

On January 23, 2009, Facebook filed with the District Court a motion to continue for 90 days <u>*both*</u> Motions to Dismiss. (Docket No. 77). Facebook also asked the District Court to allow Facebook to file supplemental opposition papers with respect to <u>*both*</u> Motions to Dismiss. (Docket No. 77 at 1:25-2:3; Docket No. 77-2) Even though it sought to continue both Motions to Dismiss, Facebook made no argument as to why the Holtzbrinck Motion to Dismiss, specifically, should be continued (nor did it make any argument as to why the *forum non conveniens* portion of either Motion to Dismiss should be continued).

The Holtzbrinck Defendants opposed Facebook's motion. They expressly argued that there was no need for a continuance because it was undisputed that there were no outstanding discovery issues with respect to the Holtzbrinck Defendants regarding either personal jurisdiction or *forum non conveniens*. (Docket No. 80 at 1:6-10). StudiVZ opposed Facebook's motion only in part, agreeing that there were still pending, unresolved issues regarding personal jurisdiction discovery over

4

HOLTZBRINCK DEFENDANTS' OPPOSITION TO FACEBOOK'S MOTIONS TO COMPEL

37106-00002/1674782.6

StudiVZ but noting that there were no outstanding discovery issues at all relating to *forum non conveniens*. (Docket No. 81).

### F. **The Court Denied Facebook's Request to File a Supplemental Opposition Brief Regarding the Holtzbrinck Defendants.**

On January 28, 2009, the District Court issued its Order on Facebook's Motion to Enlarge Time. The Court granted Facebook's motion only in part and denied Facebook most of the relief it requested. First, the Court found:

> "A review of the record and the parties' papers reveals that Facebook has failed to demonstrate any reason to continue the February 13, 2009 hearing as to either defendant with respect to *forum non conveniens*, or as to Holzbrinck with respect to personal jurisdiction."

(Order at 2:15-17) (Docket No. 92). Second, the Court ruled that Facebook would only be "permitted to file a supplemental opposition with respect to whether this Court has *personal jurisdiction over StudiVZ* in light of any newly discovered material." (Order at 2:20-22) (Docket No. 92) (emphasis added). The District Court did *not* grant Facebook's request to file a supplemental opposition to the Holtzbrinck Defendants' motion to dismiss. (Id.).

## III. **ARGUMENT**

### A. **This Motion is Moot with Respect to the Holtzbrinck Defendants.**

Facebook argues that it needs the requested discovery "in order to oppose Defendants' Motions to Dismiss." (Mot. at 11:2-3) (Docket No. 91). However, as discussed above, (1) Facebook has already filed its opposition to the Holtzbrinck Defendants' Motion to Dismiss, and (2) the Court denied Facebook's request to file a supplemental brief. Thus, Facebook's Motion to Compel the Holtzbrinck Defendants to provide further responses to personal jurisdiction and *forum non conveniens* discovery is moot.

5

HOLTZBRINCK DEFENDANTS' OPPOSITION TO FACEBOOK'S MOTIONS TO COMPEL

37106-00002/1674782.6

The District Court ruled that Facebook had "failed to demonstrate *any reason*" to continue the hearing of the Holtzbrink Defendants' Motion to Dismiss. The only reason that the Court nonetheless continued the hearing was for "judicial economy" so that both motions would be heard at the same time.

The Order moots Facebook's Motion to Compel in two respects. First, by denying Facebook's request for leave to file a supplemental brief with respect to the Holtzbrinck Motion to Dismiss, the Court mooted any need for Facebook to obtain additional discovery from those defendants. Second, the Order demonstrates that the District Court necessarily found (just as the Holtzbrinck Defendants argued and as Facebook did not dispute) that all discovery issues between Facebook and the Holtzbrinck Defendants had, in fact, been resolved. In both respects, the District Court Order renders Facebook's current Motion to Compel as to the Holtzbrinck Defendants a waste of judicial resources and time. Cf. Brooke Credit Corp. v. Lobell Ins. Servs., L.L.C., 2007 U.S. Dist. LEXIS 84814 at *15-*16 (D. Kan. Nov. 15, 2007) (plaintiff's motion to compel related to personal jurisdiction denied because the issue became moot).

B. **There Is No Dispute That The Parties Came to Complete Agreement as to the Holtzbrinck Defendants and That Facebook Did Not Meet and Confer Prior to Moving to Compel.**

Although the Holtzbrinck Defendants believe that the January 28, 2009 Court Order clearly reflects that the District Court found that the parties had reached a resolution with respect to the written discovery served on the Holtzbrinck Defendants, the District Court did not expressly state that exact point. But if there were any doubt as to that issue, that doubt is removed by the undisputed evidence.

As noted above, counsel for Facebook withdrew the requests for production of documents that had been served on the Holtzbrinck Defendants in return for their agreement to produce certain limited categories of documents, which have since been produced. Facebook also agreed to accept supplemental interrogatory responses

6

HOLTZBRINCK DEFENDANTS' OPPOSITION TO FACEBOOK'S MOTIONS TO COMPEL

37106-00002/1674782.6

from the Holtzbrinck Defendants, which responses were served on December 24, 2008. The existence of this agreement is confirmed by the declaration of Stephen S. Smith filed with the District Court in connection with the Holtzbrinck Defendants' opposition to Facebook's Motion to Enlarge Time. (Docket No. 82, ¶ 5). The agreement is also confirmed in the declarations of Stephen S. Smith and William Walker filed now in connection with this opposition.

However, if that were not enough, it is also the case that Facebook has never even argued to the contrary.

First, Facebook did not claim that there was any open discovery dispute with respect to the Holtzbrinck Defendants in its Motion to Enlarge Time. Facebook knew full well by the time it filed that motion that the Holtzbrinck Defendants had refused to agree to any continuance of their motion *because* there was no open discovery dispute with respect to those defendants. Yet, nowhere in the Motion to Enlarge Time or in the declarations filed in support thereof did Facebook argue that such a dispute, in fact, existed.

Second, Facebook's counsel has not claimed that there is any open discovery dispute with respect to the Holtzbrinck Defendants in their declarations in support of the instant Motion to Compel. Facebook's motion includes a Certificate Pursuant to FRCP 37(a)(2)(B) and N.D. Cal. Civ. L.R. 37-1(a). That certificate is supposed to state that the issues raised in the motion have been the subject of Facebook's efforts to meet and confer. Facebook cites as support for that certificate the Declaration of Julio Avalos, paragraphs 21-35. Yet, those paragraphs do *not* contain any statement about any discovery dispute with respect to the Holtzbrinck Defendants. It is all about StudiVZ. Indeed, nowhere in Mr. Avalos's declaration or Thomas Gray's declaration does either Facebook counsel mention any specific complaint communicated by them or their colleagues to defense counsel about the Holtzbrinck Defendants' discovery responses or production of documents after November 26, 2008. Nor do they refer to or reference any written communication from Facebook's

counsel to defense counsel complaining about the Holtzbrinck Defendants' discovery responses or production of documents

Again, by the time Facebook filed these declarations, it knew full well that the Holtzbrinck Defendants had represented to the District Court that the parties had resolved *all* discovery issues with respect to the Holtzbrinck Defendants. Yet, they do not dispute or even address that point in the declarations filed in support of the Motion to Compel.

Third, the memorandum of points and authorities in support of the Motion to Compel focuses entirely on StudiVZ, and not the Holtzbrinck Defendants. Although Facebook uses the term "defendants," and even claims that the Holtzbrinck Defendants are also at issue in footnote 5, whenever any alleged fact is mentioned, it is always a fact about StudiVZ, not the Holtzbrinck Defendants. (The only exception is that at page 23, line 28, Facebook quotes from Holtzbrinck Networks' response to Request No. 13).

This lack of dispute is why the District Court found that Facebook had failed to provide *any* reason to continue the hearing of the Holtzbrinck Motion to Dismiss.

In sum, there is absolutely no basis for Facebook to move to compel anything from the Holtzbrinck Defendants. There was a complete agreement reached. The Holtzbrinck Defendants complied with that agreement. Facebook never said a word to the contrary. It never met and conferred. At the last minute, it simply decided to drop the Holtzbrinck Defendants into a motion that relates solely to StudiVZ.

///

///

///

HOLTZBRINCK DEFENDANTS' OPPOSITION TO FACEBOOK'S MOTIONS TO COMPEL

37106-00002/1674782.6

## IV. **CONCLUSION**

For all the foregoing reasons, the Holtzbrinck Defendants respectfully request that Facebook's motion be denied in its entirety.

DATED: February 10, 2009

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By: /s Stephen S. Smith
STEPHEN S. SMITH
Attorneys for Defendants
HOLTZBRINCK NETWORKS GmbH
and HOLTZBRINCK VENTURES GmbH

37106-00002/1674782.6