1   STEPHEN S. SMITH (SBN 166539)
    SSmith@GreenbergGlusker.com
2   WILLIAM M. WALKER (SBN 145559)
    WWalker@GreenbergGlusker.com
3   GREENBERG GLUSKER FIELDS
    CLAMAN & MACHTINGER LLP
4   1900 Avenue of the Stars, 21st Floor
    Los Angeles, California 90067-4590
5   Telephone: 310.553.3610
    Fax: 310.553.0687
6
7   Attorneys for Defendants StudiVZ Ltd.,
    Holtzbrinck Networks GmbH and
    Holtzbrinck Ventures GmbH
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

12

13  FACEBOOK, INC.,                      Case No. 5:08-CV-03468 JF
                                          Assigned To: Hon. Jeremy Fogel
14            Plaintiff,
                                          **DEFENDANTS' OPPOSITION TO**
15  v.                                    **FACEBOOK, INC.'S MOTION FOR**
                                          **SANCTIONS**
16  STUDIVZ LTD., HOLTZBRINCK
    NETWORKS GmbH,                        Date:    March 3, 2009
17  HOLTZBRINCK VENTURES                  Time:    10:00 a.m.
    GmbH, and DOES 1-25,                  Place:   Courtroom 2, 5th Floor
18                                                 Hon. Howard R. Lloyd
              Defendants.
19
                                          [Declarations of Stephen S. Smith and
20                                        William M. Walker (and exhibits thereto)
                                          filed concurrently]
21
                                          Complaint Filed: July 18, 2008
22

23

24

25

26

27

28

    37106-00002/1675524.5

    DEFENDANTS' OPPOSITION TO FACEBOOK, INC.'S MOTION FOR SANCTIONS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................... 1

II.   BACKGROUND ..................................................................... 3

A.    Facebook Has Recognized for Years That Germany is the
      Proper Forum for Any Dispute .......................................... 3

B.    Facebook Made False Claims About Defendants' Alleged
      "Delay Tactics" Even Before Defendants Were Ever in the Case ...... 4

C.    Facebook's Claims About the Rule 26(f) Conference are False .......... 5

      1.    Facebook Did Not File Its Motion for Expedited
            Discovery Due to Defendants' Alleged Refusal to Hold
            the Conference ...................................................... 5

      2.    Defendants Did Not Place Conditions on the Conference ........ 6

D.    Facebook Propounded Massively Overbroad Discovery on
      Defendants ................................................................... 7

E.    Defendants Filed Motions to Dismiss ..................................... 7

F.    Defendants Met and Conferred in Good Faith ........................... 7

      1.    Defendants Have Timely Met and Conferred .................... 7

G.    The Parties Resolved Nearly All Discovery Issues Informally ........... 9

H.    All But Four Issues Were Resolved During the Meet and Confer
      Process ..................................................................... 10

I.    None of The Remaining Discovery Disputes Concern the Two
      Remaining Holtzbrinck Defendants ..................................... 11

J.    Facebook Cancelled the German Depositions Without
      Justification After Defense Counsel Was Already in Germany ......... 11

K.    Facebook's Moving Papers Contain Numerous Other False
      Statements and Mischaracterizations ................................... 12

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

37106-00002/1674662.10

i

L.     The District Court Has Already Rejected Many of Facebook's Arguments. ...................................................................................... 13

III.    ARGUMENT .............................................................................. 14

     A.     Plaintiff is Not Entitled to Monetary Sanctions................................. 14

         1.     Plaintiff is Not Entitled to Monetary Sanctions under 28 U.S.C. Sec. 1927 ..................................................................... 14

         2.     Plaintiff is Not Entitled to Monetary Sanctions under Federal Rule of Civil Procedure 26.......................................... 15

         3.     Plaintiff is not Entitled to an Adverse Inference Order Under Federal Rule of Civil Procedure 37 ............................. 16

         4.     Plaintiff is Not Entitled to Sanctions Under the "Inherent Powers of the Court." ................................................................ 17

         5.     Facebook's Request for a Special Master is Unfounded and Mere Posturing................................................................. 17

IV.    CONCLUSION ......................................................................... 19

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

DEFENDANTS' OPPOSITION TO FACEBOOK, INC.'S MOTION FOR SANCTIONS

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

Associated Business Telephone System Corp. v. Cohn,
1994 WL 589487 (N.D. Cal. 1994)................................................................15

Avent v. Solfaro,
223 F.R.D. 184 (S.D.N.Y. 2004) ...............................................................14

Chambers v. Nasco, Inc.,
501 U.S. 32 (1991) .......................................................................................17

In re Keegan Management Co. Securities Litigation,
78 F.3d 431 (9th Cir. 1991) ...............................................................15, 17

Keithley v. Homestore.com, Inc.,
2009 U.S. Dist. LEXIS 2720 (N.D. Cal. 2009) .........................................15, 16

Shafii v. British Airways,
83 F.3d 566 (2d Cir. 1996) ...........................................................................15

U.S. v. Blodgett,
709 F.2d 608 (9th Cir. 1983) .......................................................................15

Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.,
982 F.2d 363 (9th Cir. 1992) .......................................................................16

Zambrano v. Tustin,
885 F.2d 1473 (9th Cir. 1989) ....................................................................17

**STATE CASES**

Sauer v. Sup. Ct.,
195 Cal.App.3d 213 (1987) ...........................................................................16

**FEDERAL STATUTES**

28 U.S.C. Sec. 1927.............................................................................................14

**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 4 ...................................................................................................... 1, 4, 5

Rule 26 ............................................................................................ 1, 5, 6, 14, 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

DEFENDANTS' OPPOSITION TO FACEBOOK, INC.'S MOTION FOR SANCTIONS

# TABLE OF AUTHORITIES
## (continued)

**Page**

Rule 30 ................................................................................................................5

Rule 37 .......................................................................................................... 14, 16

Rule 53 ..............................................................................................................18

37106-00002/1675524.5

iv

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Facebook's motion for sanctions is preposterous and totally without merit. Facebook filed the motion as a defensive maneuver after defendants told Facebook that they would move for sanctions based on Facebook's sudden and unjustified cancellation of two depositions in Germany after defense counsel had traveled to Germany to defend them.  Facebook seeks to create a morass of unsupported counter-accusations in the hope that the Court will throw its hands up in the air and just deny both motions.

In fact, defendants have done _nothing_ wrong, have acted entirely in good faith and have bent over backwards to move this case along in a practical and efficient manner.  For example:

- Defendants did not delay responding to the complaint, but rather executed _Facebook's_ Waiver of Service Under FRCP 4 _before_ the time Facebook requested and then filed their responsive pleadings within the time set forth therein.

- Defendants did not delay the Rule 26(f) conference.  They never refused to hold it, and the conference was indeed held 22 days before the Court-ordered deadline, _before_ defendants had even responded to the complaint.

- Defendants proactively set the hearing of their motions to dismiss on the date Facebook requested, in order to provide Facebook with nearly four months to take discovery into personal jurisdiction.

- Defendants explained in writing, _before_ their discovery responses were even due, the problems that existed in the discovery and suggested that Facebook correct those problems then.  Defendants did not simply wait until their formal responses were due (which they were entitled to do).  By way of an obvious example, defendants informed Facebook that it had defined "YOU" improperly to refer to the defendant Verlasgruppe Georg von Holtzbrinck ("VGH"), which had

1    already been dismissed, and suggested that Facebook fix that (and other) mistakes

2    and re-serve its discovery.  Facebook expressly refused to do so.

3    •    Defendants formally responded to Facebook's discovery on the

4    original due date and did not ask for any extensions of time.

5    •    Within days of serving those responses, defendants engaged in detailed

6    oral and written meet and confer sessions with Facebook's counsel.  Within 18 days

7    of service of the original responses, the parties *by Facebook's own admission* had

8    "largely been able to work out every issue," and only a "very few" issues remained.

9    •    Defendants agreed to produce for deposition the declarants in support

10   of defendants' motions to dismiss voluntarily on dates *prior to* the dates Facebook

11   requested so that Facebook could incorporate that testimony into its opposition to

12   the motions to dismiss (after Facebook suggested dates falling *after* that deadline).

13   •    Defendants had their counsel fly to Germany to prepare the witnesses

14   for and defend those depositions, only to have Facebook suddenly and unjustifiably

15   cancel them even though Facebook knew of defense counsel's travel plans in

16   advance and that defense counsel was already in fact in Germany.

17   •    After all of that, defendants still agreed to Facebook's request to

18   continue the hearing of the personal jurisdiction portion of StudiVZ's motion to

19   dismiss *so that* Facebook could have its motion to compel heard before the motion

20   to dismiss was decided by the District Court.  Defendants did oppose any

21   continuance of the Holtzbrinck defendants motion to dismiss and opposed the

22   continuance of the *forum non conveniens* portion of the StudiVZ motion to dismiss.

23   But, the District Court agreed 100% with defendants' argument on both issues,

24   ruling on January 28, 2009 that "Facebook has failed to demonstrate any reason to

25   continue the February 13, 2009 hearing as to either defendant with respect to *forum*

26   *non conveniens*, or as to Holtzbrinck with respect to personal jurisdiction."

27   The existing disagreement between the parties is limited to less than 10% of

28   the written discovery Facebook served.  That dispute has nothing to do with two of

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   the three defendants, and as to the third it is limited to a distinct *minority* of the

2   discovery served.  Sanctions against defendants are absolutely unwarranted.

3        The story of Facebook's conduct is completely different.  After expressly

4   asking defendants to sign the Waiver of Service, Facebook tried to force defendants

5   to respond weeks early.  Facebook then filed ill-conceived motions for expedited

6   discovery and to shorten time as to *hundreds* of interrogatories and document

7   demands relating almost entirely to the merits.  Facebook withdrew the motion only

8   after this Court denied the order shortening time, and after defendants had been

9   forced to file their oppositions, on the eve of its hearing.  Facebook sued defendant

10  VGH without any basis for doing so and only dismissed it after forcing VGH to

11  move to dismiss.  After the parties resolved all discovery issues with respect to the

12  remaining two Holtzbrinck defendants, Facebook reneged and now seeks to compel

13  further responses from them, even though the District Court has already ruled that

14  Facebook may not file a supplemental opposition as to those defendants' motion to

15  dismiss.  Worst of all, Facebook continues to litigate this case in the United States,

16  when it has affirmatively filed, and is pursuing, the exact same lawsuit in Germany.

17       Facebook's requests for monetary and issue sanctions are surreal and absurd.

18  The only sanctions that should be awarded are the monetary sanctions requested in

19  defendants' motion regarding Facebook's cancellation of the depositions in Germany.

20  Facebook's trumped-up motion for sanctions should be denied in its entirety.

21

22  **II.   BACKGROUND**

23       **A.   Facebook Has Recognized for Years That Germany is the Proper**

24            **Forum for Any Dispute.**

25       In June 2006 and January 2007, Facebook sent demand letters to StudiVZ in

26  Germany raising the same factual allegations as are raised in the instant case.  The

27  letters were written in German by Facebook's German counsel.  They threatened

28  litigation under German law.  (Smith Decl. in Support of Motion for Protective

1  Order, ¶¶ 22-23; Exs. K-N thereto) (Docket Nos. 64, 64-9, 64-10, 64-11 and 64-12).

2  On November 19, 2008, long after this case was filed, Facebook filed a massive 82-

3  page complaint against StudiVZ in Cologne, Germany. (Maurer Decl. in Support of

4  Motion for Protective Order, ¶ 4(d)) (Docket No. 65). Facebook's German Action is

5  based on the identical facts and conduct as this case and seeks affirmative relief

6  against StudiVZ (including monetary damages, injunctive relief, and an accounting).

7  (Walker Decl. in Support of Motion to Dismiss, ¶¶ 4-6; Ex. F, pp. 2-3) (Docket No.

8  70). This Court has already noted (without any disagreement or objection from

9  Facebook) that the issues in the Cologne lawsuit are "substantially similar (if not

10  identical) to those raised here." (Docket No. 68 at 4:27-28).

11  **B.   Facebook Made False Claims About Defendants' Alleged "Delay**

12  **Tactics" Even Before Defendants Were Ever in the Case.**

13  Facebook has wrongly accused defendants of delay from the outset of the case,

14  including in motions that were either denied by the Court or were withdrawn by

15  Facebook before they were heard. Even though none of this alleged pre-discovery

16  delay concerns the existing discovery dispute, defendants feel compelled to respond

17  because Facebook purports to include it as a basis for an issues sanction.

18  The initial "delay" in the case was caused by defendants' _compliance_ with

19  Facebook's request that defendants waive service of process pursuant to FRCP

20  4(d)(3). Facebook asked defendants to respond to that request within 60 days or

21  sooner. Sixty days is also the time for a response under FRCP 4(d)(1)(F).

22  Defendants responded 28 days _early_ by signing the Waiver as Facebook had

23  requested. (Smith Decl. in Opposition to Motion to Change Time, ¶¶ 3(b)-(d); Exs.

24  C-D thereto) (Docket Nos. 18, 18-4 and 18-5). As a result, defendants had 90 days to

25  respond from the date Facebook sent the Waiver. Facebook sent the Waiver on July

26  24, 2008, which made defendants' response date October 22, 2008.

27  But then Facebook tried to force defendants to respond earlier than Facebook's

28  own Waiver provided. On September 9, 2008 (before <u>any</u> defendants appeared in

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

DEFENDANTS' OPPOSITION TO FACEBOOK, INC.'S MOTION FOR SANCTIONS

1   this action), Facebook filed a motion seeking to have the Court either allow

2   expedited discovery[1] regarding personal jurisdiction or, alternatively, to "require

3   plaintiff [sic] to file its motion to dismiss by September 20, 2008." (Motion for

4   Expedited Discovery re: Personal Jurisdiction at 1:5-10) (Docket No. 11).  Facebook

5   concurrently filed a Motion to Shorten Time (Docket No. 13), complaining that

6   defendants would not commit to responding to the Complaint sooner than the

7   timeframe set forth in both (1) FRCP 4(d)(3), and (2) the waiver of service of process

8   drafted by Facebook (and signed by defendants).

9       Facebook was complaining that *defendants complied with Facebook's*

10  *request* and accused defendants of thereby engaging in "stall tactics."  To the

11  contrary, as shown in the opposition filed by defendant VGH,[2] defendants were

12  proceeding according to the schedule set forth in the Waiver that Facebook

13  prepared and requested defendants to sign.  Thus, Facebook's odd complaint of

14  "malicious compliance" simply made no sense.  (Opp. at 1:2-11) (Docket No. 17).

15      The Court denied Facebook's Request to Shorten Time (Docket No. 20), and

16  Facebook ultimately withdrew its Motion for Expedited Discovery (Docket No. 36),

17  instead seeking to have defendants respond to personal jurisdiction discovery upon

18  regular notice.  (Smith Decl., ¶ 15).

19  **C.    Facebook's Claims About the Rule 26(f) Conference are False.**

20      **1.    *Facebook Did Not File Its Motion for Expedited Discovery***

21          ***Due to Defendants' Alleged Refusal to Hold the Conference.***

22      Facebook claims that defendants "initially refused to hold the obligatory Rule

23  26(f) conference," and that Facebook was therefore "forced the file a Motion for

---

[1] In its motion, Facebook moved on 92 pages worth of discovery requests, which included 120 requests for production, 92 interrogatories, and 6 deposition notices (including four Rule 30(b)(6) depositions that covered 72 topics).  (Ex. A to Avalos Declaration in Support of Motion for Expedited Discovery) (Docket No. 12-2).

[2] At that time, VGH was the only defendant who had appeared in the action as VGH filed a motion to dismiss for lack of personal jurisdiction on September 10, 2008 (Docket No. 15). Facebook voluntarily dismissed VGH before VGH's motion would be heard.  (Docket No. 27).

Expedited Discovery." (Mot. at 4:10-12) (Docket No. 86). Facebook's claim is demonstrably false. Facebook filed its Motion for Expedited Discovery *before* the issue of holding a Rule 26(f) conference ever arose. (Smith Decl., ¶ 12; Ex. A). Thus, Facebook's motion could <u>not</u> have been caused by defendants' alleged refusal to hold a Rule 26(f) conference.[3]

### 2. *Defendants Did Not Place Conditions on the Conference.*

Facebook also claims that defendants only "agreed to hold the conference in return for the withdrawal of the motion [for expedited discovery] and the voluntary dismissal without prejudice of [VGH]." (Mot. at 4:12-14) (Docket No. 86). Again, this is false.

First, the conference was held on October 9, 2008 (Rule 26(f) Report and Discovery Plan, ¶ 1) (Docket No. 50) and Facebook did not withdraw its Motion for Expedited Discovery *until the next day*, October 10, 2008 (Docket No. 36). Thus, defendants obviously did <u>not</u> refuse to hold the Rule 26(f) conference until the Motion for Expedited Discovery had been withdrawn when it was not, in fact, withdrawn until *after* the Rule 26(f) conference had taken place. In fact, Facebook told defendants *for the first time* that it intended to withdraw its Motion for Expedited Discovery *during* the Rule 26(f) conference. (Smith Decl., ¶ 14(d)).

Second, Facebook did not tell Defendants that it had decided to dismiss VGH until September 29, 2008, 13 days *after* Defendants had already agreed to conduct the Rule 26(f) conference irrespective of whether Facebook dismissed VGH or not. (Smith Decl., ¶¶ 14(a); Ex. E). The only connection between the two events was that *both* parties agreed that the Rule 26(f) conference should be held only after Facebook had decided *whether or not* to dismiss VGH, so that defense counsel

---

[3] Defendants also did not "refuse" to hold the conference. Rather, on September 15, 2008, defendants simply expressed their belief that a conference was "premature" for a number of reasons. (Smith Decl., ¶ 13(b)). However, <u>the next day</u> defendants learned of the Court's Order setting the Case Management Conference (which Facebook had not previously served on defendants), and defendants withdrew their objection, agreed to hold a Rule 26(f) conference and scheduled a mutually agreeable date. (Smith Decl., ¶ 13(c)).

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 could know whether or not VGH needed to participate in that conference. (Smith

2 Decl., ¶ 13(e)).

3     **D.**     <u>**Facebook Propounded Massively Overbroad Discovery on**</u>

4                 <u>**Defendants.**</u>

5     Knowing it has no basis to sue in the U.S., Facebook has pursued a discovery

6 plan based <u>not</u> on learning facts related to jurisdiction but on trying to litigate the

7 merits of its dispute with StudiVZ. Facebook thus seeks to force defendants to

8 litigate their guilt or innocence during the jurisdictional phase of this case.

9     Pursuant to that plan, on October 14 and 15, 2008, *before* defendants had

10 even appeared in the case, Facebook propounded a plethora of overbroad, merits-

11 based document demands, interrogatories and other discovery, seeking literally

12 every shred of paper and electronic document in the possession of all defendants and

13 any company or person remotely related to them.

14     **E.**     <u>**Defendants Filed Motions to Dismiss.**</u>

15     On October 22, 2008, the two Holtzbrinck defendants filed one motion to

16 dismiss and StudiVZ filed a separate motion to dismiss. (Docket Nos. 41, 42). Both

17 motions were brought on the grounds of lack of personal jurisdiction and *forum non*

18 *conveniens*. The motion hearings were initially set for February 13, 2009. Defense

19 counsel scheduled the hearing on the date Facebook's counsel requested so that

20 Facebook could take discovery relating to personal jurisdiction. (Smith Decl., ¶ 16).

21     **F.**     <u>**Defendants Met and Conferred in Good Faith.**</u>

22         **1.**     ***Defendants Have Timely Met and Conferred.***

23     On October 21, 2008 (five business days after Facebook served its discovery

24 and *before* defendants formally appeared in the case), defendants offered to meet

25 and confer with Facebook regarding Facebook's discovery requests. (Smith Decl.,

26 ¶ 17). On October 27, 2008 (a mere 13 days after being served with the discovery

27 and almost three weeks before their response were due), defendants did meet and

28 confer with Facebook regarding Facebook's discovery. (Smith Decl., ¶ 20).

1        Facebook had specifically asked to _delay_ this meeting until after defendants

2  responded to the complaint because Facebook wanted to re-evaluate its discovery

3  requests, and potentially narrow them, to focus on the issues raised in defendants'

4  motions to dismiss.  October 27, 2008 was chosen as the date because it was four

5  business days _after_ the deadline for the defendants to respond to the complaint.  In

6  telephone calls before this meeting, counsel for defendants pointed out many of

7  obvious problems with the discovery.  Facebook said it wanted to consider those

8  points and, perhaps, re-draft the discovery to address them.  However, on October

9  27, 2008, Facebook said that it would not modify or change the requests _in any way_.

10  Rather, it insisted that defendants respond to them as drafted.  (Smith Decl., ¶ 20).

11        Facebook claims that defendants "refused to identify which requests or

12  portions thereof that [defendants] found objectionable."  (Mot. at 4:24-25).  Again,

13  that claim is false.

14        On October 28, 2008 (long before defendants' responses were due),

15  defendants identified, in writing, numerous problems with the discovery requests.

16  Defendants did not, however, want to "do Facebook's work for Facebook" and "re-

17  draft all of the requests."  It makes no sense for the propounding party to dump 92

18  pages of grossly overbroad discovery requests and expect the responding party to

19  do all the work to clean up the mess.  After identifying many of the problems,

20  defendants invited Facebook to withdraw the requests and serve proper requests.

21  Facebook refused to do so.  (Smith Decl., ¶¶ 21-22; Ex. O).

22        The October 28, 2008 letter speaks for itself and will not be repeated here.

23  But, one specific objection raised in that letter is worth recounting because it

24  demonstrates the absurd position Facebook was taking.  Facebook served the two

25  Holtzbrinck defendants with interrogatories that defined "YOU" as VGH, rather

26  than as Holtzbrinck Ventures or Holtzbrinck Networks.  As a result, the

27  interrogatories sought information that the Holtzbrinck defendants, by definition,

28  would _not_ have in _their_ possession.  This specific problem was communicated to

Facebook orally and in writing. Facebook later admitted to the obvious mistake but

2 refused to fix it. (Smith Decl., ¶¶ 21-22; Ex. O).

3     **G.**     **The Parties Resolved Nearly All Discovery Issues Informally.**

4     Defendants timely responded to the discovery requests on November 17,

5 2008, without asking for any extension. The responses were served by email so that

6 Facebook's counsel would have them right away. (Smith Decl., ¶ 23).

7     The parties then engaged in meet and confer, which culminated on November

8 26 and December 2 and 3, 2008 with a resolution of the discovery disputes related to

9 the Holtzbrinck defendants. The Holtzbrinck defendants agreed to supplement their

10 interrogatory responses, which they did on December 24, 2008. They also agreed to

11 produce (a) any portions of the agreement by which they purchased StudiVZ, and

12 any due diligence documents associated with that acquisition, that made any explicit

13 or implicit mention of Facebook, and (b) any StudiVZ board meeting minutes that

14 contain any implicit or explicit reference to Facebook. In return, Facebook

15 withdrew its document requests. (Smith Decl., ¶ 28).

16     Prior to moving to compel, Facebook never claimed that the Holtzbrinck

17 defendants' supplemental interrogatory responses or document production were

18 inadequate or incomplete, and never even threatened to move to compel on them.

19 (Smith Decl., ¶¶ 27-28).

20     In fact, on December 23, 2008, defense counsel expressly sought to re-confirm

21 with Facebook's counsel that there were no outstanding discovery issues with respect

22 to the Holtzbrinck defendants. (Walker Decl., ¶ 4(b)). Facebook's new lead counsel

23 stated that he would have to double-check with Facebook's former lead counsel and

24 "get back to us." Facebook never did follow up with defendants on this point and

25 never raised any objection to the Holtzbrinck defendants' responses -- until Facebook

26 filed its Motion to Compel. (Smith Decl., ¶¶ 27-28; Walker Decl., ¶ 4(b)).

27     On December 24, 2008, StudiVZ also served supplemental interrogatory

28 responses. (Smith Decl., ¶ 29). On January 9, 2009, StudiVZ served supplemental

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  document responses.  (<u>Id.</u>).  Agreements reached by the parties are reflected in

2  defense counsel's letter of December 4, 2008 and reflected in the supplemental

3  responses themselves.  (<u>Id.</u>).

4        Given the extensive meet and confer sessions and the agreements reached on

5  nearly every discovery issue, only a few discovery issues remain and, as set forth in

6  the defendants' opposition briefs to Facebook's Motion to Compel, defendants'

7  positions are well-founded and made in good faith.  Accordingly, when the parties

8  appeared before the Court on December 16, 2008, <u>counsel for both parties</u> were

9  able to represent to the Court that they had "largely" been able to work out "every

10  issue" and that "very few" issues remained.  (*See* Ex. 14 to Avalos Declaration in

11  Support of Motion to Compel, pp. 5-13 of 28 [Reporter's Transcript, pp. 4-12])

12  (Docket No. 90-15).

13      **H.**     <u>**All But Four Issues Were Resolved During the Meet and Confer**</u>

14          <u>**Process.**</u>

15        Although almost every disputed discovery issue was resolved, some of

16  Facebook's requests were simply not salvageable because, among other things, of

17  their great overbreadth, the enormous burden that it would take to respond to them,

18  and the fact that they seek solely merits-based discovery during the jurisdiction

19  phase of the case.  Out of plaintiff's original 90 document requests and 69

20  interrogatories, eight document demands and six interrogatories directed to only one

21  party remain in dispute.  <u>*None*</u> have anything to do with any of the typical criteria

22  that courts examine to analyze personal jurisdiction or *forum non conveniens.*

23        The remaining disputes boil down to only four categories; namely, (1) the

24  design, development and implementation of the StudiVZ websites (Interrogatory 15

25  and RFP 16), (2) computer code used by StudiVZ to operate its websites (RFP 23),

26  (3) access by StudiVZ of Facebook's website (Interrogatory 10 and RFPs 14, 25, 28

27  and 29), and (4) adhesion contracts to which StudiVZ is a party (Interrogatories 1, 2

28  and 9 and RFPs 1 and 13).  The parties resolved everything else during meet and

confer, and all of these disputes were identified by defense counsel at each stage of the meet and confer process, beginning on November 26, 2008.

Defendants' opposition to plaintiff's motion to compel discusses those categories of disputes and the reasons why plaintiff should not be allowed that discovery, and so defendants will not repeat those arguments here. Defendants respectfully submit that their positions are made in good faith and well-taken.

## I.    None of The Remaining Discovery Disputes Concern the Two Remaining Holtzbrinck Defendants.

Pursuant to Facebook's usual practice, Facebook lumps the two remaining Holtzbrinck defendants together with StudiVZ to try to hide the fact that the four unresolved discovery issues have _nothing_ to do with the Holtzbrinck defendants. Indeed, _nowhere_ does Facebook's motion explain how the Holtzbrinck defendants' conduct is allegedly sanctionable. As shown in the documents and interrogatory responses that they provided to Facebook, the Holtzbrinck defendants are passive holders of StudiVZ shares. They do not operate any websites, and they owned no interest in StudiVZ when the allegedly offending acts purportedly took place. The bottom line is that Facebook has no claim against either of the Holtzbrinck defendants, and Facebook knows it. Indeed, in its recent, mammoth 82 page lawsuit in Germany (where there is clearly jurisdiction over the Holtzbrinck defendants), Facebook does not even bother to sue them, instead asserting claims only against StudiVZ. Yet Facebook stubbornly insists on trying to sue them here in _California_, and to delay the date of the hearing on their motions to dismiss for inexplicable reasons known only to itself.

## J.    Facebook Cancelled the German Depositions Without Justification After Defense Counsel Was Already in Germany.

Defendants will not repeat here all of the facts and argument set forth in their Motion for Sanctions. Suffice it to say that Facebook knew defense counsel's travel plans and noticed the depositions the day before defense counsel left.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   Facebook did not cancel or even threaten to cancel until defense counsel had

2   already left.  Facebook canceled knowing that defense counsel was in Germany,

3   and did so over a single topic that related to only one of the two witnesses noticed

4   for deposition.  And in the email sent by defense counsel immediately before

5   Facebook canceled, defense counsel reassured Facebook that it could ask any and

6   all questions that related in any way to personal jurisdiction and that, if there was

7   any dispute, he would take an "expansive" view of what that meant.  Facebook's

8   cancellation was sudden and unjustified.  Facebook's attempt in this motion to

9   portray defense counsel as foolish for having gotten on the plane is outrageous.

10  **K.      Facebook's Moving Papers Contain Numerous Other False**

11  **Statements and Mischaracterizations.**

12          Facebook's moving papers contain numerous other inaccuracies.  First,

13  Facebook claims that defendants' counsel said that StudiVZ employees did "what

14  Facebook claims they did."  (Mot. at 5:13-16).  That is false.  (Smith Decl., ¶ 35).

15  Second, Facebook claims that defendants' counsel agreed to produce documents

16  showing that StudiVZ employees had accessed Facebook in the course of their

17  employment only to then withhold such documents.  (Mot. at 3:8, 5:20-22, 5:27-6:1).

18  That is false.  (Smith Decl., ¶ 35(g)).  Third, Facebook claims that defendants'

19  counsel admitted that he is in possession of documents relating to StudiVZ's alleged

20  use of Facebook's intellectual property in the development, implementation and

21  maintenance of StudiVZ's websites.  (Mot. at 9:12-19).  That is also false.  (Id.).[4]

22  _____

23          [4]  Facebook seeks to engage in a practice that discourages oral meet and confer.  Because it
    has no evidence of personal jurisdiction, it attempts to rely on statements falsely attributed to
24  opposing counsel during meet and confer as party admissions.  As the Declaration of Stephen Smith
    explains in great detail, counsel discussed numerous examples of potential types of "access" that
25  might have occurred, presumably did occur and definitely did not occur.  The discussion was for the
    express purpose of trying to narrow the "access" requests to what Facebook was supposedly
26  claiming was wrongful and aimed at or which caused harm in California.  Facebook rejected any
    such limitation.  And, now, in its two motions, Facebook seeks to prove that StudiVZ engaged in
27  some form of illegal access because StudiVZ's counsel had offered to respond to the requests if they
    were so limited.  Facebook omits the obvious point made by defense counsel during meet and that if
28  the requests were limited to allegedly wrongful access, he presumed that the answer would be "no
    documents."

L. **The District Court Has Already Rejected Many of Facebook's Arguments.**

On January 16, 2009, Facebook filed its opposition to both of the Motions to Dismiss. (Docket Nos. 71, 76). On January 23, 2009, Facebook moved to continue for 90 days both Motions to dismiss, which were scheduled for hearing on February 13, 2009. (Docket No. 77). Facebook also sought leave to file supplemental opposition papers with respect to both motions on the issues of both personal jurisdiction and *forum non conveniens*. (Docket Nos. 77-2 and 77 at 1:25-2:3).

In support of its motion to continue, Facebook argued it had been wrongfully deprived of discovery to which it is allegedly entitled, that Facebook had been seeking discovery "for months," that defense counsel had allegedly engaged in "unprofessional and improper tactics," that defendants filed their Motion for Protective Order "in an effort to block Facebook's discovery," and that defendants "still refused to produce the needed discovery" and have engaged in "gamesmanship and improper tactics." (Docket No. 77 at 1:25, 3:6-10, 4:20-21).

The District Court denied Facebook almost all the relief it sought,[5] finding:

> "Facebook has failed to demonstrate any reason to
> continue the February 13, 2009 hearing as to either
> defendant with respect to *forum non conveniens*, or as to
> Holzbrinck with respect to personal jurisdiction."

(Order at 2:15-17) (Docket No. 92). Accordingly, the Court implicitly rejected all of Facebook's arguments that defendants had engaged in "unprofessional" or "improper" discovery and/or delay "tactics" and "gamesmanship."

---

[5] The Court granted Facebook's motion to continue only in part, and denied Facebook almost all of the relief it sought. The Court continued the hearings for 60 days (not 90 days), only moved the Holtzbrinck Defendants' motion and the *forum non conveniens* portion of StudiVZ's motion for the sake of judicial economy (so that everything could be heard at once), and **denied Facebook the right to file any further opposition papers with respect to the Holtzbrinck Defendants** or with respect to the *forum non conveniens* portion of StudiVZ's motion. (Order at 2:20-22) (Docket No. 92) (Facebook only "permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material.") (emphasis added).

## III.   ARGUMENT

### A.   Plaintiff is Not Entitled to Monetary Sanctions.

Plaintiff summarily states that 28 U.S.C. Sec. 1927 and Federal Rules of Civil Procedure 26 and 37 justify extensive monetary sanctions against defendants. (Mot. at pp.8-10). Not so. The language of the statutes, plus the case law interpreting them, decisively show that plaintiff is not entitled to any sanctions.

As shown above, after the meet and confer process, a good faith dispute remains about only four of Facebook's many discovery categories, and the defendants have shown why Facebook's motion to compel should be denied. This is an unremarkable discovery dispute in which the defendants, faced with massively broad, merits-based discovery at the jurisdiction and forum stages of the case, in good faith rolled up their sleeves and (1) did their best to answer everything that legitimately concerned jurisdiction and forum, and (2) made their relevant witnesses available at plaintiff's counsel's offices in Germany before the plaintiff's deadline to respond to defendants' Motions to Dismiss. Defendants never did anything to create delay, and never sought a single extension of any discovery deadline. On this record, Facebook is absolutely not entitled to any sanctions.

#### 1.   *Plaintiff is Not Entitled to Monetary Sanctions under 28 U.S.C. Sec. 1927.*

Facebook first cites 28 U.S.C. Sec. 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States … who so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."

Cases interpreting this section, both from the Ninth and other Circuits, clearly hold that it must be narrowly interpreted in order to avoid abuse and so as not to "stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." Avent v. Solfaro, 223 F.R.D. 184, 188 (S.D.N.Y. 2004) (quotation marks and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

citations omitted); see also In re Keegan Management Co. Securities Litigation, 78

F.3d 431, 436 (9th Cir. 1991); U.S. v. Blodgett, 709 F.2d 608, 610 (9th Cir. 1983)

(other citations omitted). Thus, a "clear showing of bad faith" is required. Indeed,

the Ninth Circuit requires conduct to be "knowingly or recklessly . . . frivolous," or

"intended to harass," before bad faith may be found. Keegan, supra, 78 F.3d at

436;[6] see also Shafii v. British Airways, 83 F.3d 566, 569 (2d Cir. 1996) (sanctions

warranted only if actions are "so completely without merit as to require the

conclusion that they must have been undertaken for some improper purpose").

Defendants' conduct, described above, comes nowhere close to satisfying

this stringent standard -- again, at this point, all that remains is a routine, good faith

discovery dispute about a small fraction of Facebook's requests that concern only

four issues. This motion should be denied.

### 2. *Plaintiff is Not Entitled to Monetary Sanctions under Federal Rule of Civil Procedure 26.*

Facebook also requests sanctions under Rule 26. (Mot. at 8:18). Presumably

Facebook bases its motion on Rule 26(g)(3), which provides for an appropriate

sanction on the signer of disclosures and discovery requests, responses and

objections in cases of conduct undertaken for an improper purpose, such as to

harass, cause unnecessary delay, or needlessly increase litigation cost and that is

patently unreasonable. F.R.C.P. 26(g)(1)(B)(ii)-(iii). Facebook's burden is the same

here and, again, as discussed above, Facebook falls woefully short of meeting it.[7]

---

[6] Facebook's sole case on this issue supports defendants, because it illustrates the type of clear, and extreme, bad faith that is required before sanctions are appropriate. Associated Business Telephone System Corp. v. Cohn, 1994 WL 589487 (N.D. Cal. 1994) (plaintiff "repeatedly ignored the Court's Orders and filed papers quite late" in plainly meritless RICO case that "appear[ed] to be an attempt by plaintiff to pin down the assets of the three defendants in an associated matter by suing the entire family and entities related to one of those three defendants;" plaintiff ultimately "ignored the [court's] deadline" to file a third amended complaint (and other deadlines and orders, too) and failed to respond to defendants' motion to dismiss and for sanctions, which the court granted). Defendants' conduct here is ***nothing remotely*** like that.

[7] Again, Facebook's sole authority shows just how unreasonable conduct must be before sanctions are justified. Keithley v. Homestore.com, Inc., 2009 U.S. Dist. LEXIS 2720 (N.D. Cal. 2009) (after nearly ***5 years*** of litigation in patent infringement case filed (*continued on next page*)

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

### 3. *Plaintiff is not Entitled to an Adverse Inference Order Under Federal Rule of Civil Procedure 37.*

Facebook wrongly claims that it is entitled to an adverse inference order in the form of issue establishment and/or evidence/issue preclusion.

Federal Rule of Civil Procedure 37(b)(2)(A) (i)-(ii), which governs such sanctions, only permits them if a party "fails to obey an order to provide or permit discovery." Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) ("Rule 37(b)(2)'s requirement that there be some form of court order that has been disobeyed has not been read out of existence; Rule 37(b)(2) has never been read to authorize sanctions for more general discovery abuse.") (citations omitted).

None of the defendants failed to obey any court order. Facebook does not identify a court order that has been violated, and Facebook provides no applicable authority for its motion. Facebook's sole case, from a California appellate court, involved a parallel California statute permitting issue preclusion "for failure to obey a discovery order," and a plaintiff that had refused to provide discovery after being ordered by the court to do so and after he had "many opportunities to comply with the court's discovery order." Sauer v. Sup. Ct., 195 Cal.App.3d 213, 228, 229 (1987). There is no such order or conduct here.[8] Thus, Facebook's request for an adverse inference order should be denied.

---

(*continued from previous page*)
in 2003 and ultimately dismissed on motion for summary judgment in 2008, plaintiffs as of February 28, 2008 had only produced about 2,000 pages of documents and defendants saw plaintiffs using non-produced, relevant documents during depositions of plaintiffs' witnesses in February 2008, necessitating last-minute additional rounds of discovery and re-taking of several depositions). ***Nothing remotely close*** to that has happened here, even if one assumed -- purely for the sake of argument -- that defendants in some way did something improper.

[8] In Keithley, another one of Facebook's authorities, the Court denied defendants' request for an adverse instruction even though the plaintiffs did not produce their documents until the case had been pending for almost five years. 2009 U.S. Dist. LEXIS 2720 at *2.

DEFENDANTS' OPPOSITION TO FACEBOOK, INC.'S MOTION FOR SANCTIONS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    **4.    *Plaintiff is Not Entitled to Sanctions Under the "Inherent***

2    ***Powers of the Court."***

3    Lacking statutes and rules that support its motion, Facebook argues that

4    inherent powers of the Court support its request for sanctions.  Once again, not so.

5    The standard for imposing any type of sanction under this doctrine is very high

6    -- "[b]ecause inherent powers are shielded from direct democratic controls (i.e.

7    because they were not passed by the Congress), they must be exercised with restraint

8    and discretion." <u>Zambrano v. Tustin</u>, 885 F.2d 1473, 1478 (9th Cir. 1989) (internal

9    quotes omitted); <u>see also</u> <u>Keegan</u>, 78 F.3d at 436-437 (specific finding of bad faith

10   required to invoke inherent powers to ensure that necessary restraint is exercised;

11   reversed district court's decision to base sanctions only on party's recklessness).  As

12   discussed above, the facts here do not remotely justify sanctions under any standard,

13   much less the heightened standard required under the inherent powers doctrine.

14   Once again, Facebook's sole authority undermines Facebook's argument.  In

15   <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32 (1991), the defendant was guilty, among

16   many other things in a two year period, of lying to the court, violating numerous

17   court orders including a preliminary injunction, and fabricating fraudulent

18   transactions and pursuing meritless administrative proceedings to try to shield

19   assets from the court and the court's orders.  <u>Id.</u> at 36-39, 52-53.  After taking great

20   pains to emphasize the limitations of this doctrine, <u>Chambers</u> found that the court

21   could punish the defendant's "bad faith conduct before the court which involved

22   disobedience of the court's orders and the attempt to defraud the court itself."

23   Nothing remotely like that has happened here.  Defendants' good faith conduct

24   stands in stark contrast to the behavior of the sanctioned party in <u>Chambers</u>.

25   **5.    *Facebook's Request for a Special Master is Unfounded and***

26   ***Mere Posturing.***

27   In the last sentence of the "Conclusion" section of its motion, plaintiff

28   requests that "a Special Master be assigned to be present at all future discovery

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   events, including meet and confer session (sic), and any depositions of Defendants'

2   witnesses, costs for same to be borne by Defendants." (Mot. at 10:16-18).

3       Nowhere, though, does Facebook provide any authority for such a drastic and

4   sweeping order. Indeed, the applicable authority, Federal Rule of Civil Procedure

5   53, on its face clearly does not support it here, nor, as described above, does anything

6   that defendants have done.

7       The appointment of special masters is governed by Federal Rule of Civil

8   Procedure 53(a), which states that a court may appoint a special master "only" in

9   very limited circumstances. The first is to "perform duties consented to by the

10  parties." F.R.C.P. 53(a)(1)(A). Here, defendants have not, and do not, consent to

11  the appointment of a special master.

12      The second is to "hold trial proceedings and make or recommend findings of

13  fact on issues to be decided without a jury if appointment is warranted by: (i) some

14  exceptional condition; or (ii) the need to perform an accounting or resolve a difficult

15  computation of damages." F.R.C.P. 53(a)(1)(B). As shown above, this obviously

16  does not apply to the pending routine, limited discovery dispute at issue here; there

17  are clearly no "exceptional conditions" warranting a special master.

18      The third is to "address pretrial and posttrial matters that cannot be

19  effectively and timely addressed by an available district judge or magistrate judge

20  of the district." F.R.C.P. 53(a)(1)(C). This also obviously does not apply.

21  Facebook has made no showing that the Court cannot effectively and timely

22  address any issues that have arisen, or that may arise, between the parties.

23

24  ///

25

26  ///

27

28  ///

## IV. __CONCLUSION__

For all the foregoing reasons, defendants respectfully request that Facebook's motion be denied in its entirety.

DATED: February 10, 2009       GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By:    /s Stephen S. Smith
STEPHEN S. SMITH
Attorneys for Defendants STUDIVZ, LTD., HOLTZBRINCK NETWORKS GmbH and HOLTZBRINCK VENTURES GmbH

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

37106-00002/1675524.5

19

DEFENDANTS' OPPOSITION TO FACEBOOK, INC.'S MOTION FOR SANCTIONS