I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     +1-650-614-7400
Facsimile:      +1-650-614-7401

THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza
Suite 1600
Irvine, CA  92614-2558
Telephone:     +1-949-567-6700
Facsimile:      949-567 6710

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25, <br><br> Defendant. | Case No.  5:08-cv-03468 JF <br><br> **FACEBOOK'S MOTION TO STRIKE DECLARATION OF STEPHEN S. SMITH** <br><br> Date:          March 24, 2009 <br> Time:          10:00 a.m. <br> Room:        Courtroom 2, 5th Floor <br> Judge:        Honorable Magistrate Judge <br>                    Howard R. Lloyd, for <br>                    Discovery Purposes |

**NOTICE OF MOTION**

**TO DEFENDANTS STUDIVZ LTD., HOLTZBRINCK NETWORKS GMBH AND**

**HOLTZBRINCK VENTURES GMBH**

PLEASE TAKE NOTICE that on March 24, 2009 at 10:00 a.m. or as soon thereafter as it may be heard, in Courtroom 2 of this Court, before the Honorable Howard R. Lloyd, Plaintiff Facebook, Inc., pursuant to Federal Rule of Civil Procedure 56(e) and N.D. Cal. Civil Local Rule 7-5(b), will and hereby does move to strike the Declaration of Stephen S. Smith filed in support of Defendants' Opposition to Facebook's Motions to Compel and For Sanctions. This motion is based on the accompanying Memorandum, the concurrently-filed Declaration of Julio C. Avalos In Support of Facebook's Motion to Strike, and all pleadings and papers which are of record and are on file in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

The "declaration" of Stephen S. Smith filed in support of Defendants' Motions in Opposition to Facebook, Inc.'s ("Facebook") Motions to Compel and For Sanctions is a declaration in name only and should be stricken. Northern District of California Civil Local Rule 7-5 is clear: "An affidavit or declaration may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. . . . An affidavit or declaration not in compliance with this rule may be stricken in whole or in part."

The tone of Mr. Smith's declaration would be argumentative even for a substantive motion, with the vast majority of paragraphs peppered with conclusions, over-the-top indignation and of course Mr. Smith's now familiar overuse of the bold, italics and underline functions of his word processing program, which are apparently meant to signal the reader that something important is being said when the words themselves leave doubt. Vast sections of Mr. Smith's diatribe are, in his own words, "totally irrelevant to the current discovery dispute," despite the fact that the declaration has been purportedly filed in support of Defendants' papers regarding that very dispute.

A factual affidavit or declaration is neither the place to rail against opposing counsel nor to reiterate one's legal theories or conclusions. Mr. Smith's declaration fails to conform to the Local Rules and should accordingly be stricken from the record.

## II. STATEMENT OF FACTS

Stephen S. Smith is lead counsel for Defendants StudiVZ, Ltd., Holtzbrinck Ventures GmbH and Holtzbrinck Networks GmbH ("Defendants"). On February 10, 2009, Mr. Smith filed one declaration purporting to be in support of both Defendants' Opposition to Facebook's Motion to Compel Further Personal Jurisdiction Discovery and Defendants' Opposition to Facebook's Motion for Sanctions. *See* Declaration of Julio C. Avalos In Support of Facebook, Inc.'s Motion to Strike Declaration of Stephen S. Smith ("Avalos Decl.") ¶ 2; **Exhibit A**.

Mr. Smith's Declaration begins with a preamble that states that the declaration has been filed to correct "false statements and actions" that Facebook has attributed to Mr. Smith and arguing that "Facebook and its counsel declarants repeatedly exaggerate, mischaracterize and misquote statements." *See* Declaration of Stephen S. Smith In Support of Defendants' Oppositions to Facebook's Motions to Compel and For Sanctions ("Smith Declaration" or simply the "Declaration") (Dkt. #97) ¶ 2.

A review of the Smith Declaration reveals that at least 35 of its 56 paragraphs are argumentative and/or contain conclusions. *See* Smith Decl. ¶¶ 2– 9, 11 – 14, 17 – 22, 24, 27 – 28, 30, 34 – 37, 46 – 48, 51 – 56. When counting paragraphs containing mere fact but that are nevertheless martialed in support of argumentative headings and sub-headings that act as combative topic sentences, the number of argumentative paragraphs rises near to one hundred percent, with the sole exception being Mr. Smith's initial paragraph declaring his status as a duly licensed attorney.

## III. ANALYSIS

Northern District of California Local Rule 7-2(b) provides that a declaration "may contain only facts" and "must avoid conclusions and argument." A "declaration not in compliance with this rule may be stricken in whole or in part." N.D. Cal. Civ. L.R. 7-2(b). Further, this Court has held that a declaration may be stricken in whole or in part when it contains "unnecessary and

duplicative" information. *See Page v. Children's Council*, 2006 U.S. Dist. LEXIS 68269, *14 -

*15, Case No. C 06-3268 SBA (N.D. Cal. Sept. 11, 2006) (striking paragraphs from counsel's

declaration that "simply repeat[] portions of the Plaintiff's memo," did "not contain the sorts of

facts that are appropriate in a declaration," contained "argument" or were simply "unnecessary

and duplicative.").

At least 35 of the 56 paragraphs in Mr. Smith's declaration are clearly argumentative. The

tone is set, for instance, in the declaration's first substantive paragraph, which is less a statement

of facts than a quarrelsome preamble:

> "In Facebook's two motions and in the declarations filed in support thereof, Facebook and
> its counsel declarants repeatedly exaggerate, mischaracterize and misquote statements and
> actions that they attribute to me. This declaration corrects those false statements and fills
> in the gaps in the factual record. Sections A-B are totally irrelevant to the current
> discovery dispute that is the subject of Facebook's motion to compel, but are included
> only because Facebook has seen fit to dredge up long-past event [sic] in the case in
> connection with its motion for sanctions. Because Facebook has raised the issue,
> defendants feel compelled to respond."

Smith Decl. ¶ 2. This paragraph is purely argumentative and should be stricken, as is the case for

most of Mr. Smith's Declaration. A review of the headings in Mr. Smith's declaration is

sufficient and instructive (as is the fact that his declaration contains headings at all):

- **"Defendants Have *Not* Been Engaged In a "Strategy of Stalling and Delaying the Litigation" Since the "Outset of the Case"** (Smith Decl. 1:23 – 24) (emphasis in original)

- **Facebook's Statements About the Rule 26(f) Conference Are Totally False.** (*Id*. 3:19-20)

- **Defendants Did Meet and Confer With Facebook *Before* Its Responses to the Discovery Were Due and Agreed to Set the Hearing Date of the Motions to Dismiss Four Months After They Were Filed to Allow Facebook Time to Complete That Discovery** (*Id*. 8:21-24) (emphasis in original)

- **The Parties Were "Largely Able to Work Out Every Issue" Related to Facebook's Discovery Requests** (*Id*. 11:22-23)

1    -    **Mr. Avalos Has Misrepresented the Content of My Statements Made During the**

2          **November 26, 2008 Meet and Confer** (*Id*. 15:17-23)

3    -    **Ms. Hurst Left the Case and Was Replaced by To Gray [sic] Who Participated in**

4          **Meet and Confers** *Without My Participation* **on December 23 and 30.** (*Id*. 21:9-11)

5        (emphasis in original)

6    -    **The January 6, 2009 Meet and Confer** (*Id*. 22:14)

These headings have their place in a brief, not a factual declaration. Indeed, other than its use of the first-person, Mr. Smith's declaration more resembles a Memorandum of Points and Authorities than a statement of facts.

Defendants cannot maintain that a "declaratory" paragraph that states, for instance, "That was a blatant falsehood. It was untrue under the FRCP. It was inconsistent with the Wavier that *he had drafted* and it was inconsistent with the letter *he had drafted* that accompanied the Waiver," is not argumentative or conclusory. (*Id*. ¶ 7) (emphasis in original). Again, this is true for paragraphs 2– 9, 11 – 14, 17 – 22, 24, 27 – 28, 30, 34 – 37, 46 – 48, 51 – 56.

In short, the vast majority of Mr. Smith's declaration and the entirety of its spirit run afoul of L.R. 7-5(b) as well as this Court's recent precedent. Accordingly Mr. Smith's declaration should be stricken in full from the record.

## IV.    CONCLUSION

Facebook respectfully requests that the Court enter the accompanying proposed order striking Mr. Smith's Declaration from the record.

Dated: February 17, 2009        ORRICK, HERRINGTON & SUTCLIFFE LLP


                                    /s/ Julio C. Avalos /s/
                                    JULIO C. AVALOS
                                    Attorneys for Plaintiff
                                    FACEBOOK, INC.

# CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 17, 2009.

Dated: February 17, 2009

Respectfully submitted,

_/s/ Julio C. Avalos /s/_

JULIO C. AVALOS