STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants studiVZ Ltd.,
Holtzbrinck Networks GmbH, and
Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., , HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br><br> Assigned To: Hon. Jeremy Fogel <br><br> **DEFENDANTS' OPPOSITION TO FACEBOOK, INC.'S MOTION TO STRIKE DECLARATION OF STEPHEN S. SMITH** <br><br> Date: March 24, 2009 <br> Time: 10:00 a.m. <br> Dept./Place: Courtroom 2, 5th Floor <br> Hon. Howard R. Lloyd <br><br> Complaint Filed: July 18, 2008 |

37106-00002/1677422.4

OPPOSITION TO FACEBOOK'S MOTION TO STRIKE DECLARATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Facebook's motion to strike the Declaration of Stephen S. Smith filed in support of Defendants' oppositions to Facebook's motion to compel and for sanctions (the "Declaration") is just another attempt to distract the court from the lack of merit of those motions. Unable to rebut the facts in the Declaration, Facebook instead takes issue with simple organizational devices used to improve clarity and readability. However, the fact that Mr. Smith's account of the events and conversations described in the Declaration does not comport with Facebook's own version of events does not transform the Declaration into mere argument.

The relevant facts are as set forth in the Declaration, and, as shown in defendants' oppositions to those motions, those facts show that Facebook's motions to compel and for sanctions should be denied. Facebook's meritless motion to strike is yet another desperate attempt at diversion, and should accordingly be denied.

## II. STATEMENT OF FACTS

Stephen Smith is lead counsel for Defendants StudiVZ, Ltd., Holtzbrinck Ventures GmbH and Holtzbrinck Networks GmbH ("Defendants"). On February 10, 2009, Mr. Smith filed one combined declaration in support of both Defendants' Opposition to Facebook's Motion to Compel Further Personal Jurisdiction Discovery and Defendants' Opposition to Facebook's Motion for Sanctions.

As stated in the Declaration itself, Mr. Smith's Declaration addressed incorrect assertions in Facebook's motions and declarations. Mr. Smith's account of his interactions with Facebook's various counsel incorporated organizational topic headings and bold, italics, and underlined typeface.

## III. ARGUMENT

Northern District of California Local Rule 7-2(b) provides that a declaration "may contain only facts" and "must avoid conclusions and argument," and that a "declaration not in compliance with this rule may be stricken in whole or in part." N.D. Cal. Civ. L.R. 7-2(b). In an obvious effort to keep defendants' side of the story out of the record, Facebook moves to strike the entire Declaration.

In fact, no portion of the Declaration should be stricken. Mr. Smith's Declaration is, throughout, simply a statement of facts that in many places conflicts with the factual account proffered by Facebook. Within Facebook's motions to compel and for sanctions, including the attached affidavits from Facebook's counsel, Facebook made numerous factual assertions and characterizations of interactions between the parties' counsel, and of certain statements made by Mr. Smith in the course of those interactions. Those assertions and characterizations did not accurately represent what had actually transpired or been said, and so Mr. Smith submitted his Declaration to set the record straight and, to be helpful, to provide the factual contexts in which the interactions between counsel concerning discovery occurred.

### A. Mr. Smith's Use of Boldfacing, Italics, and Organizational Headings Improves the Clarity of His Declaration, and Does Not Render It Argumentative.

In essence, Facebook's motion appears to take exception to (1) Mr. Smith's use of boldfacing, italics, and underlining; and (2) his use of organizational headings, without regard to the actual uses to which these devices were put. See Facebook's Motion to Strike Declaration of Stephen S. Smith ("Motion to Strike"), at 1:20–24. It simply makes no sense, however, to assume that the use of typeface or headings is inherently argumentative. Rather, Mr. Smith's use of bold and italics

highlighted specific points of factual disagreement and particular instances where Facebook inaccurately described interactions between the parties' counsel or misquoted Mr. Smith personally. The substance of the interactions of counsel, and the actual language spoken by Mr. Smith during those interactions, were placed squarely in issue by ***Facebook's own motions and declarations***, and so defendants and Mr. Smith had every right to respond. Mr. Smith's account of those interactions is not argumentative simply because it does not comport with Facebook's own self-serving accounts.

In addition, the use of topic headings is simply a convenient way to improve the clarity, organization, and readability of any legal pleading, statement, or declaration, especially a lengthy one that covers many conversations and a lot of correspondence that took place over a period of between two and three months. Contrary to Facebook's insistence that such headings are intrinsically argumentative, Mr. Smith's headings simply helped to organize relevant facts and recollections into coherent statements that accurately described the events discussed, and so are entirely proper.

The list of headings cited by Facebook as "proof" of the allegedly argumentative quality of the Declaration, by itself, shows the lack of merit of Facebook's motion, because each and every heading is an assertion of fact. See Motion to Strike, at 3:15–4:9. For example, the headings address, among other things, what Defendants' alleged "strategy" was or was not (in response to Facebook's false charges of deliberate delay of discovery), whether certain statements made by Facebook or its counsel were factually correct or incorrect, and whether or not Mr. Smith participated in certain meet and confers and what was said during the contacts in which he took part.

### B. Mr. Smith's Assertion of Facts in His Declaration that Contradict Facebook's Assertions Is Properly Factual and Declaratory.

Actually, a significant portion of Facebook's motion boils down to an argument that wherever the Declaration disagrees with the story told by Facebook's motions and/or Facebook's declarants, such disagreement is argumentative and must be stricken from the record. But that is not so; all that means is that Facebook is claiming that there are disputed questions of fact. Mr. Smith's Declaration simply provides the facts necessary to point out the inaccuracies in Facebook's motions and declarations. That does not render the Declaration argumentative, and certainly does not justify the extreme relief that Facebook seeks — the striking of the Declaration from the record in this case.

Facebook goes on to complain of Mr. Smith's statement regarding Mr. Avalos' claims: "That was a blatant falsehood. It was untrue under the FRCP. It was inconsistent with the Waiver that *he had drafted* and it was inconsistent with the letter *he had drafted* that accompanied the Waiver." See Motion to Strike, at 4:10–14 (emphasis in original). But each component of this statement is, itself, an assertion of fact: whether or not a claim was true or false, whether or not a claim was accurate by reference to the FRCP, and whether or not a claim was consistent with a given document and who drafted that document. While Mr. Smith's use of italics or underlining may have emphasized particularly relevant facts, it did not somehow transform the recitation of those facts into argument.

In short, Facebook's attempt to characterize any statement of fact made by Mr. Smith with which Facebook disagrees as strikeable argument is unpersuasive, and is really just a sideshow that is meant to distract from the lack of a sound basis for Facebook's motions to compel and for sanctions. Facebook's motion to strike Mr. Smith's Declaration from the record should be denied. See United States v.

Lisle, 1992 U.S. Dist. LEXIS 4652, at *13, *13 n.7 (N.D. Cal. Mar. 25, 1992) (noting that plaintiff had attacked the validity of defendant's evidence on technical grounds without actually supplying any evidence to contradict it, and denying plaintiff's motion to strike a declaration submitted by defendant that plaintiff claimed was "conclusory and argumentative").

### C. Even if Portions of Mr. Smith's Declaration Were Argumentative, Striking the Entire Declaration Is Not an Appropriate Remedy.

Even assuming, purely for the sake of argument, that portions of Mr. Smith's Declaration were argumentative, Facebook's proposed remedy, namely striking the entire Declaration, is completely inappropriate. As set forth above, the vast majority (if not all) of the portions of the Declaration challenged by Facebook are simply factual assertions that contradict Facebook's own account. Under such circumstances, the appropriate remedy where argument and factual declaration may blur is for the Court to preserve the entire declaration, and then simply give less weight to certain portions as the Court deems inappropriate. See Jones v. Barnhart, 349 F.3d 1260, 1270 (10th Cir. 2003) (affirming lower court's refusal to strike entire declaration, even where portions were potentially argumentative, in favor of simply ignoring any portions the court deemed inappropriate); Newman v. GMC, 2008 U.S. Dist. LEXIS 105492, at *27–*29 (D.N.J. Dec. 31, 2008) (declining to strike expert's certification, even where certain portions "contain what may be characterized as 'argument'"); Toni & Guy (USA) Ltd. v. Nature's Therapy, Inc., 2006 U.S. Dist. LEXIS 25291, at *10–*11 (S.D.N.Y. May 1, 2006) (denying reciprocal motions to strike and considering each party's submissions "to the extent that they comply with [federal rules].")

Indeed, ironically, applying Facebook's own reasoning to Facebook's own declarations would require that *they* be stricken because they contain objectionable

argument. See, e.g., Declaration of Thomas J. Gray in Support of Facebook's Motion to Compel, at 2:18–19 ("With an obvious disagreement as to the issue, I do not understand why Mr. Smith boarded the plane to Germany."); Declaration of Julio C. Avalos in Support of Facebook's Motion for Sanctions, at 5:5–6 ("Despite Mr. Smith's November 26 representations regarding forthcoming evidence of StudiVZ's accessing and copying of Facebook's intellectual property, no such discovery was produced."); Declaration of Julio C. Avalos in Support of Facebook's Motion to Compel, at 7:14–16 ("In response to Interrogatory No. 5, Defendants admitted that they had 11,013 StudiVZ users in California as of October 22, 2008, an increase of nearly 1,000 California users in just one week.").

In fact, Facebook knows that Mr. Smith's Declaration really is beyond objection. Facebook's Motion to Strike is thus reduced to making preposterous arguments such as the following: "[w]hen counting paragraphs containing mere fact but that are nevertheless martialed [sic] in support of argumentative headings and sub-headings that act as combative topic sentences, the number of argumentative paragraphs rises near to one hundred percent, with the sole exception being Mr. Smith's initial paragraph declaring his status as a duly licensed attorney." See Motion to Strike, at 2:19–23. In other words, Facebook says that if a heading is somehow objectionable (which, as shown above, they are not here), then every paragraph in the Declaration that falls under the heading should be stricken, even if those paragraphs contain "mere fact."

That simply makes no sense. There is no authority for granting a motion like that, which takes "boot-strapping" to a breathtaking new level. Facebook's motion should be denied.[1]

---

[1] Instead of making an ill-founded, sweeping motion to strike every last thing in Facebook's declarations, Defendants have pursued a more sensible course by correcting Facebook's inaccurate versions of events, and by raising specific evidentiary objections where appropriate. Facebook has done neither. (*Continued on next page*)

## IV. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Facebook's motion to strike the Declaration be denied.

DATED: March 3, 2009
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: /s Stephen S. Smith
STEPHEN S. SMITH
Attorneys for Defendants STUDIVZ,
LTD., HOLTZBRINCK NETWORKS
GmbH and HOLTZBRINCK
VENTURES GmbH

---

(*Continued from previous page*)
And, as stated above, the Court is perfectly capable of deciding how much weight to give to the various declarations and to the assertions therein.