I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614-2558
Telephone: +1-949-567-6700
Facsimile: 949-567 6710

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>STUDIVZ LTD., HOLTZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25,<br><br>Defendant. | Case No. 5:08-cv-03468 JF<br><br>**FACEBOOK'S REPLY ISO MOTION TO STRIKE DECLARATION OF STEPHEN S. SMITH**<br><br>Date: March 24, 2009<br>Time: 10:00 a.m.<br>Room: Courtroom 2, 5th Floor<br>Judge: Honorable Magistrate Judge Howard R. Lloyd, for Discovery Purposes |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Facebook has no desire to belabor what should be a straightforward motion to strike. Contrary to Defendants' straw man arguments, Facebook does not argue that the use of italics or boldfacing is per se indicative of an argumentative tone. Facebook simply points out that Mr. Smith's declaration—which begins with an ominous prefatory paragraph arguing that "Facebook and its counsel declarants repeatedly exaggerate, mischaracterize and misquote statements and actions that they attribute to me"—is inherently argumentative and thus inappropriate. Moreover, as Mr. Smith concedes in the declaration itself, much of it is irrelevant to the motion for which it was filed.

This District's Local Rules permit the Court to strike a declaration in its entirety if it does not avoid conclusions and arguments. Although Defendants cite cases where courts have exercised discretion and not stricken entire declarations where only the odd paragraph or sentence was argumentative, this precedent is unavailing here, where the entirety of Mr. Smith's declaration embraces argument instead of "avoiding" it. In such cases, where declarations are "extensively" argumentative or riddled with "argument," courts have consistently stricken declarations as a whole. Facebook therefore asks the Court to strike Mr. Smith's contentious declaration from the record or, in the alternate, that it strike those paragraphs that are unambiguously argumentative.

## II. ARGUMENT

### A. An Argument May Consist of "Factual Arguments."

Defendants' Opposition states that "no portion of the Declaration should be stricken" and that " Mr. Smith's Declaration is, throughout, simply a statement of facts." Defendants' Opposition to Facebook's Motion to Strike ("Def. Opp.") (Dkt. #111). In order to make this assertion, Defendants must be adopting an unreasonably narrow definition of "argument." An argument is a type of discourse whereby one attempts to prove the validity of some point of view or idea or persuade a third-party to adopt some point of view or idea. What is commonly referred to as a "good argument" is a persuasive enumeration of facts that leads one to some inexorable

conclusion. Legal precedent and common sense dictate that Defendants' oft-repeated conclusion that it is somehow impossible to present facts or factual allegations in an argumentative fashion is absurd. Indeed, courts routinely strike declarations that contain either "legal or factual argument." *See*, *e.g.*, *Wexco Indus. V. ADM21 Co.*, 2008 U.S. Dist. LEXIS 104766, at *39, Case No. 04-5244 (D. N.J. Dec. 30, 2008) ("as to Mr. Kim's declarations, the Court strikes any paragraphs in the first declaration that contain legal or factual argument").

Mr. Smith's declaration is one long factual argument meant to persuade the Court that Facebook's counsel declarants have engaged in rampant misrepresentation. If the passage: "That was a blatant falsehood. It was untrue under the FRCP. It was inconsistent with the Waiver that *he had drafted* and it was inconsistent with the letter *he had drafted*" is not argumentative, then the word has no meaning. And generations of American lawyers arguing with opposing counsel over the meaning or requirements of some Federal Rule of Civil Procedure would no doubt be surprised to learn that they weren't arguing at all, but merely exchanging statements of facts.

### B. A Declaration Containing An Extensive Amount of Argumentation May Be Stricken In Its Entirety, Though It Contain Some Statements of Pure Fact.

Defendants then argue that "[e]ven assuming, purely for the sake of argument, that portions of Mr. Smith's Declaration were argumentative, Facebook's proposed remedy, namely striking the entire Declaration, is completely inappropriate." Def. Opp. 5:9-11. Mr. Smith's declaration does not contain argumentative "portions." The declaration itself is argumentative. A valid declaration would simply provide the declarant's recitation of facts as they understood or remembered them. If Mr. Smith felt that Facebook had misrepresented him, then he should have simply discussed his remembrance of events and permitted the fact-finder to decide whose recitation was more credible. Instead, the entire thrust of counsel's declaration is dedicated to pointing out why Facebook is wrong or misquoted or misrepresented such and such fact, which is not a declaration of personal knowledge, but an argument regarding the true course of events. Thus, Defendants' reliance on case law where only discrete paragraphs or portions of a declaration were argumentative is unavailing.

Moreover, Northern District of California Civil Local Rule 7-5 expressly gives the Court latitude to strike an entire declaration even when it is not uniformly argumentative. The rule states:

> "An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made upon information and belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part."

The plain language of the rule states thus states that any declaration that does not "avoid conclusions and argument . . . may be stricken in whole or in part." Courts have accordingly struck entire declarations even where they were not entirely composed of argument. *See, e.g., Wexco Indus.*, 2008 U.S. Dist. LEXIS 104766, at *40 ("[T]he Court strikes Mr. Kim's second declaration in its entirety because of the extensive amount of argument that it contains."); *United Enter. & Assocs. V. United States*, 70 Fed. Cl. 1, 50 (Fed. Cl. 2006) (striking in the entirety declarations that "contain irrelevant, immaterial and argumentative allegations that are too numerous to list"); *Parks v. Lebhar-Friedman, Inc.*, 2008 U.S. Dist. LEXIS 63019, *2-*3 (S.D.N.Y. Aug. 11, 2008) (an entire declaration should be stricken when "riddled" with argument or conclusory statements); *Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) (striking declaration in its entirety).

### C. Even If the Court Decides That Mr. Smith's Entire Declaration Should Not Be Stricken, A Significant Number Of Paragraphs Should Be.

Should the Court decide that Mr. Smith's declaration should not be stricken in its entirety, Facebook respectfully requests that it strike those paragraphs which are argumentative, irrelevant or conclusory. These paragraphs are:

- ¶ 2 (argumentative – "Facebook and its counsel declarants repeatedly exaggerate, mischaracterize and misquote statements and actions that they attribute to me");
- ¶¶ 3 – 13.e (which Defendants' themselves state are "totally irrelevant" to the motion which Mr. Smith's declaration was supporting; )
- ¶ 3 (argumentative -- "There is no support for this claim. Facebook has made this claim before only to have it rejected by the Court.");
- ¶ 11 (argumentative -- "Facebook's and Mr. Avalos' statements are false");

- ¶ 12 (argumentative/conclusory -- "Thus, the Motion for Expedited Discovery was <u>not</u> caused by my alleged refusal to hold the Rule 26(f) conference");

- ¶ 13 (argumentative -- "I never 'refused' to hold the conference.");

- ¶ 14 (argumentative -- "I did not place conditions on holding the Rule 26(f) conference. Facebook's claim that I agreed to hold that Rule 26(f) conference only in 'return for withdrawal of the motion . . . is also false'");

- ¶ 22 (argumentative/conclusory -- "Mr. Avalos['s statements are] not true . . . That is neither reasonable nor required by the Court's Rules");

- ¶ 24 (argumentative -- "Those objections were not 'uniform, blanket objections,' as Facebook argues . . . Moreover, Facebook's implicit argument that Defendants' objections were improper is inconsistent with Facebook's own subsequent decision to limit, narrow or withdraw altogether virtually *every single request*");

- ¶ 27 (argumentative -- "Since that time, Facebook's counsel **_never_** raised a **_single_** complaint about the Holtzbrinck defendants' responses to Facebook's interrogatories");

- ¶ 28 (argumentative -- "Facebook **_never_** raised any complaint about the Holtzbrinck defendants' document production");

- ¶ 34 (argumentative -- "Throughout Facebook's Motion to Compel and Motion for Sanctions, and then again in the declarations of Julio Avalos in support of those motions, Facebook and Mr. Avalos misrepresent what I said on November 26, 2008 (and later on January 6, 2009, which is addressed below)");

- ¶ 47 (argumentative -- "Contrary to what Mr. Avalos has declared at paragraph 36 of his declaration, I never 'agreed in principle' that documents about access were relevant to the *Calder v. Jones* effects test");

- ¶ 52 (argumentative "Finally, the discussions about the depositions of Mr. Weber and Mr. Brehm are set forth in excruciating detail in my declaration filed in support of Defendants' Motion for Sanctions based on Facebook's wrongful and last-minute cancellation of those depositions");

- ¶ 54 (paragraph is irrelevant to this motion).

**III. CONCLUSION**

Facebook thus respectfully requests that the Court strike Mr. Smith's Declaration in its entirety, or, in the alternate, that the Court strike the paragraphs listed in Section II.C, *supra*.

Dated: March 10, 2009                          ORRICK, HERRINGTON & SUTCLIFFE LLP

                                        /s/ Julio C. Avalos /s/
                                         JULIO C. AVALOS
                                         Attorneys for Plaintiff
                                         FACEBOOK, INC.

# CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 10, 2009.

Dated: March 10, 2009              Respectfully submitted,

                                        /s/ Julio C. Avalos /s/
                                        JULIO C. AVALOS