

**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
4 PARK PLAZA
SUITE 1600
IRVINE, CALIFORNIA 92614-2558

tel +1-949-567-6700
fax +1-949-567-6710

WWW.ORRICK.COM

March 16, 2009

Thomas J. Gray
(949) 852-7764
tgray@orrick.com

Honorable Magistrate Judge Howard R. Lloyd
280 S 1st Street
Floor 5, Courtroom 2
San Jose, CA

Re: <u>Facebook, Inc. v. StudiVZ et al., Case No. 5:08-cv-03468</u>

Your Honor:

I write pursuant to the Court's March 12, 2009 Order permitting Facebook to respond to Defendants' letter of the same day. Facebook objects to, and hereby opposes, Defendants' request to hold Facebook's motion to compel in abeyance. Facebook respectfully requests that the Court issue an Order compelling Defendants to fully respond to the requested interrogatories and to produce the requested materials.

Defendants' "request" is truly a renewed motion for protective order that goes beyond the one Defendants filed in October 2008 and ultimately withdrew on December 16, 2008. Defendants previously conceded to the Court months ago that Facebook was entitled to personal jurisdiction discovery – even personal jurisdiction discovery that also goes to the merits of the case. Only now that the Court is on the verge of requiring Defendants to produce meaningful discovery do Defendants back track and attempt to block all additional discovery. This is consistent with Defendants' previous tactics and their stated goal to get the case dismissed without producing any discovery.

Defendants' March 12, 2009 letter also indicates that Defendants are going to request, once again, that Judge Fogel bifurcate the personal jurisdiction issues from the *forum non conviens* issues. This is merely an improper motion for reconsideration of Judge Fogel's Order dated January 28, 2009 (Docket No. 92). Judge Fogel has already decided this issue and found that, for judicial economy reasons, both issues should be resolved at the same time. Judge Fogel also indicated in his Order that Facebook should file its supplemental opposition to the motions to dismiss after it receives discovery from Defendants. If Defendants want to withdraw their motions to dismiss based on personal jurisdiction, they should simply do so. But Facebook is still entitled to the discovery it seeks because it also relates to the forum issues.

As Facebook set forth in its Reply Brief in support of its Motion to Compel, Judge Fogel has not prohibited Facebook from pursuing *forum non conviens* discovery. It is, and has been, Facebook's position that the requested discovery may reveal facts that further support that this Court is the proper forum for this case, such as other contracts that Defendants have entered that contain clauses selecting California, or other states, as the forum, or the existence of other witnesses who are

OHS West:260625363.1


ORRICK

Honorable Magistrate Judge Howard R. Lloyd
March 16, 2009
Page 2

located in California and throughout the United States. Facebook should be permitted to pursue this discovery before a final resolution on Defendants' motions to dismiss.

Facebook believes, at a minimum, it is entitled to all discovery outlined in it March 5, 2009 letter. The financial burden Defendants now belatedly raise should have been addressed months ago. Additionally, Defendants' claims of burden do not relate to all of the discovery at issue in the motion to compel. Rather, they really only relate to the production of the access and design and development documents. There is almost no burden associated with responding to the few interrogatories at issue in the motion. Moreover, as mentioned at the March 3, 2009 hearing, source code is relatively easy to produce. Searches across a database do not need to be executed. The source code does not need to be translated, nor does it have to be reviewed for responsiveness and privilege. The contracts requested by Facebook are likewise not burdensome to produce. Defendants provide no justification as to why they immediately cannot produce such materials. Defendants requested stay of all discovery is unwarranted and unreasonable.

Facebook respectfully requests that the Court rule on Facebook's motion and compel Defendants to produce the full scope of discovery as outlined in Facebook's letter of March 5, 2009. There is simply no reason to delay this Court's resolution of the pending motion. Regardless of whether this Court issues the Order now or after Judge Fogel allows the case to go forward, Defendants will undoubtedly appeal any order of this Court requiring them to respond and/or produce the requested discovery. Defendants have previously represented that they would do so. Consequently, judicial economy is better served by this Court issuing its Order, thus requiring Defendants to raise all of their issues with Judge Fogel at one time.

Finally, I must set the record straight regarding the litigation in Germany. Defendant StudiVZ initiated its declaratory judgment lawsuit in Germany on July 18, 2008 – the exact day Facebook filed suit in this Court. Facebook did not choose to litigate in Germany – but has been forced to respond to the declaratory relief action filed by StudiVZ. StudiVZ, as well as Facebook, is having to finance two litigations as a direct result of StudiVZ's own actions. It chose to forum shop and file a preemptive declaratory judgment action when it knew, or should have known from the parties' correspondence, that Facebook was about to file its claims against Defendants in the United States. Moreover, as Defendants know, the cases involve different legal claims and have different parties. The two cases are not "identical" as Defendants suggest.

Very truly yours,

Thomas J. Gray