1   STEPHEN S. SMITH (SBN 166539)
    SSmith@GreenbergGlusker.com
2   WILLIAM M. WALKER (SBN 145559)
    WWalker@GreenbergGlusker.com
3   AARON J. MOSS (SBN 190625)
    AMoss@GreenbergGlusker.com
4   GREENBERG GLUSKER FIELDS CLAMAN &
    MACHTINGER LLP
5   1900 Avenue of the Stars, 21st Floor
    Los Angeles, California 90067-4590
6   Telephone: 310.553.3610
    Fax: 310.553.0687
7
8   Attorneys for Defendants StudiVZ Ltd., Holtzbrinck
    Networks GmbH and Holtzbrinck Ventures GmbH

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13

14  FACEBOOK, INC.,                    Case No. 5:08-CV-03468 JF

15              Plaintiff,             Assigned To: Hon. Jeremy Fogel

16  v.                                 **MOTION FOR ADMINISTRATIVE
                                       RELIEF RE:**
17  STUDIVZ LTD., VERLAGSGRUPPE
    GEORG VON HOLTZBRINCK GmbH,        **STAYING THE PERSONAL
18  HOLTZBRINCK NETWORKS GmbH,         JURISDICTION PORTION OF
    HOLTZBRINCK VENTURES GmbH, and     STUDIVZ'S MOTION TO DISMISS
19  DOES 1-25,                         PENDING THE OUTCOME OF THE
                                       *FORUM NON CONVENIENS* PORTION OF
20              Defendant.             STUDIVZ'S MOTION TO DISMISS**

21                                     [Civil L.R. 7-11]

22                                     [(Proposed) Order and Declaration of Stephen
                                       S. Smith and Supporting Exhibits Filed
23                                     Concurrently Herewith]

24                                     Complaint Filed: July 18, 2008

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

37106-00002/1680384.7

Motion for Administrative Relief

## I.   **INTRODUCTION**

Pursuant to Civ. L.R. 7-11, StudiVZ, Ltd. ("StudiVZ") respectfully requests that the Court stay the personal jurisdiction portion of StudiVZ's Motion to Dismiss, along with related discovery, pending the Court's ruling on the *forum non conveniens* portion of the motion.

StudiVZ recognizes that this request is similar to one it made in January in connection with Facebook's Motion to Enlarge Time.  (Docket Nos. 77, 80, 81 and 92).  On January 23, 2009, Facebook moved to enlarge time on the hearing of the Motions to Dismiss filed by StudiVZ and the Holtzbrinck defendants.  StudiVZ did not oppose Facebook's request as to the personal jurisdiction portion of its motion since there was an ongoing discovery dispute as to that issue.  However, all three Defendants argued there was no reason to continue the *forum non conveniens* portion of either motion or the personal jurisdiction portion of the Holtzbrinck defendants' motion because there were no open discovery disputes as to those issues.

The Court's January 28, 2009 Order states that Facebook "failed to demonstrate any reason to continue the February 13, 2009 hearing as to either defendant with respect to *forum non conveniens*, or as to Holzbrinck with respect to personal jurisdiction."  The Court granted Facebook's request to file a supplemental opposition as to personal jurisdiction over StudiVZ "in light of any newly discovered material," but did not grant Facebook's request to file a supplemental opposition as to any other issue.  (Docket No. 92 at 2:15-22).  Although the Court found that Facebook demonstrated no reason to continue the hearing of any other issue in the Motions to Dismiss, it continued the hearing as to both motions and all issues because of "judicial economy" and because it was "unlikely to prejudice any party."  (Id. at 2:18-20).

Since then, it has become clear that the interests of judicial economy and avoidance of prejudice are not served by continuing the hearing yet again so that all issues can be heard together because of the enormity of the ongoing dispute about personal jurisdiction discovery related to StudiVZ.  That dispute has grown immensely in both size and expense and will not be resolved before the April 10, 2009 hearing date on the Motions to Dismiss.  Facebook's motion to compel remains pending.  Facebook also recently served all three defendants with entirely new sets of written discovery "relating to jurisdiction."  (Smith Decl., ¶ 6).  And Facebook has expressed an

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

intent to take depositions that it has not yet even noticed. The e-discovery costs and attorneys' fees that StudiVZ will incur in connection with this discovery and the disputes it will inevitably spawn are wholly disproportionate to any possible benefit because *forum non conveniens* provides an independently viable basis to dismiss. It is also a waste of this Court's time and resources to address all of the issues that will arise from discovery related solely to the issue of personal jurisdiction over StudiVZ when *forum non conveniens* can be decided separately and forthwith.

This case is in all relevant respects identical to <u>Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Co. Ltd.</u>, 549 U.S. 422, 127 S.Ct. 1184, 1188 (2007), where the Court held that *forum non conveniens* may be decided before personal jurisdiction, especially when doing so may avoid potentially unnecessary discovery into the latter issue. Accordingly, StudiVZ respectfully requests that the Court stay the personal jurisdiction portion of its motion, and the discovery related thereto, pending resolution of its *forum non conveniens* argument.[1]

## II. THE STUDIVZ PERSONAL JURISDICTION DISCOVERY DISPUTE HAS BECOME THE "TAIL THAT WAGS THE DOG."

The dispute concerning jurisdiction discovery directed at StudiVZ has been ongoing for months and remains unresolved. The parties reached agreement on all discovery that relates to the traditional indicia of personal jurisdiction, i.e., contacts with the forum state. As the Court has already noted, there is also no open dispute as to the Holtzbrinck defendants or as to *forum non conveniens* for any defendant. (Docket No. 92). But there continues to be a dispute about jurisdiction discovery directed at StudiVZ, which is growing and not close to being resolved.

Facebook seeks discovery into the merits, arguing that the merits overlap with jurisdiction under the "effects test" of <u>Calder v. Jones</u>, 465 U.S. 783 (1984). StudiVZ disagrees. If <u>Calder</u> could be used to open the door to wholesale discovery into the merits, it would necessarily always

---

[1] StudiVZ finds itself in a strange procedural position with respect to this request. The instant motion is essentially a partial opposition to a motion to enlarge time that Facebook has not even filed. StudiVZ is the movant only because it represented to the Magistrate Court on March 12, 2009, in connection with its request to defer any ruling on Facebook's motion to compel, that it would file the instant motion. (Docket No. 117). Facebook expressly opposed that request and expressed an intent to oppose the instant motion. (Docket No. 118). Yet, Facebook has itself not asked that the April 10, 2009 hearing date be moved. We assume that Facebook intends to make such a request at some point. But, if it does not do so, StudiVZ has no objection to having all issues heard on April 10, 2009 with the state of discovery as it currently exists.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

force a defendant sued for a tort to go through the entire discovery process on the merits before having its personal jurisdiction motion heard. Whether Facebook is right or StudiVZ is right, this dispute has become large in scope and, therefore, time consuming and expensive.

Facebook's motion to compel remains pending. The Magistrate Judge tentatively stated an intent to order the production of some document categories, including documents that would require StudiVZ to perform electronic searches of the 11.9 terabytes of data it preserved at the beginning of the case. Whether the Magistrate Judge's order is narrow or broad, because of the size of the preserved universe of data, any such search will be very expensive. StudiVZ obtained an estimate from KPMG in Germany that it will cost **$1.6 million** to search only 20-30 terms. That sum does not include the cost to translate the documents, the vast majority of which are in German, nor the attorney time to review the documents for responsiveness and privilege.

In addition, all documents Facebook seeks are in Germany and are subject to German privacy laws. As StudiVZ's opposition to Facebook's motion to compel explains (Docket No. 95, at 9:14-14:3), any order requiring StudiVZ to search individual employees' email files will implicate German privacy laws, which are much more protective of privacy than U.S. laws. StudiVZ will be required to seek and obtain any such employee's informed consent. If it cannot obtain such consent, it will be prohibited civilly and criminally from searching those files.

Also, on February 2, 2009, Facebook served new sets of jurisdiction-related discovery on all defendants.[2] Defendants believe that this new discovery violates the Court's January 28, 2009 Order and have, therefore, objected to it. That will inevitably cause more motion practice. Facebook has also stated its intent to depose StudiVZ witnesses on issues related to personal jurisdiction. (Docket No. 91, at 25:1-12). But it has not yet noticed any such depositions (other than the two depositions it noticed in January but then canceled).

Yet, Facebook's supplemental opposition to the personal jurisdiction portion of StudiVZ's motion to dismiss is currently due <u>tomorrow</u>, March 20, 2009.

---

[2] Facebook's service of new discovery on the Holtzbrinck defendants violates the January 28, 2009 Order. Facebook asked for permission to file a supplemental opposition to both Motions to Dismiss. The Court only gave Facebook permission to file a supplemental opposition to the personal jurisdiction portion of the StudiVZ Motion, and the Court limited any such supplemental opposition to being based only on "any newly discovered material" (Docket No. 92 at 2:20-22). The Court noted that Facebook failed to provide any reason to continue the Holtzbrinck defendants' Motion.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    In short, without even addressing the merits of this discovery, some things are undisputed.

2    First, the issue of jurisdictional discovery directed to StudiVZ will not be resolved by the hearing

3    on April 10, 2009.  Second, there will be continued motion practice concerning Facebook's

4    entitlement to discovery on this issue and StudiVZ's ability to produce such discovery under

5    German law.  Third, StudiVZ is incurring, and will continue to incur, large amounts of attorneys'

6    fees and outside e-discovery costs in connection with producing any of the discovery that remains

7    at issue, and significant additional Court time and resources will be consumed as well.

8    It would thus further judicial economy and avoid undue prejudice to stay personal

9    jurisdiction as to StudiVZ pending resolution of *forum non conveniens*.  It would potentially

10    avoid multiple discovery motions, and would allow a defendant who might be dismissed from

11    having to incur significant, unnecessary expenses associated with an argument that may become

12    moot.  This is a "textbook case for immediate *forum non conveniens* dismissal" in large part because

13    "[d]iscovery concerning personal jurisdiction would have burdened [the defendant] with expense and

14    delay.  And all to scant purpose." <u>Sinochem</u>, 127 S.Ct. at 1194.[3]  Just as in <u>Sinochem</u>, it would be

15    tremendously unfair, and all to scant purpose, to force StudiVZ to incur the burden and expense

16    associated with the ongoing discovery disputes over personal jurisdiction if the case never should

17    have been brought in this Court in the first place for reasons of *forum non conveniens*.

18    **III.**    **THE *FORUM NON CONVENIENS* CONSIDERATIONS WEIGH EVEN MORE**

19    **HEAVILY IN FAVOR OF DISMISSAL.**

20    <u>Sinochem</u> held that deciding *forum non conveniens* before personal jurisdiction is

21    particularly appropriate where "personal jurisdiction is difficult to determine, and *forum non*

22    *conveniens* considerations weigh heavily in favor of dismissal." <u>Id.</u>  Both factors apply here.  As

23    noted, the discovery battle regarding personal jurisdiction over StudiVZ has continued for months

24    with no end in sight.  And, the *forum non conveniens* factors weigh heavily in favor of dismissal.

25    As will be explained in more detail in defendants' replies in support of their Motions to

26    Dismiss, the facts occurring <u>after</u> defendants moved to dismiss on October 22, 2008 further prove

27

28

---

[3] The Court also noted that there were, like here, proceedings already pending in the alternative forum. <u>Sinochem</u>, <u>supra</u>, 127 S.Ct. at 1194.

Motion for Administrative Relief

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  that the case should be dismissed based on *forum non conveniens*.  On November 19, 2008,

2  Facebook filed an 88-page, single-spaced Complaint at the *Landgericht Köln* (district court

3  Cologne), in Cologne, Germany against StudiVZ (the "Cologne Germany Action") (Docket No.

4  65, ¶ 4(d) and Docket No. 69).  The Cologne Germany Action is based on identical facts and

5  conduct as this action and seeks affirmative relief against StudiVZ.  (Docket Nos. 70 at ¶¶ 4-6; 70-2

6  at pp. 2-3).  On February 23, 2009, StudiVZ filed its eighty-one page response to the Cologne

7  Germany Action.  The trial is now scheduled for April 28, 2009.  (Smith Decl., ¶ 4; Ex. A).

8  Both parties' pleadings in the Cologne Germany Action recite all factual and documentary

9  evidence, and list all witnesses, upon which they will rely at the trial.  Both parties' pleadings attach

10  detailed written expert reports opining about the issues raised in the case.  (Smith Decl., ¶ 5; Ex. B).

11  The Magistrate Judge in this case has already noted that the issues in the Cologne Germany Action

12  are "substantially similar (if not identical) to those raised here."  (Docket No. 68, at 4:27-28).

13  For this new reason, and for the reasons in the motions to dismiss, the *forum non conveniens*

14  factors weigh heavily in favor of dismissal.  At the very least, the issue should be heard and

15  resolved on its merits before consigning the parties and the Court to the much more factually-

16  disputed issues related to personal jurisdiction over StudiVZ, which may become moot.

17  **IV.    WITHOUT THE REQUESTED RELIEF, STUDIVZ WILL BE FORCED TO**

18  **DROP A MERITORIOUS DEFENSE.**

19  Although StudiVZ believes it is <u>not</u> subject to personal jurisdiction, should the Court deny

20  this requested relief, then StudiVZ will be forced to withdraw the personal jurisdiction portion of

21  its Motion to Dismiss.  Although withdrawal would moot Facebook's need for any further

22  jurisdictional discovery, it would also mean that StudiVZ would lose a meritorious defense that

23  could easily be preserved for later adjudication should the Court not grant StudiVZ's Motion to

24  Dismiss on *forum non conveniens*.[4]

25  ---

[4]  This may beg the question of "why doesn't StudiVZ simply withdraw the personal jurisdiction argument, rather
26  than offer it only as an alternative?"  The answer is simple -- StudiVZ should win the personal jurisdiction argument
but also recognizes, given the Magistrate's stated intent to allow discovery into the merits, that the personal
27  jurisdiction issue will not be decided for many months, possibly via a mini-trial after the completion of all merits-
based discovery.  StudiVZ will go through that laborious process if its *forum non conveniens* argument is heard and
rejected.  But StudiVZ will choose (reluctantly) to give up that argument if that is the only way to have its *forum non*
28  *conveniens* argument heard now, which could save StudiVZ millions of dollars of needless discovery.

1  DATED: March 19, 2008            GREENBERG GLUSKER FIELDS CLAMAN &
2                                   MACHTINGER LLP
3
4                                   By:____/s Stephen S. Smith_____
                                         STEPHEN S. SMITH
5                                   Attorneys for Defendants StudiVZ Ltd., Holtzbrinck
                                    Networks GmbH and Holtzbrinck Ventures GmbH
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28