STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants StudiVZ Ltd., Holtzbrinck
Networks GmbH and Holtzbrinck Ventures GmbH

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendant. | Case No. 5:08-CV-03468 JF <br><br> Assigned To: Hon. Jeremy Fogel <br><br> **DECLARATION OF STEPHEN S. SMITH IN SUPPORT OF STUDIVZ'S MOTION FOR ADMINISTRATIVE RELIEF; EXHIBITS A-B** <br><br> [Memorandum of Points and Authorities and (Proposed) Order Filed Concurrently Herewith] <br><br> Complaint Filed: July 18, 2008 |

37106-00002/1680868.2

Declaration of Stephen S. Smith in Support of Motion for Administrative Relief

# DECLARATION OF STEPHEN S. SMITH

I, Stephen S. Smith declare:

1. I am an attorney at law duly licensed to practice in the State of California and before the United States District Court for the Northern District of California, and am a partner at Greenberg Glusker Fields Claman & Machtinger LLP, counsel of record for Defendants Holtzbrinck Networks GmbH and Holtzbrinck Ventures GmbH (together, the "Holtzbrinck Defendants") and StudiVZ Ltd. ("StudiVZ") (collectively, "Defendants"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto under oath. This declaration is submitted in support of StudiVZ's Motion for Administrative Relief.

2. As set forth in Defendants' Motions to Dismiss, Facebook filed this action on the same day that StudiVZ filed its own lawsuit against Facebook in the *Landgericht Stuttgart* (district court Stuttgart) in Stuttgart, Germany (the "First German Action").

3. As previously noted (Docket No. 69), on November 19, 2008, Facebook filed a lengthy response in the First German Action (Docket Nos. 65, at ¶ 4(d); 65-2, 65-3, 65-4; 70 at ¶¶ 3-4). That same day, Facebook filed an eighty-eight page long, single-spaced Complaint at the *Landgericht Köln* (district court Cologne), in Cologne, Germany against StudiVZ (the "Second German Action") (Docket No. 65, ¶ 4(d)).

4. On February 23, 2009, StudiVZ filed its eighty-one page response to the Second German Action. Attached hereto as "Exhibit A" is a true and correct copy of an English translation of StudiVZ's response to the Second German Action along with the certification. Trial in the Second German Action is scheduled for April 28, 2009.

5. Both parties' pleadings in the Second German Action recite all factual and documentary evidence, and list all witnesses, upon which they will rely at the trial. Both parties' pleadings attach detailed written expert reports opining about the issues raised in the case. Attached hereto as "Exhibit B" is a true and correct copy of an English translation of the report of StudiVZ's expert, Prof. Dr.-Ing. [Doctor of Engineering] Georg Carle, along with the certification.

6. On February 2, 2009, Facebook served the following, entirely new sets of personal jurisdiction-related discovery on all defendants: (a) Facebook, Inc.'s Second Set of Requests for Production to Defendant StudiVZ, Ltd. Relating to Personal Jurisdiction" (which includes more categories than Facebook's first set of requests for production), (b) "Requests for Admission Relating to Personal Jurisdiction," (directed to StudiVZ) (c) "Facebook, Inc.'s Second Set of Requests for Production to Defendant Holtzbrinck Networks GmbH Relating to Personal Jurisdiction," (d) "Requests for Admission Relating to Personal Jurisdiction," (directed to Holtzbrinck Networks GmbH), (e) "Facebook, Inc.'s Second Set of Requests for Production to Defendant Holtzbrinck Ventures GmbH Relating to Personal Jurisdiction," and (f) "Requests for Admission Relating to Personal Jurisdiction," (directed to Holtzbrinck Ventures GmbH) (collectively, the "New Discovery").

7. In its January 23, 2009 Motion to Enlarge Time, Facebook informed that Court that "Facebook soon will be filing a motion to compel <u>the needed discovery</u>." (Docket No. 77 at 2:22-23) (emphasis added). In Facebook's Motion to Enlarge Time, Facebook did <u>not</u> inform the Court that Facebook was planning on serving Defendants with any new discovery. Likewise, Facebook never informed Defendants that Facebook intended to serve Defendants with additional discovery relating to personal jurisdiction within a few days after the Court issued its ruling on Facebook's Motion to Enlarge Time.

8. Therefore, in granting in part Facebook's request for a continuance on the hearing for the Motions to Dismiss, the Court made its decision based upon the then-pending discovery

requests and without any knowledge of Facebook's intent to serve Defendants with additional jurisdictional discovery. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery, and the disputes related thereto, and with no knowledge of Facebook's intent to serve Defendants with additional jurisdictional discovery.

9. Had StudiVZ been aware of Facebook's plan to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) two days after the Court issued its ruling on Facebook's Motion to Enlarge Time, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss.

10. On March 12, 2009, I wrote a letter to Magistrate Judge Lloyd requesting that he defer any ruling on Facebook's motion to compel until StudiVZ has an opportunity to present the Motion for Administrative Relief to the District Court. In my letter, I noted that StudiVZ would withdraw the personal jurisdiction of its Motion to Dismiss if the requested relief were not granted (thereby mooting Facebook's need for any further discovery relating to personal jurisdiction over StudiVZ) and that StudiVZ would file the motion on or before March 19, 2009. I sent a carbon copy of this letter to Facebook's counsel, Tom Gray and Gary Evan Weiss. A true and correct copy of my March 12, 2009 letter is Docket No. 117.

11. On March 16, 2009, Facebook's counsel, Tom Gray, wrote a letter to Judge Lloyd objecting to StudiVZ's request that Judge Lloyd defer any ruling on Facebook's motion to compel pending the District Court's consideration of the concurrently-filed Motion for Administrative Relief. A true and correct copy of Tom Gray's March 16, 2009 letter, a copy of which I received through the Court's ECF system, is Docket No. 118.

37106-00002/1680868.2	3
Declaration of Stephen S. Smith in Support of Motion for Administrative Relief

1         12.     Given Facebook's written opposition to StudiVZ's request, a stipulation under Civ. L.R. 7-12 could not be obtained.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed in Los Angeles, California on March 19, 2009.

                                            /s Stephen S. Smith
                                            Stephen S. Smith

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590