I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614-2558
Telephone: +1-949-567-6700
Facsimile: 949-567 6710

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-cv-03468 JF <br><br> **FACEBOOK INC.'S L.R. 6-3 MOTION TO STAY HEARING** <br><br> Date: April 10, 2009 <br> Time: 9:00 A.M. <br> Room: 3, 5th Floor <br><br> Judge: Honorable Jeremy Fogel |

OHS West:260630000.2

FACEBOOK'S REQUEST FOR CONTINUANCE
CASE NO.: 5:08-CV-03468

# I. INTRODUCTION

On January 28, 2009, this Court granted Facebook's motion for a continuance of the February 13, 2009 hearing on Defendants' motions to dismiss for lack of personal jurisdiction and *forum non conveniens*. See Dkt. No. 92. The sixty-day continuance was granted so that Facebook could obtain discovery to assist in opposing Defendants' jurisdictional challenges. Accordingly, the Court also ordered that Facebook would be permitted to file a supplemental opposition "in light of any newly discovered material." *Id.* Unfortunately, since January 28 Defendants have refused to produce any discovery, making the filing of a supplemental opposition based on such discovery impossible.

Defendants have actually pulled back from their previously held positions. Formerly, in their reply brief for their motion for protective order, as well as the December 16, 2008 hearing before Judge Lloyd, Defendants conceded that Plaintiffs were entitled to personal jurisdiction discovery that was intertwined with the merits of the case. See Docket No. 63 and Declaration of Julio C. Avalos In Support of Request for Continuance ("Avalos Decl.") ¶ 2; Ex. A at 2:17-25. At the March 3, 2009 hearing on Facebook's motion to compel, Judge Lloyd indicated that Facebook "should get something" and that he was "inclined to give some [discovery] on the issues we've been discussing: access to the websites, the design and development of the website, the adhesion contracts, and depositions." Even as of that date, Defendants' counsel agreed to give Facebook "something." *Id*. Ex. B at 34:10-13. To assist the Court in crafting the order, Judge Lloyd requested that the parties submit a two-page letter outlining what they could live with.

> THE COURT: And I would suggest to you when you write this letter to me that you – that you have in mind that what you're proposing to me is something that you could live with, not what you would rather have, not your druthers. Your druthers, Mr. Smith, would be nothing, and you druthers, Mr. Gray would be everything. So I am interested in not your druthers, but in what you could live with. And I'm not committing to accept either of your language, but I would like some guidance and some further – I'm going to give this some further thought too.

*Id*. at 43:7 – 18. Facebook timely submitted its letter. Defendants asked for, and received, another week. Dkt. No. 112. Then on March 12, 2009, Defendants filed their letter and flouted

Judge Lloyd's instructions. Avalos Decl. Ex. E. They now simply refuse to produce any discovery. *Id*. Ex. E; Dkt. No. 119. The implications are obvious. Defendants have vigorously blocked discovery of these critical issues because they not only will establish that the Court has personal jurisdiction over Defendants and that this is the correct forum, but also because such discovery will reveal Defendants improper and illegal infringing activities. Defendants' arguments about cost of discovery are a red-herring. They have likely expended significant amounts aggressively attempting to thwart all discovery – and they continue to do so.

It is by now indisputable that Defendants have no intention of complying with their discovery obligations. Their behavior since January 28 has been simply a variation on a common theme of delay and obstruction. Back in January, as Facebook's deadline to oppose Defendants' motions to dismiss drew near, defense counsel represented that Defendants would stipulate to an extension of that deadline given that the dispute over the proper scope of personal jurisdiction discovery remained open. Then, two days before that deadline, defense counsel reneged on the offer, presumably so as to prejudice Facebook into filing a rushed opposition without the discovery to which it was entitled. Now, Defendants are effectively executing the same strategy. Despite Magistrate Judge Lloyd's in-court indications that Facebook's motion to compel would be granted at least in part, the Court's efforts to issue an order compelling discovery production have thus far been stymied by Defendants' calculated delay tactics.

In light of the pending threshold discovery issue, Facebook respectfully requests that the Court hold in abeyance or take off calendar Defendants' Motions to Dismiss currently scheduled for April 10, 2009. Alternatively, Facebook requests that the Court continue the Motions to Dismiss for 90 days to give the parties a restrictive amount of time to resolve the discovery issues. Finally, Facebook requests that the Court allow Facebook to file a supplemental opposition to both the personal jurisdiction and f*orum non* conveniens portions of the Motions to Dismiss. [1]

---

[1] Facebook hereby certifies that it met and conferred with defense counsel on March 20, 2009 and advised it that it would be seeking this continuance. Defense counsel stated that he would oppose the motion, in part, on the grounds that Facebook waited too long. This is nonsense. Facebook has been actively trying to resolve these discovery issues, which were delayed at Defendants' request. *Id*. Exs. D and E. Facebook waited until now in hopes that Judge Lloyd would issue an

OHS West:260630000.2 - 2 - FACEBOOK'S REQUEST FOR CONTINUANCE
CASE NO.: 5:08-CV-03468

1  II.  **SUMMARY OF RELEVANT FACTS**

2     A.  **The Court Grants Facebook a Sixty-Day Continuance In Order To Allow Facebook Opportunity To Obtain Necessary Discovery.**

A full recitation of the facts surrounding the ongoing discovery dispute between Facebook and Defendants is included in Facebook's [Corrected] Opposition to Defendants' Motions to Dismiss for Lack of Personal Jurisdiction and *forum non conveniens* ("Facebook Opp.") (Dkt. No. 76). Thus, only a brief update is necessary.

On January 16, 2009, Facebook filed an Opposition to Defendants' Motions to Dismiss for Lack of Personal Jurisdiction and *forum non conveniens*. (Dkt. No. 71). At the time it filed that opposition, Facebook had been unable to obtain critical discovery from Defendants that related to Facebook's "*Calder* effects" theory of personal jurisdiction, as well as discovery going to the *forum non conveniens* issue. *See* Dkt. No. 77; *see also* Declaration of Julio C. Avalos In Support of Facebook's Motion to Enlarge Time ("Avalos Time Decl.") (Dkt. No. 78). Originally, defense counsel had represented that Defendants would stipulate to a continuance of the February 13, 2009 motion to dismiss hearing as they recognized that the discovery dispute between the parties was ongoing. Avalos Time Decl. ¶ 25-26. But on January 14, 2009, defense counsel reneged on that offer and told Facebook that it would have to file its opposition without the benefit of discovery. *Id*. Although Facebook did file its Opposition on January 16, it concurrently petitioned the Court for a continuance of the February 13 hearing and for permission to file a Supplemental Opposition to take into account the discovery which it was seeking and to which it was (and is) entitled.

On January 22, 2009, Facebook filed a Local Rule 6-3 Motion to Continue the hearings on Defendants' Motions to Dismiss. (Dkt. No. 77). On January 26, 2009, Defendants opposed the motion. (Dkt. No. 81). In doing so, they argued that the outstanding discovery dispute did not relate to *forum non conveniens* discovery or the Holtzbrinck Defendants. *Id*. That was, and is,

---

order on the pending motions to compel, which may have clarified the scope of relief sought by Facebook in this request. Moreover, Defendants have suffered no prejudice or harm with the timing of Facebook's current request. This is especially true since just yesterday Defendants requested their own relief related to the hearings.

simply not true. Facebook clearly was seeking discovery from all Defendants. Also, while the discovery was labeled "personal jurisdiction" discovery, the requests sought discovery that would go directly to both the personal jurisdiction and the forum issues. Specifically, the contracts entered into by Defendants with entities from California or other States would help to establish proper venue, especially if Defendants have agreed to forum selection clauses that allow for venue over disputes in California or other states. Additionally, the design, development and access documents would reveal whether there exists any third party witnesses in the United States. Defendants' founders have openly admitted that they got their idea to copy Facebook while in the United States. *See* Dkt. No. 76 at 2:10-4:6. Moreover, Defendants have tens of thousands of California and U.S. users. *Id.* at 10:1 – 13:26. Facebook should be permitted to explore such discovery. Finally, Defendants have submitted declarations in support of their motions and Facebook should be permitted to test such declarations through written discovery, before Defendants' Motions to Dismiss are fully briefed and submitted.

On January 28, 2009, the Court granted in part and denied in part Facebook's request for a continuance and for permission to file a supplemental opposition. In relevant part, the Order stated:

> "[B]ecause considerations of judicial economy weigh in favor of hearing all of the motions concurrently, and because a brief continuance is unlikely to prejudice any party, the Court will grant Facebook's motion for a continuance. Facebook will be permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material. The continuance will be for sixty days only. Accordingly, Defendants' motions to dismiss will be heard on April 10, 2009 at 9 AM."

*See* Dkt. No. 92 at 2:18-23. Since that time Defendants have resisted, and now refuse to produce, any additional discovery.

### III. ARGUMENT

The record speaks for itself. This Court granted Facebook a sixty-day continuance on the hearing for Defendants' motions to dismiss so as to allow Facebook time to pursue and obtain discovery integral to its ability to survive Defendants' motions. As the Court noted on January 28, "StudiVZ does not oppose Facebook's motion with respect to personal jurisdiction, recognizing a good-faith dispute over the proper extent of discovery on that issue." Dkt. No. 92

OHS West:260630000.2 - 4 - FACEBOOK'S REQUEST FOR CONTINUANCE
CASE NO.: 5:08-CV-03468

at 2:3-4.  However, when it became clear that Judge Lloyd was going to grant, at least in part, Facebook's motion to compel, Defendants back-pedaled, ignored Judge Lloyd's Order requesting proposed language, and are now withholding what would seem to be highly incriminating evidence related to jurisdiction and venue, as well as to their intentional accessing of and theft from Facebook's servers located here in California.  Moreover, Defendants are also withholding discovery relating to their contracts with California and U.S.-based companies, which would play largely in any venue analysis.  Facebook is entitled to this discovery as well as to written discovery testing the factual venue declarations of Defendants' witnesses.  *See Alfadda v. Fenn*, 1994 WL 714254, at 1 (S.D.N.Y. 1994) ("the trial court may permit discovery on . . . a motion [to dismiss for *forum non conveniens*], and indeed should do so where discovery may be useful in resolving issues of fact presented by the motion, particularly since the necessity of resolving such issues is created by the movant himself and the relevant evidence is properly within the movant's possession"); *see also Hayashi v. Red Wing*, 396 F.2d 13, 14 (9th Cir. 1968) (same).  Given that Magistrate Judge Lloyd has yet to issue an order following the March 3 hearing on Facebook's motion to compel, Defendants have once again succeeded in frustrating Facebook's ability to adequately oppose Defendants' Motions to Dismiss.  It appears that defense counsel is keen on keeping to his stated goal of getting his clients out of this litigation without having to produce any meaningful discovery.  Avalos Time Decl. ¶ 21. Accordingly, Facebook requests relief from the current schedule pending a resolution of the outstanding discovery disputes.

IV. **CONCLUSION**

Based on the foregoing, Facebook respectfully requests that the Court hold in abeyance or take off calendar Defendants' pending Motions to Dismiss.  Alternatively, Facebook respectfully requests that the Court continue the briefing schedule and hearing on Defendants' Motions to Dismiss for 90 days in order to resolve the discovery issue.  Finally, Facebook requests that the Court permit Facebook to file supplemental opposition papers as to both the personal jurisdiction and f*orum non conveniens* issues.

| | | |
|---|---|---|
| 1 | Dated: March 20, 2009 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 2 | | |
| 3 | | /s/ Julio C. Avalos |
| 4 | | JULIO C. AVALOS<br>Attorneys for Plaintiff<br>FACEBOOK, INC. |

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 20, 2009.

Dated: March 20, 2009                    Respectfully submitted,

/s/ Julio C. Avalos /s/
Julio C. Avalos