I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614-2558
Telephone: +1-949-567-6700
Facsimile: 949-567 6710

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25, <br><br> Defendant. | Case No. 5:08-cv-03468 JF <br><br> **FACEBOOK INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF** <br><br> Judge: Honorable Jeremy Fogel <br><br> Complaint Filed: July 18, 2008 |

OHS West:260631156.4

## I. INTRODUCTION

Defendants' motion for "administrative relief" is both procedurally and substantively flawed. Defendants admit that this latest request for a bifurcation and stay of the personal jurisdiction portion of their motions to dismiss "is similar to one it made in January" that the Court denied. Defendants now ask the Court to reconsider that denial. But instead of seeking leave to file a motion for reconsideration as required by the local rules, Defendants improperly filed their request as an "administrative" matter under L. R. 7-11. Defendants have prejudiced Facebook, which now must oppose this request on shortened time and in only five pages.

Regardless, Defendants fail to raise any new material facts or changes of law that would merit reconsideration. Defendants argue that a deepened discovery dispute permits reconsideration. But the dispute remains the same and continues only because Defendants have refused to comply with their discovery obligations. By this logic, all parties in Defendants' shoes could get an order reconsidered simply by digging their heels, refusing to follow the federal rules and ignoring orders from the Court. This cannot be the law.

At heart, Defendants' request, similar to their previous request for bifurcation, misrepresents this case's record and the law of *forum non conveniens*. Defendants rely heavily on *Sinochem*. But, *Sinochem* is readily distinguishable. This is not a "text-book" case where *forum non conveniens* should inevitably be granted. Here, Facebook, a California resident, suffered injury here, and filed a suit in its home venue, alleging uniquely United States and California claims. Additionally, unlike *Sinochem*, Facebook's pending discovery will inform the Court's venue as well as personal jurisdiction analysis. Efficiency dictates that both issues be heard together and that the Court deny Defendants' request.

## II. ARGUMENT

### A. Defendants' Motion Is Procedurally Improper As It Seeks Reconsideration Of A Prior Order And Asks For Relief That Is Not Administrative.

A motion for administrative relief may be brought solely "with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." N.D. Cal. Civ. L.R. 7-11. Examples include "motions to

exceed otherwise applicable page limitations or motions to file documents under seal." *Id*. Defendants request that the Court bifurcate the personal jurisdiction issues raised in their motions to dismiss from the *forum non conveniens* issues and stay the personal jurisdiction portion of StudiVZ's Motion to Dismiss and the related discovery. Def. Mot. at 2:7-12. These requests cannot reasonably be considered minor administrative matters contemplated by L.R. 7-11. *See Dister v. Apple-Bay E., Inc.*, 2007 U.S. Dist. LEXIS 86839, at *8-*10, (N.D. Cal. Nov. 15, 2007) (holding that L.R. 7-11 was "an improper vehicle to bring a motion to stay"); *see also Advanced Internet Techs., Inc. v. Google Inc.*, 2006 U.S. Dist. LEXIS 20117, *3-*4, (N.D. Cal. Apr. 5, 2006) (a request for a stay is not properly brought as a motion for administrative relief).

Moreover, Defendants' request constitutes a motion for reconsideration. Defendants themselves "recognize[] that this request is similar to one it made in January in connection with Facebook's Motion to Enlarge Time." Def. Mot. at 1:5-6. This attempt to shoehorn a motion for reconsideration into a motion for administrative relief is improper. *See Spieler v. Mt. Diablo Unified School District*, 2007 U.S. Dist. LEXIS 47534, *8-*9, (N.D. Cal. Jun. 20, 2007) ("motions seeking amendment or clarification" should be brought pursuant to Rule 7-9, not Rule 7-11). Thus, the Court should deny Defendants' motion as procedurally flawed.

**B.     Defendants Have Presented No Grounds For Reconsideration.**

Even if Defendants had brought a proper motion for reconsideration, no grounds for reconsideration exist. According to Civil Local Rule 7-9(b), Defendants must demonstrate "the emergence of new material facts or a change of law occurring after the time of such order." Defendants fail to offer a single new material fact or change of law that would have had any bearing on the Court's order. Defendants point to the supposedly deepening discovery dispute between the parties, but whatever deepening has occurred is of their own making. *See* Dkt. No. 122 (providing further detail on the discovery dispute). Indeed, Defendants' compliance with Judge Lloyd's March 3 minute order would almost certainly have put an end to the "enormous" discovery dispute Defendants bemoan. Def. Mot. at 1:25-26. Defendants again mention the purportedly exorbitant costs of discovery and the looming specter of German privacy law, but these arguments, in addition to being red herrings, are hardly new – Defendants have been

making them since at least last October. *See, e.g.*, Dkt. No. 42-1 at 22:17-23:3. And as Defendants observe, they have already been presented to, and likely rejected by, Magistrate Judge Lloyd (based on his March 3 remarks). *See* Def. Mot. Admin. Rel. at 3:13-15; *see also* Dkt. No. 123, Ex. B. Finally, the new round of discovery did not expand the scope of discovery – it was a direct response to Defendants' refusal to comply with discovery and repeated objections to the previous discovery requests. Facebook still seeks essentially the same categories of discovery.

  **C.**   **Facebook Is Entitled To Its Pending Discovery, Which Will Inform Both Personal Jurisdiction and Venue-Related Issues**

  Defendants' request is premised on a series of factual and legal misrepresentations that stem back to their original opposition to Facebook's previous Motion to Enlarge Time. (Dkt. Nos. 77, 80 and 81). Because Defendants had produced no meaningful discovery prior to the deadline for Facebook's opposition to Defendants' motions to dismiss, Facebook filed its L.R. 6-3 request that the motions to dismiss be continued and that Facebook be allowed to file a supplemental opposition. (Dkt. No. 77). Due to the fact that L.R. 6-3 does not allow a Reply nor a hearing, Defendants took the opportunity to mischaracterize the record and present the Court with inapposite, distinguishable law. They also improperly requested affirmative relief – bifurcating the personal jurisdiction and forum issues – without filing their own motion. Under L.R. 6-3, Facebook could not oppose Defendants request.

  In their previous opposition and their current motion, Defendants rely heavily on *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Co. Ltd.*, 549 U.S. 422, 127 S. Ct. 1184, 1188 (2007), which Defendants falsely claim is "in all relevant respects identical" to the current case. Def. Mot. Admin. Rel. at 2:7-8. But in *Sinochem,* a Malaysian company sued a Chinese importer in Pennsylvania district court for allegedly false representations made in China and for damages resulting from an arrest by officials in China. *Sinochem* is "a case . . . involv[ing] a foreign plaintiff suing a foreign defendant about a single alleged fraud, which [also] took place overseas." *Maersk, Inc. v. Neewra, Inc.*, 554 F. Supp. 2d 424, 455-57 (S.D.N.Y. 2008). In addition, there was a preexisting Chinese suit. Since no discovery would avoid the District Court's "inevitable" dismissal of the case, the Supreme Court held that where "personal jurisdiction is difficult to

determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." *Sinochem*, 549 U.S. at 436.

Far from being "in all relevant respects identical," the present case is easily distinguishable from *Sinochem*. Facebook, a domestic company headquartered and operating in the Northern District of California brought suit here. It alleged that the Defendants had unlawfully accessed Facebook's servers located in the forum and stole Facebook's valuable intellectual property in violation of, among other things, the Lanham Act, The Computer Fraud and Abuse Act and Cal. Penal Code 502(c). Dkt. No. 1 ¶¶ 45-75. Thus, unlike *Sinochem,* Facebook is entitled to a strong presumption in favor of its choice of forum, made even stronger by its presence in that forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981); *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1110 (C.D. Cal. 2007). And Facebook's witnesses and evidence are here in California. Moreover, this Court has a significant interest in adjudicating these United States and California claims brought by a California resident regarding harm suffered here in California.

In addition, Defendants' activities directly relate to the forum, resulting in the likelihood that discovery and witnesses reside in California and the United States. Facebook has alleged that Defendants' activities breached a contract between Facebook and Defendants (and/or their agents) that contained a forum selection clause listing the Northern District of California as the proper venue. Dkt. No. 1 ¶¶ 21-26; 68-75. Defendant StudiVZ has admitted that its knockoff websites have over 11,000 users in California alone. Dkt. 72, Ex. 2. Some of these California Facebook and StudiVZ users may be needed to determine likelihood of confusion. Also, it appears that Defendant StudiVZ's founders began their intellectual property theft while in the United States. Dkt. 76 at 2:3-4:6. Third-party witnesses and evidence likely exist both in this forum and other states, such as Colorado and Pennsylvania. *Id*. Since January 28, Facebook has learned that StudiVZ previously entered into a contract with a San Jose-based corporation named Panther Express, and that now all of StudiVZ's infringing web content is being routed through Panther Express and its servers. Declaration of Julio Avalos In Support of Opposition ("Avalos Decl.") Ex. A. In addition, Defendants have recently released their infringing product on Apple's

iPhone and through Apple's Cupertino.-based iTunes program. *Id*. ¶ 3; Ex. B. In addition to discussions between the two companies, Defendants very likely entered into a development agreement with Apple that likely has California as a choice of law. *Id*. ¶ 4; Ex. C. Facebook is entitled to test the declarations submitted by Defendants and to pursue these discovery leads prior to a hearing on *forum non conveniens*. *See Alfadda v. Fenn*, 1994 WL 714254, at 1 (S.D.N.Y. 1994) (the trial court should permit forum discovery if it "may be useful in resolving issues of fact presented by the motion, particularly since the necessity of resolving such issues is created by the movant himself and the relevant evidence is properly within the movant's possession"); *see also Hayashi v. Red Wing*, 396 F.2d 13, 14 (9th Cir. 1968) (same).

Defendants frequently reference the German action pending between the parties, but this second front is a creature of their own making, not Facebook's. Had StudiVZ not filed its preemptive declaratory judgment action in Germany, there would be only one case – here in California. Facebook simply did not independently file an affirmative case in Germany. *See* Declaration of Katharina Scheja ("Scheja Decl.") ¶¶ 3-5. Rather, Facebook's claims in Germany were a direct response to StudiVZ's filing of a declaratory judgment case.[1] *Id*. In short, this case is easily distinguishable from *Sinochem* and bifurcation should be denied. *See Maersk*, 554 F. Supp. at 455-57 (distinguishing *Sinochem* on similar grounds).

Dated: March 24, 2009   ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Julio C. Avalos /s/
JULIO C. AVALOS
Attorneys for Plaintiff
FACEBOOK, INC.

---

[1] Under German law, and unlike U.S. law, Facebook was required to litigate the case of the forum chosen by StudiVZ with its declaratory relief case. Rather, Facebook was permitted to and did respond by filings it writ in a court located in Cologne, which Facebook believes has more experience with the types of claims at issue in the case.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 24, 2009.

Dated: March 24, 2009.                    Respectfully submitted,

                                          /s/ Julio C. Avalos /s/
                                          Julio C. Avalos