| | |
|---|---|
| 1 | STEPHEN S. SMITH (SBN 166539)<br>SSmith@GreenbergGlusker.com |
| 2 | WILLIAM M. WALKER (SBN 145559)<br>WWalker@GreenbergGlusker.com |
| 3 | GREENBERG GLUSKER FIELDS CLAMAN &<br>MACHTINGER LLP |
| 4 | 1900 Avenue of the Stars, 21st Floor<br>Los Angeles, California 90067-4590 |
| 5 | Telephone: 310.553.3610<br>Fax: 310.553.0687 |
| 6 | |
| 7 | Attorneys for Defendants Holtzbrinck Ventures<br>GmbH and Holtzbrinck Networks GmbH |

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25,<br><br>　　　　　Defendant. | Case No. 5:08-CV-03468 JF<br>Assigned To: Hon. Jeremy Fogel<br><br>**HOLTZBRINCK NETWORKS' AND HOLTZBRINCK VENTURES' OPPOSITION TO FACEBOOK'S MOTION TO STAY HEARING OF MOTION TO DISMISS**<br><br>Complaint Filed: July 18, 2008 |

37106-00002/1681201.8

HOLTZBRINCK DEFENDANTS' OPPOSITION TO FACEBOOK'S MOTION TO STAY HEARING

Facebook's Motion to Stay the hearing of defendants' motions to dismiss makes <u>no</u> mention of the "Holtzbrinck" defendants. The situation is no different today than it was on January 28, 2009 when the Court ruled that Facebook "failed to demonstrate any reason to continue the February 13, 2009 hearing as to either defendant with respect to *forum non conveniens*, or as to Holtzbrinck with respect to personal jurisdiction" and that Facebook would only "be permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material." (Docket No. 92 at 2:15-17; 2:20-22) (emphasis added).[1]

As it has throughout this case, Facebook simply lumps the Holtzbrinck defendants into whatever argument Facebook is making about StudiVZ. Facebook does not even try to show that the Holtzbrinck defendants themselves have anything to do with the discovery dispute at issue. <u>The Holtzbrinck defendants are separate parties</u>. They are entitled to have their separate motion to dismiss heard on April 10.

The Court moved the hearing date once, but only in the interests of judicial economy and because no party would be prejudiced, and even then "for sixty days only," not the lengthier continuance that Facebook sought. (Docket No. 92 at 2:15-22). But, ignoring the explicit language of this Court's January 28, 2009 Order, Facebook has misused the continuance of the Holtzbrinck defendants' motion, using it as an excuse to engage in further broad, unnecessary discovery and motion practice. Specifically, since this Court's January 28, 2009 Order, (a) the Holtzbrinck defendants have been forced to oppose discovery motions that have nothing to do with them, and (b) Facebook has served the Holtzbrinck defendants with yet additional discovery regarding

---

[1] Facebook represented to the Magistrate Judge that "Judge Fogel also indicated in his Order that Facebook should file its supplemental opposition to the motion<u>s</u> (plural) to dismiss after it receives discovery from Defendant<u>s</u> (plural) (Docket No. 118, p.1, third para.) (emphasis added), thereby wrongly implying that Facebook was given the right to file a supplemental brief regarding the Holtzbrinck defendants. Similarly, Facebook represented to the Magistrate Court that "Judge Fogel has not prohibited Facebook from pursuing *forum non conviens* [sic] discovery" (*Id.* at p.1, fourth para.), thereby wrongly implying that Facebook was given the right to file a supplemental brief regarding *forum non conveniens*. In its Reply brief regarding its Motion to Compel, Facebook claimed that defendants have "read too much" into the Court's January 28, 2009 Order and stated that Facebook has the alleged right to conduct jurisdictional discovery "as to all Defendant<u>s</u>," thereby again wrongly implying that Facebook has the right to file a supplemental brief regarding jurisdiction over the Holtzbrinck defendants. (Docket No. 108 at 9:18-25) (emphasis added).
Curiously then, Facebook's Motion to Stay Hearing requests that the Court "<u>allow</u> Facebook to file a supplemental opposition to both the personal jurisdiction <u>and</u> *forum non conveniens* portions of the Motion<u>s</u> to Dismiss") (Docket No. 122 at 2:23-25) (emphasis added). Thus, Facebook now seeks permission from the District Court to do exactly what Facebook represented to the Magistrate Court it already had the right to do.

37106-00002/1681201.8                                1

HOLTZBRINCK DEFENDANTS' OPPOSITION TO FACEBOOK'S MOTION TO STAY HEARING

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

personal jurisdiction despite the fact that the Court rejected Facebook's request to file a supplemental opposition brief with respect to those defendants. Facebook's actions have led to a waste of judicial resources and has prejudiced the Holtzbrinck defendants by requiring them to incur substantial attorneys' fees responding to discovery and motions that have nothing to do with them and reminding the Court that Facebook's statements about "Defendant*s*" are always statements about StudiVZ only.

This Court has already found that there is no reason to continue the hearing of the Holtzbrinck defendants' motion to dismiss. That ruling was correct then, and nothing has changed since. The hearing has already been moved once, and the Holtzbrinck defendants strenuously oppose it being moved again. Accordingly, the Holtzbrinck defendants respectfully request that the hearing remain on April 10, 2009, a hearing date that is almost <u>six months</u> after the motion was filed.

DATED: March 24, 2009

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: /s/ Stephen S. Smith
STEPHEN S. SMITH
Attorneys for Defendants Holtzbrinck Networks GmbH and Holtzbrinck Ventures GmbH