| | |
|---|---|
| 1 | I. NEEL CHATTERJEE (State Bar No. 173985) |
| | nchatterjee@orrick.com |
| 2 | JULIO C. AVALOS (STATE BAR NO. 255350) |
| | javalos@orrick.com |
| 3 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 1000 Marsh Road |
| 4 | Menlo Park, CA  94025 |
| | Telephone:    650-614-7400 |
| 5 | Facsimile:    650-614-7401 |
| 6 | THOMAS J. GRAY (STATE BAR NO. 191411) |
| | tgray@orrick.com |
| 7 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 4 Park Plaza |
| 8 | Suite 1600 |
| | Irvine, CA  92614-2558 |
| 9 | Telephone:    +1-949-567-6700 |
| | Facsimile:    949-567 6710 |
| 10 | |
| 11 | Attorneys for Plaintiff FACEBOOK, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No.  5:08-cv-03468 JF |
| Plaintiff, | **DECLARATION OF ANNETTE L. HURST IN SUPPORT OF FACEBOOK INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF** |
| v. | |
| STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH AND DOES 1-25, | |
| Defendants. | Judge:    Honorable Jeremy Fogel<br>Complaint Filed: July 18, 2008 |

I, Annette L. Hurst, declare as follows:

1. I am a partner at the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for Plaintiff Facebook, Inc. ("Facebook"). I make this Declaration in support of Facebook's Opposition to Defendants' Motion for Administrative Relief seeking to stay the personal jurisdiction portion of their motions to dismiss. I am an active member in good standing of the California State Bar. Except as set forth herein, I have personal knowledge of the facts stated herein and if called as a witness, could and would competently testify thereto.

2. I understand that Defendants in this action have quoted my December 16, 2008 statement before Magistrate Judge Lloyd that the parties to this litigation had "largely been able to work out every issue" regarding discovery and that there remained at the time "very few issues that would come back before this Court in the context of further dispute about a burden versus relevance analysis, whether it be for jurisdiction or merits purposes." I made these statements at the December hearing after having multiple meet and confer sessions with Mr. Smith and based upon what I understood to have been numerous agreements made by Mr. Smith as to discovery his clients would soon produce. In particular, at the time I made the statements at the hearing I believed that Defendants had agreed to answer interrogatories and produce documents regarding a number of requested subjects, and the only outstanding dispute about which I knew the parties were still in disagreement was the document request for source code and related requests covering architecture and development documents for the several StudiVZ web sites.

3. The first meet and confer conference took place on November 26, 2008. I was joined on the call by my associate, Julio C. Avalos. Mr. Smith was joined by his partner, William Walker. The telephonic conference lasted nearly two hours and the parties went through each outstanding discovery request individually. Not only did I believe that progress was made on the call, but I believed that I had secured agreements from Mr. Smith as to several outstanding categories of discovery. Specifically, Mr. Smith stated that his clients were willing to produce documents and respond to interrogatories relating to the accessing of Facebook by StudiVZ agents or employees. Mr. Smith stated that he was considering stipulating to the fact that StudiVZ had accessed Facebook in the course and scope of official StudiVZ business. He stated

-1- DECLARATION OF ANNETTE L. HURST
No. 5:08-CV-03468 JF

that he would agree to produce the names, Facebook user accounts and other information relating to StudiVZ's accessing of Facebook. Mr. Smith stated that the parties would of course have a fundamental disagreement as to whether this accessing of Facebook was actionable. I told Mr. Smith that any stipulation would not preclude Facebook from conducting further discovery on the issue and that I would still need the related documents (not just the names and user accounts) in order to adequately question witnesses. Mr. Smith stated that he would have to think about this latter point.

4. Mr. Smith and I had additional meet and confer conversations on December 2 and 3, 2008 during which we discussed a variety of topics, including various interrogatory responses, document production and deposition procedures and scheduling. During those further conversations, we reached agreement on many points. I understood that Mr. Smith would withdraw any further objection to discovery based upon his "prima facie showing" argument, and that a number of interrogatory answers would be supplemented and documents produced. The only issue of which I was aware that we clearly had an outstanding disagreement at the time of the hearing was the issue of source code and related development documents. With regard to documents evidencing the accessing of Facebook accounts in addition to user names and account identifying information, I had requested that Mr. Smith investigate whether server logs were available that could be analyzed for this purpose, and he indicated that he would investigate this point and get back to me. I agreed that we would have a further conversation regarding the burden analysis once the data was known regarding the potential volume of material. In short, in the weeks leading up to the December 16 hearing, Mr. Smith and I reached agreements as to nearly all of Facebook's pending jurisdictional discovery requests.

5. The fact that Mr. Smith withdrew Defendants' motion for a protective order at the hearing further confirmed my understanding at the time that we had reached a number of agreements. At the hearing, Magistrate Judge Lloyd indicated that he had reviewed each discovery request and was prepared to rule on them in detail on an issue-by-issue basis. Mr. Smith declined to proceed in that fashion, instead conceding that Facebook was entitled to at least some jurisdictional discovery that also touched on the merits of this case. I then made the

statements quoted above, in the belief that Judge Lloyd's attention to particular issues was neither necessary nor appropriate in light of the substance of the motion and our subsequent meet and confer efforts.  Although I believed the blanket motion for protective order was inappropriate, I was fully prepared to discuss each individual written discovery request at the hearing and to urge Facebook's position regarding each request.  I certainly would not have foregone the opportunity to do so and acquiesced in Mr. Smith's withdrawal of the motion if I believed that Defendants had not in fact agreed to produce substantial further answers and documents or had done so with the intention to repudiate such agreements shortly thereafter.

      6.     When I informed the Court at the December 16 hearing that there were very few issues upon which we would be back for a motion to compel, the only specific disagreement of which I was aware and believed we might return was the request for source code and related interrogatories and document requests seeking architecture and development information and documents.  At the time I still believed we would obtain further information from Mr. Smith about the available documents and find a means to resolve any burden issues regarding the request to provide information documenting all instances in which Defendants' accessed Facebook for business-related purposes.

    This declaration was hereby executed under penalty of perjury under the laws of the United States at San Francisco, California on March 27, 2009.

/s/ Annette L. Hurst /s/
ANNETTE L. HURST

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 27, 2009.

Dated: March 27, 2009          Respectfully submitted,

                                                /s/ Julio C. Avalos /s/
                                                  Julio C. Avalos