STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
Holtzbrinck Networks GmbH and Holtzbrinck
Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25,<br><br>　　　　Defendants. | Case No. 5:08-CV-03468 JF<br>Assigned To: Hon. Jeremy Fogel<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FORUM NON CONVENIENS ON BEHALF OF HOLTZBRINCK NETWORKS GmbH AND HOLTZBRINCK VENTURES GmbH**<br><br>[StudiVZ Ltd.'s Reply Brief; Supplemental Declarations of Stephen S. Smith, William M. Walker and Martin Weber (and Exhibits Thereto) Filed Concurrently]<br><br>Date: April 10, 2009<br>Time: 9:00 a.m.<br>Place: Courtroom 3<br><br>Complaint Filed: July 18, 2008 |

37106-00002/1673617.4

HOLTZBRINCK'S REPLY IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| | A. Personal Jurisdiction | 1 |
| | B. *Forum Non Conveniens* | 2 |
| II. | ARGUMENT | 3 |
| | A. The Holtzbrinck Defendants Are Not Subject To Jurisdiction in California | 3 |
| |     1. Being a "Knowing" Parent of an Allegedly Wrongdoing Subsidiary Does Not Confer Jurisdiction | 3 |
| |     2. The Exercise of Jurisdiction Would Be Unreasonable | 4 |
| | B. The Case Should Be Dismissed For *Forum Non Conveniens* | 7 |
| |     1. Facebook's Cologne, Germany Lawsuit Proves that Germany is an Adequate Alternative Forum | 7 |
| |     2. Any Differences Between German and U.S. Law are Irrelevant | 10 |
| |     3. Facebook's Choice of Forum is Not Determinative | 11 |
| |     4. The Private Interest Factors Favor Germany | 12 |
| |     5. The Public Interest Factors Also Favor Germany | 13 |
| |     6. Facebook's German Lawsuit Moots Its Terms of Use Argument | 14 |
| III. | CONCLUSION | 15 |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# TABLE OF AUTHORITIES
(continued)

Page

**FEDERAL CASES**

Advanta Corp. v. Dialogic Corp.,
   2006 U.S. Dist. LEXIS 28214 (N.D. Cal. May 2, 2006) ............................................... 15

American Home Assurance Co. v. TGL Container Lines, Ltd.,
   347 F.Supp.2d 749 (N.D. Cal. 2004) ........................................................................... 15

Ceramic Corp. v. Inka Maritime Corp.,
   1 F.3d 947 (9th Cir. 1993) ............................................................................................ 10

Cheng v. The Boeing Co.,
   708 F.2d 1406 (9th Cir. 1983) ...................................................................................... 11

Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd.,
   918 F.2d 1446 (9th Cir. 1990) ................................................................................ 11, 12

Core-Vent Corp. v. Nobel Industries AB,
   11 F.3d 1482 (9th Cir. 1993) ................................................................................ 4, 5, 6

Corporacion Mexicana v. The M/T Respect,
   89 F.3d 650 (9th Cir. 1996) .......................................................................................... 15

Creative Technology, Ltd. v. Aztech Systems Pte., Ltd.,
   61 F.3d 696 (9th Cir. 1995) .......................................................................................... 11

EFCO Corp. v. Aluma Systems USA, Inc.,
   145 F.Supp.2d 1040 (S.D. Iowa 2000) ........................................................................ 12

Flex-N-Gate Corp. v. Wegen,
   2008 U.S. Dist. LEXIS 105781 (S.D.N.Y. Dec. 29, 2008) ................................ 10, 11, 12

Gonzalez v. Chrysler Corp.,
   301 F.2d 377 (5th Cir. 2002) ........................................................................................ 11

Gulf Oil Corp. v. Gilbert,
   330 U.S. 501 (1947) ..................................................................................................... 14

Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,
   328 F.3d 1122 (9th Cir. 2003) ........................................................................................ 1

Heritage Copy Products, Inc. v. Savin Corp.,
   661 F.Supp. 463 (M.D. Pa. 1987) .................................................................................. 3

Holland Am. Line v. Wartsila N. Am.,
   485 F.3d 450 (9th Cir. 2007) ........................................................................................ 15

Kearney v. Litton Precision Gear,
   1988 WL 236112 (C.D.Cal. 1988) ................................................................................ 11

# TABLE OF AUTHORITIES
(continued)

**Page**

Licciardello v. Lovelady,
   544 F.3d 1280 (11th Cir. 2008) ................................................................................1, 4

Lockman Foundation v. Evangelical Alliance Mission,
   930 F.2d 764 (9th Cir. 1991) ................................................................................10, 11

Lueck v. Sundstrand Corp.,
   236 F.3d 1137 (9th Cir. 2001) ..............................................................................10, 11

McNeil v. Stanley Works,
   33 Fed.Appx. 322 (9th Cir. 2002) ...............................................................................15

Nolan v. Boeing Co.,
   762 F.Supp. 680 (E.D.La. 1989) .................................................................................11

Panavision v. Toeppen,
   141 F.3d 1316 (9th Cir. 1998) ..................................................................................1, 4

Piper Aircraft Co. v. Reyno,
   454 U.S. 235 (1981) .............................................................................................10, 11

Royal Bed & Spring Co. v. Famossul,
   906 F.2d 45 (1st Cir. 1990) ..........................................................................................15

Schwarzenegger v. Fred Martin Motor Co.,
   374 F.3d 797 (9th Cir. 2004) .........................................................................................4

Terracom v. Valley Nat'l Bank,
   49 F.3d 555 (9th Cir. 1995) ..........................................................................................5

Vogt-Nem, Inc. v. M/V Tramper,
   263 F.Supp.2d 1226 (N.D. Cal. 2002) ........................................................................15

**OTHER CASES**

Bundesgerichtshof [BGH] [Federal Court of Justice] June 4, 1992,
   118 Entscheidungen des Bundesgerichtshofes in Zivilsachen [BGHZ] 312 (F.R.G.) ............ 14

## I. INTRODUCTION

### A. Personal Jurisdiction

Facebook filed one opposition to the separate motions to dismiss of StudiVZ, Ltd. ("StudiVZ") and Holtzbrinck Networks GmbH and Holtzbrinck Ventures GmbH (collectively the "Holtzbrinck defendants"). The vast majority of that opposition refers only to StudiVZ. Concerning the Holtzbrinck defendants, Facebook does not contest any of the facts set forth in their motion to dismiss. Facebook does not argue that the Holtzbrinck defendants are subject to general or specific jurisdiction or that they are alter egos or agents of StudiVZ.

Instead, Facebook argues that the Holtzbrinck defendants are subject to jurisdiction because StudiVZ "continued" and "expanded" its allegedly wrongful conduct after becoming a subsidiary of the Holtzbrinck defendants. (Opp. at 4:9-22 and 15:2-4). Facebook presents no evidence that the Holtzbrinck defendants authorized or directed StudiVZ to engage in such conduct, and the undisputed evidence is directly contrary. (Weber Decl., ¶ 10; Brehm Decl., ¶19). Facebook cites no law to support its argument. The cases Facebook does cite -- *Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008) and *Panavision v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) -- do not involve parent company defendants being sued for their subsidiary's alleged conduct. They involve individual defendants being sued for their own conduct. Moreover, Facebook's newly invented legal theory would reverse well-established personal jurisdiction law holding that a parent company may not be subjected to personal jurisdiction for its subsidiary's acts unless it is proven that they are alter egos or agents of each other, which Facebook does not even try to prove. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003). There is simply no basis to assert jurisdiction over these defendants.

Further, even if the Holtzbrinck defendants were otherwise subject to jurisdiction, the exercise of jurisdiction would also be unreasonable. The factors courts consider to determine reasonableness weigh overwhelmingly against jurisdiction.

Accordingly, the Holtzbrinck defendants' motion to dismiss should be granted.

**B.** *<u>Forum Non Conveniens</u>*

The Holzbrinck defendants should also be dismissed for the independent reason of *forum non conveniens*. Facebook's argument to the contrary is meritless and is proven so by an omission that is striking given its direct relevance to the issue.

Facebook ignores entirely the fact that it filed an 82-page complaint in Cologne, Germany, which alleges the same factual allegations and seeks the same relief as in this case and which is scheduled to commence trial on April 28, 2009. The Magistrate Court has already noted that the issues raised in the German litigation are "substantially similar (if not identical) to those raised here." (Docket No. 68 at 4:27-28).

Facebook omits any reference to this fact because it proves that Facebook's position is meritless. First, it proves false Facebook's claim that Germany is not a valid alternative forum. Second, it diminishes the weight that would otherwise be given to Facebook's choice of forum here. Third, it contradicts Facebook's argument that there is a mandatory forum selection clause applicable to this case.[1] Fourth, it shows that the private and public interest factors weigh heavily in favor of Germany as the more appropriate forum.

Finally, it also proves that Facebook is forum shopping. In Cologne, Facebook does <u>not</u> sue the Holtzbrinck defendants. It sues only StudiVZ. If Facebook had any evidence to support its claims against the Holtzbrinck defendants in this case, then it would have also sued them in the Cologne case. The fact that it did not strongly implies that Facebook is using this action for an improper purpose, such as to force a sale of StudiVZ to Facebook, which Facebook has sought at least three times since late 2006. This is likely why Facebook also originally sued Verlagsgruppe Georg von Holtzbrinck ("VGH"), only to dismiss VGH for lack of personal jurisdiction six months ago – after VGH brought a motion to dismiss.

If there has ever been a case where a local plaintiff's lawsuit should be dismissed for *forum non conveniens*, this is that case. The Court should grant the Holtzbrinck defendants' motion to dismiss for this independent reason.

---

[1] Not to mention that Facebook presents no evidence that the Holtzbrinck defendants ever saw, let alone agreed to, Facebook's Terms of Use.

## II. ARGUMENT

### A. The Holtzbrinck Defendants Are Not Subject To Jurisdiction in California.

Facebook does not contest any of the facts in the Holtzbrinck defendants' motion, and does not argue that there is general or specific jurisdiction. Facebook does not argue that StudiVZ is the alter ego or agent of either Holtzbrinck defendant.

Facebook makes only two arguments about the Holtzbrinck defendants: (1) that the Holtzbrinck defendants are subject to personal jurisdiction because <u>StudiVZ</u> continued and expanded <u>its</u> allegedly wrongful conduct after it became a subsidiary of the Holtzbrinck defendants (Opp. at 4:9-22 and 15:2-4); and (2) that exercising jurisdiction over the Holtzbrinck defendants is reasonable. (Opp. at 15:14-18:1). Neither argument has merit.

#### 1. Being a "Knowing" Parent of an Allegedly Wrongdoing Subsidiary Does Not Confer Jurisdiction.

Facebook argues that the Holtzbrinck defendants are liable as owners of StudiVZ because they "continued and expanded StudiVZ's ongoing infringement with knowledge thereof and with knowledge that doing so would harm Facebook in California." The "knowledge" is based on Facebook's June 8, 2006 and January 3, 2007 demand letters to StudiVZ. The "continued and expanded StudiVZ's ongoing infringement" is based on "information and belief" that the Holtzbrinck defendants "either explicitly or implicitly authorized" StudiVZ to engage in such conduct. (Opp. at 4:9-22 and 15:2-4; Avalos Decl., ¶¶ 9-12).

Yet, Facebook cites <u>nothing</u> showing the Holtzbrinck defendants authorized or directed StudiVZ's alleged conduct, nor does Facebook dispute Martin Weber's declaration, which states: "While Networks and Ventures monitor StudiVZ's financial performance (as they would any investment), they do not exercise any type of day-to-day control over StudiVZ – either operational control or control over strategic decisions." (Weber Decl., ¶ 10; Brehm Decl., ¶ 19).

Facebook's conclusion that "knowledge" of a subsidiary's tortious conduct confers jurisdiction has no legal support. *See e.g. Heritage Copy Products, Inc. v. Savin Corp.*, 661 F.Supp. 463, 472 (M.D. Pa. 1987) ("Heritage . . . cites no cases supporting the proposition that a parent's knowledge of a subsidiary's tort subjects the parent to jurisdiction in the forum

where the subsidiary is subject to jurisdiction.").[2]  Indeed, such a rule would eviscerate the limited liability law that is a hallmark of separate corporate existence.  As explained in the motion (and not disputed by Facebook), the rule is that personal jurisdiction over the subsidiary does <u>not</u> confer jurisdiction over the parent.  (Mot. at 6:18-9:18 and citations therein).  The only exceptions are "alter ego" and "agency."  (Mot. at 6:6-11 and citations therein).  Facebook does not dispute this law and does not argue alter ego or agency.

The Holtzbrinck defendants' mere status as a combined parent company who were aware of a claim asserted against StudiVZ by Facebook does not make them subject to personal jurisdiction in the United States.[3]

### 2. **The Exercise of Jurisdiction Would Be Unreasonable.**

Facebook miscomprehends the "reasonableness" requirement for jurisdiction.  Facebook argues that the requirement is "but one factor a court should consider and is not determinative by itself."  (Opp. at 15:15-18).  That is wrong.  Reasonableness is a required element of personal jurisdiction.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  To exercise jurisdiction, the Court must first find that it is reasonable to do so.  The seven reasonableness factors show that exercising jurisdiction over the Holtzbrinck defendants would be unreasonable.  *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993).

**(i)  Purposeful Availment**: Facebook claims that "Defendants" intentionally trespassed Facebook's servers, stole its property and have over 11,000 users in California.  Yet, there is <u>no</u> allegation or evidence that the Holtzbrinck defendants did anything or have any "users."  The evidence is undisputed to the contrary.  (Weber Decl., ¶ 10; Brehm Decl., ¶ 19).

---

[2]  And the "knowledge" evidence here is particularly flimsy.  Facebook does not even show that the Holtzbrinck defendants ever saw the demand letters that supposedly conferred this "knowledge."  The letters were addressed to StudiVZ, not to Holtzbrinck.  Facebook omits from the record, even though it asked for and obtained these documents in discovery, the Stock Purchase Agreement by which the Holtzbrinck defendants became owners of StudiVZ, which references the June 8, 2006 letter, but which also contains a warranty and representation from the sellers of StudiVZ that the claims in that letter were resolved.  That representation was corroborated by an opinion letter from StudiVZ's independent outside counsel. (March 25, 2009 Supplemental Declaration of Martin Weber, ¶¶ 3-4; Exs. L-M; March 27, 2009 Supplemental Declaration of William M. Walker ["Supp. Walker Decl."], ¶ 8; Ex. J).

[3]  The two cases Facebook cites have <u>nothing</u> to do with Facebook's argument.  (Opp. at 15:6-13, *citing Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008) and *Panavision International, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998)).  Neither case discusses a parent's liability for the acts of its subsidiary.  The defendants were individuals.  Jurisdiction was being asserted over them based solely on their own individual acts.

37106-00002/1673617.4                4
HOLTZBRINCK'S REPLY IN SUPPORT OF MOTION TO DISMISS

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**(ii) Burden on Defendant:** Facebook claims there is no burden because the Holtzbrinck defendants are "part of one of the largest and wealthiest media conglomerates in the world, Verlagsgruppe Georg Von Holtzbrinck" ("VGH"). (Opp. at 16:11-12). Although VGH may be one of the largest and wealthiest companies in the world, that fact is irrelevant since VGH is not a defendant in this case. The Holtzbrinck defendants are two separate and different companies that are far less wealthy and profitable than Facebook.[4] Besides, even if "the burdens [were] equal, the second factor tips in favor of [the moving party] because the law of personal jurisdiction is asymmetrical and is primarily concerned with the defendant's burden." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995).[5] Here, the burden on the Holtzbrinck defendants is considerable given (1) they have no offices, personnel or other ties to this forum, (2) the lawsuit concerns whether German-based websites, trafficked almost entirely by consumers in Europe, violate Facebook's rights, (3) the vast majority of the evidence is in Germany and is written in German, and (4) most of the witnesses are German citizens residing in Germany who speak German as their primary language.

**(iii) Conflict with Sovereignty:** Facebook entirely fails to distinguish *Core-Vent* with respect to this factor. As *Core-Vent* held, the conflict is created as a result of the fact that the Holtzbrinck defendants are foreign nationals with no U.S. based relationships. 11 F.3d at 1489 ("Litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist."). Facebook does not even attempt to dispute that fact, but instead argues that it is "outweighed by the reason" that "Defendants trespassed to California property and committed willful intellectual property theft on a massive unabashed scale." (Opp. at 17:1-5). But *Core-Vent* does not allow such weighing (at least as to this factor) and, as noted above, there is no evidence supporting Facebook's claim.

---

[4] Facebook sued VGH in this case only to <u>dismiss</u> it in the face of a motion to dismiss for lack of personal jurisdiction. (Docket Nos. 15 and 27). In support of that motion, VGH submitted evidence, which Facebook never disputed, showing that VGH has no ownership interest in StudiVZ (Docket No. 16, ¶ 8), which necessarily also means that it has no ownership interest in the Holtzbrinck defendants.

[5] Facebook claims the law is primarily concerned with the defendant's burden only when the defendant is smaller than the plaintiff. (Opp. at 16:4-10). Facebook is wrong. The Ninth Circuit has unambiguously held that when the burdens are "equal" this factor "tips in favor of" the defendant because the law is "primarily concerned with the defendant's burden." *Terracom*, 49 F.3d at 561. *Accord Core-Vent*, 11 F.3d at 1489.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**(iv) Forum State's Interests:** Facebook argues that this forum has an interest in exercising jurisdiction because Facebook is a California citizen that was harmed in California. (Opp. at 17:6-15). While Facebook is presumably a California citizen, this factor is entitled to less weight for two reasons.[6] First, concerning the Holtzbrinck defendants, Facebook presents no evidence (or even allegation) that Facebook was harmed by anything <u>they</u> did. Second, even as to StudiVZ, Facebook ignores the fact that the <u>brunt</u> of any alleged harm necessarily occurred outside this forum. It is without dispute that 99.9% of StudiVZ users are outside of California. (Brehm Decl., ¶ 17). Finally, Facebook's argument is also severely diminished by the fact that Facebook itself has sued StudiVZ in Germany. (Docket No. 69).

**(v) Efficient Resolution of the Controversy:** For this factor, the court will look "primarily at where the witnesses and the evidence are likely to be located." *Core-Vent*, 11 F.3d at 1489. Facebook argues that <u>some</u> witnesses and documents are in California. However, it is indisputable that the vast majority of witnesses and documents are in Germany and are written in (or speak) German.

**(vi) Plaintiff's Interest in Effective Relief:** Facebook does not address this factor. It simply groups it with the "existence of alternative forum" factor and then cites to its discussion on *forum non conveniens*. (Opp. at 17:28-18:1). But, then, in the *forum* section, Facebook does not address this factor (at least not explicitly). In any event, if there were any doubt about Facebook being able to obtain "effective relief" in Germany, Facebook's Cologne lawsuit removes such doubt. As explained in Section B.1 below, Facebook seeks the same relief as here, and more, in its Cologne, Germany action.

**(vii) Existence of Alternative Forum:** Facebook also does not address this factor in its argument about the reasonableness of jurisdiction, but instead incorporates its argument about *forum non conveniens*. (Opp. at 17:27-18:1). As a result, Facebook misstates the burden. In the jurisdiction context, Facebook has the burden to prove that no alternative forum exists. *Core-Vent*, 11 F.3d at 1490. Facebook does not meet that burden. Facebook's own actions prove that an alternative

---

[6] This is only "presumably" true, because Facebook has presented no competent evidence that it is, in fact, a California citizen. The only "evidence" on this is from Facebook's counsel, Julio Avalos, who lacks personal knowledge to attest to the truth or falsity of that fact.

37106-00002/1673617.4                     6
HOLTZBRINCK'S REPLY IN SUPPORT OF MOTION TO DISMISS

forum exists, as Facebook filed the same lawsuit in Cologne, Germany. While Facebook's decision not to sue the Holtzbrinck defendants in Cologne says something about its confidence in its claims against those defendants, it does not change the fact that an alternative forum exists.

In sum, the *Core-Vent* factors show that the exercise of jurisdiction would be unreasonable.

### B. The Case Should Be Dismissed For *Forum Non Conveniens*.

#### 1. Facebook's Cologne, Germany Lawsuit Proves that Germany is an Adequate Alternative Forum.

Facebook argues that defendants have not proven that an adequate alternative forum exists. (Opp. 18:12-19:4). This is false, and Facebook knows it.

On November 19, 2008, Facebook filed an 82-page complaint against StudiVZ in Cologne, Germany based on the same conduct alleged in the instant case (the "German Complaint"). (Docket Nos. 69, 70 and 70-2). As stated by Magistrate Judge Lloyd, "[t]here is no apparent dispute that the issues in the German Action are substantially similar (if not identical) to those raised here." (Order, Docket No. 68 at 4:27-28).

This lawsuit was not a response to the negative declaratory relief action that StudiVZ filed in Stuttgart, Germany on July 18, 2008; Facebook filed no counter-claim in the Stuttgart case. Rather, Facebook went to a separate jurisdiction in Germany to file a new, affirmative claim as a plaintiff. (Docket Nos. 69, 70, 70-2 and 130, ¶ 5).

Per German practice, Facebook had to present its entire case in its German Complaint. Thus, the complaint contains its legal claims, requests relief greater than that demanded in its U.S. lawsuit, lists its evidence and its witnesses, contains lengthy written and graphic analysis in the form of two written expert opinions (49 and 41 pages including exhibits, respectively), attaches dozens of exhibits, and contains a legal brief citing the law under which Facebook seeks relief.

Facebook's Cologne, Germany lawsuit asserts even broader claims and seeks even broader relief than that sought in this case.

• Facebook's German Complaint makes claims both under Germany's Unfair Competition Act and Germany's Trademark Act for alleged misuse of the "look and feel" of Facebook's website, and for false designation of origin. (*Cf.* German Complaint at pp.66-69 to

Facebook's U.S. Complaint, Docket No. 1 at pp.14:6-23).

- Facebook's German Complaint alleges exploitation of, and harm to, Facebook's "good reputation." (*Cf.* German Complaint at p.70 to U.S. Complaint, Docket No. 1 at 1:13-17, 4:23-24, 7:10-12).

- Facebook's German Complaint alleges StudiVZ "unfairly gained access to the information and documents required to produce the imitation. Clearly [StudiVZ] obtained the source code of [Facebook] which forms the basis of the website of [Facebook]. How [StudiVZ] obtained the source code is irrelevant." (*Cf.* German Complaint at p.70 to U.S. Complaint, Docket No. 1 at 12:10-24; 13:9-20).

- Facebook's German Lawsuit alleges that StudiVZ without permission, and in violation of Facebook's terms of use, accessed and "spied on" Facebook's website, and "copied, downloaded and published" aspects of Facebook's website. (*Cf.* German Complaint at pp.80-81 to U.S. Complaint, Docket No. 1 at 12:10-19, 13:9-20, 14:28-15:13).

- Facebook's German Lawsuit also alleges that Facebook was damaged because StudiVZ was "the first social network on the market" in Germany, as does its U.S. lawsuit, and seeks so-called "pioneer protection" under German law based on that. (*Cf.* German Complaint at 71:137 to U.S. Complaint, Docket No. 1 at 11:21-23).

- Indeed, Facebook makes claims in Germany that it does not make here, including copyright infringement claims and much more extensive trademark infringement claims than the trade dress claim it asserts here. (*See* German Complaint at pp.72-82).

- Just as it does in this U.S. case, Facebook demands an injunction against "[c]opying and/or providing access to the 'Look and Feel' and the screen as set out in Exhibits A1 to A4 or processed versions thereof," the use of "the pictorial mark of [Facebook]" and source code, and seven other things including double bar designs, color schemes, a three column structure, fonts and typography, style sheets, StudiVZ's "gruscheln" function, and various buttons, function fields and place fields. (*Cf.* German Complaint at p.2 to U.S. Complaint, Docket No. 1 at 16:3-14).

- Just as it does in this U.S. case, Facebook asks for damages, specifically "that

37106-00002/1673617.4 8

Defendant is obligated to compensate [Facebook] for all loss suffered and still to be suffered." (*Cf.* German Complaint at p.2 to U.S. Complaint, Docket No. 1 at 16:4).

• Facebook even seeks an accounting of both financial and non-financial information, and all of StudiVZ's overhead costs, which is <u>more</u> than what it seeks here. (*Cf.* German Complaint at p.2 to U.S. Complaint, Docket No. 1 at 16:19-23).

On February 24, 2009, StudiVZ filed an 81-page response to Facebook's German Complaint. That response contained StudiVZ's evidence and briefing in opposition to Facebook's case, including documents, witness lists, and a written expert report that refutes all of Facebook's claims. (Docket Nos. 120-2 and 120-3).

On March 13, 2009, Facebook filed yet another, extensive amendment to its German Complaint in Cologne, Germany. That amendment asks for even more forms of relief and attaches a third written expert report in support of its claims. (March 27, 2009 Supplemental Declaration of William M. Walker ["Supp. Walker Decl."], ¶¶ 4, 5, 7; Exs. G, I).

The trial in Facebook's Cologne, Germany case will commence on April 28, 2009. (Walker Decl., ¶6; Ex. H). At this point, Facebook's U.S. case is a side-show of the larger, and further advanced German litigation.

Incredibly, although this was the entire subject of defendants' supplemental December 18, 2008 supplemental brief (Docket No. 69) and is <u>directly</u> relevant to the *forum non conveniens* analysis, Facebook's opposition nowhere mentions its German Complaint. That is telling.

It is also telling that Facebook chose <u>not</u> to sue the Holtzbrinck defendants in Cologne. It sued only StudiVZ. If Facebook had any evidence of wrongdoing by the Holtzbrinck defendants, then one would expect Facebook to have sued them, too. The fact that Facebook did not do so strongly suggests that it has no such evidence – just as it has failed to present any such evidence in support of its opposition to this motion. That Facebook nonetheless sued the Holtzbrinck defendants here, in California, suggests that Facebook is forum shopping to apply improper pressure on the Holtzbrinck defendants that is totally unrelated to the merits of Facebook's claims, which seek to force a sale of StudiVZ to Facebook, which Facebook has tried to do at least three times since late 2006 and always in connection with a threat to sue.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1　　Beginning with Facebook's June 8, 2006 and January 3, 2007 German demand letters, Facebook repeatedly identified Germany as the proper forum and StudiVZ as the only proper defendant. Facebook is vigorously pursuing its German case and has a trial scheduled to commence on April 28, 2009. (Supp. Walker Decl., ¶ 6). Germany is clearly the more appropriate forum.

### 2. Any Differences Between German and U.S. Law are Irrelevant.

Facebook claims that Germany is not an appropriate forum because it alleges violations of U.S. and California statutes and because German courts allegedly do not apply foreign substantive laws. (Opp. at 18:19-25). Neither argument has any merit.

Any difference between Germany and California concerning the legal basis for relief, or the relief itself, is legally irrelevant unless the available remedy is "so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981); *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 768, 769 (9th Cir. 1991). "[I]t is only in 'rare circumstances' . . . where the remedy provided by the alternative forum . . . is so clearly inadequate or unsatisfactory, that it is no remedy at all,' [and] that this requirement is not met." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001), *citing Lockman*, 930 F.2d at 768 (*quoting Piper*, 454 U.S. at 254), *Ceramic Corp. v. Inka Maritime Corp.*, 1 F.3d 947, 949 (9th Cir. 1993).

*Piper*, *Lockman* and *Lueck* are dispositive. *Piper* held that Scotland's lack of strict liability did not make it an inadequate forum. 454 U.S. at 255. *Lockman* held that the unavailability of RICO and Lanham Act claims did not make Japan an inadequate forum because the plaintiff could make other claims, and also held that less favorable discovery laws and the lack of jury trials does not make a forum inadequate. 930 F.2d at 768-69. *Lueck* upheld a *forum non conveniens* dismissal of a plane crash case in favor of New Zealand as a forum, even though New Zealand barred civil actions for such cases in favor of drastically limited, administrative relief. 236 F.3d at 1140-1142. And many cases find "Germany to be [an] adequate [forum] despite its differences in civil procedure." *Flex-N-Gate Corp. v. Wegen*, 2008 U.S. Dist. LEXIS 105781 at *5 (S.D.N.Y. Dec. 29, 2008).

The unavailability of punitive damages also does not make an alternative forum inappropriate.

*Kearney v. Litton Precision Gear*, 1988 WL 236112 at *1 (C.D.Cal. 1988); *Nolan v. Boeing Co.*, 762 F.Supp. 680, 681-82 (E.D.La. 1989). Even severely restricted damages in the alternative forum do not matter. *Lueck*, 236 F.3d at 1143, 1144; *Gonzalez v. Chrysler Corp.*, 301 F.2d 377, 381, 383 (5th Cir. 2002) (affirming dismissal of case based on *forum non conveniens* in favor of Mexico even though Mexico did not provide strict tort liability and capped damages at $2,500).

Further, if Facebook believes that its California and U.S. statutory claims provide the opportunity for some form of relief that German law does not, there is nothing to prevent Facebook from seeking to have the Cologne, Germany court consider such claims. *Creative Technology, Ltd. v. Aztech Systems Pte., Ltd.*, 61 F.3d 696, 701 (9th Cir. 1995) (High Court of Singapore could apply "United States Copyright law to Creative's counterclaim in the event that it determines the scope of remedies offered under the Singapore Copyright Act to be inadequate"); *Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd.*, 918 F.2d 1446, 1450 (9th Cir. 1990) (Philippine court "could apply U.S. COGSA if the situation so warrants"); *Cheng v. The Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983) (Taiwan was "competent to decide questions of American law, if American law should apply to the issues in this litigation.").

### 3. Facebook's Choice of Forum is Not Determinative.

Facebook repeatedly argues that its forum choice is dispositive. (Opp. at 19:5). Facebook is wrong. Any "deference due to plaintiff[] . . . is far from absolute." *Lockman*, 930 F.2d at 767; *Contact Lumber*, 918 F.2d 1449-1450. "A citizen's forum choice should not be given dispositive weight . . . [I]f the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Piper Aircraft*, 454 U.S. at 256, n.23. "A plaintiff's choice of forum is also given reduced emphasis where . . . the operative facts upon which the litigation is brought bear little material connection to the chosen forum." *Flex-N-Gate, supra*, 2008 U.S. Dist. LEXIS 105781 at *3-*4 (dismissing case filed by U.S. plaintiff in favor of Germany because the core alleged misconduct occurred in Germany).

In addition, Facebook is doing business in Germany. Thus, Facebook "should expect to litigate claims relating to [its] business ventures in Germany." *Id.* at *3-*4. "[T]he deference due an American plaintiff is diminished where plaintiff is a corporation doing business abroad and

can expect to litigate in foreign courts." *Id.* at *4; *Contact Lumber*, 918 F.2d at 1450. As a U.S. company present and doing business in Germany, Facebook expects to, and does, litigate in Germany. Facebook's U.S. complaint shows that this dispute concerns alleged damages to Facebook's German and other European operations because of allegedly improper conduct by Germans in Germany. (Docket No. 1, ¶¶ 1, 3-6, 12, 28, 40-41).

Also, Facebook did not choose California as its only forum. It brought the same case in Germany, too. Thus, Facebook's choice of California as a forum should be given substantially less weight. *EFCO Corp. v. Aluma Systems USA, Inc.*, 145 F.Supp.2d 1040, 1046-47 (S.D. Iowa 2000) (U.S. plaintiff's choice of forum discounted because U.S. plaintiff also sued in Canada).

### 4. The Private Interest Factors Favor Germany.

**(i) Residence of Parties and Witnesses**: This favors Germany. The complaint alleges that the conduct occurred in Germany and was committed by German citizens. (Docket No. 1, ¶¶ 1, 3-6, 12, 28, 40-41). Facebook notes its own witnesses are here, but does not say who they are or what they add to the case. Without any competent evidence, Facebook claims that StudiVZ's German founders spent time in the U.S. long ago and so concludes that the "initial creation and development of the StudiVZ site . . . appears to have occurred on U.S. soil." (Opp. 22:10-14). But that is pure speculation and contradicts Facebook's own complaint, which states that StudiVZ was built by German residents from computers in Germany in "October 2005" and launched in Berlin, Germany. (Docket No. 1, ¶28).

**(ii) Convenience to Litigants**: This factor favors Germany. Defendants and Facebook both have a presence in Germany. Facebook does regular, continual business in Germany. It has pursued its legal claims in Germany for over 2 ½ years, beginning with its June 2006 demand letter and continuing through its pending Cologne, Germany lawsuit. Defendants, though, have no presence at all in California. The balance of convenience to the litigants tips heavily in favor of Germany. *Contact Lumber*, 918 F.2d at 1450 (" In an era of increasing international commerce, parties who choose to engage in international transactions should know that when their foreign operations lead to litigation they cannot expect always to bring their foreign opponents into a United States forum when every reasonable consideration leads to the

conclusion that the site of the litigation should be elsewhere.").

**(iii) and (v) Access to Physical Proof and Cost of Bringing Witnesses to Trial**: These favor Germany. The key witnesses and evidence either work at StudiVZ in Germany or are former StudiVZ employees living in Germany. All speak German and many have little English proficiency. There is no way to compel any of those witnesses to come to trial in the United States. The vast bulk of relevant documents are also in German and in Germany.

**(iv) Compelling Unwilling Witnesses**: This favors Germany. Facebook names only two people, Messrs. Dariani and Bemmann, as allegedly culpable. (Docket No. 1, ¶¶ 28, 31, 36, 37). Neither works for StudiVZ now. Both live in Germany and are subject to German process and jurisdiction. They are not, however, subject to the process of this Court and cannot be compelled to testify at trial here. Indeed, it will be very difficult to compel them to testify even at deposition. The Hague Evidence Convention and letters rogatory, as this Court undoubtedly knows, are slow, cumbersome, and likely to produce nothing as useful as the testimony that is available from German witnesses in a German court in a German case.

**(vi) Judgment Enforceability**: Any judgment – whether German or U.S. – must be enforced in Germany. That is where all defendants are located. It is easier and cheaper to enforce a German judgment in Germany than a U.S. judgment, especially where at least one aspect of a possible U.S. judgment -- punitive damages -- is unenforceable in Germany. Bundesgerichtshof [BGH] [Federal Court of Justice] June 4, 1992, 118 Entscheidungen des Bundesgerichtshofes in Zivilsachen [BGHZ] 312 (F.R.G.). (copy attached).

**(vii) Other Considerations**: Costs and delays associated with the enormous amount of German translation that will be required are real, significant, and completely unnecessary in light of Facebook's German lawsuit. A few witnesses speak respectable English, but even they will likely need some translation. The rest will require substantial translation.

**5.    The Public Interest Factors Also Favor Germany.**

**(i) Local Interests:** This favors Germany. This case is based on events in Germany, involving alleged misconduct by Germans in Germany, and purported damage to Facebook in the German and European markets. (Docket No. 1, ¶¶ 1, 3-6, 12, 28, 40-41).

**(ii) Familiarity with Governing Law**: There will be complex disputes over choice of law because the alleged acts were committed in Germany. And, a German court is much more able than a U.S. court to analyze German and European markets under applicable law and to then assess any harm that Facebook allegedly suffered in Germany or Europe. (See Docket No. 1, ¶ 41).

**(iii), (iv) and (v) Burden on Local Court, Court Congestion and Costs Related to Resolving a Dispute that is Unrelated to the Forum**: All of these factors favor Germany. This Court and the jury would be unduly burdened because the witnesses are Germans located in Germany who speak German, the documents are in Germany and in German, and StudiVZ's allegedly offending computers are in Germany and the documentation they contain is in German. Interpreting the testimony of every key witness and translating every document from German into English will greatly prolong the trial and increase expense for everyone, including this Court. This is especially problematic because the federal court system is congested. "Administrative difficulties follow for courts when litigation is piled up in congested centers . . . ." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). This is unnecessary and wasteful given Facebook's pursuit of its nearly identical German lawsuit that is set to begin trial on April 28.

**(vi) Pending Litigation in Alternate Forum**: This factor obviously favors Germany. Facebook has initiated the same action as a plaintiff in Germany. It is also defending against the negative declaratory relief action that StudiVZ initiated in Stuttgart, Germany on the same day that this lawsuit was filed. While Facebook can argue that it was <u>forced</u> to litigate in the negative declaratory relief action, it consciously <u>chose</u> to initiate the affirmative claim in Cologne, Germany in November 2008.

### 6. Facebook's German Lawsuit Moots Its Terms of Use Argument.

Facebook also claims that, under its terms of use, *forum non conveniens* cannot be asserted. (Opp. at 25:9-12). Facebook is wrong.

First, there is no evidence or even allegation that the Holtzbrinck defendants have ever seen, let alone agreed to be bound by, Facebook's terms of use.

Second, Facebook may not argue that defendants are subject to a mandatory forum

37106-00002/1673617.4                              14
HOLTZBRINCK'S REPLY IN SUPPORT OF MOTION TO DISMISS

provision in its terms of use, while it simultaneously initiates the same claims -- <u>including claims for violation of its terms of use</u> – in Germany. Either the terms of use are not mandatory, or Facebook has waived them by its conduct. *Holland Am. Line v. Wartsila N. Am.*, 485 F.3d 450, 458 (9th Cir. 2007) (forum selection clauses subject to "general contract principals" – e.g., waiver).

Third, even if such terms of use might otherwise apply, *forum non conveniens* is always in the Court's discretion, especially where, as here, the forum selection clause is, as proven by Facebook's own actions, permissive. *See Advanta Corp. v. Dialogic Corp.*, 2006 U.S. Dist. LEXIS 28214 at *9-*10 (N.D. Cal. May 2, 2006) (permissive forum selection clause not enforced and case conditionally dismissed based on *forum non conveniens* without even considering forum selection clause); *McNeil v. Stanley Works*, 33 Fed.Appx. 322, 324 (9th Cir. 2002) (affirming *forum non conveniens* dismissal despite permissive forum selection clause). Even if the Court considers the forum selection clause, "the presence of a forum selection provision . . . even a mandatory one . . . is 'simply one of the factors that should be considered and balanced in the normal forum non conveniens analysis.'" *American Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F.Supp.2d 749, 768 (N.D. Cal. 2004), *citing Royal Bed & Spring Co. v. Famossul*, 906 F.2d 45, 51 (1st Cir. 1990). And, in any event, courts may raise *forum non conveniens sua sponte*, without regard to the parties' choice of forum. See *Vogt-Nem, Inc. v. M/V Tramper*, 263 F.Supp.2d 1226, 1233-1234 (N.D. Cal. 2002); *Corporacion Mexicana v. The M/T Respect*, 89 F.3d 650, 656 n.1 (9th Cir. 1996).

## III. CONCLUSION

For all the above reasons, Networks and Ventures respectfully request that their motion be granted in its entirety.

DATED: March 27, 2009            GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: /s Stephen S. Smith
STEPHEN S. SMITH
Attorneys for Defendants HOLTZBRINCK NETWORKS GmbH and HOLTZBRINCK VENTURES GmbH