STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants StudiVZ Ltd., Holtzbrinck
Networks GmbH, and Holtzbrinck Ventures GmbH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25,<br><br>    Defendant. | Case No. 5:08-CV-03468 JF<br>Assigned To: Hon. Jeremy Fogel<br><br>**SUPPLEMENTAL DECLARATION OF WILLIAM M. WALKER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND *FORUM NON CONVENIENS*; EXHIBITS G-J**<br><br>[Reply Briefs; Supplemental Declarations of Stephen S. Smith and Martin Weber (and Exhibits Thereto) Filed Concurrently]<br><br>Date: April 10, 2009<br>Time: 9:00 a.m.<br>Place: Courtroom 3<br><br>Complaint Filed: July 18, 2008 |

# DECLARATION OF WILLIAM M. WALKER

I, William M. Walker, declare:

1. I am an attorney at law duly licensed to practice in the State of California and before the United States District Court for the Northern District of California, and am a partner at Greenberg Glusker Fields Claman & Machtinger LLP, counsel of record for defendants StudiVZ Ltd. ("StudiVZ"), Holtzbrinck Networks GmbH ("Networks") and Holtzbrinck Ventures GmbH ("Ventures") (collectively, "Defendants"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto under oath. This declaration is submitted concurrently with Defendants' Reply Briefs in support of their Motions to Dismiss and in support of those motions.

2. I graduated from the University of California, Davis in 1985 with a bachelor of arts degree in German literature. I speak and read German fluently. Since graduating from law school in 1988, I have had extensive experience advising German clients doing business in the U.S. and U.S. clients doing business in Germany, frequently in German.

3. On information and belief, attached hereto as "Exhibit G" is a true and correct copy of an amendment that Facebook, Inc. filed on March 13, 2009 in the District Court of Cologne, Germany to Facebook's complaint in Facebook's pending lawsuit in Cologne, Germany ("Facebook's German Amendment").

4. Facebook's German Amendment seeks additional wide-ranging relief in Facebook's German case, including but not limited to:

- the appointment by the Cologne court of an expert to examine all of StudiVZ's source code, software and software scripts and anything and everything related thereto;

- an order by the Cologne court providing the expert with access to all of StudiVZ's premises, computers, archives, repositories and development environments and also to provide remote access thereto;

- an order by the Cologne court forbidding any revisions to StudiVZ's source code while the expert is examining it;

- an order by the Cologne court stating that the expert may (a) duplicate and store anything and everything belonging to StudiVZ that the expert wants, including but not limited to all php-related data and the entire data base structure of the company, all source code, software, documents, and a lengthy list of many other things, (b) photograph, make copies, and otherwise duplicate anything that the expert wants, and (c) take everything to the expert's offices to examine;

- an order by the Cologne court stating that StudiVZ's employees must support the expert and gather or provide all documents and/or unrestricted access rights to anything and everything imaginable, including but not limited to documents, code, software, computers, handbooks, technical descriptions, passwords, plans, and technical materials;

- an order by the Cologne court stating that one of Facebook's lawyers and two of Facebook's experts may have the same unfettered access to anything and everything at StudiVZ as any court-appointed expert; and,

- an order by the Cologne court that StudiVZ and its "representatives" are forbidden to have any corresponding access to any Facebook code or materials, and that StudiVZ's lawyers may only have limited access to additional expert reports filed by Facebook as exhibits to Facebook's German Amendment.

5.     Facebook's German Amendment acknowledges that Facebook has no actual proof that StudiVZ copied Facebook's code, and does not know how StudiVZ could have gotten access to Facebook's source code (see paragraph 44); Facebook demands the relief sought in Facebook's German Amendment based on assumptions by Facebook's paid experts.  Defendants were unable to get an English translation of Facebook's German Amendment by the March 27, 2009 filing deadline for Defendants' replies, but would be happy to obtain and provide one to the Court if the Court would like one.

6.     On information and belief, attached hereto as "Exhibit H" is a true and correct copy of an Order by the Cologne District Court setting Facebook's German case for hearing on April 28, 2009 at 11:00 a.m.  The German court will initially discuss settlement with the parties, and in the event that there is no settlement, will immediately proceed to hear the case (page 2, numbered paragraph 3).

7.     On information and belief, Facebook in November 2008 filed with the court in Facebook's Cologne, Germany case (a) a 24 page written expert report, with exhibits attached, from one Bernward Schrader (a paid Facebook expert), and (b) a 31 page written expert report, with exhibits attached, from one Clifford Lampe (another paid Facebook expert), true and correct copies of which are attached hereto as "Exhibit I."  Also on March 13, Facebook submitted a third lengthy written expert report to the German court, this one from one Dr. Streitz (another paid Facebook expert), on various issues; the Streitz report is currently the subject of a confidentiality motion by Facebook to the Cologne, Germany court, and so is not submitted as an exhibit here.

8.     Attached hereto as "Exhibit J" is a true and correct copy of the English translation of paragraph 2(1) on page HOLTZ000009, as well as the original German version thereof.  Paragraph 2(1) on page HOLTZ000009 is exactly the same as paragraph 1 on page STUDI000510 of the letter from Soren Erdmann to Michael Brehm that is attached as Exhibit L to the Supplemental Declaration of Martin Weber in Support of Defendants' Motions to Dismiss for lack

of Personal Jurisdiction and *Forum Non Conveniens*, with one exception only -- the words "eine Rechtsanwaltskanzlei" ("a law firm") on page HOLTZ000009 are instead "die deutsche Kanzlei Lovells" ("the German firm Lovells") in Exhibit L. Other than that one difference, the English translation in Exhibit J is the same for both paragraph 2(1) on page HOLTZ000009, and for paragraph 1 on page STUDI000510 of the Erdmann letter to Michael Brehm.

9. Attached to both StudiVZ's Reply Brief and Networks' and Ventures' Reply Brief is a true and correct copy of the German Supreme Court's opinion in Bundesgerichtshof [BGH] [Federal Court of Justice] June 4, 1992, 118 Entscheidungen des Bundesgerichtshofes in Zivilsachen [BGHZ] 312 (F.R.G.) in case no. IX ZR 149/91. It involves an attempt by the plaintiff (a California citizen) to execute a judgment from the California Superior Court, San Joaquin County against a man with double German and U.S. citizenship for sexual abuse that included $400,000 in punitive damages. *Id.* at 313-314. The German Supreme Court declined to enforce the award of punitive damages, stating, among other things, that the enforcement of the U.S. judgment that required the payment of punitive damages is contrary to German notions of public order ("ordre public"), that punishment and deterrence are criminal law objectives but not civil law objectives, that the purpose of modern German civil law is only to compensate for actual damages, but not to enrich the damaged party, and that under German law the state has a monopoly on punishment. *See, e.g., id.* at 334-339. Defendants were unable to get an English translation of this opinion by the March 27, 2009 filing deadline for Defendants' replies, but would be happy to obtain and provide one to the Court if the Court would like one.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed in Los Angeles, California on March 27, 2009.

/s William M. Walker
--------------------
William M. Walker