\*\*E-Filed 3/30/09\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD; VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmBH; HOLTZBRINCK NETWORKS GmBH; and HOLTZBRINCK VENTURES GmBH <br><br> Defendants. | Case Number C 08-3468 JF (HRL) <br><br> **ORDER[1] RE MOTIONS FOR ADMINISTRATIVE RELIEF** <br><br> RE: Docket Nos. 119 & 122 |

## BACKGROUND

In this action for trade dress infringement, breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the federal Computer Fraud and Abuse Act and California Penal Code § 502(c), Plaintiff Facebook, Inc. ("Facebook") alleges that Defendants StudiVZ ("StudiVZ") and related corporate entities variously bearing the name

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 08-3468 JF
ORDER RE MOTIONS FOR ADMINISTRATIVE RELIEF
(JFLC3)

Holtzbrink ("Holtzbrink," collectively "Defendants") created an illegal "knock-off" of Facebook's popular social utility website. Defendants have moved to dismiss for lack of personal jurisdiction and on the ground that Germany is a more convenient forum. By a previous administrative motion, Facebook requested a continuance of the hearing on Defendants' motions on the ground that it required additional discovery that it claimed Defendants were withholding improperly. The Court denied Facebook's request except with respect to the issue of personal jurisdiction over Defendant StudiVZ. Nonetheless, for reasons of judicial economy, the Court continued the hearing on all pending matters to April 10, 2009.

In the latest flurry of time-consuming, merits-oriented administrative motions, the parties ask the Court to make various adjustments to the time for hearing the underlying jurisdictional motions. Specifically, Facebook requests an additional continuance to resolve disputes over the scope of personal jurisdiction discovery with respect to StudiVZ. StudiVZ, which itself has requested a stay of all matters relating to personal jurisdiction on the ground that such discovery has become costly and unwieldy, does not oppose Facebook's motion with respect to personal jurisdiction, but it objects to a further continuance of the motions to dismiss for *forum non conveniens*. Facebook strenuously objects to any "bifurcation" of the hearing on the jurisdictional issues.

**DISCUSSION**

Having reviewed the parties' administrative motions, the underlying motions to which they refer, and all other material currently before it, the Court is convinced that the course most likely to serve the interests of judicial economy and fairness to the parties is to stay all proceedings related to personal jurisdiction and to hear Defendants' motions to dismiss on the ground of *forum non conveniens*. In *Sinochem Int'l Trading Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007), the Supreme Court held that because "*forum non conveniens* is a non-merits ground for dismissal, . . . . [a] district court . . . may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter jurisdiction and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id*. at 432 (citation omitted). Thus, "where subject-matter or personal jurisdiction is difficult to

2

determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal," a court may decide *forum non conveniens* first. *Id*. at 432-36.

In the instant case, Defendants have shown that discovery related to personal jurisdiction has grown complicated and burdensome. They also have presented a substantial argument with respect to both the private and public *forum non conveniens* factors. Facebook has failed to explain why any category of outstanding discovery would alter the relevant analysis. Facebook's argument with respect to the potential existence of form contracts providing for venue in California is irrelevant to the question of *forum non conveniens*, which concerns the relative convenience of the forum as between the parties, and with respect to the issues presented by the particular lawsuit. Facebook's only other contention is that further discovery might reveal the existence of witnesses whose presence in the United States could tip the balance of convenience in Facebook's favor. That argument is wholly speculative. Indeed, in attempting to rebut Defendants' argument that the location of relevant witnesses favors adjudication in a German forum, Facebook argued that the presence of witnesses in the United States rendered the location factor neutral. Yet Facebook failed even generally to explain who these witnesses are or how their testimony will be relevant to an action in which the allegedly wrongful acts were committed by Germans acting in Germany, and where the alleged harm appears to have been experienced primarily in Germany. Accordingly, Facebook has failed to demonstrate that consideration of Defendants' *forum non conveniens* arguments would be premature.

In the interest of deciding the pending motions in the light of all relevant facts and argument, and given the passage of considerable time since the filing of Facebook's opposition to the pending motions, the Court will permit Facebook to file supplemental opposition not to exceed five pages in length on any issue relevant to *forum non conveniens*. Any such opposition must be filed not later than 5 PM on Monday, April 6, 2009. Defendants may file supplemental replies independently not to exceed five pages in length. Any such replies must be filed not later than 5 PM on Friday, April 10, 2009. In order to accomodate the supplemental briefing, the Court will continue the hearing on Defendants' motions to Friday, April 17, 2009 at 9 AM.

3

Case No. C 08-3468 JF
ORDER RE MOTIONS FOR ADMINISTRATIVE RELIEF
(JFLC3)

**IT IS SO ORDERED.**

DATED: 3/30/09

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Annette L. Hurst    ahurst@orrick.com

Gary Evan Weiss    gweiss@orrick.com, sdonlon@orrick.com

I. Neel Chatterjee    nchatterjee@orrick.com, adalton@orrick.com, htsutsui@orrick.com, kmudurian@orrick.com, mawilliams@orrick.com

Julio Cesar Avalos    javalos@orrick.com, aako-nai@orrick.com, adalton@orrick.com

Stephen Shannon Smith , Esq    ssmith@greenbergglusker.com

Thomas J. Gray    tgray@orrick.com

Warrington S. Parker , III    wparker@orrick.com

William Mielke Walker    wwalker@greenbergglusker.com