I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     +1-650-614-7400
Facsimile:      +1-650-614-7401

THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza
Suite 1600
Irvine, CA  92614-2558
Telephone:     +1-949-567-6700
Facsimile:      949-567-6710

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>STUDIVZ LTD., HOLTZBRINCK NETWORKS GMBH, HOLTZBRINCK VENTURES GMBH, DENNIS BEMMANN, MICHAEL BREHM, AND DOES 1-25,<br><br>  Defendants. | Case No.  5:08-cv-03468 JF<br><br>**FACEBOOK INC.'S SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS***<br><br>Date:   April 17, 2009[1]<br>Time:   9:00 a.m.<br>Room:  Courtroom 3, 5th Floor<br><br>Judge:   Hon. Judge Jeremy Fogel |

---

[1] On April 3, 2009, the Parties filed a stipulation seeking continuance of the April 17 hearing until May 1, 2009.  *See* Dkt. No. 144.

I.     **THIS IS THE PROPER FORUM TO HEAR THIS CASE.**

Defendants attempt to portray themselves as victims by having to litigate this case in this forum. Yet it is essentially undisputed that Defendants copied Facebook's design and features to cash in on Facebook's enormous success. *Forum non conveniens* should not dislodge:

> (1) a local plaintiff suing in its home venue; where there are
> (2) numerous material local witnesses and documents;
> (3) significant economic and other harms suffered locally;
> (4) numerous material third-party witnesses and documents in the U.S.;
> (5) uniquely U.S. and Californian claims in developing areas of the law;
> (6) defendants who accessed plaintiff's California-based website and computer systems;
> (7) defendants who initiated their misappropriation of plaintiff's site and IP while in the U.S;
> (8) defendants who have admitted to enrolling thousands of users here in California;
> (9) defendants who agreed to this forum through a mandatory forum selection clause; and
> (10) defendants who repeatedly do business with California and U.S. companies.

Based on these important facts, the case should stay here. Dismissal for *forum non conveniens* is "an *exceptional tool* to be employed sparingly."[2] Defendants have not, and cannot, come close to meeting their heavy burden.[3] If anything, this is a textbook case for denying the *forum non conveniens* motion.[4] Furthermore, based on the Supreme Court's decision in *Sinochem*, and the factual and legal determinations needed here, this Court cannot grant this motion without first deciding whether it has jurisdiction over Defendants.[5] It would also be improper to dismiss at this early stage without first allowing Facebook to obtain necessary discovery.[6]

   A.     **Germany Is Not An Adequate Forum For This Action.**

Facebook asserts distinctively U.S. and California-based claims that require this forum. Its Lanham Act and Computer Fraud and Abuse Act ("CFAA") claims have been found to be

---

[2] *Thomas Weisel Partners LLC v. BNP Paribas*, 2008 WL 3977887 at *8 (N.D. Cal. 2008) (J., Patel) (citing *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000), cert. denied, 531 U.S. 1112 (2001)); *Life Alert, Inc. v. Lifealert Security*, 2008 WL 5412431 at *6 (C.D. Cal. 2008) (heavy burden "when seeking to dislodge a plaintiff from its home forum").
[3] *Piper Aircraft v. Reyno*, 454 U.S. 235, 255 (1981) (choice of forum should rarely be disturbed).
[4] *Thomas Weisel*, 2008 WL 3977887 at *8-9 (citing *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983); *SME Racks, Inc. v Sistermas*, 382 F.3d 1097, 1100 (11th Cir. 2004) (courts should require "evidence of unusually extreme circumstances" and be "thoroughly convinced that material injustice is manifest" before denying a U.S. citizen access to the courts of this country).
[5] *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Co. Ltd.*, 549 U.S. 422, 127 S. Ct. 1184, 1188 (2007) (an early grant of a *forum non conveniens* motion is proper only if it "does not entail any assumption by the court of substantive 'law-declaring power'"); *see also Maersk, Inc. v. Neewra, Inc.*, 554 F. Supp. 2d 424, 455-57 (S.D.N.Y. 2008).
[6] *See Cheng*, 708 F.2d at 1411(*forum non conveniens* issue is often appropriate for discovery).

sufficiently unique so as to be inappropriate for adjudication by foreign courts.[7] Also, courts have ruled that foreign jurisdictions are not adequate when plaintiffs seek injunctive remedies for intellectual property violations, as Facebook does here.[8]

## B. The Private Factors Weigh Against Dismissal.

<u>Residence of Parties, Witnesses & Parties' Convenience, and Access to Proof</u>.

Defendants focus only on their witnesses, but ignore that they violated local law, injured Facebook here, and, critically, that most material witnesses are here. For its Lanham Act, CFAA, Penal Code 502(c), and misappropriation claims, Facebook will need to provide the following evidence from its current and former employees:[9]

- The initial and subsequent designs ("look and feel") of the Facebook site;
- The time, effort, and money expended and choices made to develop the initial and subsequent designs and features and functionalities of the Facebook site;
- The features, functions and characteristics of the website that contributed, and continue to contribute, to Facebook's success and rapid growth;
- Access to Facebook's website and servers by StudiVZ employees;
- The information from Facebook's website and computer systems that was taken or used by StudiVZ to develop its website;
- The economic harm suffered by Facebook, including lost revenue and the additional costs Facebook incurred, and continues to incur, to compete against its own product in Germany; and
- The consumer confusion that has resulted in California, the United States, and internationally due to Defendants' copycat websites.

Facebook is a local company and its fact and expert witnesses are here in California and the U.S. Declaration of Mark Howitson In Support of Supplemental Opposition ("Howitson Decl.") ¶ 2. Importantly, many of Facebook's likely witnesses are former founders and top executives who reside in California, outside of German subpoena power, such as Dustin Moskovitz, Adam D'Angelo, Sean Parker, Matt Cohler, and Gideon Yu. *Id.*

---

[7] *See Thomas Weisel, supra*, fn 1 at *8-9 (Computer Fraud and Abuse Act); *Bermudez & Co. v. Bermudez Int'l, Inc.*, 2000 WL 1225792 at *4 (S.D.N.Y. 2000) (in a trademark case, foreign court was "unlikely to be able to grant an adequate remedy"); *see also Life Alert, supra*, fn 1 at *6 (Canada was not an adequate forum for Lanham Act claims).
[8] *See Jackson v. Grupo Industrial Hotelero, S.A.,* 2008 WL 4648999, at *3 (S.D. Fla. Oct. 20, 2008) (denying dismissal where evidence of U.S. plaintiffs' trademarks and damages is here).
[9] *Alechmy II, Inc. v. Yes! Ent't. Corp.*, 844 F. Supp. 560, 570 (C.D. Cal. 1994) (elements of trade dress claim); 18 U.S.C. § 1030(a) (elements of CFAA violation); Cal. Penal Code § 502(c) (elements of violation); and *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990) (elements of common law misappropriation).

| | |
|---|---|
| 1 | Further, a number of third-party witnesses with knowledge of Defendants' improper |
| 2 | actions reside in the U.S. Early on, Defendants hired Intetics Corporation, an Illinois company, to |
| 3 | program their sites. *See* Amended Complaint ("Dkt. 140") ¶ 39; Declaration of Julio Avalos |
| 4 | ("Avalos Decl.") ¶ 2. Taylor Mingos and Tobias Walter, both former StudiVZ executives who |
| 5 | likely have information related to StudiVZ's development and expansion, now reside in North |
| 6 | Carolina. *Id.* ¶¶ 37-38; Avalos Decl. ¶¶ 3-5. StudiVZ's founders (Dennis Bemmann and Ehssan |
| 7 | Dariani) conceived the idea to copy Facebook while working as interns for Spreadshirt, Inc. and |
| 8 | Xilinx Corporation in the U.S. *Id.*¶¶ 31-36. Defendants have entered into significant, |
| 9 | infringement-compounding contracts with local companies such as Panther Express, Inc. and |
| 10 | Apple, Inc. *Id.* ¶¶ 71-37; Avalos Decl. ¶¶ 6-7. |
| 11 | Since its witnesses and evidence are located in California and the U.S., Facebook would |
| 12 | be greatly inconvenienced by having to litigate its claims in Germany. "[C]onvenience by a party |
| 13 | who has sued in his home forum will usually outweigh the inconvenience the defendant may have |
| 14 | shown."[10] The inconvenience cited by Defendants—translation of documents, transporting of |
| 15 | witnesses—is insufficient to carry the heavy burden Defendants face.[11] In any event, "such |
| 16 | inconvenience is mitigated" by Defendants' knowing circulation of its infringing product in |
| 17 | California.[12] Litigating in Germany would only shift the inconvenience to Facebook, who would |
| 18 | have to translate documents and fly numerous witnesses to Germany who have no bearing on the |
| 19 | German actions, such as witnesses relating to the non-functionality of Facebook's design, |
| 20 | Facebook's server and systems, and with other knowledge unique to Facebook's U.S. claims.[13] |
| 21 | Defendants make unsupported reference to untold numbers of non-English speaking witnesses |
| 22 | beyond the Court's subpoena power. But, Defendants' few German witnesses "can easily make |
| 23 | themselves available at trial. Moreover, any testimony evidence required from these sources can |

---

[10] *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991).
[11] *See Bermudez supra* fn 6 at *5 (translation of documents "is not a hardship of sufficient magnitude to justify dismissal").
[12] *Id*. at *17; Dkt. No. 90; Ex. 9.
[13] *See Cal. Closet Co. v. Ebben*, 2008 WL 1766767 at *8 (N.D. Cal. Apr. 15, 2008) (J., Illston) (dismissal should be denied where "transfer would merely shift rather than eliminate the inconvenience") (citing *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).

FACEBOOK'S SUPP. OPP. TO MOTION TO DISMISS
FOR *FORUM NON CONVENIENS*
CASE NO.: 5:08-CV-03468

be obtained through deposition testimony or letters of rogatory."[14] Most or all of Defendants' documents will be electronic, which supports denial of Defendants' request for dismissal.[15]

Enforceability of Judgment. Defendants argue that "[i]t is easier and cheaper to enforce a German judgment in Germany than a U.S. judgment." *See* Dkt. No. 133-1 at 13:25-28. This observation is unsurprising; it is also easier and cheaper to enforce a California judgment in California. A German court, however, will refrain from enjoining StudiVZ's actions in the United States, thus requiring litigation here. Declaration of Katharina Scheja (Scheja Decl.) ¶ 5.

### C. The Public Interest Factors Weigh in Facebook's Favor.

There Is A Strong Local Interest. While in the U.S., Defendants hatched their plan to steal Facebook's wildly popular website and bring it back to Germany. Dkt. 140 ¶ 32. To do so, they repeatedly accessed Facebook's site, committed torts aimed at California, and misappropriated Facebook's intellectual property. Within 15 months they were unjustly enriched, and Facebook was concomitantly injured, to the tune of over $100 million dollars. *Id.* ¶ 56; Avalos Decl. Ex. H. Facebook has suffered harm here in the form of lost revenues and increased marketing and promotional costs because of Defendants' infringing copycat websites.[16] Howitson Decl. ¶ 3. Defendants do business here and consumer confusion likely has occurred in this forum. This Court has a strong local interest in this case and in "protecting its companies from trademark infringement abroad to preserve the state's economic vitality."[17] Given the relative novelty of Facebook's trade dress claim, the Court should not defer to an inexperienced foreign tribunal on a

---

[14] *Jackson*, *supra* fn 7 at *12.
[15] *See Thomas Weisel*, *supra* fn 1 at *10 (transporting electronic documents from Asia to San Francisco was not unduly burdensome).
[16] *See Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) (although alleged trademark violations occurred in cyberspace, harm was suffered at principal place of business in California) (citing *Dakota Indus., Inc.* v. *Dakota Sportswear*, 946 F.2d 1384, 1388-89 (8th Cir. 1991) (finding that economic injury is suffered in forum where plaintiff resides).
[17] *See Mattel, Inc. v. MCA*, 28 F. Supp. 2d 1120, 1132 ("U.S. courts have an interest in protecting its companies from trademark infringement abroad to preserve the state's economic vitality"); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1336-37 (9th Cir. 1984) (strong interest in protecting local entity from trademark infringement even though infringement occurred abroad); *see also Thomas Weisel*, *supra* fn 1 at *10, where Judge Patel held that this Court had a strong public interest in a case where California state law would govern "nine out of ten causes of action and federal law will govern the final cause of action relating to computer fraud." Here, California state law will govern six out of eight causes of action and federal law will govern the final two.

1 matter of first impression that is likely to become an important area of U.S. Internet law.[18] The
2 Court's strong interest in this case is overwhelming.

3      (2) <u>Burden on Court</u>. Defendants argue that translation issues would overburden the Court.
4 But requiring Facebook to litigate its U.S. and California claims in Germany would overburden
5 the court there, requiring additional witnesses, documents, translation, and of course the burden of
6 interpreting complex U.S. law including at least one matter of first impression.

7      (3) <u>Pending Litigation in Germany</u>. Defendants initiated the preemptive German action, so
8 this factor should not weigh in their favor. Courts have held that concurrent litigation is not a
9 relevant factor in forum analysis.[19] The U.S. case has different parties and claims, and relief that
10 the German court cannot grant, which weighs in Facebook's favor.[20] Scheja Decl. ¶ 3.

## II. DEFENDANTS AGREED TO THIS FORUM.

Defendants, and their employees and agents, registered as users on Facebook to further their illegal scheme. By doing so, they agreed to Facebook's ToS, and thereby agreed to the mandatory venue, jurisdiction and law of this Court.[21] Dkt. No. 140 at ¶¶ 98-101. Defendants' attempt to avoid the clear and mandatory forum clause by claiming that Facebook's ToS did not require a user to click "I agree." This is simply false. Facebook has required such an act from registrants since at least 2005. Howitson Decl. ¶ 4; Ex. 1. Facebook's forum selection clause is enforceable against StudiVZ as a party and a third-party beneficiary.[22] Under *Sinochem*, the Court cannot make a contrary legal determination at this stage of the proceedings.[23]

---

[18] *See, generally, Blue Nile, Inc. v. Ice.com, Inc.*, 478 F. Supp. 2d 1240, 1243, fn 8 (W.D. Wa. 2007) ("given the novelty of [the website trade dress claim], greater factual development is necessary" prior to dismissing or determining that an alternate adequate remedy exists).
[19] *See, e.g., Adelson v. Hananel*, 510 F.3d 43, 54 (1st Cir. 2007); *Guidi v. Inter-Continental Hotels Corp.*, 224 F.3d 142, 148 (2d Cir. 2000) (district court weighed related action too heavily).
[20] *See Hayes Bicycle Group, Inc. v. Muchachos Int'l.*, 2008 WL 4830570 at *4, (E.D. Wis. 2008) (trademark claim not duplicative of foreign intellectual property action).
[21] *See Register.com v .Verio, Inc.*, 126 F. Supp. 2d 238, 248 (S.D.N.Y. 2000) (enforcing online terms of use on similar facts). Defendants impliedly concede that the ToS are valid by pointing out that prior to June 28, 2005, Facebook's ToS contained a Massachusetts forum selection clause. *See* Dkt. No. 133 at 7:19-25. This fact is irrelevant as to any StudiVZ employees and agents that joined Facebook after that date, which, given the limited facts available, would cover all StudiVZ activity. *See* Dkt. No. 140 ¶¶ 30-39.
[22] *Gambra v. International Lease Finance Corp.*, 377 F. Supp. 2d 810, 822 (C.D. Cal. 2005) (a third party beneficiary considered bound by the agreement).
[23] *See Sinochem*, 127 S.Ct. at 1193; *see also Wall Data Inc. v. L.A. County Sheriff's Dep't*, 447 F.3d 769, 786 (9th Cir. 2006) (contract formation and interpretation both questions of law).

FACEBOOK'S SUPP. OPP. TO MOTION TO DISMISS
FOR *FORUM NON CONVENIENS*
CASE NO.: 5:08-CV-03468

Dated: April 6, 2009    ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Thomas J. Gray /s/
THOMAS J. GRAY
Attorneys for Plaintiff
FACEBOOK, INC.

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 6, 2009.

Dated: April 6, 2009.

Respectfully submitted,

/s/ Thomas J. Gray
Thomas J. Gray

OHS West:260639798.2

- 1 -

FACEBOOK'S SUPP. OPP. TO MOTION TO DISMISS
FOR *FORUM NON CONVENIENS*
CASE NO.: 5:08-CV-03468