STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants studiVZ Ltd.,
Holtzbrinck Networks GmbH, and
Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-CV-03468 JF |
| Plaintiff, | Assigned To: Hon. Jeremy Fogel |
| v. | **NOTICE OF MOTION AND MOTION OF DEFENDANTS FOR PROTECTIVE ORDER QUASHING FACEBOOK'S SUBPOENAS SERVED ON THIRD PARTIES** |
| STUDIVZ LTD., , HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, | |
| Defendants. | [(Proposed) Order and Declaration of Stephen S. Smith Filed Concurrently] |
| | Date: June 23, 2009<br>Time: 10:00 a.m.<br>Dept./Place: Courtroom 2, 5th Floor<br>Hon. Howard R. Lloyd |
| | Complaint Filed: July 18, 2008 |

37106-00002/1688683.6

MOTION FOR PROTECTIVE ORDER

TO PLAINTIFF FACEBOOK, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 23, 2009 at 10:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 2 of the above entitled Court, located at 280 S. First Street, San Jose CA 95113, defendants StudiVZ Ltd., Holtzbrinck Networks GmbH, and Holtzbrinck Ventures GmbH ("Defendants") will move this Court for a protective order quashing Plaintiff Facebook, Inc.'s ("Facebook") subpoenas dated on or after May 8, 2009 and addressed to Spreadshirt, Inc., Intetics Co., Gordon Brebner, Phil James-Roxby, Taylor Mingos, Xilinx, Inc., Tobias Walter, and Shoeboxed.com (the "Subpoenas").

This Motion is made pursuant to Federal Rule of Civil Procedure 26(c)(1) on the grounds that a protective order is necessary to protect Defendants, and the third parties subject to the Subpoenas, from annoyance, oppression, and undue burden and expense because (1) the Subpoenas contravene orders by the Court in this case; (2) the Subpoenas demand materials and depositions far beyond anything reasonably related to the limited jurisdiction and forum issues currently under consideration by the Court; and (3) the Subpoenas seek trade secret and other confidential information that is not appropriate to disclose at this stage of the case.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Stephen S. Smith; and all records and pleadings on file in this matter and as may be presented at or before the hearing on this motion. Pursuant to Federal Rule of Civil Procedure 26(c)(1), defendants in good faith conferred with Facebook's counsel in an effort to resolve this dispute without court action, but to no avail.

37106-00002/1688683.6

i

MOTION FOR PROTECTIVE ORDER

| | | |
|---|---|---|
| DATED: May 19, 2009 | | GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP |
| | | By: ___/s Stephen S. Smith___<br>STEPHEN S. SMITH<br>Attorneys for Defendants studiVZ Ltd., Holtzbrinck Networks GmbH, and Holtzbrinck Ventures GmbH |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Holtzbrinck Networks GmbH, Holtzbrinck Ventures GmbH and StudiVZ Ltd. ("Defendants") move for a protective order quashing ten third party subpoenas dated May 8, 2009 and addressed by plaintiff Facebook, Inc. ("Facebook") to Spreadshirt, Inc., Intetics Co., Gordon Brebner, Phil James-Roxby, Taylor Mingos, Xilinx, Inc., Tobias Walter, and Shoeboxed.com (the "Subpoenas"). (Declaration of Stephen S. Smith ["Smith Decl."], Ex. A).

Defendants' October 22, 2008 motions to dismiss for lack of personal jurisdiction and for *forum non conveniens* remain pending before Judge Fogel. As described further below, Judge Fogel has reviewed substantial evidence and briefing on those motions, heard substantial oral argument on the *forum non conveniens* portion of those motions, and stated that he is inclined to grant Defendants' motions to dismiss on *forum non conveniens* grounds. Nonetheless, Judge Fogel deferred ruling on Defendants' motions to dismiss until July 10, 2009 so that he can more thoroughly consider the issue relating to personal jurisdiction over StudiVZ, too. Accordingly, he lifted a March 30, 2009 stay order as to pre-existing personal jurisdiction discovery disputes between StudiVZ and Facebook that were pending before this Court as of March 30, 2009.

As shown below, the Subpoenas grossly exceed the discovery contemplated by the Court. Nowhere do the Court's orders permit the kind of unduly burdensome, expensive and oppressive discovery sought by the Subpoenas. Under relevant Court orders, the Subpoenas are grossly overbroad, unduly burdensome and oppressive, and demonstrate yet again Facebook's complete unwillingness to

tailor any of its discovery requests to the limited personal jurisdiction issues in dispute at this stage of the case.

As such, the Subpoenas are improper and Defendants respectfully request that they be quashed.

## II. THE COURT'S ORDERS LIMIT THE PERMISSIBLE DISCOVERY TO PERSONAL JURISDICTION DISCOVERY PREVIOUSLY SERVED BY FACEBOOK ON STUDIVZ.

### A. Defendants Move to Dismiss the Complaint Based on Lack of Personal Jurisdiction and *Forum Non Conveniens*, and Respond to Facebook's Discovery.

Defendants filed motions to dismiss for lack of personal jurisdiction and for *forum non conveniens* on October 22, 2008. (Docket Nos. 41, 42). The motions were set for hearing on February 13, 2009 -- a date selected in consultation with Facebook to allow Facebook time to take discovery concerning personal jurisdiction and forum. Facebook served document requests and interrogatories on Defendants on October 14, 2008.[1] Defendants produced documents responsive to the vast majority of Facebook's document demands, and answered the vast majority of Facebook's interrogatories. The depositions of Defendants' two declarants were set for January 12 and 13, 2009 at the Frankfurt offices of Facebook's counsel. (Docket Nos. 83-85).

However, Facebook cancelled those depositions after Defendants' counsel had already flown to Germany to defend them. (Docket Nos. 83-85). That

---

[1] Facebook could have issued the Subpoenas at any time during the four months between October 22, 2008 and February 13, 2009. It is quite telling that Facebook did not propound the Subpoenas until seven months after Defendants' filed their motions to dismiss and three months after the original February 13, 2009 hearing date.

37106-00002/1688683.6        2

thirteenth hour cancellation is the subject of a pending motion by Defendants for the reimbursement of the fees and costs incurred by Defendants as a result of that cancellation. (Docket Nos. 83-85).

### B. The Court's January 28, 2009 Order Limited the Scope of Discovery to That Related to Facebook's Outstanding Discovery Requests to StudiVZ Concerning Personal Jurisdiction.

On January 23, 2009, Facebook moved the Court for an order continuing the hearing date on the motions to dismiss, claiming that alleged misconduct by Defendants had hampered its discovery efforts. (Docket No. 77). Facebook stated several times that the basis for its motion was the need to resolve disputes concerning Facebook's then-pending discovery requests, as to which Facebook said it "soon will be filing a motion to compel the needed discovery" on January 27, 2009 with a March 3, 2009 hearing date. (Docket No. 77 at 1:4, 1:8-9, 2:22-23, 4:9-10). StudiVZ acknowledged a good faith dispute with respect to certain limited discovery issues arising from Facebook's pending discovery requests and pertaining solely to personal jurisdiction over StudiVZ only, but all of the Defendants opposed a continuance of the hearing on any of the other grounds of Defendants' motions. (Docket Nos. 80-82; Docket No. 92 -- Order Granting in Part Motion to Enlarge Time at 2:3-7) ("January 28, 2009 Order").

In response, the Court issued its January 28, 2009 Order, ruling that:

> "[a] review of the record and the parties' papers reveals that Facebook has failed to demonstrate any reason to continue the February 13, 2009 hearing as to either defendant with respect to *forum non conveniens*, or as to Holtzbrinck with respect to personal jurisdiction. Nonetheless, because

considerations of judicial economy weigh in favor of hearing all of the motions concurrently, and because a brief continuance is unlikely to prejudice any party, the Court will grant Facebook's motion for a continuance. Facebook will be permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material."

(January 28, 2009 Order at 2:15-22) (Docket No. 92). The new hearing date was April 10, 2009 at 9 a.m. (Docket No. 92 at 2:23).

### C. The Court's March 30, 2009 Order Stays Even That Limited Discovery Pending the Court's Hearing of the Defendants' Motions to Dismiss for *Forum Non Conveniens*.

On January 28, 2009, Facebook moved to compel additional document production and interrogatory responses on four categories of information, and Defendants opposed Facebook's motion. (Docket Nos. 91, 94-95). On March 20, 2009, while this Court was considering that motion, Facebook moved Judge Fogel for an additional extension of the hearing date on Defendants' motions to dismiss, and Defendants moved to keep the hearing date as to everything except the personal jurisdiction portion of StudiVZ's motion. (Docket Nos. 122, 123; *see also* 119, 120 and 124). Once again, Facebook's motion was based on Facebook's alleged need for "relief from the current schedule pending a resolution of the outstanding discovery disputes" in the form of an order from Magistrate Judge Lloyd on Facebook's pending motion to compel because "since January 28 Defendants have refused to produce any discovery" (cleverly ignoring Defendants' previous productions and the fact that, as discussed, Defendants made their declarants available for deposition at the Frankfurt, Germany offices of Facebook's counsel on January 9 and 10, 2009). (Docket No. 122 at 1:7-8, 5:14, 5:18-19).

1   On March 30, 3009, Judge Fogel ruled on those administrative scheduling
2   motions.  He initially noted that "[b]y a previous administrative motion, Facebook
3   requested a continuance of the hearing on Defendants' motions on the ground that it
4   required additional discovery that it claimed Defendants were withholding
5   improperly.  The Court denied Facebook's request except with respect to the issue
6   of personal jurisdiction over defendant StudiVZ." (Docket No. 138 -- Order re
7   Motions for Administrative Relief at 2:3-7) ("March 30, 2009 Order").

The Court then ruled that it was "convinced that the course most likely to serve the interests of judicial economy and fairness to the parties is to stay all proceedings related to personal jurisdiction and to hear Defendants' motions to dismiss on the grounds of *forum non conveniens*." (Docket No. 138 at 2:20-23).  In doing so, the Court noted that "Defendants have shown that discovery related to personal jurisdiction has grown complicated and burdensome," (Docket No. 138 at 3:3-4), and that "Facebook has failed to explain why any category of outstanding discovery would alter the relevant [*forum non conveniens*] analysis." (Docket No. 138 at 3:5-6).  The Court ultimately set the hearing on the motions to dismiss for May 1, 2009.  (Docket No. 154).

### D. **The Court's May 4, 2009 Order Defers Ruling on the Motions to Dismiss Until July 10, 2009 and Only Lifts the Stay of Personal Jurisdiction Discovery Over StudiVZ.**

On May 1, 2009, Judge Fogel heard oral arguments on the Defendants' motions to dismiss for *forum non conveniens*.  (Docket No. 157).  On May 4, 2009, he issued an Order Deferring Ruling on Motions to Dismiss. ("May 4, 2009 Order") (Docket No. 155).  In the May 4, 2009 Order, Judge Fogel referenced his January 28, 2009 and March 30, 2009 Orders on the subject of personal jurisdiction discovery, stating that:

> "[s]ince the filing of Defendants' motions to dismiss, multiple discovery disputes have impeded the resolution of the jurisdictional issues. In an earlier administrative motion, Facebook requested a continuance of the hearing on Defendants' motions, claiming that it required additional discovery that Defendants improperly were withholding. The Court denied Facebook's request except with respect to the issue of personal jurisdiction over StudiVZ."

(Docket No. 155 at 2:24-3:2).

The Court then undertook a lengthy analysis of the *forum non conveniens* portions of the motions to dismiss, finding that "the Court is inclined to dismiss the instant action on the ground that Germany is the more appropriate forum." (Docket No. 155 at 3:12-14). Ultimately, "[n]otwithstanding the apparent strength of Defendants' arguments with respect to *forum non conveniens*," (Docket No. 155 at 7:20-21), the Court decided to consider the personal jurisdiction portions of the motions on July 10, 2009 and so to "defer consideration of Defendants' motions to dismiss on the ground of *forum non conveniens*" until the same date. (Docket No. 155 at 8:4-5). The Court then lifted its previous stay of personal jurisdiction discovery. (Docket No. 155 at 8:5-6).

*Nowhere* do any of the Court's orders contemplate any **new** discovery demands, let alone the grossly overbroad document and deposition Subpoenas directed at third parties. When viewed in the context from which they arose, Judge Fogel's orders provide one last, short continuance of the hearing date in order to allow the parties to wrap up their ***previously existing***, previously stayed disputes as to the issues raised in Facebook's motion to compel, and to then file one last brief each before the July 10, 2009 hearing. The only discovery that Facebook ever served in the four months between the filing of the motions and the original hearing date was its original, first set of written discovery requests that were the subject of Facebook's motion to compel. It

was *that* discovery that was the subject of (a) Facebook's January 23rd request to continue to hearing date on the motions to dismiss, (b) the District Court's January 28th order continuing the hearing of the motions to dismiss, (c) Facebook's March 20th second request for a continuance of the hearing, (d) the District Court's March 30th order staying discovery to consider independently the *forum non conveniens* argument, and (e) the District Court's May 4th order lifting the stay. Nowhere do Facebook's requests or the District Court's orders open the door to any new discovery, let alone the Subpoenas, which as discussed below, further show Facebook's complete unwillingness to focus on the limited personal jurisdiction issues that are currently under consideration by the Court. Accordingly, they should be quashed.

### III. THE SUBPOENAS ARE GROSSLY OVERBROAD, UNDULY BURDENSOME AND OPPRESSIVE ON THEIR FACES.

Even if it were appropriate for Facebook to engage in new, additional discovery (which it is not), Facebook's recent Subpoenas are extremely overbroad, burdensome, harassing, merits-based, and not appropriate in the context of motions to dismiss for lack of personal jurisdiction and *forum non conveniens*.

Facebook's scorched earth policy with respect to third party discovery is yet another desperate attempt by Facebook to try to find *some* issue, no matter how small, that *may* possibly convince the Court to allow Facebook to continue prosecuting this action in the United States while Facebook simultaneously prosecutes its separate action in Germany.

Facebook has served ten subpoenas, seeking the production of <u>*94 categories of documents*</u> and two depositions (both outside California). One requested deponent is a former intern at StudiVZ. Another requested deponent is a former

intern and employee of only seven months at StudiVZ who worked in StudiVZ's marketing department.

The document requests went out to such irrelevant sources as (a) a t-shirt company at which former StudiVZ executive Ehssan Dariani is alleged to have been an intern many years ago, and (b) a computer hardware company at which former StudiVZ executive Dennis Bemmann is alleged to have been an intern and employee many years ago.

Facebook's requests for production include such wildly over-broad requests as "[a]ll documents relating to StudiVZ or the StudiVZ websites" and "[a]ll documents relating to Facebook or the Facebook websites." To make matters worse, there is no limit as to timeframe.

Is a t-shirt company now supposed to locate and produce every instance of its employees accessing Facebook's website for their personal use? Does it really make sense for that t-shirt company to now produce "[a]ll documents relating to the internship and/or employ of Ehssan Dariani at Spreadshirt" and "[a]ll documents and/or communications between you and Ehssan Dariani"?

Intetics Co., another company to which Facebook has now propounded overly broad and harassing discovery, is an Illinois outsourcing company which has worked with StudiVZ. Is Intetics now supposed to reveal to Facebook (StudiVZ's competitor in the German market) trade secret and other confidential information that would fall under the ridiculously overbroad requested categories of "[a]ll documents relating to StudiVZ or the StudiVZ websites," "[a]ll communications between [Intetics] and StudiVZ" and "[a]ll documents and/or communications between [Intetics] and any person or persons employed by, representing, or

otherwise associated with StudiVZ, whether currently or previously so employed"?

These requests have nothing to do with jurisdiction and are an obvious "fishing expedition" on the merits. "Instead of using rod and reel, or even a reasonably sized net, [Facebook] would drain the pond and collect the fish from the bottom," and would do so "without even knowing whether there were any fish in the pond." Amcast Indus. Corp. v. Detrex Corp., 138 F.R.D. 115, 121 (N.D. Ind. 1991) (quoting In re IBM Peripheral EDP Devices Antitrust Litig., 77 F.R.D. 39, 41-42 (N.D. Cal. 1977)); Claude P. Bamberger Int'l v. Rohm & Haas Co., 1998 U.S. Dist. LEXIS 11141 at *4-*6 (D. N.J. Mar. 31, 1998).

Facebook's ridiculously overbroad discovery requests are yet another example of Facebook's complete unwillingness to attempt to tailor discovery requests to anything related to limited personal jurisdiction[2] and *forum non conveniens*.

Facebook seeks to have these third parties "search every file that exists." Coleman v. American Red Cross (6th Cir. 1994) 23 F.3d 1091, 1098. Since the burden and/or expense associated with the discovery outweighs its likely benefit, the discovery should be denied. F.R.C.P. 26(b)(2)(C). The law is especially protective of third parties from whom discovery is sought. *See, e.g. Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.* (9th Cir. 1980) 649 F.2d 646, 649 (holding that protective orders are more easily obtained when discovery is sought from third parties).

---

[2] Facebook *does not contend* that defendants are subject to general personal jurisdiction. Accordingly, the universe of potentially relevant discovery is very limited.

37106-00002/1688683.6            9
MOTION FOR PROTECTIVE ORDER

## IV. THE SUBPOENAS DO NOT COMPLY WITH FRCP 45(b)(1)

Federal Rule of Civil Procedure 45(b)(1) requires a party serving a subpoena to serve it on each party before serving it on the third party. The 2007 Advisory Committee Notes to Rule 45 indicate that the purpose of the notice requirement is to provide opposing parties an opportunity to object to the subpoena. Facebook's proofs of service show that Facebook did not comply with this rule with respect to Spreadshirt, Inc., Xilinx, Inc., and Shoeboxed.com. For this additional reason, the subpoenas to Spreadshirt, Inc., Xilinx, Inc., and Shoeboxed.com must be quashed. Butler v. Biocore Medical Technologies, Inc. (10th Cir. 2003) 348 F.3d 1163, 1173.

## V. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that this motion be granted and that the Subpoenas be quashed.

DATED: May 19, 2009

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: /s Stephen S. Smith
STEPHEN S. SMITH
Attorneys for Defendants studiVZ Ltd.,
Holtzbrinck Networks GmbH, and
Holtzbrinck Ventures GmbH