I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     +1-650-614-7400
Facsimile:     +1-650-614-7401

THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza
Suite 1600
Irvine, CA  92614-2558
Telephone:     +1-949-567-6700
Facsimile:     949-567 6710

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No.  5:08-cv-03468 JF |
| Plaintiff, | **FACEBOOK'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES TO FACEBOOK'S SECOND ROUND OF DISCOVERY REQUESTS TO STUDIVZ LTD., HOLTZBRINCK NETWORKS GMBH AND HOLTZBRINCK VENTURES GMBH** |
| v. | |
| STUDIVZ LTD., HOLTZBRINCK NETWORKS GMBH, HOLTZBRINCK VENTURES GMBH, DENNIS BEMMANN, MICHAEL BREHM, AND DOES 1-25, | |
| Defendants. | Date:      June 30, 2009 |
| | Time:      10:00 a.m. |
| | Room:     Courtroom 2, 5th Floor |
| | Judge:     Hon. Howard R. Lloyd |

Dockets.Justia.com

**TABLE OF CONTENTS**

Page

I.    FACTUAL BACKGROUND ...............................................................1

      A.    Facebook Serves A Second Round of Limited Discovery ...................1

II.   ANALYSIS ...................................................................................2

      A.    Facebook Is Entitled To The Sought-After Discovery In Order To
            Adequately Challenge Defendants' Motions to Dismiss ....................2

      B.    Requests for Admissions to Defendant StudiVZ ...............................3

      C.    Requests for Admissions to Holtzbrinck Defendants ........................13

      D.    Facebook's Second Set of Requests for Production ..........................15

            1.    Production Requests Related to United States Contacts – RFP Nos.
                  31 – 38, 40-41 ...............................................................15

            2.    Facebook's "Compromise" Requests:  RFP 39, 42 — 63 .......................17

III.  CONCLUSION ...............................................................................21

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*America West Airlines, Inc. v. GPA Group, Ltd.*,
    877 F.2d 793 (9th Cir. 1989) ..................................................................................8

*Calder v. Jones*,
    465 U.S. 783, 104 S. Ct. 1482 (1984) .....................................................................2

*Griggs Group Ltd. v Consolidated Shoe, Inc.*,
    1999 U.S. Dist. LEXIS 5426 ..................................................................................17

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
    328 F.3d 1122 (9th Cir. 2003) ..................................................................................3

*Lofton v. Bank of America Corp.*,
    2008 U.S. Dist. LEXIS 41005 ..............................................................................3, 9

*MGM Studios, Inc. v. Grokster Ltd.*,
    243 F. Supp. 2d 1073 (C.D. Cal. 2003)..................................................................17

*Micro Motion, Inc. v. Kane Steel Co., Inc.*,
    894 F.2d 1318 (Fed. Cir. 1990)............................................................................3, 9

*Orchid Biosciences, Inc. v. St. Louis University*,
    198 F.R.D. 670 (S.D. Cal. 2001).............................................................................8

## STATE CASES

*Utstarcom, Inc. v. Starent Networks Corp.*,
    No C-04-1122PVT, 2005 WL. 1397507 (N.D. Cal. Jun. 14, 2005) ....................3, 9

## FEDERAL STATUTES

Fed. R. Civ. P. 4..........................................................................................................17

Fed. R. Civ. P. 26(b)(1) .................................................................................................3

# I. FACTUAL BACKGROUND

The Court is by now well aware of the general background of this discovery dispute. *See*, *e.g.*, Dkt. No. 91 (Motion to Compel First Round of Discovery). More recent events are recounted in Facebook's concurrently filed Motion in Opposition to Defendants' Motion to Quash. Thus, only a brief factual supplement specific to this Motion is required.[1]

## A. Facebook Serves A Second Round of Limited Discovery.

Facebook served its first round of jurisdictional and *forum non conveniens* discovery on October 14, 2008, setting off a still-pending, seven-month discovery battle during which Defendants have refused to produce even a single page of discovery relevant to specific jurisdiction. *See* Dkt. No. 90, Ex. 10. On January 28, 2009, Facebook filed a motion to compel further responses to that discovery. Dkt. No. 90. Five days later, on February 2, 2009, Facebook served a second round of jurisdictional discovery requests (herein referred to as the "Second Round of Jurisdictional Discovery"). Avalos Decl. ¶ 2; Ex. A. The Second Round of Jurisdictional Discovery was tailored to take into account both Defendants' non-California-based U.S. contacts as well as crucial facts relating to personal jurisdiction and forum non conveniens not known to Facebook at the time it propounded its first round of discovery in October 2008. The discovery requests included a First Set of Requests for Admissions as well as a second set of Requests for Production. *Id*. Defendants made no mention of the Second Round of Discovery at the March 3, 2009 hearing on Facebook's first Motion to Compel. Avalos Decl. ¶ 4.

However, on the very next day, March 4, 2009, Defendants responded to the Second Round of Discovery with blanket objections. Avalos Decl. ¶ 5; Ex. A. The primary rationale behind these objections anticipated Defendants' alleged motivation for recently moving to quash Facebook's third-party subpoenas, namely, that due to some unknown and as-yet undisclosed discovery limitation, Facebook was precluded from seeking more than one round of jurisdictional discovery. According to the objection pasted into every discovery response:

---

[1] Facebook hereby certifies that prior to bringing this Motion to Compel, it met and conferred with opposing counsel regarding the disputed discovery. Avalos Decl. ¶ 7. The meet and confer was held telephonically on May 26, 2009. *Id*. Defense counsel Stephen S. Smith represented that his clients continue to believe that Facebook's second round of discovery is untimely and/or precluded by the Court's previous orders. *Id*.

"[Defendant] . . . objects to this [discovery request] on the grounds that, in granting Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests . . . Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery . . . StudiVZ believes that the Court would have ruled differently and would have denied <u>all</u> of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to an RFA the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery."

*Id*. Sensitive to the Court resources being devoted to Facebook's already-pending motion to compel on its first round of discovery, Facebook forestalled moving to compel on its second round until the first dispute was settled. *Id*. ¶ 6. However, given the unexpected time it has taken to resolve that dispute and the upcoming July 10 hearing before Judge Fogel on Defendants' motions to dismiss, Facebook can no longer wait for Defendants to voluntarily comply with their discovery obligations. It is by now clear that Defendants fear the incriminating nature of their personal jurisdiction discovery and will not easily produce it. The Court's intercession is thus unfortunately once again necessary.

## II.     ANALYSIS

### A.      Facebook Is Entitled To The Sought-After Discovery In Order To Adequately Challenge Defendants' Motions to Dismiss.

Under *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984), jurisdiction is established over a defendant if the defendant (1) commits an intentional act (2) expressly aimed at the forum state and (3) causes harm that the defendant knows is likely to be suffered in the forum state. Facebook has alleged that Defendants are involved in a rampant global piracy enterprise, which, for the past four years, has involved Defendants' systematic unauthorized access to Facebook's servers, the theft of Facebook's intellectual property from those servers, and the use of that intellectual property in the development of a series of inferior counterfeit websites now offered to and used by confused consumers all over the world, including California and the rest of the United States. If true, these facts would more than establish this Court's personal jurisdiction

over Defendants.

Once a defendant challenges a court's personal jurisdiction over it, a plaintiff is permitted to take discovery on jurisdictional issues. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) (holding that it is an abuse of discretion to refuse discovery regarding personal jurisdiction where jurisdiction has been challenged in a motion to dismiss). Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain any discovery, not privileged, that is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "The discovery standard is intentionally broad: requested discovery is relevant if it 'appears reasonably calculated to lead to the discovery of evidence relating to the claims or defenses of any party.'" *Utstarcom, Inc. v. Starent Networks Corp.*, No C-04-1122PVT, 2005 WL 1397507, at *1 (N.D. Cal. Jun. 14, 2005) (internal citations omitted); *see also Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990) (holding that discovery "is allowed to flesh out a pattern of facts already known to a party relating to an issue necessarily in the case"). In the case of jurisdictional discovery, a plaintiff should not be denied any discovery that "may inform" its opposition to a jurisdictional motion. *Lofton v. Bank of America Corp.*, 2008 U.S. Dist. LEXIS 41005, *4-5, Case No. C 07-05892 SI (N.D. Cal. May 12, 2008) (Illston, J.)

Facebook's Second Round of Discovery will more than certainly "inform" its opposition to Defendants' Motions to Dismiss and the Court should compel its production.

**B.      Requests for Admissions to Defendant StudiVZ**

Facebook's Requests for Admissions to StudiVZ seek limited responses on discrete issues of personal jurisdiction.[2] With the exception of Nos. 16 through 20, each Request deals with the limited—though jurisdictionally crucial issue—of StudiVZ's intentional, tortious and unauthorized trespass to Facebook servers and Facebook intellectual property. Request Nos. 16

---

[2] Northern District of California Civil Local Rule 37-2 provides that a motion to compel further responses to discovery requests "must set forth each request in full, followed immediately by the objections and/or responses thereto." As StudiVZ pasted largely the same objection into every response to Facebook's Requests for Admissions, Facebook hereby quotes StudiVZ's objection following the full list of Facebook's Requests. Variations from the quoted objection are noted where necessary.

through 20 seek information relevant to StudiVZ's current commercial contracts with thousands of income-generating customers:

**REQUEST FOR ADMISSION NO. 1**

Admit that YOU accessed the FACEBOOK WEBSITE while designing at least one of the STUDIVZ WEBSITES.

**REQUEST FOR ADMISSION NO. 2**

Admit that YOU have accessed or have had access to COMPUTER CODE for the FACEBOOK WEBSITE.

**REQUEST FOR ADMISSION NO. 3**

Admit that YOU used FACEBOOK COMPUTER CODE in the design of at least one of the STUDIVZ WEBSITES.

**REQUEST FOR ADMISSION NO. 4**

Admit that YOU intentionally designed at least one of the STUDIVZ WEBSITES to look like the FACEBOOK WEBSITE.

**REQUEST FOR ADMISSION NO. 5**

Admit that YOU accessed the FACEBOOK WEBSITE for the purpose of copying ANY design elements of the site.

**REQUEST FOR ADMISSION NO. 6**

Admit that YOU conceived of the idea for at least one of the STUDIVZ WEBSITES while in the United States.

**REQUEST FOR ADMISSION NO. 7**

Admit that YOU accessed the FACEBOOK WEBSITE while in the United States in order to develop at least one of the STUDIVZ WEBSITES or their predecessors.

**REQUEST FOR ADMISSION NO. 8**

Admit that STUDIVZ founder Ehssan Dariani accessed the FACEBOOK WEBSITE in order to develop at least one of the STUDIVZ WEBSITES or their predecessors.

**REQUEST FOR ADMISSION NO. 9**

Admit that STUDIVZ founder Dennis Bemmann accessed the FACEBOOK WEBSITE in order to develop at least one of the STUDIVZ WEBSITES or their predecessors.

**REQUEST FOR ADMISSION NO. 10**

Admit that STUDIVZ founder Ehssan Dariani accessed the FACEBOOK WEBSITE to copy the layout of the FACEBOOK WEBSITE.

**REQUEST FOR ADMISSION NO. 11**

Admit that STUDIVZ founder Dennis Bemmann accessed the FACEBOOK WEBSITE to copy the layout of the FACEBOOK WEBSITE.

**REQUEST FOR ADMISSION NO. 12**

Admit that YOU accessed the FACEBOOK WEBSITE to copy the layout of the FACEBOOK WEBSITE.

**REQUEST FOR ADMISSION NO. 13**

Admit that STUDIVZ founder Ehssan Dariani accessed the FACEBOOK WEBSITE to copy the functions of the FACEBOOK WEBSITE, including, but not limited to, the FACEBOOK WEBSITE "Poke" or "Wall" features.

**REQUEST FOR ADMISSION NO. 14**

Admit that STUDIVZ founder Dennis Bemmann accessed the FACEBOOK WEBSITE to copy the functions of the FACEBOOK WEBSITE, including, but not limited to, the FACEBOOK WEBSITE "Poke" or "Wall" features.

**REQUEST FOR ADMISSION NO. 15**

Admit that YOU accessed the FACEBOOK WEBSITE to copy the functions of the FACEBOOK WEBSITE, including, but not limited to, the FACEBOOK WEBSITE "Poke" or "Wall" features.

**REQUEST FOR ADMISSION NO. 16**

Admit that all USERS OF STUDIVZ are required to agree to a terms of use agreement prior to receiving full access to the STUDIVZ WEBSITES, their networks, or their features.

**REQUEST FOR ADMISSION NO. 17**

Admit that since October 2005, COMPUTER CODE for at least one of the STUDIVZ WEBSITES was or has been altered to account for USERS OF STUDIVZ residing in the United States, including, but not limited to, the state of California.

## REQUEST FOR ADMISSION NO. 18

Admit that STUDIVZ's business, income, revenue or profit models rely, at least in part, on income from advertising, including, but not limited to, advertisements and advertisement banners placed on the STUDIVZ WEBSITES.

## REQUEST FOR ADMISSION NO. 19

Admit that the number of USERS OF STUDIVZ is a factor taken into account by YOU when negotiating the cost of advertising on at least one of the STUDIVZ WEBSITES.

## REQUEST FOR ADMISSION NO. 20

Admit that STUDIVZ's revenue is based, at least in part, on the total number of USERS OF STUDIVZ.

## REQUEST FOR ADMISSION NO. 21

Admit that at least one of the STUDIVZ WEBSITES was modeled after the FACEBOOK WEBSITE.

## REQUEST FOR ADMISSION NO. 22

Admit that YOU have accessed the FACEBOOK WEBSITE for commercial purposes.

In response to these Requests, StudiVZ submitted the following objection:

"StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this RFA on the grounds that the definitions of "YOU" and "STUDIVZ WEBSITES" are grossly overbroad. StudiVZ further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. [*See* Dkt. No. 92, Judge Fogel January 28, 2009 Order]. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have

opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled different and would have denied <u>all</u> of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to an RFA the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery."

Avalos Decl. ¶ 5, Ex. A. Buried within this meandering response are six individual objections that are each equally meritless. Facebook addresses each in turn.

**(1)    The "*Prima Facie*" Objection**

StudiVZ first objects that Facebook is not entitled to *any* personal jurisdiction discovery because it has either not made a *prima facie* showing of jurisdiction over StudiVZ or identified material jurisdictional issues that are in dispute. Advocacy of this objection to the Court would open Defendants and their counsel to sanctions under Federal Rule of Civil Procedure 11. Under Rule 11(b), "[b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

This litigation is nearing its one-year anniversary. Since its inception, the parties have disputed not *whether* Facebook is entitled to personal jurisdiction discovery, but *what* scope of personal jurisdiction it is entitled to. There can be no good faith basis for Defendants to now object to personal jurisdiction discovery requests by claiming that Facebook is not entitled to the discovery in the first place. Indeed, Defendants betray the sanctionable nature of this objection when they admit—in the objection itself, no less—that the original February 13, 2009 hearing date for Defendants' Motions to Dismiss "was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery." *Id*. Defendants' objection is being brought simply to "harass, cause unnecessary delay, or needlessly increase the cost of litigation." It is no excuse for Defense counsel to now claim that although his clients did agree at

first to Facebook's right to personal jurisdiction discovery, they have since changed their minds having reviewed the incriminating evidence contained therein.

Even if it were possible that Defendants and their counsel had somehow propounded this objection in good faith, it is nonetheless devoid of merit. Facebook is not required to make a *prima facie* showing prior to recovering jurisdictional discovery. *See Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 673 (S.D. Cal. 2001) ("[i]t would . . . be counterintuitive to require a plaintiff, prior to conducting discovery, to meet the same burden that would be required in order to defeat a motion to dismiss."); *see also America West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) ("[W]here pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed."). Second, even if there were such a requirement, Facebook has met it. *See, e.g.*, Dkt. No. 140 (Facebook's First Amended Complaint); Dkt. No. 71 (Facebook's First Opposition to Defendants' Motions to Dismiss); *see also*, *supra*, Section III.A (summarizing allegations made against Defendants).

Accordingly, the Court should overrule this objection.

**(2)      The "Overbroad Definition" Objection**

StudiVZ next objects that Facebook is not entitled to *any* response to its Requests for Admissions because the definitions of "STUDIVZ" or "YOU" included in the Requests are "grossly overbroad." This objection is absurd.

Facebook's uncontroversial definition of the terms "STUDIVZ," "YOU," and "YOUR" is: "[The term] means defendant StudiVZ, Ltd. and its directors, officers, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it, acting on its behalf, OR purporting to act on its behalf, including without limitation, Ehssan Dariani and Dennis Bemmann." It is a basic, law school tenet of agency law that an employer or entity may be liable for the actions of its employees, agents or contractors if those employees are acting within the scope of their employment and/or are acting in furtherance of the employer's interests. It is crucial to Facebook's jurisdictional argument that Facebook establish that StudiVZ unlawfully accessed Facebook's servers. As it is unlikely that StudiVZ, the corporate "person," itself accessed

Facebook's websites, Facebook is required to define the term StudiVZ with reference to those StudiVZ agents that the corporation may have charged with stealing Facebook's IP or those agents doing so in order to further StudiVZ interests. For instance, in Request for Admission No. 1, Facebook writes, "Admit that YOU accessed the FACEBOOK WEBSITE while designing at least one of the STUDIVZ WEBSITES." There is nothing objectionable in Facebook's definitions (certainly nothing "grossly overbroad") and the Court should overrule this objection accordingly. The correct course if, say, the Request touches upon privileged information, is for Defendants to withhold that information with a valid accounting in a privilege log, not to simply refrain from answering the Request altogether.

Accordingly, the Court should overrule this objection.

**(3)      The "Relevancy" Objection**

StudiVZ's following objection is that each and every single one of Facebook's Requests are irrelevant to the issue of personal jurisdiction. In other words, StudiVZ argues that a series of Requests For Admissions narrowly tailored to target (1) StudiVZ's intentional torts aimed at a California corporation; (2) StudiVZ's theft of Facebook's intellectual property, including source code; and (3) StudiVZ's many thousands of commercial contracts with confused California customers are somehow irrelevant to the Court's jurisdictional inquiry. Again, the objection is absurd.

As noted above, relevance is broadly interpreted. *See*, *supra*, Section III.A (citing *Utstarcom, Inc. v. Starent Networks Corp.*, No C-04-1122PVT, 2005 WL 1397507, at *1 (N.D. Cal. Jun. 14, 2005) ("The discovery standard is intentionally broad: requested discovery is relevant if it 'appears reasonably calculated to lead to the discovery of evidence relating to the claims or defenses of any party.'") (internal citations omitted); *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990) (holding that discovery "is allowed to flesh out a pattern of facts already known to a party relating to an issue necessarily in the case"); *Lofton v. Bank of America Corp.*, 2008 U.S. Dist. LEXIS 41005, *4-5, Case No. C 07-05892 SI (N.D. Cal. May 12, 2008) (Illston, J.) (plaintiff should not be denied any jurisdictional discovery "may inform" its opposition to a jurisdictional motion). Each of Facebook's Requests for Admissions

will "inform" its opposition to Defendants' motions to dismiss and are reasonably calculated to lead to the discovery of evidence relating to StudiVZ's claim that it lacks sufficient contacts with California to justify an exercise of personal jurisdiction. Can it really be argued that StudiVZ's admission that it accessed the Facebook website while designing at least one of the StudiVZ websites would be irrelevant to the issue of personal jurisdiction (RFA No. 1)? Can Defendant in good faith claim that an admission by StudiVZ that it generates income from its users in California (RFA Nos. 18-20), or that it has entered into thousands of commercial contracts with California residents (RFA No. 16), cannot be reasonably said to at least "inform" Facebook's opposition to Defendants' motions to dismiss? The answer is clearly that StudiVZ cannot make such claims, at least not without again violating Federal Rule of Civil Procedure 11(b).

Accordingly, the Court should overrule this objection.

**(4)    The "Secret Discovery" Objection**

The next objection anticipates those recently made in Defendants' Motion to Quash Facebook's Third-Party Subpoenas, and is as unavailing here as it is there. *See* Facebook's Concurrently Filed Opposition to Defendants' Motion to Quash. StudiVZ claims that:

> In granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied <u>all</u> of the relief requested by Facebook.

Avalos Decl. Ex. A. StudiVZ refers here to Judge Fogel's January 28, 2009 Order *granting* Facebook a continuance of the February 13 hearing so as to give Facebook the opportunity to gather **additional personal jurisdiction discovery**. *See* Dkt. No. 92. Nothing in that order or in Facebook's motion that precipitated it supports the limitation Defendants wish for.

After it became clear that Defendants would not be producing any discovery related to specific jurisdiction prior to the scheduled February 13, 2009 hearing on Defendants' motions to dismiss, Facebook moved Judge Fogel for a continuance. *See* Dkt. No. 77. In that motion, Facebook requested that Judge Fogel issue "an order (1) continuing the February 13, 2009 hearing on Defendants' motions to dismiss for 90 days in order to allow the parties **to complete personal jurisdiction and forum discovery**, and (2) granting Facebook the right to file a supplemental opposition once it receives the necessary discovery from Defendants." *Id*. at 5:15-20. In partially granting Facebook's request, Judge Fogel ordered: "[T]he Court will grant Facebook's motion for a continuance. Facebook will be permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ **in light of any newly discovered material**." Dkt. No. 92 at 2:15-23. There is nothing in Facebook's requested relief or in Judge Fogel's order indicating that a continuance would only be granted if Facebook was limited to pre-existing jurisdictional discovery requests. In any event, in light of Judge Fogel's more recent decision lifting a stay on all personal jurisdiction discovery and inviting Facebook to seek personal jurisdiction discovery that might "meaningfully inform" the Court's *forum non conveniens* analysis, Defendants' highly speculative objection is now moot. *See* Dkt. No. 155.

**(5) and (6) The "Lack of Explanation" Objections**

StudiVZ offers two final objections that, in addition to being factually misleading, are wholly at odds with federal law. StudiVZ objects that "Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to an RFA the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery." Avalos Decl. Ex. A.

Discovery in this case remains open. Judge Fogel has just lifted a stay on all personal jurisdiction discovery expressly so that Facebook might seek additional discovery of the exact sort Defendants are withholding. *See* Dkt. No. 155. There is no rule or precedent preventing a

party from serving their discovery in stages.  Indeed, multiple rounds of discovery are the overwhelming norm in civil litigation.  Defendants' proposal would effectively preclude a party from serving more than one round of discovery, or, at best, would impermissibly shift the burden onto a discovering party to explain what took it so long in coming up with a certain discovery request.  This is not the law.

The final objection only adds insult to injury.  In short, Defendants ask why they should be required to respond to discovery requests propounded after the original date of their motion to dismiss hearing, since, if the hearing had moved forward as scheduled, Facebook would not have had the opportunity to propound the discovery in the first place.  Substantively, this specious argument is similar to the prior objection and should be dismissed for the same reason.  Take for instance, the common practice of suspending a proceeding in order to permit parties to engage in settlement negotiations.  If the settlement negotiations fall apart, and a party subsequently propounds new discovery requests once the suspension is lifted, Defendants' proposal would permit the receiving party to fend off the discovery simply by arguing that since, if the parties had reached a settlement the discovery would never have been served, they should not have to respond to it.  The argument is all the more absurd in the current context, where Defendants now seek to block discovery by pointing to a hearing date that was continued due to their own failure to produce discovery.  To be clear, Defendants received Facebook's first round of jurisdictional discovery on October 14, 2008.  Avalos Decl. ¶ 2.  In the following weeks, they consulted with Facebook (apparently in bad faith) regarding how long the personal jurisdiction process would take.  *Id*. at Ex. A (Defendants' admit that the February 13 hearing date "was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.").  However, just a week after filing their Motions to Dismiss, Defendants abruptly reversed course, filing a Motion for Protective Order from Facebook's jurisdictional discovery requests (which they already had in their possession when they first acknowledged that Facebook was entitled to such discovery) and have since done everything in their power to suppress the jurisdictional discovery they initially (and at various times since) agreed to produce.

The Court should no longer tolerate Defendants' obstructionist games. Its Requests for Admissions are highly material to pending motions to dismiss and pose no undue burden. Accordingly, Facebook respectfully requests that the Court compel proper responses from Defendants.

### C. Requests for Admissions to Holtzbrinck Defendants

Facebook served only five Requests for Admissions upon each of the Holtzbrinck Defendants. These Requests target the jurisdictionally crucial issue of what knowledge the Holtzbrinck Defendants had regarding StudiVZ's intentional torts aimed at California and whether Defendants aided, abetted or contributed to those torts. Defendants' objections to these five Requests correspond nearly exactly to StudiVZ's objections.

**REQUEST FOR ADMISSION NO. 1**

> Admit that at the time YOU acquired an interest in STUDIVZ you were aware of accusations by FACEBOOK that STUDIVZ was infringing FACEBOOK'S legal rights, including, but not limited to, intellectual property rights.

**REQUEST FOR ADMISSION NO. 2**

> Admit that YOU have knowledge that STUDIVZ accessed the FACEBOOK WEBSITE for commercial purposes.

**REQUEST FOR ADMISSION NO. 3**

> Admit that YOU have knowledge that STUDIVZ accessed the FACEBOOK WEBSITE for the purpose of modeling at least one of the STUDIVZ WEBSITES after the FACEBOOK WEBSITE.

**REQUEST FOR ADMISSION NO. 4**

> Admit that YOU have knowledge of similarities between the FACEBOOK WEBSITE and the STUDIVZ WEBSITES, including, but not limited to, visual similarities, functional similarities, feature similarities, and layout similarities.

**REQUEST FOR ADMISSION NO. 5**

> Admit that at the time YOU acquired an interest in STUDIVZ you were aware of similarities between the FACEBOOK WEBSITE and the STUDIVZ WEBSITES, including, but not limited to, visual similarities, functional similarities, feature similarities, and layout similarities.

**RESPONSE FROM HOLTZBRINCK DEFENDANTS**:

[Defendant] hereby incorporates by reference the general objections set forth above.

[Defendant] further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over [Defendant], or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. [Defendant] further objects to this RFA on the grounds that there is no definition of "YOU" despite plaintiff writing the word in all capital letters. Networks further objects to this RFA on the grounds that, to the extent that the RFA is directed to [Defendant], the definition of [Defendant] is overly broad and unduly burdensome. [Defendant] further objects to this RFA on the grounds that it is vague and ambiguous, and not limited, with respect to timeframe. [Defendant] further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

[Defendant] further objects to this RFA on the grounds that it is moot. Namely, Facebook has already filed its opposition to [Defendant's] motion to dismiss for lack of personal jurisdiction and *forum non conveniens*, and these RFAs are specifically identified as being "relating to personal jurisdiction." [sic] In its request to continue the hearings on that and other motions, Facebook asked the District Court to allow it to file supplemental opposition papers with respect to <u>both</u> StudiVZ's Motion to Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket No. 77 at 1:25-2:3; Docket No. 77-2). Because the District Court found that Facebook failed to demonstrate any reason to continue the hearing as to the Holtzbrinck defendants (Order at 2:15-17) (Docket No. 92), it denied Facebook's request to file a supplemental brief with respect to either of the Holtzbrinck defendants. (Order at 2:20-22) (Docket No. 92) (ruling that Facebook would only be "permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material").

With one exception, Facebook's response to the Holtzbrinck Defendants' objections is identical to its response above to StudiVZ's objections. The Holtzbrinck Defendants argue that Facebook is precluded from seeking additional personal jurisdiction discovery from them because "the District Court . . . denied Facebook's request to file a supplemental brief with respect to either of the Holtzbrinck Defendants." Although it is true that Judge Fogel's January 28 Order granting in part Facebook's motion to enlarge time did not grant Facebook the right to file a supplemental jurisdiction brief as to the Holtzbrinck Defendants, Judge Fogel's more recent order broadened the scope of personal jurisdiction discovery Facebook was permitted to take. *See* Dkt. No. 155. In that order, Judge Fogel wrote, "it is possible, as Facebook has suggested, that the personal jurisdiction inquiry meaningfully will inform the Court's ultimate decision with respect to *forum non conveniens*. Out of prudence, the Court will defer its ruling on *forum non conveniens* until the issue of personal jurisdiction fairly can be presented." *Id.* at 7:22-8:2. Thus, the Court's opinion expressly entertained that personal jurisdiction discovery would not only inform the personal jurisdiction issue, but the forum issues as well. Accordingly, Judge Fogel

lifted the stay of all personal jurisdiction discovery with no limitation as to the party that might be served with this discovery. Accordingly, it is now irrelevant whether or not Facebook was permitted in January to file a Supplemental Opposition regarding the Court's jurisdiction over the Holtzbrinck Defendants. Facebook is permitted to seek jurisdictional discovery from all the Defendants and to apply that discovery not only in its jurisdictional arguments, but in its *forum non conveniens* theories as well.

**D.      Facebook's Second Set of Requests for Production**

          **1.      Production Requests Related to United States Contacts – RFP Nos. 31 – 38, 40-41.**

**REQUEST FOR PRODUCTION NO. 31:**

ALL DOCUMENTS that RELATE TO ANY contracts OR agreements between YOU AND ANY business licensed, located, based, OR incorporated in the UNITED STATES OR ANY PERSON currently OR formerly residing OR domiciled in the UNITED STATES.

**REQUEST FOR PRODUCTION NO. 32:**

ALL DOCUMENTS that RELATE TO ANY USER OF STUDIVZ residing OR domiciled in the UNITED STATES, including ALL COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 33:**

DOCUMENTS sufficient to IDENTIFY the number AND amount of sales of goods AND services sold OR provided by YOU to current OR former UNITED STATES residents, including PERSONS, businesses, AND USERS OF STUDIVZ.

**REQUEST FOR PRODUCTION NO. 34:**

DOCUMENTS that RELATE TO ANY contacts OR COMMUNICATIONS YOU have had, in the scope of STUDIVZ business, with PERSONS currently OR formerly residing OR domiciled in the UNITED STATES.

**REQUEST FOR PRODUCTION NO. 35:**

DOCUMENTS sufficient to show, on a monthly basis, how many USERS OF STUDIVZ have been registered on www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl, AND www.schuelervz.net since October 2005, AND how many of those USERS OF STUDIVZ are residents of the UNITED STATES.

**REQUEST FOR PRODUCTION NO. 36:**

DOCUMENTS sufficient to show the number AND amount of accounts receivable owed YOU by UNITED STATES residents, including PERSONS AND entities, as well as the goods AND services for which the individual accounts receivable are owed to.

**REQUEST FOR PRODUCTION NO. 37:**

DOCUMENTS sufficient to show ALL of YOUR current AND former personal OR real property currently OR previously located in the UNITED STATES.

**REQUEST FOR PRODUCTION NO. 38:**

ALL contracts involving YOU in which UNITED STATES law governs.

**REQUEST FOR PRODUCTION NO. 40:**

ALL DOCUMENTS RELATED TO YOUR promotions AND marketing activities directed, at least in part, at UNITED STATES residents, including advertising or marketing done in print media or over the Internet, including without limitation banner advertising, participation in Google's AdSense program, or any other Internet-based advertising.

**REQUEST FOR PRODUCTION NO. 41:**

DOCUMENTS sufficient to identify ALL of YOUR business relationships with, OR financial interests in, businesses incorporated, located, based, OR with facilities OR offices located in the UNITED STATES, including, but not limited to, the nature of each relationship, the name of each business, whether each business is incorporated, located, based OR has facilities OR offices located in the UNITED STATES, AND ANY goods OR services provided by those businesses.

**RESPONSE TO ABOVE REQUESTS FOR PRODUCTION:**

In response to these Requests for Production, StudiVZ submitted the same objection made to Facebook's Requests for Admissions, quoted in full above.

Since serving its initial round of discovery requests on October 14, 2008, Facebook has learned that StudiVZ has entered into thousands of commercial contracts with U.S. users of its counterfeit websites. These users are located not only in California, but throughout the United States. Accordingly, Facebook now seeks discovery relating to Defendants' non-California U.S. contacts. Such discovery is permitted both by the discovery Rules and Federal Rule of Civil Procedure 4(k)(2), which provides for nationwide aggregation of a Defendants' U.S. contacts for purposes of personal jurisdiction: "For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws."

According to the Rule's Advisory Committee Notes:

> Under the former rule, a problem was presented when the defendant was a non-resident of the United States having contacts with the United States sufficient to justify the application of United States law and to satisfy federal standards of forum selection, but having insufficient contact with any single state to support jurisdiction under state long-arm legislation or meet the requirements of the Fourteenth Amendment limitation on state court territorial jurisdiction. In such cases, the defendant was shielded from the enforcement of federal law by the fortuity of a favorable limitation on the power of state courts, which was incorporated into the federal practice by the former rule.

Fed. R. Civ. P. 4 (Advisory Committee Notes). Thus, in cases like the instant litigation, where a plaintiff claims not to be subject to personal jurisdiction in any one state, but whose infringing or unlawful actions justify the application of U.S. law and federal standards of forum selection, a plaintiff is permitted to aggregate the defendants' contacts with any U.S. state. *See*, *e.g.*, *MGM Studios, Inc. v. Grokster Ltd.*, 243 F. Supp. 2d 1073, 1094-96 (C.D. Cal. 2003) (permitting nationwide aggregation of U.S. contacts in copyright infringement matter); *Griggs Group Ltd. v Consolidated Shoe, Inc.*, 1999 U.S. Dist. LEXIS 5426, *6-7, Case No. C98-4676 FMS (N.D. Cal. Apr. 8, 1999) (noting that nationwide aggregation of U.S. contacts under Rule 4(k)(2) was possible in trade dress claims).

For these reasons, as well those cited above regarding StudiVZ's responses to Facebook's Requests for Admissions, StudiVZ's objections to these RFPs should be overruled and the Court should compel production of responsive documents.

### 2. Facebook's "Compromise" Requests: RFP 39, 42 — 63

Facebook only conditionally moves to compel further responses to Requests for Production Nos. 39 and 42 through 63. Given Defendants' early objections that Facebook's first round of Requests for Production were too broad, Facebook drafted a series of new Requests that targeted the same information but in a manner that Facebook believed, based on the parties' various meet and confers, Defendants would find more palatable. By the time oral argument was held on Facebook's first motion to compel on March 3, 2009, Facebook had already served its second round of discovery.

In response to defense counsel's objection that Facebook's first set of Requests for Production of Documents were too broad, the Court responded:

THE COURT:    It often happens that in deciding discovery disputes, I in effect re-write the requests so that they say what I think is fair or appropriate as opposed to what they literally say. What I'm struggling with right now is to decide whether to give him anything or nothing. I'm not inclined to give him nothing, I'm inclined to give him something, and I'm struggling to define a something in a way that's reasonable.

Avalos Decl. Ex. B. Given the Court's statement, it would appear that Facebook's new Requests for Production are unnecessary. Thus, if the Court is inclined to narrow Facebook's first round of Requests for Production to what the Court believes "is fair or appropriate" and will issue a corresponding order, then Facebook will abide by that decision and not insist on further responses to Requests for Production Nos. 39 and 42 through 63. However, if the Court is not inclined to "re-write" Facebook's original requests, then Facebook respectfully requests that it adopt the revised Requests contained in Facebook's Second Round of Discovery.

**REQUEST FOR PRODUCTION NO. 39:**

ALL DOCUMENTS RELATED TO instances when YOU accessed the FACEBOOK website, www.facebook.com OR www.thefacebook.com in furtherance of STUDIVZ business or interests.

**REQUEST FOR PRODUCTION NO. 39:**

ALL DOCUMENTS RELATING TO the conception, design, and development of STUDIVZ and STUDIVZ'S WEBSITES, including but not limited to notes, journals, notebooks, and diaries RELATING TO the conception, design and development of STUDIVZ and STUDIVZ'S WEBSITES.

**REQUEST FOR PRODUCTION NO. 43:**

ALL DOCUMENTS RELATING TO ANY COMMUNICATIONS by YOU to ANY media or media outlets regarding STUDIVZ, STUDIVZ'S WEBSITES, FACEBOOK, or this lawsuit, including but not limited to correspondence, web blogs, news articles, video footage, audio recordings and press releases.

**REQUEST FOR PRODUCTION NO. 44:**

ALL DOCUMENTS that summarize, describe, REFER TO, or constitute EVIDENCE of STUDIVZ'S business management information and procedures, including descriptions of STUDIVZ'S WEBSITES' business model, various functionality and content concepts, and the type of information—personal, demographic or otherwise—that would be collected from users.

**REQUEST FOR PRODUCTION NO. 45:**

ALL DOCUMENTS reflecting COMMUNICATIONS between members of STUDIVZ and ANY developer of the software and COMPUTER CODE used to create, run, operate STUDIVZ'S WEBSITES, including all copies and versions of the software and COMPUTER CODE.

**REQUEST FOR PRODUCTION NO. 46:**

ALL DOCUMENTS RELATING TO the research and development of STUDIVZ and STUDIVZ'S WEBSITES.

**REQUEST FOR PRODUCTION NO. 47:**

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by ANY member, agent, employee, or assignee, or consultant of STUDIVZ, to the extent that computer was used to communicate regarding or reflects the creation or development of STUDIVZ or STUDIVZ'S WEBSITES, or any software reflecting the creation, development and operation of STUDIVZ or STUDIVZ'S WEBSITES.

**REQUEST FOR PRODUCTION NO. 48:**

ALL DOCUMENTS REFERRING TO or EVIDENCING the use by any employee, agent, consultant, or assignee of STUDIVZ or ANY other DEFENDANT of the FACEBOOK website, including, but not limited to, DOCUMENTS REFERRING TO or EVIDENCING access to the FACEBOOK WEBSITE, DOCUMENTS IDENTIFYING the profile, user name, and ALL FACEBOOK activity of each PERSON that accessed the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 49:**

ALL DOCUMENTS that IDENTIFY or EVIDENCE each user account to used to access the FACEBOOK WEBSITE by ANY agent, employee, assignee, or consultant of STUDIVZ in furtherance of STUDIVZ business or interests, including, but not limited to, the development, design, continued development, continued design, maintenance and implementation of the STUDIVZ WEBSITES.

**REQUEST FOR PRODUCTION NO. 50:**

ALL DOCUMENTS in possession, custody or control of STUDIVZ that RELATE in ANY way to the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 51:**

ALL DOCUMENTS RELATING TO YOUR efforts to IDENTIFY and locate ANY and ALL computers in YOUR possession, custody, control that could reasonably contain any version of STUDIVZ COMPUTER CODE or DOCUMENTS EVIDENCING STUDIVZ'S software, including but not limited to any deleted or corrupted information present, stored, or residing on, or deleted from ANY and ALL computers in possession,

custody or control of STUDIVZ or ANY members, agents, employees, or assignees, or consultants of STUDIVZ.

**REQUEST FOR PRODUCTION NO. 52:**

ALL DOCUMENTS RELATING TO YOUR efforts to locate, retrieve and/or recover any COMMUNICATIONS, DOCUMENTS, content, COMPUTER CODE, or software that might relate to the subject matter of this lawsuit, including but not limited to any deleted or corrupted information present, stored, or residing on, or deleted from ANY and ALL computers in possession, custody or control of STUDIVZ or ANY members, agents, employees, or assignees, or consultants of STUDIVZ.

**REQUEST FOR PRODUCTION NO. 53:**

ALL DOCUMENTS REFERRING TO or RELATING TO or comprising the memorialization of every investment in STUDIVZ and/or COMMUNICATIONS or negotiations with any actual or potential investor, and the terms of such investment.

**REQUEST FOR PRODUCTION NO. 54:**

ALL DOCUMENTS summarizing, describing, REFERRING TO, RELATING TO, or EVIDENCING information YOU downloaded, copied or obtained from the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 55:**

ALL DOCUMENTS summarizing, describing, REFERRING TO, RELATING TO, or EVIDENCING the reasons for accessing the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 56:**

ALL DOCUMENTS summarizing, describing, REFERRING TO, RELATING TO, or EVIDENCING the reasons for downloading, copying or obtaining information from the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 57:**

ALL DOCUMENTS summarizing, describing, REFERRING TO, RELATING TO, or EVIDENCING ANY business plan for STUDIVZ.

**REQUEST FOR PRODUCTION NO. 58:**

ALL DOCUMENTS sufficient to IDENTIFY ANY PERSON involved in any way in the development of STUDIVZ OR STUDIVZ'S WEBSITES.

**REQUEST FOR PRODUCTION NO. 59:**

ALL DOCUMENTS IDENTIFYING ANY investors, potential investors, loans, investments, gifts, contributions, offers to purchase, or other forms of financing contributed to or received by STUDIVZ.

**REQUEST FOR PRODUCTION NO. 60:**

   ALL DOCUMENTS AND COMMUNICATIONS that relate to the STUDIVZ WEBSITES being modeled after or inspired by the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 61:**

   ALL DOCUMENTS AND COMMUNICATIONS that relate to the STUDIVZ WEBSITES' layout being modeled after or inspired by the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 62:**

   ALL DOCUMENTS AND COMMUNICATIONS that relate to the STUDIVZ WEBSITES' functionality or features being modeled after or inspired by the FACEBOOK WEBSITE.

**REQUEST FOR PRODUCTION NO. 63**

   ALL DOCUMENTS AND COMMUNICATIONS that relate to STUDIVZ'S accessing of the FACEBOOK WEBSITE for commercial purposes.

   Defendants' responses to these Requests was the same as that quoted above.

**III.    CONCLUSION**

   For the foregoing reasons, Facebook respectfully requests that the Court grant its Motion to Compel Further Discovery Responses to Facebook's Second Round of Discovery Requests to Defendant StudiVZ.  Facebook also requests that the Court grant the concurrently filed Motion in Opposition to Defendants' Motion to Quash Third-Party Discovery as well as Facebook's Motion to Shorten Time on these motions.

Dated:  May 26, 2009                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                        /s/ Julio Avalos /s/
                                        ————————————————————————
                                        JULIO C. AVALOS
                                        Attorneys for Plaintiff
                                        FACEBOOK, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 26, 2009.

Dated:  May 26, 2009.                          Respectfully submitted,

                                    /s/ Julio C. Avalos
                              _____
                                        Julio C. Avalos