1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  JULIO C. AVALOS (STATE BAR NO. 255350)
   javalos@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025
   Telephone:   +1-650-614-7400
5  Facsimile:    +1-650-614-7401

6  THOMAS J. GRAY (STATE BAR NO. 191411)
   tgray@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza
8  Suite 1600
   Irvine, CA 92614-2558
9  Telephone:   +1-949-567-6700
   Facsimile:    949-567 6710

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>STUDIVZ LTD., HOLTZBRINCK NETWORKS GMBH, HOLTZBRINCK VENTURES GMBH, DENNIS BEMMANN, MICHAEL BREHM, AND DOES 1-25,<br><br>        Defendants. | Case No. 5:08-cv-03468 JF<br><br>**FACEBOOK'S MOTION TO SHORTEN TIME PURSUANT TO CIVIL L.R. 6-3**<br><br>Date:<br>Time:<br>Courtroom:<br>Judge:    Hon. Howard R. Lloyd |

OHS West:260666033.2
16069-2005 J6A/JV8

FACEBOOK'S MOTION TO SHORTEN TIME
PURSUANT TO CIVIL L.R. 6-3
CASE NO.: 5:08-CV-03468

Dockets.Justia.com

## I. INTRODUCTION

Facebook propounded its first round of jurisdictional discovery requests over seven months ago. Nearly three months ago, on March 3, 2009, the Court heard oral argument on Facebook's motion to compel that first round of discovery. Facebook had hoped to resolve one discovery dispute before burdening the Court with another. However, that is no longer possible. The delay caused by the stay of personal jurisdiction discovery, combined with both Defendants' continued failure to abide with their discovery obligations and now Judge Fogel's recent order setting the hearing date on Defendants' motions to dismiss for lack of personal jurisdiction for July 10, 2009, forces Facebook to seek expedited relief on both its Motion to Compel Discovery Responses to its Second Round of Jurisdictional Discovery as well as Defendants' Motion to Quash Facebook's Third-Party Discovery.

Despite Judge Fogel's May 4 Order expressly lifting the stay on all personal jurisdiction discovery, Defendants have redoubled their suppression efforts, last week going so far as to file a motion seeking to prevent Facebook from obtaining third-party discovery. Defendants' obstructionist campaign must be stopped. The Court has tolerated it long enough. Judge Fogel has lifted the stay of personal jurisdiction discovery and deferred his ruling on the issue of *forum non conveniens* "until the issue of personal jurisdiction fairly can be presented." Unless this Court acts quickly and decisively, Defendants will have succeeded in suppressing evidence of their contacts with California, substantially prejudicing Facebook's ability to survive Defendants' motions to dismiss. More importantly, a failure to hear and decide these discovery motions on an expedited basis will prevent a "fair presentation" of the personal jurisdiction issue at the July 10 hearing, irrevocably frustrating the clear aim of Judge Fogel's May 4 Order.

Accordingly, Facebook respectfully requests that the Court enter the attached proposed order shortening time during which to brief and argue Facebook's Second Motion to Compel and Defendants' Motion to Quash Third-Party Subpoenas. Facebook does not move for an overly aggressive schedule, asking only that the hearing on Defendants' motion to quash be heard one week earlier than it is currently scheduled and that Facebook's Motion to Compel, which in most respects overlaps with the arguments raised in the motion to quash, be held on the same day.

## II. FACTUAL BACKGROUND

On March 3, 2009, the parties held oral argument on Facebook's first Motion to Compel. Following that hearing, Defendants requested and obtained a one-week extension to file a letter brief with the Court indicating Defendants' proposed language for an order granting Facebook at least some jurisdictional discovery. *See* Dkt. No. 114. The proposed language was never submitted, however, and on March 19, 2009 Defendants moved for a stay of personal jurisdiction discovery so as to allow Judge Fogel the opportunity to dispose of the case on *forum non conveniens* grounds. *See* Dkt. No. 119. During the sixteen-days from March 3 to March 19, Facebook believed that the Court would at any time issue an order granting Facebook's first Motion to Compel. Avalos Decl. ¶ 6. Accordingly, after receiving Defendants' blanket objections to its second round of discovery on March 4, Facebook chose not to immediately move to compel further responses so as to not unnecessarily overburden the Court. *Id*.

While still awaiting a decision on the first motion to compel, on March 19, 2009, Defendants filed a Motion for Administrative Relief Staying The Personal Jurisdiction Portion of Defendants' Motions to Dismiss pending the outcome of the *Forum non Conveniens* portion of those motions. *See* Dkt. No. 119. Defendants argued that it was "a waste of this Court's time and resources to address all of the issues that will arise from discovery related solely to the issue of personal jurisdiction over StudiVZ when *forum non conveniens* can be decided separately and forthwith." *Id*. at 2:4-6. Judge Fogel later agreed that personal jurisdiction discovery should be stayed in order to see whether the case might be disposed of on *forum non conveniens* grounds and thus negate the necessity for the personal jurisdiction discovery. *See* Dkt. No. 138. With a stay in place, Facebook could not move to compel additional discovery.

On May 4, 2009, after a flurry of back and forth briefing and oral argument, Judge Fogel determined that although he perceived Defendants' *forum non conveniens* theory to have some merit, the ruling was not so clear cut as to allow dismissal of the case prior to permitting Facebook to complete personal jurisdiction discovery. *See* Dkt. No. 155. Holding that "it is possible, as Facebook has suggested, that the personal jurisdiction inquiry meaningfully will inform the Court's ultimate decision with respect to *forum non conveniens*," "[o]ut of prudence,

the Court will defer its ruling on *forum non conveniens* until the issue of personal jurisdiction fairly can be presented." *Id*. at 7:22 – 8:2. Accordingly, Judge Fogel ordered: "The stay of personal jurisdiction discovery is hereby lifted." *Id*. at 8:5-6. Judge Fogel set the personal jurisdiction hearing for July 10, 2009. *Id*.

Following the lifting of the discovery stay, Facebook anticipated that an order on the March 3 hearing was imminent. On Thursday, May 21, 2009, Facebook counsel Julio C. Avalos telephoned Magistrate Judge Lloyd's deputy and law clerks to inquire as to the status of the order on Facebook's first motion to compel. Avalos Decl. ¶ 7. Mr. Avalos was informed that the Court was well aware of the pending motion and that an order would be issued in due time. *Id*.

### III. ANALYSIS

#### A. Judicial Economy Favors Hearing Both Facebook's Motion to Compel and Defendants' Motion to Quash on the Same Date.

At the heart of Defendants' objections to Facebook's Second Round of Jurisdictional discovery is the notion that Facebook was not permitted to propound additional discovery requests following the original February 13, 2009 hearing date on Defendants' Motions to Dismiss. This argument is identical to the primary rationale behind Defendants' Motion to Quash Facebook's Third-Party Subpoenas. Accordingly, judicial economy favors hearing both motions at the same time.

#### B. Expedited Briefing Is Required To Give Effect to Judge Fogel's May 4 Order

The July 10 hearing on Defendants' personal jurisdiction challenge is now just six weeks away. If Facebook is to have any hopes of compelling, receiving, and reviewing StudiVZ's personal jurisdiction discovery (as well as any discovery obtained from third-parties), a hearing must be held no later than June 16, 2009. This date is only one week earlier than the currently scheduled date for Defendants' motion to quash.

Judge Fogel's May 4 Order unambiguously contemplates that a "fair presentation" of the personal jurisdiction issues requires personal jurisdiction discovery. *See* Dkt. No. 155. Moreover, Judge Fogel's order implies that personal jurisdiction discovery may very well be

necessary to properly analyze the *forum non conveniens* portion of Defendants' brief as well. *Id*.

Facebook's proposed expedited schedule is not aggressive; the burden to Defendants in arguing their Motion to Quash one week early is minimal. Additionally, as the arguments for the motion to quash and Facebook's motion to compel present similar issues, there will be little to no burden in preparing to argue both on the same day.

### C. Effect of Requested Time Modification On Case Schedule (Civil L.R. 6-3(6))

Facebook's proposed shortening of time would not affect this case's schedule. In fact, the time modification is necessary if Facebook is to obtain discovery in time for the July 10 motion to dismiss hearing.

### D. Prior Modifications of Time (Civil L.R. 6-3(5))

There have been three prior time modifications in this case. *See* Dkt. No. 92 (granting Facebook's motion to enlarge time); Dkt. No. 138 (continuing motion to dismiss hearing); Dkt. No. 154 (stipulation to continue *forum non conveniens* hearing until May 1, 2009).

## IV. CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court enter Facebook's proposed order shortening time on Facebook's Motion to Compel and Defendants' Motion to Quash.

Dated: May 26, 2009

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Julio Avalos /s/
JULIO C. AVALOS
Attorneys for Plaintiff
FACEBOOK, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 26, 2009.

Dated: May 26, 2009.                    Respectfully submitted,

                                        /s/ Julio C. Avalos
                                        Julio C. Avalos