1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  JULIO C. AVALOS (STATE BAR NO. 255350)
   javalos@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025
   Telephone:   +1-650-614-7400
5  Facsimile:   +1-650-614-7401

6  THOMAS J. GRAY (STATE BAR NO. 191411)
   tgray@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza
8  Suite 1600
   Irvine, CA  92614-2558
9  Telephone:   +1-949-567-6700
   Facsimile:   949-567 6710
10
   Attorneys for Plaintiff
11 FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STUDIVZ LTD., HOLTZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25,<br><br>　　　　　Defendant. | Case No.  5:08-cv-03468 JF<br><br>**FACEBOOK INC.'S MOTION TO ENLARGE TIME PURSUANT TO CIVIL L.R. 6-3**<br><br>Judge:  Honorable Jeremy Fogel<br><br>Complaint Filed:  July 18, 2008 |

## I. INTRODUCTION

Facebook hereby moves for a continuance of the July 10, 2009 hearing on Defendants' Motions to Dismiss For Lack of Personal Jurisdiction.[1] That hearing date was explicitly selected by the Court so as to allow the "fair presentation" of the personal jurisdiction issue. As indicated by the Court, such "fair presentation" necessarily requires reference to personal jurisdiction discovery. Despite Facebook's best efforts, the production of that discovery does not appear imminent and is unlikely to be had prior to July 10. Moreover, it is almost certain that Defendants' obstructionist efforts will prevent the production of any discovery prior to Facebook's June 26 deadline to file its supplemental opposition. Specifically, Defendants have refused to participate in discovery and have now even blocked Facebook's efforts to conduct third-party discovery.

The lack of personal jurisdiction discovery would frustrate both the Court's explicit aims for the July 10 hearing as well as Facebook's right to adequately oppose Defendants' jurisdictional challenges. Accordingly, Facebook respectfully requests that its deadline to file its supplemental opposition be reset for 30 days after the date of Defendants' compliance with Judge Lloyd's Order resolving the still-pending discovery disputes.

## II. FACTUAL HISTORY

### A. On March 3, 2009, Magistrate Judge Lloyd States His Inclination To Grant Facebook's Motion to Compel.

On January 27, 2009, Facebook filed a Motion to Compel the production of jurisdictional and forum-related discovery that Defendants' counsel acknowledged Defendants had, but were withholding. *See* Dkt. No. 91. At the March 3, 2009 hearing on the motion, Judge Lloyd indicated that he was inclined to compel at least some of the discovery Facebook requested:

> THE COURT: What I'm struggling with right now is to decide whether to give anything or nothing. I'm not inclined to give him nothing, I'm inclined to give him something, and I'm struggling to define a something in a way that's reasonable.

---

[1] Facebook certifies that prior to bringing this motion it attempted to secure a stipulation from Defense counsel. Avalos Decl. ¶ 8. Those attempts were unsuccessful. *Id*.

Declaration of Julio C. Avalos In Support of Facebook's Motion to Continue July 10 Hearing ("Avalos Decl."), Ex. A. As he had frequently done before, Defense Counsel Stephen Smith responded by indicating that he was willing to compromise and produce certain documents to Facebook, even proffering a proposal of documents that he would agree to produce:

> MR. SMITH: I understand. My proposal is that he – that access [categories of documents relating to StudiVZ's accessing of Facebook's servers] is okay if it is for the purpose of copying the design, look, feel, whatever other word we want to use, of Facebook's own website, and as long as it is limited to a fair group of people and a fair amount of time, meaning a particular period of time. If we go beyond that, we start getting into these line drawing problems that Your Honor has already noted …

*Id*. Later, the Court stated, "I'm dealing with the reality that I think they [Facebook] should get something." *Id*. Mr. Smith responded, "**And I'm quite willing to work with your Honor to get them something**" (emphasis added). *Id*. No doubt taking Mr. Smith's representation of a willingness to compromise at its word, the Court stated:

> THE COURT: All right . . . I don't think further discussion about this would be particularly profitable. What I will do is I will give you both until 9:00 o'clock tomorrow morning to submit a letter to the court and specifically what I'm interested in is your proposal for what an order would say in terms of further discovery, if any, and I've already indicated I'm inclined to give some on the issues we've been discussing: access to the websites, the design and development of the websites, the adhesion contracts, and depositions . . .
>
> * * *
>
> And I would suggest to you when you write this letter to me that you – that you have in mind that what you're proposing to me is something that you could live with, not what you would rather have, not your druthers. Your druthers, Mr. Smith, would be nothing, and your druthers, Mr. Gray, would be everything. So I'm not interested in your druthers, but in what you could live with.

*Id*.

Defendants never complied with the Court's request and subsequent Minute Order. Rather, Mr. Smith first requested, and was granted, a one-week extension in order to permit StudiVZ's general counsel to speak with its Board of Directors. S*ee* Dkt. Nos. 114 and 116. Then after the one-week extension expired, Defendants reversed course completely, stating in a

1 new letter that they would not submit any proposed language and arguing that Defendants felt that
2 it should not have to produce any discovery at all. *See* Dkt. No. 117. Mr. Smith's letter
3 contained no new facts or arguments that would explain the sudden divergence from his in-court
4 promise to the Court that he was "quite willing to work with your Honor to get them something."
5 In fact, Mr. Smith's letter proposed exactly what Judge Lloyd had expressly instructed Mr. Smith
6 not to propose. He simply stated that StudiVZ's "druthers" were to produce nothing at all, which
7 is what they have done since that time.

### B. With An Order Compelling Discovery Imminent, Defendants Move To Stay The Personal Jurisdiction Portions Of Their Motions to Dismiss.

Defendants' next attempt to block discovery took place on March 19, 2009, when they filed a Motion for Administrative Relief seeking a stay of their personal jurisdiction arguments. *See* Dkt. No. 119. In short, Defendants argued again that they should not be forced to produce anything and that if necessary, they would drop their jurisdictional challenge in order to keep from producing any personal jurisdiction discovery. Defendants argued that their *forum non conveniens* challenges were sufficiently compelling as to allow resolution of this case without the need for personal jurisdiction discovery. *Id.* at 2:4-6. On March 30, the Court agreed to examine the *forum non conveniens* issues first and stayed jurisdictional discovery. *See* Dkt. No. 138.

### C. On May 4, 2009, The Court Determines That Personal Jurisdiction Discovery Is Required.

On May 4, 2009, the Court determined that although it perceived Defendants' *forum non conveniens* theory to have some merit, the ruling was not so clear cut as to allow dismissal of the case prior to permitting Facebook to complete personal jurisdiction discovery. *See* Dkt. No. 155. Holding that "it is possible, as Facebook has suggested, that the personal jurisdiction inquiry meaningfully will inform the Court's ultimate decision with respect to *forum non conveniens*," "[o]ut of prudence, the Court will defer its ruling on *forum non conveniens* until the issue of personal jurisdiction fairly can be presented." *Id.* at 7:22 – 8:2. Accordingly, the Court ordered that the stay of personal jurisdiction discovery be lifted. *Id.* at 8:5-6.

### D. Facebook Renews Its Efforts To Obtain Personal Jurisdiction Discovery.

On May 6, 2009, after consultation with opposing counsel, Facebook's counsel sent a letter to Judge Lloyd apprising him that the stay of personal jurisdiction discovery had been lifted. *See* Dkt. No. 158. Further, with the stay lifted, on May 8, 2009, Facebook served Defendants with notice that it would soon be serving third-party subpoenas on a number of non-parties believed to possess evidence material to Facebook's personal jurisdiction theories. *See* Dkt. No. 161 at 13:8-19. Incredibly, as part of its continued efforts to thwart Facebook's obtainment of personal jurisdiction discovery, Defendants moved to quash the third-party subpoenas.[2] *See* Dkt. No. 159. On May 26, 2009, Facebook filed its opposition to this motion to quash, as well as filing its own second motion to compel seeking the production of discovery related to a second round of personal jurisdiction discovery requests served on Defendants on February 2, 2009. *See* Dkt. Nos. 161 and 163, respectively; *see also* Avalos Decl. ¶¶ 5-6. With the Court's briefing schedule in mind, Facebook also filed a motion requesting that Judge Lloyd hear its second motion to compel and Defendants' motion to quash on shortened time. *See* Dkt. No. 165.

On May 21, 2009, a little over two weeks since the Court lifted the stay of discovery, Facebook's counsel telephoned Magistrate Judge Lloyd's deputy and law clerks to inquire as to the status of the order on Facebook's first motion to compel. Avalos Decl. ¶ 7. Counsel was informed that the Court was "well aware" of the pending motion and that an order would be issued in due time. *Id*.

On June 1, 2009, Judge Lloyd granted Facebook's request for expedited briefing on its Second Motion to Compel and Defendants' Motion to Quash, setting argument on both motions for June 19. *See* Dkt. No. 169. The order stated that the Court would "endeavor to rule on them in due course," but that "[g]iven the numerosity and complexity of the pending discovery disputes . . . the parties should not expect an immediate ruling from this court." *Id*. at 2:8-10. The Court did not mention Facebook's still-pending first motion to compel, the one that Judge Lloyd was

---

[2] On their face Defendants' efforts to block third party discovery are completely without merit in certain circumstances. Specifically, Facebook has served subpoenas on entities and individuals in North Carolina, Pennsylvania, Illinois and Colorado. But Defendants have only filed their motion in this district, which cannot quash subpoenas issued out of these other districts.

close to ruling on at the March 3, 2009 hearing.

### III. ARGUMENT

On May 4, 2009, this Court stayed its *forum non conveniens* ruling "until the issue of personal jurisdiction fairly can be presented." Dkt. No. 155 at 8:1-2. Without personal jurisdiction discovery, no fair presentation of that issue can be made. For instance, the record currently before the Court contains representations from Defendants claiming that they have no contacts with California or the United States. And yet Facebook has served third-party subpoenas on a number of non-parties that likely possess evidence indicating that the opposite is true. Unsurprisingly, Defendants are doing everything in their power to improperly block that discovery. Facebook further believes that Defendants are withholding discovery that would not only establish this Court's personal jurisdiction over them, but also demonstrate such prolonged access to—and theft from—Facebook's servers (as well as its thousands of commercial contracts with California consumers) as to meaningfully "inform the Court's ultimate decision with respect to *forum non conveniens*" as well. *Id*.

Given Defendants' documented delay strategy, the three-month delay in obtaining the still-pending order compelling discovery responsive to Facebook's first motion to compel, as well Judge Lloyd's recent observation that "the parties should not expect an immediate ruling from this court" on the second round of discovery battles, it is clear that a "fair presentation" of the jurisdictional issues will not be possible by July 10.

### IV. CONCLUSION

A simple continuance of the July 10 hearing date risks that the Court will be confronted, 60 or 90 days from now, with a series of still ongoing personal jurisdiction discovery disputes. Defendants will remain motivated to refuse to participate in, and block third party discovery in hopes of forcing Facebook to return again to this Court to request additional time. Although Facebook understands the Court's interest in not delaying matters on its calendar, that interest is outweighed here by the unnecessary expenditure of time and resources that accompanies each motion to continue a hearing date. Resetting the opposition deadline for 30 days after Defendants' compliance with Judge Lloyd's discovery orders will further the interests of justice

and make more efficient use of this Court's time and resources.

Dated: June 3, 2009                ORRICK, HERRINGTON & SUTCLIFFE LLP


                                   /s/ Julio C. Avalos /s/
                                   JULIO C. AVALOS
                                   Attorneys for Plaintiff
                                   FACEBOOK, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 3, 2009.

Dated: June 3, 2009.　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Julio C. Avalos /s/
　　　　　　　　　　　　　　　　　　　　　　Julio C. Avalos