STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant
studiVZ Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25,<br><br>　　　　　Defendants. | Case No. 5:08-CV-03468 JF<br>Assigned To: Hon. Jeremy Fogel<br><br>**STUDIVZ'S OPPOSITION TO FACEBOOK INC.'S MOTION TO ENLARGE TIME**<br><br><br>Complaint Filed: July 18, 2008 |

37106-00002/1691753.4

## I. INTRODUCTION

Defendant StudiVZ Ltd. ("StudiVZ") opposes Facebook's latest motion to enlarge time. There is no good cause for any further continuance, and Facebook is the sole cause of the circumstance it cites as the main basis for its motion.

There have already been five dates for the hearing of the motions to dismiss: February 13, April 10, April 17, May 1 and July 10, 2009. The date has been moved four times already – from February 13 to July 10, 2009, a period of five months. Facebook now seeks a fifth continuance to a sixth date. The date Facebook seeks is totally indefinite and would be more than a year after this case was filed and more than nine months after the motions to dismiss were filed.

Facebook admits that it stipulated to "take discovery and resolve discovery disputes" related to the motions to dismiss within the original briefing and hearing schedule agreed to in October 2008. The discovery that forms the basis for Facebook's current motion to enlarge time was **not** propounded in that time period. It therefore violates Facebook's own stipulation.

This Court moved the original hearing date *only* because of the already-pending dispute over discovery that "[Facebook] claimed Defendants were withholding improperly," i.e., the discovery that had been served as of the time Facebook made its request. (Dkt. 138 at 2:3-7; Dkt 55 at 2:25-3:2). It *never* told the Court that it intended to serve new discovery after the Court moved the hearing date. Prior to now, Facebook had only told the Court about the dispute over the October 2008 discovery, even when the Court *twice* asked Facebook about the state of discovery at the May 1, 2009 hearing.

In short, the discovery that forms the basis for Facebook's current motion is untimely in the extreme. It was not served during the period to which Facebook stipulated. Facebook never asked the Court to relieve it from that stipulation. Facebook never told the Court about this discovery at all, until now. And Facebook intentionally waited to serve the discovery and then to move to compel for months and months after the motions to dismiss were already pending. Enough is enough.

## II. FACEBOOK STIPULATED TO TAKE ALL DISCOVERY AND RESOLVE ANY DISPUTES RELATED THERETO BY JANUARY 16, 2009.

On October 22, 2008, the Holtzbrinck Defendants and StudiVZ (collectively "Defendants") filed their motions to dismiss (the "Motions to Dismiss"). (Dkt. 41, 42). Pursuant to local rules,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 900674590

37106-00002/1691753.4                                1
STUDIVZ'S OPPOSITION TO FACEBOOK, INC.'S MOTION TO ENLARGE TIME

Defendants consulted with Facebook about the hearing date for the Motions to Dismiss. Facebook admits that the parties agreed to a four-month hearing and briefing schedule for the express purpose of allowing Facebook adequate time "to take discovery and resolve discovery disputes" so that Facebook could use any discovery it received during that four-month window when opposing the Motions to Dismiss. (Dkt. 77 at 2:25-3:5). The agreed hearing date was February 13, 2009. (Dkts. 41, 42).

### III. FACEBOOK HAD ADEQUATE TIME TO TAKE DISCOVERY.

Facebook initially asked for jurisdictional discovery in August 2008. (Dkt. 12, ¶ 15). On September 9, 2008, Facebook filed a motion for expedited jurisdictional discovery, which it then withdrew after the Court denied its request to shorten time (Dkts. 11, 20, 36).

On October 14, 2008, Facebook served its first round of discovery requests on Defendants – 78 pages worth, including 90 requests for production of documents, 69 interrogatories, and 4 deposition notices (including three Rule 30(b)(6) depositions that covered 54 topics). Defendants timely responded to the discovery on November 17, 2008. The parties then met and conferred.

Defendants agreed to produce, and then did produce, almost all of what Facebook demanded (either as originally requested or as modified during meet and confer), including all discovery that relates to the traditional indicia of personal jurisdiction, i.e., contacts with the forum state. Facebook served 30 document demands and 23 interrogatories. StudiVZ answered 22 of the document demands (73%) and 18 of the interrogatories (78%) to Facebook's satisfaction. (Dkt. No. 94 at 5:5-11; Dkt. No. 91). The Holtzbrinck Defendants answered everything to Facebook's satisfaction. (Dkt. No. 95 at 2:4-21; Dkt. No. 97 at ¶¶ 27-28; Dkt. No. 92). By December 16, 2008, all issues with respect to the Holtzbrinck defendants and the large majority of issues with respect to StudiVZ were resolved. Facebook represented to the Court: "We have largely been able to work out every issue, and there remain, I believe, Your Honor, very few issues that would come back before this court . . . ." (Exhibit A to Avalos Decl. at pp. 5-6 of 28 [Reporter's Transcript at 4:23-5:4]) (Docket No. 78-2).

Facebook simply withdrew its Rule 30(b)(6) deposition notices. (Dkt. 97 at ¶ 31).

Facebook then noticed the depositions of the two individuals who signed declarations in support of Defendants' Motions to Dismiss. Defendants made those witnesses available for deposition

in Germany on January 12 and 13, 2009, and Facebook noticed them for those dates.  But Facebook then cancelled those depositions after defense counsel had already flown to Germany.  (Dkts. 83-84).

## IV.   THE MOTIONS WERE CONTINUED DUE TO THE *THEN-PENDING* DISCOVERY DISPUTES.

On January 23, 2009, Facebook filed its first motion to continue the hearing of the Motions to Dismiss. (Dkt. 77 at 1:25-2:3; Dkt. 77-2).  Although Facebook asked for the hearing date and briefing schedule to be changed, it *never* asked to be relieved of its earlier stipulation to "take" the discovery it believed it needed to oppose the Motions to Dismiss by January 16, 2009, the date its opposition was originally due.  Facebook did *not* claim it needed *new* discovery from Defendants or third parties.  The entire focus was on the *then-existing disputes* related to discovery Facebook had theretofore sought to take.  (Dkt. 77 at 1:4, 1:8-9, 1:24-25, 2:22-23, 4:9-10; *id.* at 4:16-19 – asking for a continuance "to allow the parties to resolve their jurisdictional discovery disputes.").

Indeed, there could not have been any other "discovery disputes" because Facebook had not served any other discovery.  As the Court noted in its March 30 and May 4, 2009 Orders describing Facebook's first motion to continue, Facebook argued that it needed more time to obtain discovery that Defendants allegedly "*were withholding*."  (Dkt. 138 at 2:3-7; Dkt. 155 at 2:25-3:2) (emphasis added).  Defendants could not have been withholding something they had not yet been asked to produce.

On January 28, 2009, the Court issued its Order.  The Court found that Facebook "failed to demonstrate any reason to continue the February 13, 2009 hearing as to either defendant with respect to *forum non conveniens*, or as to Holzbrinck with respect to personal jurisdiction." (Dkt. 92 at 2:15-17).  The Court granted Facebook's request to file a supplemental brief only as to personal jurisdiction over StudiVZ "in light of any newly discovered material," but did not grant Facebook's request to file a supplemental opposition as to any other issue or as to the Holtzbrinck Defendants. (*Id.* at 2:15-22).  The Court continued the hearing as to both Motions to Dismiss and all issues because of "judicial economy" and because it was "unlikely to prejudice any party." (*Id.* at 2:18-20).[1]

---

[1] In fact, the Court never said that Facebook had actually made any showing that it was entitled to a continuance of StudiVZ's motion to dismiss, even as to personal jurisdiction.  Rather, the Court merely noted that StudiVZ had not opposed that portion of Facebook's request.  (Dkt. 92 at 2:3-4).  Had Facebook ever said that it planned to serve new discovery, StudiVZ would have vigorously opposed Facebook's request in its entirety.

37106-00002/1691753.4                        3

## V. FACEBOOK HID ITS INTENT FROM DEFENDANTS AND THE COURT.

Two days after the Court issued its January 28, 2009 Order, Facebook served Defendants with a second round of discovery requests. On March 4, 2009, Defendants objected. (*See, e.g.* Dkt. 164-2 at 5:25-6:16) (pp. 6-7 of 56). Facebook knew then that it was Defendants' position that no further discovery was allowed.

On March 20, 2009, Facebook filed its second motion to continue the hearing of the Motions to Dismiss. Facebook did not reference its second round of discovery. It did not argue it needed more time to move to compel further responses. (Dkt. 122). It did not mention its intent to serve 10 third party subpoenas. Rather, Facebook argued that "in light of the ***pending*** threshold discovery issue, Facebook respectfully requests that the Court hold in abeyance or take off calendar Defendants' Motions to Dismiss currently scheduled for April 10, 2009." (*Id.* at 2:19-21) (emphasis added). Facebook proposed that the Motions to Dismiss be postponed "until such time as the underlying discovery dispute ***currently pending*** before Magistrate Judge Lloyd is resolved." (Dkt. 122-2 at 1:6-8) (emphasis added). The only thing then pending was the motion to compel further responses to the first set of discovery.

At the May 1, 2009 hearing of the Motions to Dismiss, the Court asked Facebook two times how much time it needed to get the jurisdiction portion of the motions "teed up" and "ready to be heard." (Dkt. 168-1 at 11:14-17, 12:11-12). The Court noted that "you're in the midst of objections and motions and so forth." Facebook responded by downplaying the extent and complexity of the disputes. First, Facebook said, "I think we are beyond that . . ." (i.e., beyond being in the "midst of objections and motions and so forth"). Second, Facebook mentioned only the ***already-existing*** dispute pending in front of the Magistrate Court. (*Id.* at 11:16-13:2). Third, Facebook stated that the jurisdiction issue could be ready to be heard "relatively quick if Defendants comply with the discovery issues." (*Id.* at 13:1-2). Facebook did ***not*** mention the second set of discovery or any third party subpoenas at all.

## VI. DEFENDANTS SHOULD NOT BE PREJUDICED BY FACEBOOK'S DELAYS.

Any delay was caused entirely by Facebook. It waited until February 2, 2009 to serve its second round of discovery in direct violation of its own stipulation to "take discovery" during the original

briefing schedule. It waited seven months to serve third party subpoenas. It waited again, until May 26, 2009, to file its motion to compel.[2] Facebook has offered no valid reason for any of these delays.[3]

Facebook admits that it delayed in filing the second motion to compel for strategic reasons. (*See* Dkt. 171 at 1:21-22.) It waited to file its second motion to compel until after a ruling on the first, even though no possible ruling on the first would have avoided the need for the second. (Most of discovery contained in the second set is nothing like the discovery served in the first; if Facebook wanted both, it had to move on both). The only reason for the delay was delay itself.

Facebook's delays are inexcusable given that Facebook itself acknowledges that the period from October 22, 2008 to February 13, 2009 (the original hearing date) was established for the express purpose of allowing it to "take discovery and resolve discovery disputes" related to jurisdiction. (Dkt. 77 at 2:25-3:5). In sum, Facebook wants this Court to rescue it from the consequences of its own strategic decisions and lack of diligence, all of which violates Facebook's own stipulation. That is not an appropriate basis for a *fifth* continuance.

## VII. CONCLUSION

For the above reasons, StudiVZ respectfully requests that the motion be denied.

DATED: June 8, 2009

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: /s/ Stephen S. Smith
STEPHEN S. SMITH
Attorneys for Defendant StudiVZ Ltd.

---

[2] Facebook's latest discovery is grossly over-broad. For example, RFP 50 to StudiVZ seeks "ALL DOCUMENTS in possession, custody or control of STUDIVZ *that RELATE in ANY way to the subject matter of this lawsuit*." (emphasis added). Facebook does not even pretend to seek discovery about jurisdiction. (Dkt. 170 at 5:10-12).

[3] Facebook may not blame its delay on the Court's March 30 Order staying discovery because Facebook had 26 days before the stay was instituted (from March 4 to March 30) and 22 days after the stay was lifted (from May 4 to May 26) to move to compel.

37106-00002/1691753.4       5

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590