1  STEPHEN S. SMITH (SBN 166539)
    SSmith@GreenbergGlusker.com
2  WILLIAM M. WALKER (SBN 145559)
    WWalker@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS
    CLAMAN & MACHTINGER LLP
4  1900 Avenue of the Stars, 21st Floor
    Los Angeles, California 90067-4590
5  Telephone: 310.553.3610
    Fax: 310.553.0687
6
    Attorneys for Defendants studiVZ Ltd.
7

8            UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10             SAN JOSE DIVISION

11

12  FACEBOOK, INC.,              Case No. 5:08-CV-03468 JF
                        Assigned To: Hon. Jeremy Fogel
13        Plaintiff,
                        **STUDIVZ'S MEMORANDUM OF**
14  v.                       **POINTS AND AUTHORITIES IN**
                        **OPPOSITION TO FACEBOOK,**
15  STUDIVZ LTD., HOLTZBRINCK    **INC.'S *SECOND* MOTION TO**
    NETWORKS GmbH,           **COMPEL**
16  HOLTZBRINCK VENTURES
    GmbH, and DOES 1-25,       Date:    June 19, 2009
17                           Time:    2:00 p.m.
          Defendants.         Place:   Courtroom 2, 5th Floor
18                                 Hon. Howard R. Lloyd

19

20                        [Declaration of Stephen S. Smith (and
                        exhibits thereto) concurrently filed]
21                        Complaint Filed: July 18, 2008

22

23

24

25

26

27

28

37106-00002/1691182.4

Dockets.Justia.com

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................... 1

II.     FACTS .................................................................................................... 4

        A.      The First Set of Discovery ................................................ 4
        B.      The Deposition of Michael Brehm ................................... 6
        C.      Facebook's First Motion to Continue ............................... 6
        D.      The Second Set of Discovery Requests ............................ 7
        E.      Facebook's Second Motion to Continue ........................... 7
        F.      The Hearing of the Motions to Dismiss ........................... 8
        G.      Facebook Files Its Second Motion to Compel ................. 9
        H.      Facebook Files Its Third Motion to Continue ................. 9

III.    ARGUMENT .......................................................................................... 9

        A.      Facebook Was Not Permitted to Serve New Discovery ...... 9
        B.      Facebook Waived Its Right to Move to Compel ............. 10
        C.      Most of the New Discovery is Not Related to Jurisdiction ........ 12
        D.      Facebook Has Failed to Make a Sufficient Showing to Permit
                Any Additional Discovery Related to Jurisdiction ........... 15

                1.      Facebook Does Not Even Argue General Jurisdiction ........... 16
                2.      The Calder v. Jones "Effects Test" Does Not Apply .............. 17

        E.      Facebook Could Have Obtained Anything Remotely Related to
                Jurisdiction from the Second Set of Discovery By Deposing
                Michael Brehm ................................................................ 20

IV.     CONCLUSION ...................................................................................... 20

STUDIVZ'S OPPOSITION TO FACEBOOK, INC.'S *SECOND* MOTION TO COMPEL

# TABLE OF AUTHORITIES

**Page**

CASES

*Calder v. Jones,*
  465 U.S. 783 (1984)...................................................................3, 17, 18, 19

*Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.,*
  334 F.3d 390 (4th Cir. 2003) ..................................................... 15, 18

*Central States, Southeast & Southwest Areas Pension Fund v. Reimer*
  *Express World Corp.,*
  230 F.3d 934 (7th Cir. 2000) ............................................................ 15

*Consolidated Develop. Corp. v. Sherritt, Inc.,*
  216 F.3d 1286 (11th Cir. 2000) ....................................................... 16

*eMag Solutions, LLC v. Toda Kogyo Corp.,*
  2006 U.S. Dist. LEXIS 94462 (N.D. Cal. Dec. 21, 2006)................... 16

*Fielding v. Hubert Burda Media, Inc.,*
  2004 WL 532714 (N.D. Tex. Feb. 11, 2004)........................................ 19

*Holland America Line Inc. v. Wartsila North America, Inc.,*
  485 F.3d 450 (9th Cir. 2007) .............................................................. 3

*Gault v. Nabisco Biscuit Co.,*
  184 F.R.D. 620 (D. Nev. 1999) .......................................................... 12

*In re Sulfuric Acid Antitrust Litigation,*
  231 F.R.D. 331 (N.D. Ill. 2005)......................................................... 12

*Jazini v. Nissan Motor Co.,*
  148 F.3d 181 (2d Cir. 1998) ............................................................. 15

*Mitan v. Feeney,*
  497 F.Supp.2d 1113 (C.D. Cal. 2007)................................................ 15

*Pebble Beach Co. v. Caddy,*
  453 F.3d 1151 (9th Cir. 2006) ............................................................ 3

*Protrade Sports, Inc. v. Nextrade Holdings, Inc.,*
  2006 U.S. Dist. LEXIS 6631 (N.D. Cal. Feb. 2, 2006)....................... 15

*Purnell v. Arrow Financial Services, L.L.C.,*
  2007 U.S. Dist. LEXIS 4588 (E.D. Mich. Jan. 23, 2007) ................... 12

*Rutman Wine Co. v. E. & J. Gallo Winery,*
  829 F.2d 729 (9th Cir. 1987) ............................................................. 16

*West v. Miller,*
  2006 U.S. Dist. LEXIS 56243 (N.D. Ill. Aug. 11, 2006) .................... 12

STUDIVZ'S OPPOSITION TO FACEBOOK, INC.'S *SECOND* MOTION TO COMPEL

1

# TABLE OF AUTHORITIES
(continued)

2

**Page**

3

**OTHER AUTHORITIES**

4

F.R.Civ.P. 4(K)(2) ........................................................................................... 3, 16

5

F.R.Civ.P. 11 ....................................................................................................... 15

6

F.R.Civ.P. 12(b)(6) .............................................................................................. 16

7

Local Rule 6-3 ..................................................................................................... 10

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **I.    INTRODUCTION**

2        Defendant StudiVZ, Ltd. ("StudiVZ") opposes Plaintiff Facebook, Inc.'s

3    ("Facebook") latest motion to compel.

4        Facebook's second motion to compel StudiVZ to answer 33 new requests for

5    production of documents and 22 new requests for admissions raises the following

6    issue -- when a motion to dismiss is pending, is there *any* limit to (a) the time

7    within which to propound discovery, or (b) the scope of such discovery?  StudiVZ

8    believes that there are and that Facebook's motion should be denied because it

9    violates both such limits.

10       **Time**:  Facebook's motion violates its own stipulation to take discovery

11   about personal jurisdiction within a particular schedule.  Facebook fully admits that

12   "[i]n order to allow time to take discovery and resolve discovery disputes,

13   Facebook and Defendants negotiated a stipulation regarding the scheduling of

14   Defendants' motions to dismiss and the filing of Facebook's opposition thereto."

15   (Dkt. No. 77 at 2:26-3:5).  Facebook did not serve the second set of discovery that

16   is the subject of the instant motion to compel until February 2, 2009, far outside of

17   the stipulated schedule.

18       Facebook never asked the Court to relieve it from its stipulation to "take

19   discovery" within the stipulated time period, and the Court never issued any order

20   relieving Facebook from its stipulation in that regard.  When it filed its first motion

21   to enlarge time, Facebook referred only to the discovery disputes related to the

22   already-existing discovery, which had been served on October 14, 2008.  It did not

23   make any mention of the need or desire to serve new discovery requests.  And the

24   Court did not move the date in order to allow Facebook to do so.  The Court moved

25   the hearing only so that Facebook could have the disputes concerning the original

26   set of discovery heard (which StudiVZ did not even oppose).

27       Facebook propounded the new discovery two days later.  Defendants

28   responded on March 4, 2009, objecting that the discovery was untimely.

1    Facebook then filed a second motion to enlarge time but, again, made no

2    mention of the second set of discovery.  Its request was based solely on the

3    "discovery dispute *currently pending* before the Magistrate Judge Lloyd."  (Dkt.

4    No. 122-2 at 1:6-8 (emphasis added); *see also* Dkt No. 122 at 2:19-21).

5    At the hearing of the motion to dismiss on May 1, 2009, the Court twice

6    asked Facebook about the state of discovery and how much time Facebook needed

7    to have personal jurisdiction "teed up" and "ready to be heard."  (Dkt. No. 157 at

8    11:14-17, 12:11-12).  Facebook replied by referencing only the first motion to

9    compel.  It again made no mention of the second set of discovery.

10   Then, after the May 4, 2009 Order lifting the stay, Facebook waited another

11   22 days to file its motion to compel and, as a result, has separately asked the

12   presiding Court for another continuance of the motion to dismiss hearing -- to a

13   sixth date.  (Dkt. No. 170).

14   Facebook fully admits that it intentionally delayed filing its second motion to

15   compel "until the first dispute was settled."  (Mot., Dkt No. 163, at 2:11).  But it

16   always intended to file both.  The vast majority of the second set of discovery does

17   not overlap with the first.  So if Facebook wanted it, it had to file the second motion

18   to compel no matter what the ruling on the first.

19   In sum, Facebook did not propound this discovery within the time period to

20   which it stipulated.  It did not ask for or obtain the Court's relief from that

21   stipulation.  It then delayed filing the motion.  Thus, the discovery and the motion

22   are both untimely, and for this reason alone the motion should be denied.

23   **Scope**:  The motion should also be denied because the discovery is not limited

24   in scope to any material disputed issue related to personal jurisdiction.  Facebook

25   served 55 new requests on StudiVZ and 14 new requests on the Holtzbrinck

26   Defendants.  That discovery literally seeks, "ALL DOCUMENTS in possession,

27   custody or control of STUDIVZ that RELATE in ANY way to the subject matter of

28   this lawsuit." (Dkt. No. 164-3 at 30:20-22, Request No. 50).  Yet, Facebook has the

1    gall to describe this discovery as "**Limited**" to personal jurisdiction.  (Mot., Dkt. No.

2    163, at 1:6-13).  Simply put, Defendants should not be subject to such obviously

3    unlimited discovery while the motions to dismiss are undecided, **especially** given that

4    the presiding Court has stated that it is already "inclined to dismiss" this action on

5    *forum non conveniens* grounds.  (Dkt. No. 155 at 3:12-14).

6         Even as to the minority of the requests that arguably relate to jurisdiction, the

7    discovery is irrelevant and Facebook has not established a *prima facie* case for it.

8         First, after having propounded requests related to StudiVZ's general

9    jurisdiction contacts with "California" in October 2008, Facebook now seeks the

10   same categories of discovery, but with respect to general jurisdiction "contacts"

11   with the "United States."  But  Facebook's "Jurisdiction" allegations in both its

12   original complaint and amended complaint refer to Defendants' alleged contacts

13   with "California."  (Dkt. No. 1 at 3:3-25; Dkt. No. 140 at 3:2-26).  Moreover,

14   Facebook did not argue in its opposition to the motions to dismiss that Defendants

15   were subject to general jurisdiction at all – based on contacts with California or the

16   United States.  (Dkt. No. 76).  This is simply another, long "after-the-fact," entirely

17   speculative fishing expedition.  Facebook should not be permitted to pursue

18   discovery into "nationwide contacts" jurisdiction, when it had never before even

19   argued for jurisdiction on this basis.[1]

20        Second, Facebook continues its improper attempt to seek discovery under the

21   "effects test" of *Calder v. Jones*.  The effects test has three elements, all of which

22   must exist to establish jurisdiction.  The third element -- brunt of the harm

23   occurring in the jurisdiction -- does not exist in this case.  Facebook has previously

24   admitted that StudiVZ's alleged conduct caused Facebook to be harmed "in the

25   European Market."  (Dkt. No. 1, ¶ 41; Dkt. No. 140, ¶ 60).  The Court has already

26   ───────────────────────────

[1]   So-called "nationwide contacts" can be used as a method to establish jurisdiction under FRCP 4(k)(2).  *Pebble*
27   *Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006); *Holland America Line Inc. v. Wartsila North America,*
     *Inc.*, 485 F.3d 450, 461  (9th Cir. 2007). Facebook only first alleged anything related to Defendants' possible
28   "systematic and continuous contacts" (i.e., general jurisdiction) with the United States in its amended complaint filed
     on March 31, 2009, more than five months after the motions to dismiss were filed.

37106-00002/1691182.4                    3

STUDIVZ'S OPPOSITION TO FACEBOOK, INC.'S *SECOND* MOTION TO COMPEL

1  found that the "conduct complained of appears to have occurred *principally* in

2  Germany." (Dkt. 155 at 4:21) (emphasis added). The Court has noted that the

3  "*source*" of the alleged infringement is in "Germany." (Dkt. No. 155 at 5:21-23)

4  (emphasis added).

5       These two categories of discovery show clearly why Courts employ the

6  *prima facie* test before allowing jurisdictional discovery. Facebook has not made,

7  and cannot make, a *prima facie* case of general jurisdiction or that the brunt of the

8  harm has occurred in the forum. Accordingly, Facebook should not be permitted to

9  invoke either argument now as a basis to engage in far-reaching discovery.

10       The presiding Court has already noted that "Defendants have shown that

11  discovery related to personal jurisdiction has grown complicated and burdensome"

12  and that the "efficiency considerations raised by Defendants are legitimate." (Dkt.

13  No. 138:3-4; Dkt No. 155 at 7:21-22). That was before Facebook filed this motion

14  to compel. Since then, this Court has noted that the issues presented by the pending

15  discovery motions are numerous and complex. (Dkt. No. 169 at 2:9).

16       This dispute, which has been ongoing since September 2008, requires the

17  Court to draw a line between two competing policy concerns -- the right of a

18  plaintiff to oppose *fairly* a motion to dismiss versus the right of a defendant, who

19  argues it should never have been sued in that action, to be free of the burden and

20  expense associated with litigating that action. StudiVZ submits that the line to be

21  drawn is now clear. Facebook made a deal as to timing and should be held to that

22  deal. And, given Facebook's complete inability to establish a *prima facie* case for

23  the discovery it seeks, and given the expense and burden that has already been

24  found to exist, the Court should decide that no further discovery is allowed.

25  **II.**    **<u>FACTS</u>**

26       **A.**    **<u>The First Set of Discovery</u>**

27       On October 14, 2008, before the motions to dismiss were filed, Facebook

28  served written discovery that it claimed was related to personal jurisdiction. The

1   parties then met and conferred for the purpose of setting a mutually agreeable

2   hearing date and briefing schedule for the motions to dismiss.  Facebook admits

3   that the parties stipulated to take discovery related to the motions to dismiss by

4   January 16, 2009.  In its first Motion to Enlarge Time, Facebook wrote as follows:

5   > "***In order to allow time to take discovery and resolve discovery***

6   > ***disputes***, Facebook and Defendants negotiated a stipulation regarding

7   > the scheduling of Defendants' motions to dismiss and the filing of

8   > Facebook's opposition thereto.  The Court entered the Proposed

9   > Stipulated Scheduling Order on November 4, 2008, which provides

10  > that Facebook's deadline was to be January 16, 2009 to file and serve

11  > its opposition to Defendants' motions to dismiss.  *Id.*; *see* Docket No.

12  > 54.  Defendants were given two weeks from that date to file their

13  > Reply papers.  *Id.*  The hearing on Defendants' motions to dismiss was

14  > set for February 13, 2009.  *Id.*"

15  (Dkt. No. 77 at 2:26-3:5) (emphasis added); *see also* Dkt. Nos. 41, 42, 48 and 54).

16  StudiVZ timely responded to the discovery on November 17, 2008.  Facebook

17  believed the responses were inadequate.  The parties met and conferred and resolved

18  the large majority of the disputes.  Facebook served 30 document demands and 23

19  interrogatories.  StudiVZ answered 22 of the document demands (73%) and 18 of the

20  interrogatories (78%) to Facebook's satisfaction.  By December 16, 2008, all issues

21  with respect to the Holtzbrinck defendants and the large majority of issues with

22  respect to StudiVZ were resolved.  As Facebook represented to the Court:

23  > "We have largely been able to work out every issue, and there remain,

24  > I believe, Your Honor, very few issues that would come back before

25  > this court . . . ."

26  (Exhibit A to Avalos Decl. at pp. 5-6 of 28 [Reporter's Transcript at 4:23-5:4])

27  (Docket No. 78-2).

28

### B.  The Deposition of Michael Brehm

Facebook also asked to depose Michael Brehm, the declarant in support of StudiVZ's motions to dismiss.  The parties agreed that Mr. Brehm's deposition would take place in Germany at the offices of Facebook's counsel on January 12, 2009.  Facebook noticed the deposition for that date.  On January 8, 2009, Facebook canceled the deposition.  (Smith Decl. in Support of Defendants' Motion for Sanctions, Dkt. No. 84, ¶¶ 2-20; Dkt. No. 84-2).

### C.  Facebook's First Motion to Continue

On January 23, 2009, Facebook filed its first motion to continue the hearing of the motions to dismiss.  (Dkt. No. 77).  Facebook did not argue that it needed to take any new discovery.  The entire focus was the *then-existing* dispute related to discovery that Facebook had theretofore sought.  (Dkt. No. 77 at 1:4, 1:8-9, 1:24-25; 2:22-23, 4:9-10, 4:18-19).

StudiVZ opposed Facebook's motion only in part.  StudiVZ agreed to having the hearing moved as to personal jurisdiction only because the *then-existing* discovery dispute was a good faith dispute.  (Dkt. No. 81 at 1:7-8, 2:7-4:25).  But, because that dispute did not relate to *forum non conveniens*, it opposed moving that portion of the motions to dismiss.  (*Id.* at 1-11 and 4:6-25).

On January 28, 2009, the Court issued its Order.

"A review of the record and the parties' papers reveals that Facebook has failed to demonstrate any reason to continue the February 13, 2009 hearing as to either defendant with respect to *forum non conveniens*, or as to Holtzbrinck with respect to personal jurisdiction."

(Order, Dkt. No. 92, at 2:15-17).  The Court ruled that Facebook would be "permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material."  (*Id.* at 2:20-22).  The Court moved the hearing date of the motions to dismiss to April 10, 2009 for reasons of "judicial economy" and "because a brief continuance is

1   unlikely to prejudice any party." (*Id.* at 2:18-19).[2]

2        **D.**    <u>**The Second Set of Discovery Requests**</u>

3        Two days later, on Friday, January 30, 2009, Facebook propounded and sent

4   out for service its second set of discovery, which was then served on Defendants on

5   Monday, February 2, 2009.[3]  Facebook served StudiVZ with 33 new requests for

6   production of documents and 22 new requests for admissions.  These requests fall

7   into three main categories: (1) requests that have nothing to do with jurisdiction, but

8   which relate solely to new issues about the merits or nothing at all; (2) requests that

9   are more narrowly-drafted versions of prior requests related to the "access" issue;

10  and (3) requests that relate to StudiVZ's contacts with the United States, as opposed

11  to the prior requests which asked about StudiVZ's contacts with California.[4]  On

12  March 4, 2009, StudiVZ responded to these requests.  It objected and did not

13  answer the requests or produce the documents.  (Dkt. No. 164-1).

14       **E.**    <u>**Facebook's Second Motion to Continue**</u>

15       On March 20, 2009, Facebook filed its second motion to continue the hearing

16  of the motions to dismiss.  Facebook did not reference the second set of discovery.

17  It did not argue it needed more time in order to move to compel further responses to

18  the second set of discovery.  (Dkt. No. 122).  Facebook argued that "in light of the

19  ***pending*** threshold discovery issue, Facebook respectfully requests that the Court

20  hold in abeyance or take off calendar Defendants' Motions to Dismiss currently

21  scheduled for April 10, 2009." (Dkt. No. 122 at 2:19-21) (emphasis added).  In its

22  proposed order, Facebook proposed that the motion to dismiss be taken off calendar

23  "until such time as the underlying discovery dispute ***currently pending*** before

24  Magistrate Judge Lloyd is resolved."  (Dkt. No. 122-2 at 1:6-8) (emphasis added).

25

26  [2]  The Court did ***not*** actually find that Facebook had made any showing that it was entitled to a continuance of the StudiVZ motion to dismiss, even as to personal jurisdiction.  Rather, the Court simply noted that StudiVZ had not opposed that part of Facebook's motion.

27  [3]  The discovery requests, which Facebook did not attach to its motion papers, are dated Friday January 30, 2009. But they were not actually served on Defendants until Monday, February 2, 2009.  (Smith Decl., ¶ 2; Ex. A).

28  [4]  The specific requests are discussed in more detail in the argument section below to avoid repetition.

1    On March 30, 2009, the Court stayed the personal jurisdiction portion of the

2    case in order to hear the *forum non conveniens* portion of the motions to dismiss

3    first.  The Court found that "Defendants have shown that discovery related to

4    personal jurisdiction has grown complicated and burdensome." (Dkt. No. 138 at

5    3:3-4).  The Court continued the hearing to April 17, 2009.  (*Id.* at 3:28).  The

6    parties then moved the hearing date to May 1, 2009 via stipulation requested by

7    Facebook due its counsel's vacations.  (Dkt. No. 144).

8         **F.    The Hearing of the Motions to Dismiss**

9         At the May 1, 2009 hearing of the motions to dismiss, the Court raised with

10   Facebook the subject of the outstanding discovery.  The Court noted that "you're in

11   the midst of objections and motions and so forth."  The Court asked Facebook two

12   separate times how much time it needed to get the personal jurisdiction portion of

13   the motions "teed up" and "ready to be heard." (Dkt. Nos. 157/168-1 at 11:14-17,

14   12:11-12).  Facebook responded, "I think we are beyond that . . ." -- i.e., beyond

15   being in the "midst of objections and motions and so forth."  Facebook referenced

16   only the already-existing dispute pending in front of the Magistrate Court.  (*Id.* at

17   11:16-13:2).  It said that jurisdiction could be ready to be heard "relatively quick if

18   Defendants comply with the discovery issues." (*Id.* at 13:1-2).  Facebook again

19   made no mention of the second set of discovery and did not say that it needed such

20   discovery in order to oppose the motions to dismiss.

21        On May 4, 2009, the Court issued an Order stating it was "inclined to dismiss"

22   the action on *forum non conveniens* grounds, but deferred the final decision until the

23   personal jurisdiction issues could be "fairly presented."  The Court noted that the

24   "efficiency concerns raised by Defendants are legitimate," but then added that "it is

25   possible . . . that the personal jurisdiction inquiry meaningfully will inform the

26   Court's ultimate decision with respect to *forum non conveniens*." (Dkt. No. 155 at

27   7:21-8:1).  The Court set a new hearing date for July 10, 2009 and lifted the stay.  The

28   Court allowed Facebook to file another supplemental brief on or before June 26, 2009.

1

### G.    Facebook Files Its Second Motion to Compel

2    Facebook waited another 22 days, until May 26, 2009, to move to compel.

3    (Dkt. No. 163).  By that time, the motion could not be heard on normal notice

4    before Facebook's supplemental opposition would be due.  Facebook moved to

5    shorten time, which the Court granted in part.  (Dkt. No. 165).

6    ### H.    Facebook Files Its Third Motion to Continue

7    On June 3, 2009, Facebook filed another motion to enlarge time, asking the

8    Court to move the motion to dismiss hearing to a *sixth* date.  (Dkt. No. 170).

9    ## III.    ARGUMENT

10   ### A.    Facebook Was Not Permitted to Serve New Discovery.

11   Facebook was not permitted to use the extra time created by the continuance

12   of the motion to dismiss to propound new discovery.

13   Facebook stipulated to "take discovery" related to the motions to dismiss on

14   a particular schedule.  (Dkt. No. 77 at 2:26-3:5).  It never requested that Defendants

15   modify or amend that part of the stipulation, either in connection with the meet and

16   confer concerning Facebook's motions to enlarge time or otherwise.  Facebook did

17   not make such a request to the Court in its January 23, 2008 motion to enlarge time

18   or in its March 20, 2009 motion to enlarge time.  It did not mention any need to take

19   new discovery.  Facebook simply stated that it wished to obtain further responses to

20   the discovery it had already served.  (Dkt. No. 77 at 1:4, 1:8-9, 1:24-25; 2:22-23,

21   4:9-10, 4:18-19; Dkt. No. 122 at 2:19-21; Dkt No. 122-2 at 1:6-8).

22   It is clear that the Court understood Facebook to be asking for more time

23   solely to have the discovery dispute concerning the first set of discovery heard.  In its

24   March 30, 2009 Order, the Court described its January 28, 2009 Order as follows:

25   "By a previous administrative motion, Facebook requested a continuance of the

26   hearing on Defendants' motions on the ground that it required additional discovery

27   that it claimed Defendants *were* withholding improperly."  (Dkt. No. 138 at 2:3-7)

28   (emphasis added).  In its May 4, 2009 Order, the Court again described its January

28, 2009 Order as follows: "In an earlier administrative motion, Facebook requested a continuance of the hearing on Defendants' motions, claiming that it required additional discovery that Defendants improperly *were* withholding." (Dkt. No. 155 at 2:25-3:2). By definition, the only discovery that Defendants "were withholding" as of January 23, 2009 was discovery that had been served as of that date.[5]

In none of its prior Orders has the Court ever relieved Facebook of its prior stipulation. It never gave Facebook permission to serve new discovery (and would not have even known to consider the issue since Facebook never raised it).

Local Rule 6-3, upon which Facebook based both of its prior motions to enlarge time, requires the moving party to state the bases for its motion "with particularity." Given that the only reason ever stated was the need to resolve the pending dispute about the already-existing discovery, Facebook should be held to that basis.

Facebook was clearly lying in wait. Its second set of discovery was dated January 30, 2009, only two days after the Court granted the motion to continue the hearing date. That discovery contained 69 new requests, in six different documents served on three parties. It is not believable that Facebook only first considered serving this new discovery on January 29 or January 30, 2009. It was already drafted and ready to serve.

In sum, the second set of discovery violates the stipulation of the parties. It was not a basis for Facebook's request to continue the hearing date. It was not a basis for the Court's Order continuing the hearing date. It was gamesmanship, pure and simple, designed to increase the time, burden and costs on Defendants and this Court. For this reason alone, the motion should be denied.

### B.   Facebook Waived Its Right to Move to Compel.

Facebook's motion to compel should also be denied as untimely because Facebook intentionally delayed filing it and consciously misled the presiding Court concerning its intent to file it.

---

[5]   The Court also noted that a continuance was "unlikely to prejudice any party." (Dkt. No. 92 at 2:19). Yet, moving the hearing date would have prejudiced StudiVZ if it would have subjected it to new discovery requests.

STUDIVZ'S OPPOSITION TO FACEBOOK, INC.'S *SECOND* MOTION TO COMPEL

1   The fact of the delay is undisputed.  The responses were served on March 4,

2   2009.  Defendants' position was clearly stated therein.[6]  Facebook delayed filing

3   the motion to compel until May 26, 2009.  While there was a stay in effect for 35

4   days (from March 30 to May 4, 2009), Facebook could have filed the motion

5   anytime during the 26 days before the stay was entered or anytime in the 22 days

6   after the stay was lifted.

7   The fact of Facebook's intent is also undisputed.  Facebook waited on

8   purpose for the Court to rule on the first motion to compel.  It claims that it always

9   intended to file the second motion to compel, but only after the Court ruled on the

10  first.  (Dkt. No. 163 at 2:9-11; Dkt No. 165 at 1:4-5, 2:8-12).  Facebook has not

11  claimed that any ruling on the first motion to compel would have avoided the need

12  for the second motion to compel.  It always intended to file both.  (*Id.*)

13  Indeed, no ruling on the first motion would have avoided the need (to the

14  extent Facebook desired to compel further responses to its second set of discovery)

15  for the second.  The vast majority of the requests in the second set of discovery do

16  not overlap with any of the requests that are the subject of the first motion to compel.

17  So Facebook admits to deliberately extending the time it claims is needed to obtain

18  this discovery for no reason other than delay itself.

19  The fact that Facebook consciously misled the Court is also indisputable.

20  Facebook misled the Court for the first time in its January 23, 2009 motion to

21  continue.  It asked for a continuance only for the purpose of resolving the already-

22  existing dispute about the already-existing discovery requests.  It made no mention

23  of any need to take new discovery.  Two days later, it signed the second set of

24  discovery.  Facebook misled the Court a second time in its March 20, 2009 motion

25  to continue.  It again asked for a continuance only for the purpose of resolving the

26

---

[6]  Facebook argues in its Motion that it was waiting for Defendants to "voluntarily comply with their discovery
obligations."  (Mot. at 2:13-14).  Such a statement is not believable.  Defendants had stated their position explicitly in
their responses, which were served on March 4, 2009.  (Dkt No. 164-1).  In addition, the parties met and conferred
about it on March 20, 2009, wherein Defendants restated the exact same position.  Facebook was not waiting for
Defendants to voluntarily comply.  It was just waiting.  (Smith Decl., ¶ 3).

1    discovery dispute that was then "pending" in the Magistrate Court. It made no

2    mention at all of the second set of discovery (or the Subpoenas). Facebook misled

3    the Court a third time at the May 1, 2009 hearing. In response to two questions

4    from the Court about how much time it needed to make the jurisdiction portion of

5    the motions to dismiss ready to be heard, Facebook mentioned only the motion to

6    compel that was pending in front of the Magistrate Court. It made no mention of

7    the second set of discovery (or the Subpoenas).

8         Facebook engaged in a classic bait and switch. At each of these three points in

9    time, Facebook knew there would be discovery disputes over the second set of

10   discovery (and the Subpoenas). Defendants had already objected on the ground that ***no***

11   ***further discovery was permitted***. Some of the new requests related to the old "access"

12   issue, which had already generated extensive motion practice. Most of the requests

13   relate to the merits only, which Defendants have been refusing to produce since

14   September 2008. The inevitability of the dispute could not have been more obvious.

15        Yet, Facebook waited and waited, made no mention of the oncoming,

16   inevitable dispute and affirmatively downplayed the extent and complexity of the

17   problem when directly asked by the Court about it. Under these circumstances, the

18   Court should find that Facebook has waived its right to move to compel. *See e.g.*

19   *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999); *In re Sulfuric*

20   *Acid Antitrust Litigation*, 231 F.R.D. 331 (N.D. Ill. 2005); *West v. Miller*, 2006 U.S.

21   Dist. LEXIS 56243, *13-*17 (N.D. Ill. Aug. 11, 2006); *Purnell v. Arrow Financial*

22   *Services, L.L.C.*, 2007 U.S. Dist. LEXIS 4588, *1-*2 (E.D. Mich. Jan. 23, 2007).

23        **C.    Most of the New Discovery is Not Related to Jurisdiction.**

24        Even assuming that Facebook was permitted to serve new discovery, such

25   discovery must be related to jurisdiction. On January 28, 2009, the Court "denied

26   Facebook's request except with respect to the issue of personal jurisdiction over

27   StudiVZ." (Dkt. No. 155 at 3:1-2). In its March 30, 2009 Order, the Court noted

28   that "Defendants have shown that discovery related to personal jurisdiction has

1    grown complicated and burdensome." (Dkt. No. 138 at 3:3-4). In its May 4, 2009

2    Order, the Court noted that the "efficiency considerations raised by Defendants [in

3    connection with the discovery] are legitimate." (Dkt. No. 155 at 7:21-22). The

4    Court said that it would defer its ruling only "out of prudence" so that "the issue of

5    personal jurisdiction can be fairly presented." (*Id.* at 8:1-2).

6        Yet, ***most*** of Facebook's new discovery requests have nothing to do with

7    personal jurisdiction, as follows:

8        RFP 42 -- All documents related to the conception, design and development

9            of StudiVZ and its websites

10       RFP 43 -- All documents relating to any communications by StudiVZ

11           to any media or media outlet regarding StudiVZ, its website or

12           Facebook.

13       RFP 44 --All documents that relate to StudiVZ's "business

14           management information and procedures."

15       RFP 45 -- All documents reflecting communications between StudiVZ

16           and any developer of software and computer code used to create, run

17           or operate StudiVZ's websites.

18       RFP 46 -- All documents relating to the research and development of

19           StudiVZ and StudiVZ's websites.

20       RFPs 47-- All of StudiVZ's computer systems of any kind.

21       RFPs 50-- All documents that relate in any way to the subject matter of

22           this lawsuit.

23       RFP 51 -- All documents regarding efforts to locate any StudiVZ

24           computer that might contain StudiVZ computer code.

25       RFP 52 -- All documents regarding efforts to locate any

26           communications, documents or code that relate to the subject matter of

27           the lawsuit.

28       RFP 53 -- All documents relating to every investment in StudiVZ and

1    the terms of such investment.

2    RFP 57 -- All documents relating to any business plan for StudiVZ.

3    RFP 58 -- All documents sufficient to identify any person involved in

4    any way in the development of StudiVZ or its websites.

5    RFP 59 -- All documents identifying any investors, potential investors,

6    loans, gifts, contributions, offers to purchase, or other forms of

7    financing contributed to or received by StudiVZ.

8    RFP 60 -- All documents relating to the StudiVZ websites being

9    modeled after or inspired by the Facebook website.

10    RFP 61 -- All documents relating to StudiVZ's website's layout being

11    modeled after or inspired by the Facebook website.

12    RFP 62 -- All documents relating to StudiVZ's websites functionality

13    or features being modeled after or inspired by the Facebook website.

14    RFA 4 -- Admit you intentionally designed at least one StudiVZ

15    website to look like Facebook's website.

16    RFA 16 -- Admit that users of StudiVZ are required to agree to terms

17    of use prior to receiving full access to the StudiVZ websites.

18    RFA 18 -- Admit that StudiVZ's business, income, revenue or profit

19    models rely, at least in part, on income from advertising, including, but

20    not limited to, advertisements and advertisement banners placed on the

21    StudiVZ websites.

22    RFA 19 -- Admit that the number of StudiVZ users is a factor taken

23    into account by YOU when negotiating the cost of advertising on at

24    least one of the StudiVZ websites.

25    RFA 20 -- Admit that StudiVZ's revenue is based, at least in part, on

26    the total number of StudiVZ users.

27    RFA 21 -- Admit that at least one of the StudiVZ websites was

28    modeled after the Facebook website.

1    For Facebook to characterize this discovery as being "limited" and related to

2  jurisdiction crosses the line from aggressive advocacy to a violation of Rule 11.

3  There is no conceivable argument that these requests are directed at personal

4  jurisdiction.  Facebook literally seeks all documents about all issues in the case![7]

5         **D.    Facebook Has Failed to Make a Sufficient Showing to Permit Any**

6              **Additional Discovery Related to Jurisdiction.**

7    The other two categories of discovery requests set forth in the second set of

8  discovery might, under some circumstances, relate to jurisdiction.  But, under the

9  circumstances presented here, Facebook is not entitled to any further such

10  discovery because it fails to make out a *prima facie* case that either category relates

11  to any material disputed issue of personal jurisdiction in this case.

12    Courts do not allow discovery, or strictly limit its scope, unless the plaintiff

13  first proves a *prima facie* case that personal jurisdiction exists.  *Central States,*

14  *Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230

15  F.3d 934, 946 (7th Cir. 2000) ("Foreign nationals should not be subjected to

16  extensive discovery in order to determine whether personal jurisdiction over them

17  exists."); *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185-86 (2d Cir. 1998) (denying

18  discovery where the plaintiff "did not establish a prima facie case that the district

19  court had jurisdiction"); *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs.,*

20  *Inc.*, 334 F.3d 390, 402-03 (4th Cir. 2003); *Mitan v. Feeney*, 497 F.Supp.2d 1113,

21  1118 (C.D. Cal. 2007) ("In order to obtain discovery on jurisdictional facts, the

22  plaintiff must at least make a 'colorable' showing that the Court can exercise

23  personal jurisdiction over the defendant."); *Protrade Sports, Inc. v. Nextrade*

24  *Holdings, Inc.*, 2006 U.S. Dist. LEXIS 6631, Case No. C05-04039 MJJ at *9 (N.D.

25  Cal. Feb. 2, 2006) (a plaintiff is not entitled to early discovery concerning personal

26  jurisdiction unless it first makes a "colorable" showing of personal jurisdiction);

27  _____
[7]  As early as September 2008, Defendants noted that this was always Facebook's true intent and is probably the
28  only reason it sued StudiVZ in the United States to begin with.  In their opposition to Facebook's motion for
expedited discovery, Defendants wrote: "Facebook's true motive is to take massive early discovery on issues that go
well beyond personal jurisdiction."  (Dkt. No. at 11:20-14:4).  Can there any longer be any doubt?

1  *eMag Solutions, LLC v. Toda Kogyo Corp.*, 2006 U.S. Dist. LEXIS 94462, Case No.

2  C02-1611 PJH at *10 (N.D. Cal. Dec. 21, 2006) (granting plaintiffs' request for

3  jurisdictional discovery only because plaintiffs had "provided some evidence" of the

4  defendant's California contacts).

5      This case and Facebook's discovery requests reveals the need for the *prima*

6  *facie* rule.  Discovery related to personal jurisdiction is supposed to be limited to

7  some material issue that is in dispute because Courts are rightly hesitant to subject a

8  defendant who potentially never should have been sued in this jurisdiction to

9  intrusive and burdensome discovery.  The whole point of a motion to dismiss is to be

10  dismissed from the case ***before*** having to litigate it extensively.  *Cf. Rutman Wine*

11  *Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of

12  F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of

13  complaints without subjecting themselves to discovery.").  Here, however, Facebook

14  unashamedly seeks to subject StudiVZ to very far ranging discovery about two broad

15  issues under the guise of "personal jurisdiction," even though it cannot make out a

16  *prima facie* case that either issue is matters.

17      **1.    Facebook Does Not Even Argue General Jurisdiction.**

18      Requests for production 31-38 and 40-41 and requests for admissions 6 and

19  17 relates to StudiVZ's general "contacts" with the "United States."  Such requests

20  would relate to establishing that StudiVZ is subject to general personal jurisdiction

21  based on nationwide contacts with the United States under FRCP 4(k)(2), rather

22  than contacts with California specifically.  *See, e.g. Consolidated Develop. Corp. v.*

23  *Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000).

24      But Facebook did not allege in its original or currently operative complaint

25  that jurisdiction is based on StudiVZ's nationwide contacts.  Rather, it alleges

26  jurisdiction based on contacts with "California."  (Dkt. No. 1 at 3:3-25; Dkt. No.

27  140 at 3:2-26).[8]  And it has not argued for the application of nationwide contacts,

28

---

[8]  In its amended complaint, Facebook did add a new factual section about StudiVZ's (*Continued on next page*)

1  general jurisdiction in opposition to the motions to dismiss. Indeed, in its

2  opposition to the motions to dismiss, Facebook did not argue that StudiVZ was

3  subject to general jurisdiction at all, whether based on California contacts or

4  nationwide contacts. StudiVZ should not be subject to entirely speculative

5  discovery about "contacts" when Facebook has no reason to believe, evidence to

6  show or even allegations that such contacts confer jurisdiction to begin with.

2.  **The _Calder v. Jones_ "Effects Test" Does Not Apply.**

8  Requests for admissions 1-3, 5, 7-15 and 22 and requests for production 39,

9  48, 49, 54-56 and 63 seek more discovery related to the so-called "access" issue that

10  was the main subject of Facebook's first motion to compel. Accordingly, in an effort

11  to avoid repetition, StudiVZ hereby incorporates by reference the arguments it made

12  in opposition to the first motion to compel. (Dkt. No. 94).

13  In addition, StudiVZ makes the following argument.

14  Facebook relies on the "effects test" of _Calder v. Jones_ as the basis for

15  seeking this "access" discovery. Facebook describes that test as follows: "The

16  _Calder_ effects test has three elements: the defendant must have (1) committed an

17  intentional act, (2) expressly aimed at the forum state, (3) causing harm, **_the brunt_**

18  **_of which is suffered_** -- and which the defendants know is likely to be suffered -- **_in_**

19  **_the forum state_**." (Dkt. No. 76 at 6:19-22) (emphasis added). Citing this test,

20  Facebook claims that it is entitled to take discovery into any issue related to its

21  allegations of intentional bad acts.

22  But this is exactly why it is a prerequisite to any jurisdiction discovery that a

23  plaintiff first prove a _prima facie_ case of jurisdiction. If a plaintiff could simply

24  allege a claim, then it could force a defendant who may not be subject to jurisdiction

25  to submit to discovery about all issues in a case before having the opportunity to have

26  its motion to dismiss heard, which is exactly what Facebook seeks to do here.

27

28  (_Continued from previous page_) supposed contacts with the United States, but it is not part of Facebook's jurisdiction allegations. And, this new section was raised belatedly, on March 31, 2009, more than five months after the motions to dismiss were filed, long after the originally-scheduled hearing date.

1   On the other hand, if Facebook is first required (as it should be) to establish a

2   *prima facie* case that the effects test even applies, then the discovery would have to

3   be denied because Facebook cannot meet (and does not try to meet) that test.  Most

4   obviously, Facebook cannot establish a *prima facie* case that the brunt of the harm

5   was suffered in this jurisdiction.[9]  Indeed, Facebook has never made any attempt to

6   show that it suffered the brunt of alleged harm in California or the United States

7   because it is undisputed that it did not.

8   Facebook has made repeated admissions in its pleadings that the brunt of

9   harm was suffered in Germany and Europe.  Facebook alleged in its original and

10  amended complaint that it has "been hampered from entering and competing fairly

11  in the ***European market***."  (Dkt No. 1, ¶ 41; Dkt. No. 140, ¶ 60) (emphasis added).

12  Facebook  acknowledged in its opposition to the motions to dismiss that StudiVZ

13  runs "a German language site that competed directly against Facebook in ***German***

14  ***speaking countries***."  (Docket No. 76 at 1:10-11) (emphasis added).  Facebook has

15  acknowledged that StudiVZ was developed and launched from Berlin, Germany.

16  (Dkt. No. 1, ¶ 28, Dkt. No. 76 at 3:22-25).

17  Moreover, the Court has previously noted in connection with the May 4,

18  2009 Order regarding *forum non conveniens* that the "conduct complained of

19  appears to have occurred ***principally*** in Germany" (Dkt. No. 155 at 4:21) (emphasis

20  added) and that the "***source***" of the alleged infringement is located in "Germany."

21  (Dkt. No. 155 at 5:21-23) (emphasis added).[10]

22  ---

[9]   StudiVZ does not mean to imply by its focus on the "brunt of harm" that Facebook has made out a *prima facie* case
23  of the first two elements of the *Calder* effects test either.  Indeed, it has not.  Facebook has presented bare allegations,
    conjecture, and hearsay that is, at best, unsubstantiated speculation.  Facebook's sole "evidence" is in the form of
24  declarations from its lawyers and hearsay exhibits.  On this inadmissible record, Facebook wildly speculates that the two
    German founders of StudiVZ copied Facebook's website ***before*** returning to Germany to form StudiVZ.  In other
    words, even assuming something wrongful occurred from within the United States, Facebook admits that they were ***not***
25  the acts of StudiVZ, which had not even been formed yet.  Such flimsy, unsubstantiated evidence is not a *prima facie* or
    colorable showing of evidence necessary to establish any right to jurisdictional discovery.  *See Carefirst of Maryland*,
26  *supra*, 334 F.3d at 402-03 (jurisdictional discovery should be denied when plaintiff "offers only speculation or
    conclusory allegations").

27  [10]   The Court also made an interesting point related to the location of the harm in its May 4, 2009 Order, albeit in
    connection with the *forum non conveniens* element of "local interest."  It noted that Facebook's argument about local
    interest "conflates the local interest served by the assertion of adjudicatory versus legislative or prescriptive jurisdiction."
28  In its footnote 5, explaining what it meant by this comment, the Court explained that the only "local interest" was merely
    adjudicatory (i.e., procedural) in the sense that Facebook wanted the case litigated here because (*Continued on next page*)

STUDIVZ'S OPPOSITION TO FACEBOOK, INC.'S *SECOND* MOTION TO COMPEL

1    This case is identical in all relevant respects to *Fielding v. Hubert Burda*

2  *Media, Inc.*, 2004 WL 532714, Case No. Civ.A.3:03-CV-0872 (N.D. Tex. Feb. 11,

3  2004).  In that case, a Texas citizen sued defendants (German companies that publish

4  German magazines) in Texas over an alleged campaign to impugn plaintiffs'

5  reputations.  Although the articles were published by the German media, some

6  statements set forth therein were published in the U.S.  *Id.*, *1.  Defendants moved to

7  dismiss for lack of personal jurisdiction.  Plaintiff opposed, claiming defendants'

8  actions satisfied the "effects" test of *Calder v. Jones*.  The court granted the motion

9  to dismiss because the "bulk of Plaintiffs' harm was suffered in Europe, where

10  Plaintiff Borer lost his job as Swiss Ambassador to Germany and Plaintiff Fielding

11  lost her unborn child."  *Id.*, *4.

12    The plaintiffs in *Fielding*, like Facebook, also tried to rely on the fact that the

13  German magazines had ***some*** distribution in Texas.  However, the court rejected that

14  argument, noting that "the articles published by Defendants were published in

15  Germany, in the German language" and with less than one tenth of one percent of the

16  magazines at issue are distributed to Texas:  "In this case, only a fraction of a percent of

17  Defendants' magazines are distributed in Texas each month.  This is a far cry from the

18  twelve percent figure in *Calder*."  *Id.* at *5.  Likewise, less than 1/10th of one percent of

19  StudiVZ's users are identified with California.  (Docket No. 47, ¶ 17).  This is simply

20  not enough for California to be considered the location of the brunt of the harm.

21    Since Facebook has not established a *prima facie* case of a required element

22  of the *Calder v. Jones* effects test, it should not be entitled to rely on that test as a

23  basis to justify its merits-based discovery.

24  ///

25  ///

26
27
28

(*Continued from previous page*) it is located here.  The Court "discern[ed] few legitimate interests to be vindicated by the assertion of adjudicatory jurisdiction for its own sake." (Dkt. No. 155 at 6:12-7:27, fn. 5).  Analogizing to personal jurisdiction, brunt of harm similarly cannot be established solely by the fact that the plaintiff suffered some harm in the jurisdiction in which it is a citizen. *Fielding v. Hubert Burda Media, Inc.*, 2004 WL 532714, Case No. Civ.A.3:03-CV-0872, at *4 (N.D. Tex. Feb. 11, 2004) ("Although Plaintiffs' reputations might have been damaged in Texas, the bulk of plaintiffs' harm has been suffered in Europe . . . .").

**E.** **Facebook Could Have Obtained Anything Remotely Related to Jurisdiction from the Second Set of Discovery By Deposing Michael Brehm.**

Finally, most of the topics contained in the second set of discovery directed at StudiVZ, and anything related to jurisdiction, could have been explored in detail in the deposition of Michael Brehm.  Had Facebook simply taken that deposition, there would have been no need for the second set of discovery.  And Facebook would have had this information by January 12, 2009, in time to incorporate into its *original* opposition.  That was the whole reason that the deposition was scheduled for January 12, 2009.  But Facebook canceled that deposition without justification, and now seeks to obtain the same information via a motion to compel further responses to written discovery filed over four months later.

## IV.  CONCLUSION

For the above reasons, StudiVZ respectfully requests that Facebook's motion be denied in its entirety.

DATED:  June 9, 2009

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By:  /s Stephen S. Smith
STEPHEN S. SMITH
Attorneys for Defendants studiVZ Ltd.