1 STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
2 WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
3 GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
4 1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
5 Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
Holtzbrinck Networks GmbH and
Holtzbrinck Ventures GmbH

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br> Assigned To: Hon. Jeremy Fogel <br><br> **HOLTZBRINCK NETWORKS' AND HOLTZBRINCK VENTURES' OPPOSITION TO FACEBOOK, INC.'S *SECOND* MOTION TO COMPEL** <br><br> Date: June 19, 2009 <br> Time: 2:00 p.m. <br> Place: Courtroom 2, 5th Floor <br>        Hon. Howard R. Lloyd <br><br> [Declaration of Stephen S. Smith (and exhibits thereto) concurrently filed] <br><br> Complaint Filed: July 18, 2008 |
|---|---|

37106-00002/1691219.4

HOLTZBRINCK DEFENDANTS' OPPOSITION TO FACEBOOK'S *SECOND* MOTION TO COMPEL

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................1

II. FACTS ..................................................................................................................2

    A. The First Set of Discovery ......................................................................2

    B. The Deposition of Martin Weber .............................................................3

    C. Facebook's First Motion to Continue ......................................................3

    D. The Second Set of Discovery ..................................................................4

    E. Facebook's Second Motion to Continue .................................................6

    F. The Hearing of the Motions to Dismiss ..................................................6

    G. Facebook Files Its Second Motion to Compel ........................................7

    H. Facebook Files Its Third Motion to Continue .........................................7

III. ARGUMENT .......................................................................................................7

    A. Facebook Was Not Permitted to Serve New Discovery on the Holtzbrinck Defendants .........................................................................7

    B. Facebook Waived Its Right to Move to Compel ..................................10

    C. The Requests for Admissions Seek Answers that Facebook Already Knows ......................................................................................12

    D. Facebook Forfeited the Right to This Discovery When It Canceled the Deposition of Martin Weber ..........................................13

    E. The Discovery is Not Relevant to Jurisdiction or Forum ....................14

IV. CONCLUSION ..................................................................................................15

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Dean v. Motel 6 Operating L.P.,*
  134 F.3d 1269 (6th Cir. 1998) .................................................................................. 14

*Gault v. Nabisco Biscuit Co.,*
  184 F.R.D. 620 (D. Nev. 1999) ................................................................................. 11

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,*
  328 F.3d 1122 (9th Cir. 2003) .................................................................................. 15

*Heritage Copy Products, Inc. v. Savin Corp.,*
  661 F.Supp. 463 (M.D. Pa. 1987) ............................................................................. 14

*Holland America Line Inc. v. Wartsila North America, Inc.,*
  485 F.3d 450 (9th Cir. 2007) .................................................................................... 14

*In re Sulfuric Acid Antitrust Litigation,*
  231 F.R.D. 331 (N.D. Ill. 2005) ................................................................................ 11

*Kramer Motors, Inc. v. British Leyland, Ltd.,*
  628 F.2d 1175 (9th Cir. 1980) .................................................................................. 14

*Purnell v. Arrow Financial Services, L.L.C.,*
  2007 U.S. Dist. LEXIS 4588 (E.D. Mich. Jan. 23, 2007) ........................................ 11

*West v. Miller,*
  2006 U.S.Dist. LEXIS 56243 (N.D. Ill. Aug. 11, 2006) .......................................... 11

**OTHER AUTHORITIES**

Local Rule 6-3 ............................................................................................................... 9

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## I. INTRODUCTION

Defendants Holtzbrinck Networks, GmbH ("Networks") and Holtzbrinck Ventures, GmbH ("Ventures") (collectively the "Holtzbrinck Defendants") oppose Facebook's latest motion to compel further responses to requests for admissions on the following grounds:

First, Facebook admits that it stipulated to take all discovery and resolve any disputes related thereto by January 16, 2009. (Dkt. No. 77 at 2:26-3:5). The second set of discovery violates that stipulation. Facebook never asked Defendants to amend that stipulation.

Second, the Court's January 28, 2009 Order was clear. Although it relieved Facebook from that portion of its stipulation requiring the resolution of discovery disputes by January 16, 2009, it did *not* relieve Facebook of the stipulation to "take" discovery by January 16, 2009.

Third, the Court's January 28, 2009 Order states that Facebook "failed to demonstrate any reason" to move the hearing as to the Holtzbrinck Defendants. The hearing was moved for reasons of judicial economy and because the Court determined that no prejudice would result. It was not moved to permit Facebook to serve new discovery on the Holtzbrinck Defendants. (Dkt. No. 92 at 2:15-20).

Fourth, Facebook had asked for permission to file supplemental opposition papers to "Defendant*s'* motion*s*." (Dkt. No. 77 at 2:3) (emphasis added), Yet, the Court's January 28, 2009 Order gave Facebook only the right to file a supplemental opposition with respect to StudiVZ. (Dkt. No. 92 at 2:20-21).

Fifth, the requests for admissions served on the Holtzbrinck Defendants seek information that Facebook already has or information that is totally irrelevant to any issue of personal jurisdiction.

Sixth, each of the three subjects raised in the requests for admissions could have been addressed in the deposition of Martin Weber, which was noticed for January 13, 2009, but which Facebook canceled without justification. (Dkt. Nos. 83-84).

37106-00002/1691219.4               1

HOLTZBRINCK DEFENDANTS' OPPOSITION TO FACEBOOK'S *SECOND* MOTION TO COMPEL

Seventh, Facebook's motion is untimely. Facebook intentionally delayed filing the motion until May 26, 2009, thereby causing the condition that Facebook now argues makes it necessary to move the motion to dismiss hearing date yet again.

In sum, the discovery is not permitted, needed or relevant. Facebook could have obtained this discovery in October, November, December or January, but gave up that opportunity by not propounding it and by canceling the deposition. Facebook waited over three months to serve this discovery and another almost four months to move to compel for the purpose of delaying the inevitable dismissal of the Holtzbrinck Defendants from the case. Accordingly, the motion should be denied.

## II. FACTS

### A. The First Set of Discovery

On October 14, 2008, before the motions to dismiss were filed, Facebook served written discovery that it claimed was related to personal jurisdiction. The parties then met and conferred for the purpose of setting a mutually-agreeable hearing date and briefing schedule for the motions to dismiss. Facebook admits that the parties stipulated to take discovery related to the motions to dismiss by January 16, 2009. In its first Motion to Enlarge Time, Facebook described this stipulation as follows:

> "*In order to allow time to take discovery and resolve discovery disputes*, Facebook and Defendants negotiated a stipulation regarding the scheduling of Defendants' motions to dismiss and the filing of Facebook's opposition thereto. The Court entered the Proposed Stipulated Scheduling Order on November 4, 2008, which provides that Facebook's deadline was to be January 16, 2009 to file and serve its opposition to Defendants' motions to dismiss. *Id.*; *see* Docket No. 54. Defendants were given two weeks from that date to file their Reply papers. *Id.* The hearing on Defendants motions to dismiss was set for February 13, 2009. *Id.*"

(Dkt. No. 77 at 2:26-3:5 (emphasis added); *see also* Dkt. Nos. 41, 42, 48 and 54).

The Holtzbrinck Defendants timely responded to the discovery on November 17, 2008. Facebook initially believed the responses were inadequate. The parties met and conferred and resolved the disputes related to the Holtzbrinck Defendants. As part of that resolution, the Holtzbrinck Defendants produced any portions of the agreement by which they purchased StudiVZ, and any due diligence documents associated therewith, that made any implicit or explicit reference to Facebook. These documents did, in fact, include references to the legal claims that had been asserted by Facebook against StudiVZ as of that time. (Dkt. No. 132, fn. 2. at 4:23-26; Dkt. No. 134, ¶¶ 3-4 and Exs. L-M thereto; and Dkt. No. 134, ¶ 8 and Ex. J thereto).

### B.   The Deposition of Martin Weber

Facebook also asked to depose a single Holtzbrinck witness, Martin Weber, the declarant in support of the Holtzbrinck Defendants' motion to dismiss. The parties agreed that Mr. Weber's deposition would take place in Germany on January 13, 2009, and Facebook noticed the deposition accordingly. (Smith Decl. in Support of Defendants' Motion for Sanctions, Dkt. No. 84, at ¶¶ 2-3; Dkt. No. 84-2). On January 8, 2009 (and after defense counsel had already flown to Germany), Facebook canceled the deposition. The reason had nothing to do with Mr. Weber or the Holtzbrinck Defendants. The stated reason related to a single topic that was relevant only to StudiVZ's witness, Michael Brehm, whose deposition was scheduled for January 12, 2009. (Dkt. No. 84, ¶¶ 7-20).[1]

### C.   Facebook's First Motion to Continue

On January 23, 2009, Facebook filed its first motion to continue the hearing of the Holtzbrinck Defendants' motion to dismiss and StudiVZ's motion to dismiss (collectively, the "Motions to Dismiss"). It also asked for permission to file supplemental opposition papers to "Defendant*s'* motion*s*. (Dkt. No. 77 at 1:25-2:3).

---

[1] Facebook has agreed in prior pleadings and in email communications at the time that the issue -- "access" -- was not an issue with respect to Mr. Weber's deposition. (Dkt. No. 102 at 2:18-3:1; Dkt. No. 100 at ¶ 13; and Dkt. No. 84-2).

37106-00002/1691219.4                              3

HOLTZBRINCK DEFENDANTS' OPPOSITION TO FACEBOOK'S *SECOND* MOTION TO COMPEL

1  Facebook made no argument about the Holtzbrinck Defendants. It did not claim that
2  there was any discovery dispute with respect to the Holtzbrinck Defendants or that it
3  needed additional discovery from them (or StudiVZ). (*Id.* at 1:23-24). The entire focus
4  was on the ***then-existing*** disputes related to discovery that Facebook had theretofore
5  sought to take. (Dkt. No. 77 at 1:4, 1:8-9, 1:24-25; 2:22-23, 4:9-10, 4:18-19).

6  The Holtzbrinck Defendants opposed Facebook's motion, arguing there was
7  no need for a continuance because there were no outstanding discovery issues with
8  respect to the Holtzbrinck Defendants. (Dkt. No. 80 at 1:6-10).

9  On January 28, 2009, the District Court issued its Order on Facebook's Motion
10  to Enlarge Time. The Court ruled:

> 11  "A review of the record and the parties' papers reveals that Facebook
> 12  has failed to demonstrate any reason to continue the February 13, 2009
> 13  hearing as to either defendant with respect to *forum non conveniens*, or
> 14  as to Holtzbrinck with respect to personal jurisdiction."

15  (Order, Dkt. No. 92, at 2:15-17). The Court ruled that Facebook would only be
16  "permitted to file a supplemental opposition with respect to whether this Court has
17  personal jurisdiction over StudiVZ in light of any newly discovered material." (*Id.* at
18  2:20-22). The Court moved the hearing date of the Motions to Dismiss to April 10,
19  2009 for reasons of "judicial economy" and "because a brief continuance is unlikely
20  to prejudice any party." (*Id.* at 2:18-19).

21  **D.  The Second Set of Discovery**

22  Two days later, on Friday, January 30, 2009, Facebook signed and sent out for
23  service its second set of discovery, which was then served on Defendants on
24  Monday, February 2, 2009.[2]

25  Facebook served the Holtzbrinck Defendants with the following new requests
26  for admissions:

---

[2] The discovery requests, which Facebook did not attach to its motion papers, are dated Friday January 30, 2009. But they were not actually served on Defendants until Monday, February 2, 2009. (Smith Decl., ¶ 2; Ex. A).

37106-00002/1691219.4                          4

**REQUEST FOR ADMISSION NO. 1:**

Admit that at the time YOU acquired an interest in STUDIVZ you were aware of accusations by FACEBOOK that STUDIVZ was infringing FACEBOOK'S legal rights, including, but not limited to, intellectual property rights.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU have knowledge that STUDIVZ accessed the FACEBOOK WEBSITE for commercial purposes.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU have knowledge that STUDIVZ accessed the FACEBOOK WEBSITE for the purpose of modeling at least one of the STUDIVZ WEBSITES after the FACEBOOK WEBSITE.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU have knowledge of similarities between the FACEBOOK WEBSITE and the STUDIVZ WEBSITES, including, but not limited to, visual similarities, functional similarities, feature similarities, and layout similarities.

**REQUEST FOR ADMISSION NO. 5:**

Admit that at the time YOU acquired an interest in STUDIVZ you were aware of similarities between the FACEBOOK WEBSITE and the STUDIVZ WEBSITES, including, but not limited to, visual similarities, functional similarities, feature similarities, and layout similarities.[3]

On March 4, 2009, the Holtzbrinck Defendants responded to these requests. They objected and did not answer the requests. (Dkt. No. 164-1).

---

[3] Facebook also served the Holtzbrinck Defendants with requests for production of documents, but Facebook does not move to compel further responses thereto.

### E. Facebook's Second Motion to Continue

On March 20, 2009, Facebook filed its second motion to continue the hearing of the Motions to Dismiss. Facebook did not reference the second set of discovery. It made no reference to the Holtzbrinck Defendants. It did not argue it needed more time in order to move to compel further responses to the second set of discovery. (Dkt. No. 122). To the contrary, Facebook argued that "in light of the **pending** threshold discovery issue, Facebook respectfully requests that the Court hold in abeyance or take off calendar Defendants' Motions to Dismiss currently scheduled for April 10, 2009." (*Id.* at 2:19-21) (emphasis added). And, in its proposed order, Facebook proposed that the Motions to Dismiss be taken off calendar "until such time as the underlying discovery dispute **currently pending** before Magistrate Judge Lloyd is resolved." (Dkt. No. 122-2 at 1:6-8) (emphasis added).

On March 30, 2009, the Court stayed the personal jurisdiction portion of the case in order to hear the *forum non conveniens* portion of the Motions to Dismiss first. The Court found that "Defendants have shown that discovery related to personal jurisdiction has grown complicated and burdensome." (Dkt. No. 138 at 3:3-4). The Court continued the hearing of the Motions to Dismiss to April 17, 2009 and gave Facebook a further opportunity to file a supplemental brief about *forum non conveniens*. (Dkt. No. 138). The parties then moved the hearing date again to May 1, 2009 via stipulation requested by Facebook due its counsel's vacations. (Dkt. No. 144).

### F. The Hearing of the Motions to Dismiss

At the May 1, 2009 hearing of the *forum non conveniens* portions of the Motions to Dismiss, the Court raised with Facebook the subject of the outstanding discovery and asked Facebook two separate times how much time it needed to get the jurisdiction portion of the motions "teed up" and "ready to be heard." (Dkt. Nos. 157/168-1 at 11:14-17, 12:11-12). The Court also noted that "you're in the midst of objections and motions and so forth." Facebook responded: "I think we are beyond that…" (i.e., beyond being in the "midst of objections and motions and so forth"). It then only

mentioned the already-existing dispute pending in front of "Judge Lloyd." (*Id.* at 11:16-13:2). It stated that the jurisdiction issue could be ready to be heard "relatively quick if Defendants comply with the discovery issues." (*Id.* at 13:1-2). Facebook made no mention of the second set of discovery (or any third party subpoenas). It did not argue that it needed such discovery in order to oppose the motions to dismiss.

On May 4, 2009, the Court issued an Order stating that it was "inclined to grant" the Motions to Dismiss on *forum non conveniens* grounds, but deferred the final decision until the personal jurisdiction issues could be "fairly presented." The Court noted that the "efficiency concerns raised by Defendants are legitimate," but then added that "it is possible . . . that the personal jurisdiction inquiry meaningfully will inform the Court's ultimate decision with respect to *forum non conveniens*." (Dkt. No. 155 at 7:21-8:1). The Court set a new hearing date for July 10, 2009 and lifted the stay. The Court allowed Facebook to file another supplemental brief on or before June 26, 2009.

### G. Facebook Files Its Second Motion to Compel

Facebook waited another 22 days, until May 26, 2009, to move to compel. (Dkt. No. 163). By that time, the motion could not be heard on normal notice before Facebook's supplemental opposition would be due. For that reason, Facebook moved to shorten time, which the Court granted in part. (Dkt. No. 165).

### H. Facebook Files Its Third Motion to Continue

On June 3, 2009, Facebook filed another motion to enlarge time, asking the Court to move the Motions to Dismiss hearing to a ***sixth*** date. (Dkt. No. 170).

## III. ARGUMENT

### A. Facebook Was Not Permitted to Serve New Discovery on the Holtzbrinck Defendants.

Facebook was not permitted to use the extra time created by the continuance of the Motions to Dismiss to propound new discovery.

Facebook fully admits that it stipulated to take discovery related to the Motions to Dismiss within a particular schedule. That was the reason February 13,

2009 was chosen as the hearing date. That was the reason January 16, 2009 was chosen as the due date for Facebook's opposition. (Dkt. No. 77 at 2:26-3:5; Dkt. Nos. 41, 42, 48, 54). Facebook never requested that Defendants modify or amend that part of the stipulation, either in connection with the meet and confer concerning Facebook's motions to enlarge time or otherwise. Facebook did not make such a request to the Court in its January 23, 2008 motion to enlarge time or in its March 20, 2009 motion to enlarge time. It did not mention any need to take new discovery. Facebook simply stated that it wished to obtain further responses to the discovery it had already served. (Dkt. No. 77 at 1:4, 1:8-9, 1:24-25; 2:22-23, 4:9-10, 4:18-19; Dkt. No. 122 at 2:19-21; Dkt No. 122-2 at 1:6-8).

In its January 28, 2009 Order, the Court noted that Facebook failed to demonstrate "any reason" to continue the hearing date as to the Holtzbrinck Defendants. The Court gave Facebook permission to file a supplemental brief only as to StudiVZ. The Court continued the hearing date of the Holtzbrinck Defendants' motion to dismiss only for reasons of judicial economy and because it determined that a continuance would not prejudice any party.[4]

There can be no doubt about the nature of Facebook's request or the Court's Order. The Court understood Facebook to be asking for more time solely to have the discovery dispute concerning the first set of discovery heard. It is also clear that the Court denied Facebook's request as to the Holtzbrinck Defendants. In its March 30, 2009 Order, the Court described its January 28, 2009 Order as follows: "By a previous administrative motion, Facebook requested a continuance of the hearing on Defendants' motions on the ground that it required additional discovery that it claimed Defendants *were* withholding improperly. The Court *denied* Facebook's request except with respect to the issue of personal jurisdiction over Defendant StudiVZ" (Dkt. No. 138 at 2:3-7) (emphasis added). In its May 4, 2009 Order, the Court again

---

[4] The prejudice comment is telling. Moving the hearing date would prejudice the Holtzbrinck Defendants if it resulted in them being subject to new discovery requests.

37106-00002/1691219.4                 8

described its January 28, 2009 Order as follows: "In an earlier administrative motion, Facebook requested a continuance of the hearing on Defendants' motions, claiming that it required additional discovery that Defendants improperly *were* withholding. The Court *denied* Facebook's request except with respect to the issue of personal jurisdiction over StudiVZ" (Dkt. No. 155 at 2:25-3:2).[5]

In none of its prior Orders has the Court ever relieved Facebook of its prior stipulation. It never gave Facebook permission to serve new discovery (and would not have even known to consider the issue since Facebook never raised it).

Local Rule 6-3, upon which Facebook based both of its prior motions to enlarge time, requires the moving party to state the bases for its motion "with particularity." Given that the only reason ever stated was the need to resolve the pending dispute with StudiVZ about the already-existing discovery, Facebook should be held to that basis.

Facebook was clearly lying in wait. Its second set of discovery was dated January 30, 2009, only two days after the Court granted the motion to continue the hearing date. That discovery contained 69 new requests, in six different documents served on three parties. It is not believable that Facebook only first considered serving this new discovery on January 29 or January 30, 2009. It was already drafted and ready to serve.

In sum, Facebook's original stipulation, Facebook's request in its January motion to enlarge time, the Court's expressed understanding of that request and the Court's ruling thereon demonstrate that the extension of time was granted solely in order to allow Facebook to seek to obtain the discovery it believed StudiVZ *was* withholding *at that time*. The Court did not give Facebook more time to take new discovery, let alone new discovery from the Holtzbrinck Defendants.

///

---

[5] The Court also noted that a continuance was "unlikely to prejudice any party." (Dkt. No. 92 at 2:19). Yet, moving the hearing date would have prejudiced the Holtzbrinck Defendants if it would have subjected them to new discovery requests.

37106-00002/1691219.4           9

## B. Facebook Waived Its Right to Move to Compel.

Facebook's motion to compel should also be denied as untimely because Facebook intentionally delayed filing it and consciously misled the presiding Court concerning its intent to file it.

The fact of the delay is undisputed. The responses were served on March 4, 2009. Defendants' position was clearly stated therein.[6] Facebook delayed filing the motion to compel until May 26, 2009. While there was a stay in effect for 35 days (from March 30 to May 4, 2009), Facebook could have filed the motion anytime during the 26 days before the stay was entered or anytime in the 22 days after the stay was lifted.

The fact of Facebook's intent is also undisputed. Facebook waited on purpose for the Court to rule on the first motion to compel. It claims that it always intended to file the second motion to compel, but only after the Court ruled on the first. (Dkt. No. 163 at 2:9-11; Dkt No. 165 at 1:4-5 and 2:8-12). Facebook has not claimed that any ruling on the first motion to compel would have avoided the need for the second motion to compel. It always intended to file both. (*Id.*)

Indeed, no ruling on the first motion would have avoided the need (to the extent Facebook desired to compel further responses to its second set of discovery) for the second. The majority of the requests in the second set of discovery do not overlap with any of the requests that are the subject of the first motion to compel. So Facebook deliberately extended the time it claims is needed to obtain this discovery for no reason other than delay itself.

The fact that Facebook consciously misled the Court is also indisputable. Facebook misled the Court for the first time in its January 23, 2009 motion to continue. It asked for a continuance only for the purpose of resolving the already-

---

[6] Facebook argues in its Motion that it was waiting for Defendants to "voluntarily comply with their discovery obligations." (Mot. at 2:13-14). Such a statement is not believable. Defendants had stated their position explicitly in their responses, which were served on March 4, 2009. (Dkt No. 164-1). In addition, the parties met and conferred about it on March 20, 2009, wherein Defendants restated the exact same position. Facebook was not waiting for Defendants to voluntarily comply. It was just waiting. (Smith Decl., ¶ 3).

1  existing dispute about the already-existing discovery requests.  It made no mention of
2  any need to take new discovery.  Two days later, it signed the second set of
3  discovery.  Facebook misled the Court a second time in its March 20, 2009 motion to
4  continue.  It again asked for a continuance only for the purpose of resolving the
5  discovery dispute that was then "pending" in the Magistrate Court.  It made no
6  mention at all of the second set of discovery (or the Subpoenas).  Facebook misled
7  the Court a third time at the May 1, 2009 hearing.  In response to two questions from
8  the Court about how much time it needed to make the jurisdiction portion of the
9  motions to dismiss ready to be heard, Facebook mentioned only the motion to
10 compel that was pending in front of the Magistrate Court.  It made no mention of the
11 second set of discovery (or the Subpoenas).

      Facebook engaged in a classic bait and switch.  At each of these three points in time, Facebook knew that there would be discovery disputes over the second set of discovery (and the Subpoenas).  Defendants had already objected on the ground that ***no further discovery was permitted***.  Some of the new requests related to the old "access" issue, which had already generated extensive motion practice.  Most of the requests related to the merits only, which Defendants have been refusing to produce since September 2008.  The inevitability of the dispute could not have been more obvious.

      Yet, Facebook waited and waited, made no mention of the oncoming, inevitable dispute and affirmatively downplayed the extent and complexity of the problem when directly asked by the Court about it.  Under these circumstances, the Court should find that Facebook has waived its right to move to compel.  *See e.g. Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331 (N.D. Ill. 2005); *West v. Miller*, 2006 U.S.Dist. LEXIS 56243, *13-*17 (N.D. Ill. Aug. 11, 2006); *Purnell v. Arrow Financial Services, L.L.C.*, 2007 U.S. Dist. LEXIS 4588, *1-*2 (E.D. Mich. Jan. 23, 2007).

///

///

### C. The Requests for Admissions Seek Answers that Facebook Already Knows.

The requests for admissions ask the Holtzbrinck Defendants to admit having (1) *present* knowledge of (a) similarities between Facebook and StudiVZ and (b) StudiVZ's alleged "access" of Facebook, and (2) *past* awareness at the time they purchased StudiVZ of (a) Facebook's legal claims against StudiVZ and (b) similarities between Facebook and StudiVZ. Facebook already knows the answer to each question or the answers are not in dispute.

First, the issue of alleged "similarities" is undisputed and is already the subject of detailed analysis in the Cologne, Germany action. It is undisputed because Facebook defines "similarities" to include "visual similarities, functional similarities, feature similarities, and layout similarities." Under this definition, there can be no doubt that the Holtzbrinck Defendants would have noticed similarities simply by being aware that both sites existed. Both sites are websites, which is itself a "functional similarity." Both sites are social networking websites, which is a "feature similarity." Both sites have login pages. Both sites have terms of use. Because Facebook has not made any attempt to ask a question that actually relates to something in dispute, any answer to these questions will be immaterial.

Also, in Germany, Facebook has filed three expert reports addressing in detail the similarities that it claims exist(ed). StudiVZ has, in turn, submitted two expert reports responding to and refuting Facebook's arguments about each alleged similarity. This topic is already thoroughly developed by both parties in the German case. Thus, there is no need for a new, separate set of discovery in this case on the same topic.

Second, as to the issue of the Holtzbrinck Defendants' awareness of Facebook's legal claims against StudiVZ, that is also not in dispute and the documents related thereto have already been produced. In response to the first set of discovery, the Holtzbrinck Defendants produced all portions of the purchase agreement and due diligence documents that made any mention of Facebook. Those

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 900674590

documents show on their face that the Holtzbrinck Defendants were aware of the existence of Facebook's June 2006 demand letter to StudiVZ and the general nature of the claims raised therein as of the time the sale closed. The purchase agreement makes explicit reference to Facebook's claims and contains a warranty and representation from the sellers that those claims had been resolved. (Dkt. No. 132, fn. 2. at 4:23-26; Dkt. No. 134, ¶¶ 3-4 and Exs. L-M thereto; and Dkt. No. 134, ¶ 8 and Ex. J thereto). So, again, there is no need for new discovery on this undisputed topic.

Finally, Facebook already knows (or has at least heretofore assumed) that the Holtzbrinck Defendants were *not* aware of any access by StudiVZ of Facebook's website because that point was expressly discussed in connection with Martin Weber's deposition. During the meet and confer leading up to their depositions, ***both*** sides agreed that their dispute about "access" did not impact the questioning of Martin Weber, because they both assumed that Mr. Weber knew nothing about any alleged access by StudiVZ of Facebook's website. (Dkt. No. 102 at 2:18-3:1; Dkt. No. 100 at ¶ 13; and Dkt. No. 84-2). Had Facebook simply deposed Martin Weber, it could have confirmed that assumption via a live witness under oath. But Facebook canceled the deposition without justification.

### D. Facebook Forfeited the Right to This Discovery When It Canceled the Deposition of Martin Weber.

Indeed, *each* of the topics contained in the requests for admissions easily could have been explored in detail in the deposition of Martin Weber. Facebook had already filed its list of supposed "similarities" in the German court and had in its possession expert reports discussing them at length. It could have gone through each of those similarities with Mr. Weber and simply asked whether or not the Holtzbrinck Defendants were aware of them at the time they purchased StudiVZ. Facebook was also well-aware of the nature of its own legal claims against StudiVZ. It could have asked Mr. Weber about the nature and extent of the Holtzbrinck Defendants' knowledge of those topics at the time they purchased StudiVZ.

37106-00002/1691219.4                      13

1  Had Facebook simply taken that deposition, there would have been no need
2  for the second set of discovery. And Facebook would have had this information by
3  January 13, 2009, in time to incorporate into its *original* opposition. That was the
4  whole reason that the deposition was scheduled for January 13, 2009. But Facebook
5  canceled it without justification, and now seeks to obtain the same information via a
6  motion to compel further responses to written discovery filed over four months later.

### E. The Discovery is Not Relevant to Jurisdiction or Forum.

Knowledge or awareness of a subsidiary's tortious conduct does not confer jurisdiction on a parent. *See, e.g., Heritage Copy Products, Inc. v. Savin Corp.*, 661 F.Supp. 463, 472 (M.D. Pa. 1987) ("Heritage . . . cites no cases supporting the proposition that a parent's knowledge of a subsidiary's tort subjects the parent to jurisdiction in the forum where the subsidiary is subject to jurisdiction."). Such a rule would eviscerate the limited liability law that is a hallmark of separate corporate existence. As explained in the Motions to Dismiss (***and never disputed by Facebook***), the rule is that personal jurisdiction over the subsidiary does not confer jurisdiction over the parent.

"[W]here a parent and a subsidiary are separate and distinct corporate entities, the presence of one . . . in a forum state may not be attributed to the other." *Holland America Line Inc. v. Wartsila North America, Inc.*, 485 F.3d 450, 459 (9th Cir. 2007); *see also Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998) ("[A] company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction"). For example, in *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980), the Ninth Circuit held that there was no jurisdiction in this forum over a British company even though it owned a U.S. subsidiary, had general executive control over that subsidiary, placed several of its own directors on the subsidiary's board, and approved the U.S. marketing proposal from which the plaintiff's injuries allegedly arose.

There are two exceptions to this rule. A subsidiary's contacts may be imputed

1 to the parent where the subsidiary is the parent's *alter ego*, or where the subsidiary
2 acts as the "*general agent*" of the parent. *Harris Rutsky & Co. Ins. Servs., Inc. v.*
3 *Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003). Facebook has never
4 disputed this law and has never argued alter ego or agency.

None of the discovery at issue in the second set relates to alter ego or agency. It relates solely to the Holtzbrinck Defendants' mere knowledge or awareness of some very broadly defined issues. As a result, the requests would show ***nothing*** of relevance no matter how they were answered.

Three of the requests focus only on the Holtzbrinck Defendants' current knowledge of three subject matters. Given that Facebook has raised each subject matter as an issue in this litigation, the Holtzbrinck Defendants necessarily have some current knowledge about every single topic. Only two requests relate to what the Holtzbrinck Defendants knew in the past, Request 1, which asks the Holtzbrinck Defendants to admit to a prior awareness of Facebook's legal claims against StudiVZ, and Request 5, which asks the Holtzbrinck Defendants to admit that they were aware of "similarities" of any kind between the two websites. But whether they answered "admit" or "deny," what relevance would that have to personal jurisdiction or venue (or anything)? It proves nothing material one way or the other.[7]

## IV. CONCLUSION

For all the foregoing reasons, the Holtzbrinck Defendants respectfully request that Facebook's motion be denied in its entirety.

DATED: June 9, 2009          GREENBERG GLUSKER FIELDS CLAMAN
                             & MACHTINGER LLP


                             By:    /s Stephen S. Smith
                                 STEPHEN S. SMITH
                             Attorneys for Defendants Holtzbrinck Networks
                             GmbH and Holtzbrnick Ventures GmbH

---

[7] Indeed, these requests are drafted so imprecisely that they lead one to suspect that they were propounded solely to give Facebook a new argument for why it would need even ***more*** discovery; namely, in order to explore the underlying basis for the responses to these requests.

37106-00002/1691219.4            15