Facebook, Inc. v. Studivz, Ltd et al  
Case5:08-cv-03468-JF Document177-3 Filed06/09/09 Page1 of 2  
Doc. 177 Att. 2

Page 1



LEXSEE 2006 U.S. DIST. LEXIS 42101

**KEVIN L. KEITHLEY, Plaintiff, v. HOMESTORE.COM, INC., et al, Defendants.**

No. C-03-04447 MJJ (EDL)

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*2006 U.S. Dist. LEXIS 42101*

**June 12, 2006, Decided**
**June 12, 2006, Filed**

**SUBSEQUENT HISTORY:** Patent interpreted by *Keithley v. Homestore.com, Inc., 2007 U.S. Dist. LEXIS 71126 (N.D. Cal., Sept. 10, 2007)*

**COUNSEL:** **[\*1]** For Kevin L. Keithley, Plaintiff: Pro se, Menlo Park, CA; Kevin L. Keithley, Plaintiff: Kevin Lynn Keithley, TREN Technologies Holdings, LLC, Menlo Park, CA.

For The Home Store.Com, Inc., National Association of Realtors, National Association of Home Builders of the United States, Defendants: Steven E. Shapiro, Mitchell Silberberg & Knupp LLP, Los Angeles, CA; Bruce J. Rose, Alston & Bird LLP, Charlotte, NC; Matt J. Railo, Rohit U. Shendrikar, Mitchell Silberberg & Knupp LLP, Los Angeles, CA; S. Benjamin Pleune, Charlotte, NC.

Kevin L. Keithley, Counter-defendant, Pro se, Menlo Park, CA.

**JUDGES:** ELIZABETH D. LAPORTE, United States Magistrate Judge.

**OPINION BY:** ELIZABETH D. LAPORTE

**OPINION**

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION TO QUASH**

In this patent infringement action involving the '025 patent ("Apparatus and Method for Interactive Communication for Tracking and Reviewing Data"), Plaintiff Kevin Keithley, who is the co-inventor of the '025 patent and its licensee, is proceeding pro se. On April 21, 2006, Defendant has filed a motion to compel Plaintiff's deposition. Plaintiff opposed Defendant's motion and Defendant filed a reply. In addition, **[\*2]** on May 18, 2006, Plaintiff filed a motion to quash subpoena of Ronald Keithley to be heard on June 13, 2006, but did not provide 35-days' notice of the motion hearing as required by Civil Local Rule 7-2 and did not file a motion to shorten time pursuant to Civil Local Rule 6-3. Because these matters are appropriate for decision without oral argument, the Court vacated the June 13, 2006 hearing.

**Motion to Compel**

On April 6, 2006, Defendant Homestore.com served Plaintiff with a deposition notice scheduling Plaintiff's deposition for April 26, 2006. Declaration of S. Benjamin Pleune P 2; Ex. 1. Plaintiff did not object or otherwise respond to the notice. Pleune Decl. P 2. On April 17, 2006, Defendant's counsel contacted Plaintiff to confirm the deposition, and Plaintiff informed counsel that he would not participate in the deposition because he had already been deposed in February 2004 in another matter involving the '025 patent in Pennsylvania. Tren Technologies v. Homestore, Inc., et al., C02-2174 (E.D. Pa.); Pleune Decl. P 3; Declaration of Kevin Keithley P 2. Plaintiff, the managing member of Tren Technologies at that time, was deposed for approximately four hours

[*3] in connection with the Pennsylvania case. Keithley Decl. P 5, Ex. B.

In July 2004, the Patent and Trademark Office ordered a reexamination of the claims of the '025 patent and during the reexamination process, the patentee made numerous statements and arguments regarding the construction and patentability of the claims of the '025 patent. Pleune Decl. P 4, Ex. 2. In March 2005, the patentee added 88 new claims to the '025 patent. Pleune Decl. P 5; Ex. 3. In December 2005, Plaintiff asserted 37 of the new claims against Defendants in the present lawsuit. Pleune Decl. P 6, Ex. 4.

In opposition to Defendant's motion to compel, Plaintiff argues that he should not have to be deposed in this matter because he was already deposed in the Pennsylvania case, because he did not order the reexamination of the '025 patent and because he will incur additional costs and fees for the deposition. His arguments are not persuasive. Plaintiff has made no showing that the deposition would be cumulative, especially in light of the reexamination and the additional claims that have been added since his Pennsylvania deposition more than two years ago. Even if there were no reexamination procedure, Plaintiff **[*4]** chose to file this new lawsuit and so must sit for his deposition, absent some showing that the deposition would be duplicative. Moreover, Plaintiff relies on a "good cause" standard that applies when, unlike here, a party seeks to take a second deposition in the same case. See *Boston Scientific Corp. v. Cordis Corp., 2004 U.S. Dist. LEXIS 18098 (N.D. Cal. 2004)*.

Accordingly, Defendant's motion to compel is granted. Defendant is cautioned to familiarize itself with the prior deposition and avoid repetition to the extent feasible. The Court declines to micromanage this deposition by imposing limitations on questions that Defendant may ask. In addition, there is no basis for shifting some or all of Plaintiff's costs for the deposition to Defendant.

**Motion to quash**

Plaintiff filed a motion to quash the subpoena of his brother Ronald Keithley, who is a co-inventor of the '025 patent, on the ground that Ronald Keithley has already been deposed in the Pennsylvania matter. All three subpoenas for Ronald Keithley's deposition were issued out of the Western District of Virginia. Pleune Decl. in Response to Pl.'s Mot. to Quash Ex. 1, 3, 7. Therefore, this Court **[*5]** lacks jurisdiction to quash the subpoenas. See *Fed. R. Civ. P. 45(c)(3)(A)* ("On timely motion, *the court by which a subpoena was issued shall* quash or modify the subpoena. . . .") (emphasis added). Accordingly, Plaintiff's motion is denied. [1]

> [1] Even if the Court had jurisdiction, Plaintiff's motion is substantively without merit. Ronald Keithley is not a disinterested third party; he is a co-inventor of the patent at issue. Even if he does not have knowledge of the actions taken after the reexamination, he would be able to testify about the patent and the original claims, which Plaintiff argues form the basis for the patent claims added after the reexamination.

**IT IS SO ORDERED.**

Dated: June 12, 2006

ELIZABETH D. LAPORTE

United States Magistrate Judge