STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants StudiVZ Ltd., Holtzbrinck
Networks GmbH and Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-CV-03468 JF |
| Plaintiff, | Assigned To: Hon. Jeremy Fogel |
| v. | **MOTION FOR ADMINISTRATIVE RELIEF RE:** |
| STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, | **REQUESTING STATUS CONFERENCE TO CONSIDER PRECLUSIVE EFFECT OF GERMAN JUDGMENT ISSUED JUNE 16, 2009 AGAINST FACEBOOK, AND FOR A STAY OF PROCEEDINGS** |
| Defendant. | [Civil L.R. 7-11] |
| | [Declaration of William M. Walker (and Supporting Exhibits) and (Proposed) Order Filed Concurrently Herewith] |
| | Complaint Filed: July 18, 2008 |

37106-00002/1692930.2

Motion for Administrative Relief

## I.     FACEBOOK HAS NOW LOST ITS GERMAN LAWSUIT.

On June 16, 2009, the Cologne District Court in Germany issued its judgment ruling on the merits against Facebook on all of Facebook's claims in Facebook's German lawsuit. (Walker Decl., ¶¶ 2-4; Exs. A, B).

Per a June 16, 2009 press release issued by the Cologne District Court's Press Office (www.lg-koeln.nrw.de/Presse/Pressemitteilungen/16_06_2009_Facebook_StudiVZ.pdf) (the "Press Release"), "[t]he 33rd chamber of the Cologne Regional Court, which is responsible for competition matters, today dismissed Facebook's action against its rival StudiVZ." (Walker Decl., Ex. B at p.1). The Press Release provided some information about the basis for the Cologne Regional Court's decision, which include, among other things, the findings that:

- "despite the obvious overlaps and similarities between the two websites there was no unlawful imitation because there had been no misrepresentation of origin";
- Facebook "failed to provide substantiated evidence that the Defendant has dishonestly obtained knowledge or documents of the Claimant [Facebook]. In this respect the Claimant [Facebook] had merely voiced speculations which were not sufficient to prove that the Defendant [StudiVZ] had obtained knowledge in a dishonest manner"; and
- "the Defendant [StudiVZ] could not have infringed the Claimant's [Facebook's] general terms and conditions of business because the Defendant [StudiVZ] had never itself been a contractual partner of the Claimant [Facebook]." (*Id*. at pp.1-2).

Now that the Cologne District Court has rendered its judgment, the proceedings in that Court are concluded. However, because Facebook still has a right of appeal, the judgment is not yet final and absolute. (*Id*. at p.2). The written judgment from the German Court will be served on the parties "in about one week." (*Id*.).

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  II.  **THIS COURT PREVIOUSLY IDENTIFIED THE POSSIBLE PRECLUSIVE**
2  **EFFECT OF A GERMAN JUDGMENT.**

4  At the May 1, 2009 hearing in this action, the Court inquired about the status of Facebook's German lawsuit and the preclusive effect of a German judgment. Defense counsel said that a trial hearing had already taken place in Germany and that the Cologne District Court could possibly issue a judgment on June 16, 2009. (Dkt. 157/168-2, Transcript ["TR"] at 21:3-11). The Court said:

> "But if I were to stay this case until after a judgment is rendered in the German Court, then at that point we could reconvene, we could consider what the preclusive effect, if any, of that judgment is and where it leaves the parties, and then the Court could decide whether to go forward in this case or not."

(*Id.*, TR at 21:16-22). Defense counsel said, "Maybe we wait to see and I can brief it and go through it, but it's clear it's going to have a preclusive effect." (*Id.*, TR at 22:20-22).

The Court asked for a "reaction" from Facebook and asked, "What would the effect be on Facebook if the Court simply said, all right, stop the California action in its tracks until the German court rules and then we will see what's going on?" (*Id.*, TR at 23:9-12). Facebook said that "[t]here has not been a trial" and that what had occurred was "essentially a status conference." (*Id.*, TR at 24:7-8). The Court then re-phrased its question: "Is what emanates from the German court in June likely to have some type of preclusive effect on the claims that Facebook has brought in California?" (*Id.*, TR at 24:21-24). Facebook's counsel responded, "It may." (*Id.*, TR at 24:25).

However, Facebook again stated that in June the Cologne Court would simply set a schedule of six to nine months and that there would be a trial on the merits after that and concluded, "I don't think there's any reason to delay until after June because I don't think June is going to be dispositive." (*Id.*, TR at 25:1-7, 25:11-14). The Court responded, "That's my question." (*Id.*, TR at 25:15).

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Possibly worried that a decision by the German Court could be more than nine months away, this Court issued no stay. Ultimately, though, it turned out that June 16 *was* dispositive -- the Cologne District Court issued its judgment that day.

### III. THE GERMAN JUDGMENT SHOULD HAVE PRECLUSIVE EFFECT HERE.

As pointed out in previous briefing, Facebook's German claims are factually identical to the claims that Facebook has asserted in this case; in fact, Facebook threw everything -- including the kitchen sink -- at StudiVZ in Facebook's German case. (*See, e.g.,* Dkts. 69, 70, 134). This Court, and the Magistrate Court, have already noted that the claims in the two cases are "closely related" (Dkts. 157/168-2, TR at 6:18-19), and that there is "no apparent dispute that the issues in the German Action are substantially similar (if not identical) to those raised here." (Dkt. 68 at 4:27-28). As such, the German judgment should be given preclusive effect.

Briefly, "[t]here is currently no federal statute governing recognition of foreign judgments in the federal courts." *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1212 (9th Cir. 2006). In federal question cases such as this, courts look to the Restatement of the Foreign Relations Law of the United States (the "Restatement") to decide the preclusion issue. *See Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1410 (9th Cir.1995). In diversity cases, enforceability is governed by the law of the state in which enforcement is sought (here, California). *Yahoo! Inc.*, 433 F.3d at 1213. In practice, however, this distinction is of no consequence because "the same standard applies to recognition of foreign judgments irrespective of whether jurisdiction is based on diversity or a federal question." *Universal Trading & Inv. Co. v. Kiritchenko*, 2007 WL 2669841, Case No. C-99-3073 MMC at *10 (N.D. Cal. Sept. 7, 2007).

The German judgment should have preclusive effect here. In California, the law for determining enforcement of a foreign judgment "granting or denying recovery of a sum of money" is determined by California's Uniform Foreign Money-Judgments Recognition Act (the

37106-00002/1692930.2      3

Motion for Administrative Relief

"Act"). *Yahoo! Inc.*, 433 F.3d at 1213 (*quoting* Cal. Civ. Proc. Code § 1713.1(2)). The Act applies to any foreign judgment that (1) grants or denies recovery of a sum of money; and (2) is "final, conclusive, and enforceable" under the law of the foreign country where the judgment was rendered. Cal. Civ. Proc. Code § 1715(a). A judgment is "final, conclusive, and enforceable" when it is "not subject to further proceedings in the trial court in the case in which the judgment was rendered," whether or not the appellate process in the foreign jurisdiction has concluded. *Societe Civile Succession v. Redstar Corp.*, 153 Cal.App.4th 697, 705-706 (2007) (holding that it is not necessary that the foreign appellate process be concluded for enforcement under the Act). Thus, it does not matter that Facebook still has a right of appeal in Germany; preclusion still applies here based on the lower court's judgment.

This case meets the test for preclusion. Preclusion should apply here as to Facebook's entire action. Good cause thus exists for the administrative relief requested below.

## IV.   REQUESTED RELIEF

Defendants respectfully submit that the time has now come to revisit the preclusion issue and to hold a status conference for the parties to "reconvene" to consider the preclusive effect of the German judgment and whether or not the District Court will continue with this U.S. case. To be clear, Defendants do not, via this motion, ask the Court to simply dismiss the U.S. case. Defendants recognize that the preclusion issue should be briefed and considered under a normal schedule. Accordingly, at this time Defendants respectfully request the following relief:

1. a status conference, as described by the Court at the May 1, 2009 hearing, to discuss the presentation of the preclusion issue to the Court, including the setting of a briefing schedule and a hearing date; and,

2. in the interim, a stay of the rest of the case until the issue of the preclusive effect of the German judgment is resolved, because there is scant purpose to continuing with this

///

burdensome and expensive lawsuit if the German judgment is entitled to preclusive effect, as defendants think it should.

### V. **CONCLUSION**

For the foregoing reasons, defendants respectfully request that this motion be granted.

DATED: June 17, 2009

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By:  /s Stephen S. Smith
 STEPHEN S. SMITH
Attorneys for Defendants StudiVZ Ltd., Holtzbrinck Networks GmbH and Holtzbrinck Ventures GmbH