1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  JULIO C. AVALOS (STATE BAR NO. 255350)
   javalos@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025
   Telephone:     +1-650-614-7400
5  Facsimile:     +1-650-614-7401

6  THOMAS J. GRAY (STATE BAR NO. 191411)
   tgray@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza
8  Suite 1600
   Irvine, CA  92614-2558
9  Telephone:     +1-949-567-6700
   Facsimile:     949-567-6710
10
   Attorneys for Plaintiff
11 FACEBOOK, INC.

12                        UNITED STATES DISTRICT COURT
13                        NORTHERN DISTRICT OF CALIFORNIA
14                               SAN JOSE DIVISION
15

16 FACEBOOK, INC.,                              Case No.  5:08-cv-03468 JF
17           Plaintiff,                         **FACEBOOK INC.'S OPPOSITION
18      v.                                      TO DEFENDANTS' MOTION FOR
                                                ADMINISTRATIVE RELIEF
19 STUDIVZ LTD., HOLTZBRINCK                    REQUESTING STAY OF
   NETWORKS GMBH, HOLTZBRINCK                   PROCEEDINGS PURSUANT TO
20 VENTURES GMBH, DENNIS BEMMANN,               CIVIL L.R. 7-11**
21 MICHAEL BREHM, AND DOES 1-25,                Judge:    Hon. Judge Jeremy Fogel
22           Defendants.                        Complaint Filed: July 18, 2008

## I. INTRODUCTION

Defendants' Motion for a Stay of Proceedings is the latest attempt to derail this litigation and avoid discovery. This is the sixth motion in nine months that Defendants have filed in an effort to suppress personal jurisdiction discovery and delay this case.[1] Never before have they argued that this case should be stayed during the pendency of the German action. Enough is enough – discovery needs to begin.

Defendants' motion is substantively and procedurally baseless.[2] A finding of claim or issue preclusion requires (1) a final judgment on the merits, (2) identical parties and (3) identical claims. None of these requirements are met here. No status conference or additional briefing will change these circumstances or bolster Defendants' futile request. Defendants admit that the German judgment "is not yet final." This admission alone should end the analysis in Facebook's favor. Neither the parties nor the claims in the German matter are identical to those of the present case. Moreover, procedurally, the Court cannot address the preclusion issue until it has first resolved the outstanding personal jurisdiction issue. Accordingly, Facebook respectfully requests that the Court deny Defendants' Motion for a Stay in its entirety.

## II. ARGUMENT

### A. PARALLEL PROCEEDINGS SHOULD PROCEED SIMULTANEOUSLY UNLESS *RES JUDICATA* APPLIES.

#### 1. The German Judgment Is Not Final.

It is a basic tenet of modern multi-jurisdictional litigation that "[p]arallel proceedings on

---

[1] Defendants have previously filed the following motions: Dkt. Nos. 41 and 42 (motions to dismiss); Dkt. No. 51 (motion for protective order; withdrawn at hearing); Dkt. No. 119 (motion to stay personal jurisdiction discovery); Dkt. No. 159 (motion to quash third-party discovery); Dkt. No. 180 (motion to stay proceedings).

[2] Defendants' motion violates Civil Local Rule 7-11 and should be dismissed as procedurally improper. A motion for administrative relief may be brought solely "with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." N.D. Cal. Civ. L.R. 7-11. Examples include "motions to exceed otherwise applicable page limitations or motions to file documents under seal." *Id*. Defendants' "administrative" motion seeks an indefinite stay of this proceeding. This Court has repeatedly held this request is not an administrative matter appropriately brought under Rule 7-11. *See Dister v. Apple-Bay E., Inc.*, 2007 U.S. Dist. LEXIS 86839, at *8-10 (N.D. Cal. Nov. 15, 2007) (holding that L.R. 7-11 was "an improper vehicle to bring a motion to stay"); *Advanced Internet Techs., Inc. v. Google, Inc.*, 2006 U.S. Dist. LEXIS 20117, at *3-4 (N.D. Cal. Apr. 5, 2006) (a request for a stay is not properly brought as a motion for administrative relief).

the same in personam claim should ordinarily be allowed to proceed simultaneously, at least until a judgment is reached in which one can be plead as *res judicata*."[3] In litigation between the same parties, *res judicata* applies only if there has been a "valid, final judgment on the merits."[4] Defendants correctly acknowledge that the German judgment "is not yet final and absolute."[5] Under German law, because the judgment is not final, it has no preclusive effect there.[6,7] U.S. courts have consistently held that if a judgment is not *res judicata* or preclusive in the originating forum, it cannot be *res judicata* or preclusive here.[8] There is no need to engage in further briefing regarding the preclusive effect of a non-final judgment that cannot, as a matter of law, be preclusive.[9]

---

[3] *Alfadda v. Fenn*, 1996 U.S. Dist. LEXIS 7374, at *5-6 (S.D.N.Y. 1996) (quoting *China Trade v. M. v. Choong Yong*, 837 F.2d 33 (2d Cir. 1987)); *see also In re Parmalat Securities Litigation*, 493 F. Supp. 2d 723, 737 (S.D.N.Y. 2007); *Amkor Tech., Inc. v. Alcatel Bus. Sys.*, 278 F. Supp. 2d 519, 524-25 (E.D. Pa. 2003) ("As a general matter, domestic and foreign proceedings may proceed in parallel regarding similar matters") (citing, *GE v. Deutz AG*, 270 F.3d 144, 157 (3d Cir. 2001) (same) .
[4] *See San Diego Police Officers' Ass'n v. San Diego City Empl. Ret. System*, 2009 U.S. App. LEXIS 12702, at *15, Case No. 07-56004 (9th Cir. Jun. 10, 2009); *San Remo Hotel v. City & County of San Francisco*, 545 U.S. 323 (2005); *Ashe v. Swenson*, 397 U.S. 436, 443 (1970) (collateral estoppel means that "when an issue of ultimate fact has once been determined by a <u>valid and final judgment</u>, that issue cannot be litigated between the same parties in any future lawsuit") (emphasis added).
[5] *See* Defendants' Motion for Stay ("Def. Mot.") at 1:24-25.
[6] *See* Declaration of Siegfried Elsing In Support of Facebook's Opposition to Defendants' Motion for Stay of Proceedings ("Elsing Decl.") ¶ 3.
[7] The German judgment would also not be final (and thus not preclusive) under California law, which Defendants argue applies here. *See* Cal Civ. Proc. § 1049 ("An action is deemed to be pending from the time of its commencement until its final determination upon appeal").
[8] *See Baker v. GMC*, 522 U.S. 222, 247 (1998) ("If the state courts would not give preclusive effect to the prior judgment, 'the courts of the United States can accord it no greater efficacy'") (quoting *Haring v. Prosise*, 462 U.S. 306, 313 (1983)); *Estate of Cleland*, 119 Cal. App. 2d 18, 20-21, 258 P.2d 1097, 1098-99 (1953); *Bata v. Bata*, 39 Del. Ch. 258, 277-82, 163 A.2d 493, 504-07 (1960), *cert. denied*, 366 U.S. 964 (1961) ("[A] foreign judgment is to be given only such binding effect as would be accorded it by courts of the jurisdiction rendering the judgment. . . . Switzerland does not recognize the rule of collateral estoppel, and therefore its judgment is not entitled to binding effect.); *see also Schoenbrod v. Sieglar*, 20 N.Y.2d 403, 409, 230 N.E.2d 638, 641, 283 N.Y.S.2d 881, 885 (1967) ("Generally, there is no reason to give more preclusive effect to a foreign judgment than it would be accorded by the courts of the jurisdiction which rendered it."); *see also* Witkin, California Procedure, *Judgment* § 356, at 973 (5th ed. 2008).
[9] Defendants confuse the law governing the preclusive effect of foreign judgments with the law on the enforcement of foreign monetary judgments. The two are not the same. Defendants' arguments regarding California's foreign judgment enforcement statute are misplaced. *See, e.g.*, *Vas-Cath Inc. v. Mahurkar*, 745 F. Supp. 517, 525-26 (N.D. Ill. 1990) (Easterbrook, J.) (noting

**2. The German and U.S. Actions Involve Different Parties and Different Claims.**

In order for the German ruling to have preclusive effect in the U.S., the claims and parties involved would have to be identical to those here.[10] They are not. The only parties to the German action are Facebook and StudiVZ. This case involves four additional defendants: Holtzbrinck Ventures GmbH, Holtzbrinck Networks GmbH, as well as individual defendants Dennis Bemmann and Michael Brehm, both co-founders of Defendant StudiVZ.[11]

It is undisputed that the German action does not include or address Facebook's claims based on violations of the Computer Fraud and Abuse Act ("CFAA"), California Penal code 502(c) or Facebook's allegations that Defendants intentionally interfered with U.S. contracts. Nevertheless, Defendants conclude that "[p]reclusion should apply here as to Facebook's entire action."[12] This assertion is contrary to federal law and made without any support. Under similar circumstances, federal courts have refused to apply German judgments to preclude U.S. actions.[13]

**3. Even a Final German Judgment Does Not Necessarily Have Preclusive Effect In the U.S.**

"It is well-established that United States courts are not *obliged* to recognize judgments rendered by a foreign state, but may *choose* to give res judicata effect to foreign judgments on the basis of comity."[14] In the present case, even if the German judgment were to become final, it still should not have preclusive effect. The German court has proven not to be an adequate forum for resolution of the parties' disputes. Indeed, the decision rendered in Germany and the rationale

---

that defendants' arguments regarding the enforcement of a foreign judgment were "beside the point" when analyzing the preclusive effect of a foreign judgment).
[10] *See Lopes v. Fremont Freewheelers*, 2008 U.S. Dist. LEXIS 59680, at *16 (N.D. Cal. Aug. 7, 2008) (observing that there are "three elements of res judicata – identical claims, a final judgment on the merits, and identical parties"); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (same).
[11] *See* Facebook's First Amended Complaint, Dkt. No. 140 at ¶¶ 5-9.
[12] Def. Mot. at 4:12-13.
[13] *See, e.g., Minebea Co., Ltd. v. Papst*, 2003 U.S. Dist. LEXIS 26664, at *4-10 (D. D.C. Feb. 4, 2003) (refusing to preclude U.S. claim where party failed to show that "issues in the German decision are identical" to those in the domestic case).
[14] *Gordon & Breach v. AIP*, 905 F. Supp. 169, 179 (S.D.N.Y. 1995) (declining to give preclusive effect to Swiss and German judgments).

behind it are so completely at odds with U.S. law as to be repugnant to U.S. public policy. Accordingly, it should be afforded no comity here and have no preclusive effect.[15]

The German Court determined that it was probable that StudiVZ did in fact copy Facebook's look, feel, and publicly-available source code—that a StudiVZ programmer had likely been "assigned the task of using the plaintiff's web site that is accessible in the U.S. to program a corresponding German-language web site."[16] And yet the Court ruled that such copying was not actionable under German law. Facebook's expert had noted that StudiVZ's code contained "commented out portions" that were identical to Facebook's HTML code, indicating that StudiVZ actually copied Facebook's source code and commented out (or turned off) certain features.[17] These "commented out" portions of StudiVZ's code actually served no purpose on the StudiVZ websites, supporting the conclusion that StudiVZ just copied everything and commented out what it did not need. The German Court stunningly held that StudiVZ could have lawfully hired someone with the sole job of pirating the entire Facebook site:

> Assuming that situation, the similarities and correspondences in the set-up, appearance and functions are not surprising; they are the obvious outcome. When a programmer is assigned the task of using the plaintiff's page and its publicly accessible HTML texts and style sheets to create an identical page but in German, it would be implausible for the programmer to forgo using the viewable parts and instead reinvent all the file names and sequences . . . The [expert] opinions do not take into consideration, and therefore do not take a position on, what happens when a programmer working for the defendant has been specifically assigned the job of duplication, perhaps using the plaintiff's web pages, HTML texts, and style sheet. Such an assignment would explain the correspondences between names, appearance, and functions. . . . Even the fact that the HTML text is commented out does not lead to the conclusion that the PHP source code is stolen. Assuming the duplication of the programming with the aid of all publicly available information concerning Facebook, it is plausible that certain functions that the plaintiff [Facebook] integrated were not supposed to be offered by the defendant [StudiVZ] at first. The commenting could have been done if the Defendant initially wanted

---

[15] *See Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1213-14 (9th Cir. ) ("[A]n American court will not enforce a judgment if 'the cause of action on which the judgment was based, or the judgment itself, is repugnant to the public policy of the United States or of the State where recognition is sought.") (quoting Restatement (Third) of the Foreign Relations Law of the United States § 482); *see also* Restatement (Second) of the Conflict of Laws § 117 cmt. c (1971) (American court should not enforce foreign judgment where the original claim is repugnant to fundamental notions of what is decent and just in the State where enforcement is sought.");
[16] *See* Elsing Decl. Ex. A at 14.
[17] *Id.*

to reserve its option to postpone the application of the duplicated functions that existed on the plaintiff's end until later instead of offering them.[18]

The Court further observed that a breach of contract action could not be maintained because StudiVZ never directly entered into a contract with Facebook,[19] a conclusion directly at odds with this Court's recent law, and other federal cases.[20] These determinations are clearly repugnant to U.S. public policy and its national interest to protect business innovation from blatant overseas theft. Adoption of this judgment would leave Facebook, a local corporate resident of Palo Alto, California, without legal protection from internet piracy. Accordingly, even if this judgment becomes final in Germany, it should not be given preclusive effect here in the United States.

## B. THE COURT CANNOT MAKE A RULING REGARDING PRECLUSION WITHOUT FIRST DETERMINING PERSONAL JURISDICTION.

In any event, the Court currently lacks jurisdiction to preclude this case. A court must have personal jurisdiction over the defendants in order to make a merits-based decision that binds the parties.[21] Here, Defendants suggest that Facebook's claims are precluded by the recent German ruling and ultimately will seek to dismiss the case based on claim preclusion grounds. However, the Court cannot make such a merits-based decision - even to grant Defendants' motion - before it determines that it has personal jurisdiction over the Defendants.[22] Since the Court has not yet established that it has jurisdiction over Defendants, the Court should deny Defendants' motion, at a minimum, as premature. Once again, additional briefing and status conferences regarding claim and issue preclusion will not overcome the threshold personal jurisdiction issue.

---

[18] *Id*. at 14-15.
[19] *Id*. at 16.
[20] *See Facebook, Inc. v. Power Ventures, Inc.*, Dkt. No. 38, Case No. C 08-5780 JF (N.D. Cal. May 11, 2009) (Fogel, J.) (holding that even the automated copying Facebook's public website was actionable and could bind the copier to Facebook's Terms of Use); *see also Ticketmaster LLC v. RMG Techs, Inc.*, 507 F. Supp. 2d (C.D. Cal. 2007) (same); *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 402-403 (2d Cir. 2004) (a company's repeated accessing of a website is sufficient to contractually bind that company to the website's terms of use).
[21] *McCarty v. Grguric*, 2006 U.S. Dist. LEXIS 29896, at *11 (E.D. Cal. May 16, 2006) ("a court without jurisdiction over the parties cannot render a valid judgment, [and so] the court must address Defendants' personal jurisdiction argument before reaching the merits of the case") (citing, *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998)); *Northwestern Nat'l Cas. Co. v. Global Moving, Inc.*, 533 F.2d 320, 323 (6th Cir. 1976) (finding that trial court erred in entering judgment in favor of a defendant before determining that it had personal jurisdictional over that defendant).
[22] *Id*.

1  Dated:  June 22, 2009                                   ORRICK, HERRINGTON & SUTCLIFFE LLP

2
                                                                          /s/ Thomas J. Gray /s/
3                                                          ─────────────────────────────────
                                                                        THOMAS J. GRAY
4                                                            Attorneys for Plaintiff, FACEBOOK, INC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 22, 2009.

Dated:  June 22, 2009.                                    Respectfully submitted,

                                                                    /s/ Thomas J. Gray
                                                                    Thomas J. Gray

OHS West:260682341.1

- 1 -

FACEBOOK'S OPP. TO MOT. TO STAY PROCEEDINGS
CASE NO.: 5:08-CV-03468